**FILED**

# United States Bankruptcy Court
## for the District of Columbia

MAY 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| In Re: Michael L. Buesgens | Case Number: 07-10008 |
| | |
| **Plaintiff** | |
| | |
| v. Henry Paulson, Mark Everson and Donald Ray Tawney, Jr. | |
| | Case: 1:07-cv-00859 |
| **Defendants** | Assigned To : Walton, Reggie B. |
| | Assign. Date : 5/17/2007 |
| | Description: General Civil |

**TO:    Clerk, U.S. District Court for the District of Columbia**

Transmitted herewith is the **Appeal** in the above-captioned bankruptcy proceeding.  Included in the transmittal is a copy of order being appealed and a certified copy of the docket sheet.

**Documents related to the appeal include:**

| DE# | Document | Filer |
|---|---|---|
| 9 | Decision Dismissing Case | |
| 10 | Judgment Dismissing Adversary Proceeding | |
| 20 | Appellant's Designation of Record on Appeal | |


**APPEAL, DISMISSED**

# U.S. Bankruptcy Court
## United States Bankruptcy Court for the District of Columbia
## (Washington, D.C.)
### Adversary Proceeding #: 07-10008
### Internal Use Only

*Assigned to:* Bankruptcy Judge S. Martin Teel, Jr.
*Related BK Case:*
*Related BK Title:*
*Related BK Chapter:*
*Demand:*
*Nature[s]* 66 Dischargeability - 523(a)(1),(14),
*of Suit:*      (14A) priority tax claims

*Date Filed:* 02/23/07
*Date Dismissed:* 04/19/07

    62 Dischargeability - 523(a)(2), false
       pretenses, false representation,
       actual fraud

    67 Dischargeability - 523(a)(4), fraud
       as fiduciary, embezzlement,
       larceny

    68 Dischargeability - 523(a)(6), willful
       and malicious injury

**Plaintiff**

--------------------

**Michael L. Buesgens**
3112 Windsor Road
#A322
Austin, TX 78703

represented by **Michael L. Buesgens**
PRO SE

V.

**Defendant**

--------------------

**Henry Paulson**

represented by **Karen Melnik**
555 4th Street
Washington, DC 20530
*LEAD ATTORNEY*

**Mark Everson**                          represented by **Karen Melnik**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*

**Donald Ray Tawney, Jr**                 represented by **Karen Melnik**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*

**Cross-Claimant**
----------------------

**Michael L. Buesgens**                   represented by **Michael L. Buesgens**
3112 Windsor Road                                        PRO SE
#A322
Austin, TX 78703

                                                         (See above for address)

V.

**Cross Defendant**
----------------------

**Henry Paulson**

**Mark Everson**

**Donald Ray Tawney, Jr**

| Filing Date | # | Docket Text |
|---|---|---|
| 02/23/2007 | ●1 | 66 (Dischargeability - 523(a)(1),(14),(14A) priority tax claims): Complaint by Michael L. Buesgens against Henry Paulson , Mark Everson , Donald Ray Tawney Jr. Fee Amount $250 (Attachments: # 1 Adversary Continued# 2 Adversary Continued# 3 Adversary Continued# 4 Adversary Continued) (66 (Dischargeability - 523(a)(1), (14),(14A) priority tax claims),62 (Dischargeability - 523(a) (2), false pretenses, false representation, actual fraud)) (Meador, Patti) Modified on 3/1/2007 (Meador, Patti). THIS CASE IS RELATED TO CASE NO. 06-11164 WESTERN DISTRICT OF TEXAS. (Entered: 03/01/2007) |
| 02/23/2007 | ●2 | Adversary Cover Sheets Filed by Michael L. Buesgens . (Re: Related Document(s) #:1 Complaint .) (Meador, Patti) (Entered: 03/01/2007) |

| 04/21/2007 | ⊙12 | BNC Certificate of Mailing - Order Re: Dismissal of Case. (Re: Related Document(s) #:10 Order Dismissing Case) No. of Notices: 15. Service Date 04/21/2007. (Admin.) (Entered: 04/22/2007) |
| --- | --- | --- |
| 04/26/2007 | ⊙13 | Notice of Appeal to DistrictCourt. Fee Amount $255 Filed by Michael L. Buesgens (Re: Related Document(s) #:9 Memorandum Decision, 10 Order Dismissing Case.) Appellant Designation due by 5/6/2007. (Meador, Patti) (Entered: 04/26/2007) |
| 04/26/2007 | ⊙14 | Certificate of Service Filed by Clerk's Office. A copy of the Notice of Appeal has been sent to R. Barry Robinson, Esq. Assistant US Attorney, 816 Congress Avenue, Suite 1000, Austin TX 78701; Mark Everson, Commissioner of IRS, Room 5226, 1111 Pennsylvania Ave., NW, Washington, DC 20224; Tax Division, Department of Justice, Washington DC 20530; Sherri Miller, Case Manager, US Bankruptcy Court, 903 San Jacinto Blvd. #322, Austin TX 78701; Karen L. Melnik, Asst US Attorney, 555 Fourth Street, NW, Room E4112, Washington, DC 20530; Randolph N. Osherow, 342 W. Woodlawn, Suite 300, San Antonio, TX 78212; Michael L. Buesgens, 3112 Windsor Road, #A322, Austin, TX 78703 Sarah H. McHaney, US Bankruptcy Court, 903 San Jacinto Blvd, Austin TX 78701; Maria Dozauer, Deputy-in-Charge, US Bankruptcy Court, 903 San Jacinto Blvd #322, Austin, TX 78701; Donald Ray Tawney,Jr., 13601 Elm Ridge Lane #1635, Austin TX 78727; Charles R. Nettles, Jr., 1524 S. IH-35 Suite 233, Austin,TX 78704; Office of US Trustee, 903 San Jacinto Blvd #320, Austin, TX 78701; Hon. Leroy Yeakel, III, US District Judge, 200 W. 8th St., Austin, TX 78701; Hon. Frank R. Monroe, 903 San Jacinto Blvd #322, Austin, TX 78701; Henry Paulson, Secretary if the Treasury, 1500 Pennsylvania Ave. NW, Washington DC 20020(Re: Related Document(s) #:13 Notice of Appeal.) (Meador, Patti) Modified on 4/26/2007 (Meador, Patti). (Entered: 04/26/2007) |
| 04/26/2007 | ⊙15 | Receipt of Appeal Filing Fee - $255.00 by TC. Receipt Number 00066907. Payment received from Michael Buesgens. (admin) (Entered: 04/26/2007) |

| 03/02/2007 | 3 | Receipt of Adversary Filing Fee - $250.00 by RJ. Receipt Number 00066844. Payment received from Michael Buesgens. (admin) (Entered: 03/05/2007) |
|---|---|---|
| 03/08/2007 | 4 | Summons Issued on Mark Everson, Henry Paulson, Donald Ray Tawney Jr. Number of Summons Issued: 3. Status Hearing to be held on 5/8/2007 at 09:30 AM Courtroom 1. (Myers, Sally) (Entered: 03/08/2007) |
| 03/21/2007 | 5 | Notice Of Related Bankruptcy Appeals At Austin Texas District Court Filed by Michael L. Buesgens (Re: Related Document(s) #:1 Complaint, , .) (Attachments: # 1 Part 2# 2 Part 3# 3 Part 4# 4 Part 5# 5 Part 6# 6 Part 7)(Jackson, Renee) (Entered: 03/27/2007) |
| 03/29/2007 | 6 | BNC Certificate of Mailing - PDF Document. (Re: Related Document(s) #:5 Notice, ) No. of Notices: 1. Service Date 03/29/2007. (Admin.) (Entered: 03/30/2007) |
| 04/03/2007 | 7 | Crossclaim filed by Michael L. Buesgens against all defendants.(Meador, Patti) THERE IS NO PDF FOR THIS DOCUMENT. THE DOCUMENT IS TOO VOLUMINOUS. A COPY OF THIS DOCUMENT MAY BE VIEWED AT THE CLERK'S OFFICE. (Entered: 04/17/2007) |
| 04/11/2007 | 8 | Motion to Reopen Case No. 06-11164FM filed in the Western District of Texas Filed by Michael L. Buesgens (Attachments: # 1 Motion to Reopen Continued# 2 Motion to Reopen Continued) (Meador, Patti) (Entered: 04/17/2007) |
| 04/19/2007 | 9 | Decision RE Dismissing Case Order entered on 4/19/2007. (Myers, Sally) (Entered: 04/19/2007) |
| 04/19/2007 | 10 | Judgment Dismissing Adversary Proceeding. Order entered on 4/19/2007. (Myers, Sally) (Entered: 04/19/2007) |
| 04/21/2007 | 11 | BNC Certificate of Mailing - PDF Document. (Re: Related Document(s) #:9 Memorandum Decision) No. of Notices: 15. Service Date 04/21/2007. (Admin.) (Entered: 04/22/2007) |

| 04/27/2007 | 16 | Order Directing Clerk to Accept for Filing the Plaintiff's Notice of Appeal, But Not to Accept for Filing Certain Documents Appended Thereto. (Related Document(s) #:13 Notice of Appeal.) Order entered on 4/27/2007. (Myers, Sally) (Entered: 04/27/2007) |
|---|---|---|
| 04/29/2007 | 17 | BNC Certificate of Mailing - PDF Document. (Re: Related Document(s) #:16 Order Directing Compliance) No. of Notices: 15. Service Date 04/29/2007. (Admin.) (Entered: 04/30/2007) |
| 05/03/2007 | 18 | Document Filed by Plaintiff Michael L. Buesgens. THIS DOCUMENT IS TOO VOLUMINOUS TO SCAN AND IS ALSO HANDWRITTEN. THIS DOCUMENT ALSO DOES NOT HAVE A TITLE. (Meador, Patti) (Entered: 05/08/2007) |
| 05/03/2007 | 19 | Document Filed by Plaintiff Michael L. Buesgens. THIS DOCUMENT HAS A HEADING OF UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA BUT WAS MAILED TO THE UNITED STATES BANKRUPTCY COURT. THIS DOCUMENT WAS FORWARDED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA. (Meador, Patti) (Entered: 05/08/2007) |
| 05/04/2007 | 20 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Michael L. Buesgens (Re: Related Document(s) #:13 Notice of Appeal.) Appellee designation due by 5/14/2007 for 13, . Transmission of Designation Due by 6/3/2007. THIS DOCUMENT IS TOO VOLUMINOUS AND HANDWRITTEN. IT CANNOT BE SCANNED INTO THE CM/ECF SYSTEM. INTERESTED PARTIES MAY REVIEW THE DOCUMENT AT THE CLERK'S OFFICE, UNITED STATES BANKRUPTCY COUART. (Meador, Patti) (Entered: 05/08/2007) |

**CERTIFIED COPY**
CLERK, U.S. BANKRUPTCY COURT

BY: _____

The decision below is signed as a decision of
the court.

Signed: April 19, 2007.



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DONALD RAY TAWNEY, | ) | Case No. 06-11164 (pending |
| | ) | in the United States |
| Debtor. | ) | Bankruptcy Court for the |
| _____ | ) | Western District of Texas) |
| | ) | (Chapter 7) |
| MICHAEL L. BUESGENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 07-10008 |
| DONALD RAY TAWNEY, *et al.*, | ) | |
| | ) | **Not for Publication in** |
| Defendants. | ) | **West's Bankruptcy Reporter** |

<u>DECISION RE DISMISSING COMPLAINT</u>

The plaintiff, Michael Buesgens, was an employee of the
Internal Revenue Service.  The complaint in this adversary
proceeding names as defendants Donald Ray Tawney, Jr., who
apparently was Buesgens' former supervisor at the Internal
Revenue Service; Mark Everson, the Commissioner of Internal
Revenue; and Henry Paulson, the Secretary of the Department of
the Treasury.  The complaint is frivolous, and in the interests
of justice the court will dismiss the complaint without awaiting

responses to the complaint by the defendants.

I

The complaint fails to establish any basis for granting Buesgens any relief.

A.

Tawney is the debtor in a case pending as Case Number 06-11164 in the United States Bankruptcy Court for the Western District of Texas.

In part I of the complaint, entitled "JURISDICTION AND VENUE," Buesgens fails to cite any statutory provision that would confer jurisdiction on this court.

In part II of the complaint, Buesgens refers to the bankruptcy case pending in the Western District of Texas and notes that the case has been declared to be a no-asset case.

In part III of the complaint, Buesgens alleges that the bankruptcy case has serious failures, errors, and omissions, complaining that he was never notified of the pending bankruptcy case.

In part IV of the complaint, Buesgens notes that he has filed an adversary proceeding in the bankruptcy case, and that he has a claim in the bankruptcy case.

In part V of the complaint, Buesgens alleges that he was involuntarily retired on medical disability as an employee of the Internal Revenue Service, and he discusses the various litigation

he has pursued in that regard.  In part V of the complaint, Buesgens also requests a denial of a discharge to Tawney in the bankruptcy case pursuant to 11 U.S.C. §§ 727(a)(11) and 1328(g)(1).  Section 727(a)(11) deals with denial of a discharge based on failure to obtain debtor education, but Buesgens only alleges that Tawney did not promptly file a Form 23 (the form used to certify that the debtor education was obtained).  He acknowledges that the requisite Form 23 was eventually filed, and, accordingly, Buesgens has stated no basis for a denial of discharge under § 727(a)(11).  Section 1328(g)(1) is inapplicable in a Chapter 7 bankruptcy case, and thus supplies no basis for a denial of discharge in Tawney's chapter 7 case.

B.

The complaint fails to state any valid basis for denying Tawney a discharge.  (Venue for a request for a denial of discharge is also improper, but the court will dismiss the request for a denial of discharge on the merits as the complaint plainly fails to state a valid basis for such relief.)  Beyond that, the complaint fails to establish any jurisdiction under 28 U.S.C. § 1334(b) for granting Buesgens any other relief.

II

On April 11, 2007, Buesgens filed in this adversary proceeding a Motion to Reopen Bankruptcy Case No. 06-11164 (meaning the bankruptcy case pending in the Western District of

Texas).  A motion to reopen a bankruptcy case must be filed in the district within which the bankruptcy case is pending, and this court will thus not act on the motion, and will dismiss it with the rest of the adversary proceeding.

III

On April 11, 2007, Buesgens also filed a Crossclaim.  Only a defendant is permitted to file a cross-claim.  Fed. R. Civ. P. 13(g).  The court will accordingly dismiss the Crossclaim.

In any event, the Crossclaim would be subject to dismissal on other grounds.

First, Buesgens has used the wrong procedural vehicle and has sought relief in the wrong forum.  The Crossclaim is asserted against the judge presiding in the bankruptcy case, the judge's law clerk, employees of the clerk's office, the debtor's attorney in the case, the chapter 7 trustee, the United States Trustee, and a judge of the United States District Court for the Western District of Texas to which an appeal was taken from the Bankruptcy Court, and two Assistant United States Attorneys who apparently represented the Government in litigation relating to Buesgens' discharge from employment.  The Crossclaim asserts claims that relate to actions the parties have taken or actions they have failed to take in the bankruptcy case or in the appeal or in the claims litigation.  If Buesgens is seeking a correction of what has transpired in those matters, the proper vehicle for

4

obtaining such relief is via a motion in the particular proceeding, or via an appeal of rulings adverse to him.  Thus, if that is the relief Buesgens is seeking, he is proceeding inappropriately for two reasons: first, by seeking relief via an adversary proceeding, and, second, by seeking relief in this bankruptcy court (the United States Bankruptcy Court for the District of Columbia) which had nothing to do with the proceedings in which Buesgens alleges there were improper actions, instead of seeking relief in the court in which the proceeding was pending and in which he alleges the particular improper actions occurred.

Second, to the extent that Buesgens is seeking to hold the parties liable for monetary damages, such claims will not have any impact on the administration of the bankruptcy estate: the recoveries would not be by the estate, and the claims are not against the estate.  Accordingly, there is no subject matter jurisdiction under 28 U.S.C. § 1334(b) over such claims as related to the bankruptcy case.  See Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984); Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.), 72 F.3d 1171 (3d Cir. 1996) (bankruptcy court lacked subject matter jurisdiction over damage claims asserted against bankruptcy trustee).  Buesgens has not otherwise suggested how the court would have subject matter jurisdiction over the claims.

In any event, the claims are frivolous.  For example, Buesgens has failed to demonstrate that the parties are not entitled to have the claims dismissed on the basis of applicable immunities from being sued.  A presiding judge, for example, is entitled to absolute immunity with respect to the decisions he renders in a proceeding.

IV

The Crossclaim was not filed in typewritten form as required by Rule 5005-1(e) of the Local Bankruptcy Rules of this court. (A typewriter is available at the clerk's office for pro se parties.)  Buesgens' Crossclaim is many pages longer than it would be if typewritten.  Because the handwritten Crossclaim included bold black print using a heavy felt pen, the document could not be scanned and docketed for electronic accessability on the court's Electronic Case Filing System.  The court will direct the clerk not to accept handwritten documents from Buesgens for filing without approval by the court.  If a document is submitted for filing that is incapable of being scanned, the clerk shall mark the front page of any such document with the date of receipt and a notation that it is being returned because it is incapable of being scanned.  The clerk shall return such documents to Buesgens on that basis.

[Signed and dated above.]

Copies to:

Michael L. Buesgens
3112 Windsor Road
#A322
Austin, TX 78703

Henry Paulson
Secretary of the Treasury
1500 Pennsylvania Ave., NW
Washington, DC 202220

Tax Division
Department of Justice
Washington, DC 20530

Office of U.S. Trustee
903 San Jacinto Blvd., #320
Austin, TX 78701

Randolph N. Osherow, Esq.
342 W. Woodlawn, Suite 300
San Antonio, TX 78212

Karen L. Melnik
Assistant U.S. Attorney
555 Fourth Street, NW
Room E4112
Washington, DC 20530

R. Barry Robinson, Esq.
Assistant U.S. Attorney
816 Congress Avenue
Suite 1000
Austin, TX 78701

Sherri Miller, Case Manager
U.S. Bankruptcy Court,
903 San Jacinto Blvd. #322
Austin, TX 78701

Mark Everson
Commissioner of Internal Revenue
Room 5226
1111 Pennsylvania Ave., NW
Washington, DC 20224

Donald Ray Tawney, Jr.
13601 Elm Ridge Lane #1635
Austin, TX 78727

Charles R. Nettles, Jr.
1524 S. IH-35, Suite 233
Austin, TX 78704

Honorable Frank R. Monroe
United States Bankruptcy Judge
903 San Jacinto Blvd., #322
Austin, TX 78701

Sarah H. McHaney
Law Clerk
U.S. Bankruptcy Court
903 San Jacinto Blvd., #322
Austin, TX 78701

Maria Dozauer
Deputy in Charge
Clerk's Office
U.S. Bankruptcy Court
903 San Jacinto Blvd., #322
Austin, TX 78701

Honorable Leroy Yeakel, III
United States District Judge
200 West 8th Street
Austin, TX 78701

FILED

MAY 2 4 2007

Clerk
U.S. Bankruptcy Court for D.C.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE NW
WASHINGTON, DC 20001

IN RE
FEDERAL TORT CLAIMS
ACT-PERSONAL INJURY
AND
IN RE
DONALD RAY TAWNEY, JR
I.R.S. SUPERVISOR, ET. AL.
DEBTORS-VOLUNTARY
CHAPTER 7 BANKRUPTCY

BANKRUPTCY CASE
NO. 06-11164 FRM
AUSTIN, TEXAS

ADVERSARY NO. 06-01248
AUSTIN, TEXAS

CIVIL NO.
1:06 CV
01558
RCL

CIVIL NO.
1:06 CV
0D967
LY-RP

ADVERSARY
NO.
07-10008

20

MICHAEL L. BUESGENS
PLAINTIFF
APPELLANT
CREDITOR

V.

DONALD RAY TAWNEY JR
I.R.S. SUPERVISOR

MARK W. EVERSON
COMMISSIONER

HENRY PAULSON,
SECRETARY
DEPARTMENT OF THE
TREASURY

JOHN W. SNOW
SECRETARY
DEPARTMENT OF THE
TREASURY
ET:AL:
DEFENDANTS
DEBTORS

ADVERSARY
NO.
OT-10008

2

ADVERSARY NO. 07-10008-**APPEAL**
**TO**
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

PLAINTIFF-ADVERSARY-CREDITOR
APPELLANT DESIGNATION OF
**RECORD** ON APPEAL

**ITEMS** TO BE INCLUDED IN
THE RECORD ON APPEAL AND
**STATEMENT** OF THE ISSUES
TO BE **PRESENTED**
BANKRUPTCY RULE 8006

## I.        THE RECORD

1.    APPELLANT-CREDITOR BUESGENS
ADMINISTRATIVE TORT CLAIM
OF **PERSONAL INJURY**
FTCA - SUM CERTAIN - FORM
SF95. AND **EVIDENCE** AND
EXHIBITS OF **WRONGDOING**

3

# ADVERSARY NO. 07-10008-APPEAL

2. THE **FTCA** - TORT CLAIM is IN THE POSSESSION OF THE FOLLOWING :

3. R. BARRY ROBINSON, **AUSA**
4. KAREN MELNIK, **AUSA**
5. MICHAEL LYNN SILYARDS, **GLS**
6. THOMAS STANTON , **GLS** ATTORNEYS

AND
7. ARMBRUST & BROWN, **LLP**
8. DAVID B. ARMBRUST, OWNER

9. CRADY JEWETT & McCULLEY, **LLP**
10. JONATHAN JEWETT, OWNER

11. ALL OF THE FOREGOING HAVE **REFUSED** BUESGENS MOTIONS AND REQUESTS FOR A COPY OF THE FTCA - TORT-CLAIM

4

# DESIGNATION OF THE RECORD
# ON APPEAL *CONTINUED*

12. **ALL** OF COURT FILINGS — PLEADINGS MOTIONS ETC **FILED BY** BANKRUPTCY ATTORNEY **CHARLES R. NETTLES** IN THE RELATED PROCEEDINGS

13. BANKRUPTCY NO. 06-11164 FRM
14. ADVERSARY NO. 06-01248 FRM
15. APPEAL NO. 1:07CV00127 LY
16. APPEAL NO. 1:07CV00156 LY
17. APPEAL NO. 1:07CV00209 LY
18. MDL - 1800

19. **ALL** OF THE **ORDERS** FILED BY BANKRUPTCY JUDGE FRANK R. MONROE FOR
A. BANKRUPTCY CASE NO. 06-71164 FRM
B. ADVERSARY NO. 06-01248 FRM

5

# ADVERSARY — APPEAL

**20.** DONALD RAY TWNEY JR
 A. CHAPTER **7** PETITION AND
 SCHEDULES
 B. CERTIFICATE OF FINANCIAL
 MANAGEMENT COURSE
 C. **FORM 23**
 D. BANKRUPTCY CASE NO. 06-11164 FRM

**21.** CHAPTER **7** - TRUSTEE
 **RANDOLPH OSHEROW**
 CASE **FILINGS**
 BANKRUPTCY NO. 06-11164 FRM

**22.** **ORDERS** FILED BY **DISTRICT**
 **JUDGE EARL LEROY YEAKEL,**
 **III** IN APPEALS OF
 A. BANKRUPTCY CASE NO. 06-11164 FRM
 B. ADVERSARY CASE NO. 06-01248 FRM
 APPEALS

**23.** CIVIL NO. 1:07CV00127 LY
**24.** CIVIL NO. 1:07CV00156 LY
**25.** CIVIL NO. 1:07CV00209 LY

26. CREDITOR - ADVERSARY
MICHAEL L BUESGENS
**PROOF OF CLAIM**
BANKRUPTCY CASE NO. 06-11164FRM
FILED : 10/12/2007

ADVERSARY NO. 07-10008-APPEAL

## II  ISSUES TO BE PRESENTED

1. DID DONALD RAY TAWNEY, JR **LIE** ON BANKRUPTCY CASE FILINGS CASE NO. 06-11164 FRM ?

2. DID BANKRUPTCY ATTORNEYS CHARLES R. NETTLES **FAIL** HIS FIDUCIARY OBLIGATIONS ?

3. IS DONALD RAY TAWNEY, JR I.R.S. SUPERVISOR REPRESENTED BY **U.S. ATTORNEYS** IN BANKRUPTCY PROCEEDINGS **AND** CIVIL ACTIONS. ?

4. DID CHAPTER 7 TRUSTEE RANDOLPH (RANDY) N. OSTERLOH **FAIL** HIS FIDUCIARY OBLIGATIONS ?

8

5. IS FORMER I.R.S. EMPLOYEE MICHAEL L BUESGENS A **CREDITOR** IN BANKRUPTCY CASE NO. 06-11164 FRM AS DEFINED BY THE BANKRUPTCY CODE AND FEDERAL **TORT** CLAIMS ACT - **FTCA** ?

6. IS THERE **EVIDENCE** THAT SUPPORTS BUESGENS PROOF OF CLAIM ?

7. DID BUESGENS FILE A **FRIVOLOUS** ADVERSARY COMPLAINT AT U.S. BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA ?

8. IS IT **IMPOSSIBLE** TO **SCAN** BUESGENS CASE FILINGS USING THE **COURT** SYSTEMS **SCANNER** ?

9. HOW MANY DOCUMENTS ARE ALLOWED TO BE SCANNED PER THE RULES ? 9    200

10. WAS IT POSSIBLE FOR
DONALD RAY TAWNEY, JR
I.R.S. SUPERVISOR'
**TO FILE** A
A. CHAPTER **13** BANKRUPTCY
B. INSTEAD OF GIVING UP AND
FILING CHAPTER **7** **?**

11. WAS THE INVESTIGATION OF
DONALD RAY TAWNEY, JR
BANKRUPTCY CASE NO.' 06-11164
FRM **IN COMPLIANCE** WITH
THE BANKRUPTCY CODE **?**

12. WAS DONALD RAY TAWNEY, JR ✓
**REQUIRED** TO FILE A' TIMELY
FOR A **23** CERTIFICATE
THAT INCLUDES HIS
SIGNATURE **?**

13. DID DONALD RAY TAWNEY JR
FILE A **TIMELY** FORM **23**
AS **REQUIRED** BY THE
BANKRUPTCY CODE **?**

14. IS THE U.S. BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION **REQUIRED** TO FOLLOW AND APPLY THE BANKRUPTCY CODE LAW **?**

15. IS THE FORM **23** REQUIRED **?** **OR CAN** THE BANKRUPTCY COURT STAFF **JUST SAY** THATS THE WAY WE DO THINGS. **?**

( FORM 23 NOT REQUIRED )

16. SHOULD THE BANKRUPTCY CODE BE **APPLIED** IN EQUAL MEASURE THROUGHOUT THE UNITED STATES **?** **OR**

17. **CAN** BANKRUPTCY COURT STAFF AND JUDICIAL OFFICIALS **JUST SAY** THATS THE WAY WE DO THINGS. **?**

11

18. DID JUDGE FRANK R. MONROE MAKE A RULING ON THE FORM **23** REQUIREMENT IN BANKRUPTCY CASE NO. 06-11164 **OR** ADVERSARY NO. 06-01248 ?

19. DID BANKRUPTCY JUDGE FRANK R. MONROE **APPLY** THE CORRECT BANKRUPTCY **STATUTE - CODE TO A RULING** ON THE FORM **23** REQUIREMENT ?

20. DOES PLAINTIFF-APPELLANT MICHAEL L BUESGENS **HAVE A VALID**
A. CROSS CLAIM
B. COUNTERCLAIM
C. THIRD PARTY PRACTICE CLAIM **IN**

21. ADVERSARY NO. 07-10008
22. ADVERSARY NO. 06-01248 FRM ?

12

23. DID CHARLES R. NETTLES BANKRUPTCY ATTORNEY **ANALYZE** THE **CORRECT** CIVIL ACTION WHEN **HE RULED** THAT BUESGENS **IS NOT A CREDITOR** ?

24. TITUS BUESGENS PROOF OF CLAIM AND ADVERSARY COMPLAINT ARE WORTHLESS .

25. MR. NETTLES **USED**
A. CIVIL ACTION 1:05CV00243
B. JUDGE SAM SPARKS
C. U.S. DISTRICT COURT, AUSTIN, TEXAS

26. **FOR** HIS OBSERVATIONS AND DECISIONS

27. **PER** THE INSTRUCTIONS OF ASSISTANT **U.S.** ATTORNEY R. BARRY ROBINSON 816 CONGRESS AVE #1000 AUSTIN, TEXAS 78701

13

ADVERSARY NO. 07-10008

APPEAL
AND
RELATED - ASSOCIATED - AFFILIATED
ACTIONS

RESPECTFULLY SUBMITTED

*Michael L Buesgens*

MICHAEL L BUESGENS
MAY 2, 2007

# III  CERTIFICATE OF SERVICE

I, CERTIFY THAT ONE TRUE
COPY OF THIS DESIGNATION
OF THE RECORD - ITEMS
AND STATEMENT OF THE ISSUES
ON APPEAL WAS SERVED BY
BY FIRST CLASS MAIL ON THIS
2 ND DAY OF MAY, 2007.

14

ADDRESSED TO:

1.
2.
DAVID B. ARMBRUST
ARMBRUST & BROWN, LLP
JULY 6, 2006 - APT 1023
1:06 CV 00260 LY
1:06 CV 00226 LY-RP
HUD # 06-06-293-8
1:06 CV 01964 RBW
1:06 CV 00967 LY-RP
100 CONGRESS AVE, #1300
AUSTIN, TEXAS 78701

3.
4.
OWITAM JEWETT
CRADY, JEWETT & McCULLEY, LLP
HUD # 06-06-293-8
JULY 6, 2006 - APT 1023
1:06CV00260 LY
1:06CV 00266 LY-RP
1:06 CV 01964 RBW
1:06 CV 00967 LY-RP
C-1-CV-06-000678
D-1-GN-06-000262
2727 ALLEN PKWY #1700
HOUSTON, TEXAS 77019-2125

15

ADVERSARY NO. 07-10008-APPEAL

5. RANDOLPH (RANDY) OSHEROW
   CHAPTER 7 TRUSTEE
6. DONALD RAY TAWNEY, JR
   MARK W. EVERSON
8. HENRY PAULSON

SAN ANTONIO, TEXAS
BANKRUPTCY CASE NO. 06-11164FRM

9. CHARLES R. NETTLES
   BANKRUPTCY ATTORNEY
   CASE NO. 06-11164FRM
   ADVERSARY NO. 06-01248FRM
10. DONALD RAY TAWNEY JR **ET.AL.**
    1524 SOUTH I.H. 35  #233
    AUSTIN, TEXAS   78704
    PHONE: 512-459-3212
    FAX: 512-459-0842

11. R BARRY ROBINSON, **AUSA**
12. KAREN MELNIK, **AUSA**
    535 FOURTH ST. NW E4112
    WASHINGTON, DC   20530

16

ADVERSARY NO. 07-10008
**APPEAL**

13. BANKRUPTCY JUDGE
FRANK R. MONROE
903 SAN JACINTO BLVD, #322
AUSTIN, TEXAS 78701

Michael Buesgens
MICHAEL L BUESGENS
EXTENDED STAY AMERICA
MAILING ADDRESS
3112 WINDSOR RD #A322
AUSTIN, TEXAS 78703
512-339-6005 X 7958
FAX: 512-339-6099
MIKEBUESGENS@HOTMAIL.COM
MAY 2, 2007

U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE NW
WASHINGTON, DC 20001

17

# U.S. Party/Case Index

## All Types Name Search Results

### 23 Total Party matches for selection BUESGENS,MICHAEL for ALL COURTS
### Search Complete
### Wed May 2 10:03:01 2007
### Selections 1 through 23 (Page 1)

●Download (1 pages $ 0.00)

## Bankruptcy Cases

| | Name | Court | Case No. | Filed | Chapter |
|---|---|---|---|---|---|
| 1 | BUESGENS, MICHAEL L. | txwbke | 06-01248 | 10/24/2006 | AP |
| | BUESGENS AND TAWNEY | | | | |
| 2 | BUESGENS, MICHAEL L. | txwbke | 06-01248 | 10/24/2006 | AP |
| | BUESGENS AND TAWNEY | | | | |
| 3 | BUESGENS, MICHAEL L. | dcbke | 07-10008 | 02/23/2007 | AP |
| | BUESGENS AND PAULSON | | | | |
| 4 | BUESGENS, MICHAEL L. | dcbke | 07-10008 | 02/23/2007 | AP |
| | BUESGENS AND PAULSON | | | | |
| 5 | BUESGENS, MICHAEL L. | txwbke | 06-11164 | 07/31/2006 | 7 |
| | DONALD RAY TAWNEY | | | | |

## Civil Cases

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 6 | BUESGENS, MICHAEL | madce | 1:2007cv10538 | 03/21/2007 | 360 | 03/22/2007 |
| | Buesgens v. Culpepper | | | | | |

| 7 | BUESGENS, MICHAEL L. | ordce | 3:2007cv00043 | 01/10/2007 | 360 | |
|---|---|---|---|---|---|---|

Buesgens v. Galloway

| 8 | BUESGENS, MICHAEL L. | txwdce | 1:2007cv00127 | 02/23/2007 | 422 | 03/19/2007 |
|---|---|---|---|---|---|---|

**06-11164**

Buesgens v. Tawney

| 9 | BUESGENS, MICHAEL L. | txwdce | 1:2007cv00156 | 03/05/2007 | 422 | |
|---|---|---|---|---|---|---|

**06-11164**

Buesgens v. Tawney

| 10 | BUESGENS, MICHAEL L. | txwdce | 1:2007cv00209 | 03/19/2007 | 422 | |
|---|---|---|---|---|---|---|

**06-01248**

Buesgens v. Tawney

| 11 | BUESGENS, MICHAEL L. | txwdce | 1:2006cv00226 | 12/20/2006 | 443 | 12/20/2006 |
|---|---|---|---|---|---|---|

Buesgens v. Falcon Ridge Apartme, et al

| 12 | BUESGENS, MICHAEL L. | txwdce | 1:2006cv00226 | 12/20/2006 | 443 | 12/20/2006 |
|---|---|---|---|---|---|---|

Buesgens v. Falcon Ridge Apartme, et al

| 13 | BUESGENS, MICHAEL L. | txwdce | 1:2005cv00243 | 04/29/2005 | 445 | 12/06/2006 |
|---|---|---|---|---|---|---|

**360-2003-8286x    07-5011**

Buesgens v. Snow

| 14 | BUESGENS, MICHAEL L. | txwdce | 1:2006cv00260 | 04/10/2006 | 443 | 05/24/2006 |
|---|---|---|---|---|---|---|

Falcon Ridge Apartme v. Buesgens

| 15 | BUESGENS, MICHAEL L. | txwdce | 1:2002cv00526 | 08/20/2002 | 871 | 09/18/2002 |
|---|---|---|---|---|---|---|

USA v. Lizcano

| 16 | BUESGENS, MICHAEL L. | txwdce | 5:2006cv00738 | 08/28/2006 | 890 | 01/26/2007 |
|---|---|---|---|---|---|---|

Retzlaff v. Wilson

| 17 | BUESGENS, MICHAEL L. | txwdce | 1:2006cv00967 | 12/08/2006 | 360 | |
|---|---|---|---|---|---|---|

**FTCA - TORT**

Buesgens v. United States of America

| 18 | BUESGENS, MICHAEL L. | dcdce | 1:2006cv01558 | 09/01/2006 | 360 | 11/14/2006 |

✓

BUESGENS v. UNITED STATES OF AMERICA et al

*FTCA - TORT*

| 19 | BUESGENS, MICHAEL L. | dcdce | 1:2006cv01964 | 11/15/2006 | 440 | |

BUESGENS v. BROWN et al

| 20 | BUESGENS, MICHAEL L. | ksdce | 2:2007cv02116 | 03/16/2007 | 446 | |

Buesgens v. Houser et al

| 21 | BUESGENS, MICHAEL L. | dcdce | 1:2005cv02334 | 12/05/2005 | 442 | 05/09/2006 |

*06-5314*

BUESGENS v. COATES et al

## Appellate Cases

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|------|-------|----------|-------|-----|--------|
| 22 | BUESGENS, MICHAEL L. | dcca | 06-5314 | 10/13/2006 | 2442 | 03/27/2007 |

✓

BUESGENS, MICHAEL L. vs. COATES, MARCIA H.

*1:05CV02334*
*RCL*

| 23 | BUESGENS, MICHAEL L. | dcca | 07-5011 | 01/19/2007 | 2440 | |

✓

BUESGENS, MICHAEL vs. PAULSON, HENRY

*1:05CV00243*
*SS*

*EEOC NO. 360-2003-8286X*

### PACER Service Center

**Transaction Receipt**

05/02/2007 10:03:01

| PACER Login: | mb2760 | Client Code: | refresh1 |
|---|---|---|---|
| Description: | All Types srch pg 1 | Search Criteria: | BUESGENS,MICHAEL |

# CHARLES R. NETTLES
### attorney at law

## 1524 SOUTH I.H.35., SUITE 233, AUSTIN, TEXAS 78704
## (512) 459-3212 / FACSIMILE (512) 459-0842
## OUTSIDE AUSTIN (800) 460-5555

BANKRUPTCY ATTORNEY

THE INITIAL CONSULTATION IS-**FREE**
CALL FOR AN APPOINTMENT

Home

FAQs

Contact Us

My Law Firm is small and it is designed to be that way-SO YOU CAN GET INDIVIDUAL ATTENTION FROM ME-**PERSONALLY**- When you need it.

I have been licensed to practice law since 1979.  I began practicing bankrupty law in 1984.  By 1987 I had decided that I would practice bankruptcy law only.   I continue to practice bankruptcy law exclusively. I am a Board-Certified Consumer Bankruptcy Attorney who assists individuals and small businesses file for bankruptcy relief.

I was born in New Orleans, Louisiana.   My undergraduate degree (BA) is from Texas Christian University in Sociology and Political Science.   I also have a masters degree in Business Administration (MBA) from Texas Christian University. I graduated form Texas Tech



School of Law in 1978. I was Board Certified in Consumer Bankruptcy Law by the Texas Board of Legal Specialization in 1987 and Board Certified in Consumer Bankruptcy Law by the American Bankruptcy Board of Certification in 1994.

---

[Home] [FAQs] [Contact Us]

Hosted By
LAW INFO

CHARLES R. NETTLES
BANKRUPTCY ATTORNEY
IS
NOT A PERSONAL INJURY-
TORT CLAIMS ATTORNEY
IS
NOT A FEDERAL TORT CLAIMS
ACT ATTORNEY
IS NOT
CERTIFIED IN
EEOC PRACTICE
OR
MSPB PRACTICE
IS NOT A
DISCRIMINATION ATTORNEY

# CHARLES R. NETTLES
### attorney at law

## Contact Us

*BANKRUPTCY ATTORNEY*

### CHARLES R. NETTLES
*Attorney at Law*

**1524 SOUTH I.H.35.,
SUITE 233
AUSTIN, TEXAS 78704**

**(512) 459-3212
FACSIMILE (512) 459-0842
OUTSIDE AUSTIN (800) 460-5555**

**c4nett@aol.com**

---

*Denotes required field

* Name

* Email

* Phone
eg. xxx-xxx-xxxx

City

State

* Question

**Home**

**FAQs**

**Contact Us**

# CHARLES R. NETTLES
### attorney at law

**CONSUMER BANKRUPTCY**
**FORECLOSURES IRS GARNISHMENTS**
**REPOSSESSIONS**
**CREDITOR HARASSMENT**

*CHARLES R. NETTLES* (handwritten)

Frequently Asked Questions

*ADMINISTRATIVE TORT CLAIMS* (handwritten)

## HOW OFTEN CAN I FILE BANKRUPTCY?

*NO QUESTIONS OR ANSWERS    SF 95* (handwritten)

Anyone who has received a Chapter 7 discharge cannot file another Chapter 7 for 6 yrs. However, you may convert to a Chapter 7 if you are currently in a Chapter 13.

## WHERE IS MY BANKRUPTCY FILED?

In the office of the clerk of the United States Bankruptcy Court district where you have lived or maintained your principal place of business for a majority of the past 180 days. The bankruptcy court is associated with the United States District Court.

## DO A HUSBAND AND A WIFE HAVE TO FILE TOGETHER?

A husband and wife should file together when they both owe some of the debts. If only the husband files, creditors may force the wife into paying them, even if she is unemployed.

## WHEN SHOULD I FILE BANKRUPTCY?

That depends on you and your particular situation. You may choose to wait to file bankruptcy if you are likely to incur sizable new debts in the near future. For example, if you are in bad health and have huge medical bills, you may choose to wait until the illness is cured. It will do you little good to discharge $10,000 in medical bills now and then incur another $10,000 in the next few months. You may choose to wait a few months and discharge all of them.

Also, under bankruptcy law all nonexempt property that becomes yours through inheritance or divorce within 6 months after the date that you file must be turned over to the trustee. So, if you anticipate acquiring any money or property, you may choose to wait to file.

## HOW DOES FILING BANKRUPTCY AFFECT LAWSUITS AND ATTACHMENTS THAT HAVE ALREADY BEEN FILED AGAINST ME?

*1:06CV00967LY-RP*

Filing bankruptcy will automatically stop most lawsuits and attachments against you. Your creditors must stop all actions against you immediately after a bankruptcy is filed. The only cases not affected are criminal cases and those to collect debts for alimony, maintenance or child support.

## WHEN WILL I GO TO COURT AND WHAT WILL I DO THERE?

You are required to appear in court one time for what is called the first meeting of creditors. This will be about 30 days after your case is filed. The trustee will ask you questions concerning your

bankruptcy papers and assets. Few, if any, of your creditors will appear.

## WHAT IS A TRUSTEE IN BANKRUPTCY?

The trustee is an officer of the court, usually a practicing attorney, appointed by the bankruptcy court. His primary duty is to gather your nonexempt property, turn it into cash, and pay this money to the proper creditors. You are required by law to cooperate with the trustee. If you refuse to do so your discharge may not be granted.

## WHAT HAPPENS IF MY CASE CONTAINS NON-EXEMPT ASSETS?

If your case involves assets, the trustee will immediately begin to collect all of your non- exempt property. Your creditors may file claims to be approved by the court.

## WHAT ARE EXEMPT ASSETS?

Both the federal government and the state of Texas have passed laws defining what assets are exempt. Generally, the statutes are:

## <u>State of Texas</u>

Homestead, subject to purchase money or improvement liens thereon, consisting of a lot or lots not exceeding ten acres if located in town.

Personal property having a value of not in excess of $30,000 for a single person or $60,000 for a family comprised of the following items:

- Household furnishings

- Tools of the trade
- Clothing
- Two firearms and sporting equipment
- A passenger car or light truck for each licensed driver in the household
- Cash surrender value of life insurance policies
- Current wages
- Household pets and certain livestock

## Federal

- (Double the amount for a married couple)
- $16,150 in value in real or personal property used as a residence
- Up to $2575 in any one motor vehicle
- Up to $425 in value in any particular item of household furnishings or wearing apparel up to a total of $8625
- Up to $1075 in jewelry held for personal use
- Up to $1625 in the tools of trade
- Any unmatured life insurance contract on the debtor
- The right to receive certain support and disability payments
- Any property selected by debtor in an amount not exceeding $400 plus any unused amount of the $16150 listed in (1) above up to $8075 include income tax refunds.

**You cannot use both exemption statutes. Generally the use of the Federal statute is the most advantageous. In some cases, however, the Texas statues are the most beneficial.**

**WHAT WILL HAPPEN IF THERE IS NO MONEY OR PROPERTY TO TURN OVER TO THE TRUSTEE?**

If you have no money or property of a value over the exemption allowed by law, your case will be considered a "no asset" case. It will probably be closed shortly after the discharge hearing.

## WHAT IS A DISCHARGE IN BANKRUPTCY?

It is the court order stating that you do not have to pay your dischargeable debts.

## WHAT DEBTS ARE NOT DISCHARGED IN BANKRUPTCY?

Debts that are not discharged include:

A. Most taxes.
B. If the bankruptcy court so rules, debts for obtaining money, property, services or an extension, renewal or refinancing of credit by means of false pretenses, fraud or a false financial statement used with intent to deceive.
C. Debts not listed on your bankruptcy papers; unless the creditor had actual knowledge of the case in time to file a claim.
D. If the bankruptcy court so rules, debts for fraud, embezzlement, or larceny.
E. Debts for alimony, maintenance or support.
F. If the bankruptcy court so rules, debts for intentional injury.
G. Debts for certain fines and penalties payable to government units.
H. Debts for student loans unless not discharging the debts would impose an undue hardship on the debtor.
I. Debts involving drunk driving accidents.

## HOW DOES FILING BANKRUPTCY AFFECT MY

**CREDIT RATING?** *CHARLES R. NETTLES*

The fact that you have filed bankruptcy will remain
in your credit file for 10 years.

**WILL NEWS OF MY BANKRUPTCY BE
PUBLISHED?** *DONALDRAY TWINEY, JR*

 Your bankruptcy papers become public records
and may be published by some credit reporting
agencies.  Newspapers do not report consumer
bankruptcy unless it is of a public person.

*MARK W. EVERSON*
*HENRY PAULSON*

**[Home] [FAQs] [Contact Us]**

*JOHN W. SNOW*

*CONTINGENT
UNLIQUIDATED
ADMINISTRATIVE TORT CLAIM
AND
CIVIL ACTIONS
1: 06 CV 00967 LY-RP
1: 06 CV 01558 RCL
R. BARRY ROBINSON, AUSA
KAREN MELNIK, AUSA*

# FINANCIAL EDUCATION : CONSUMER DISCLOSURES

## Texas ✔

You selected "**Texas**," if this is incorrect » <u>Select a different state</u>

## Consumer Disclosures ✔    *HUMMINGBIRD*

Hummingbird Credit Counseling and Education, Inc. (hereinafter Hummingbird) is an independent, non-profit corporation whose mission is to assist consumers in financial matters. Hummingbird is approved* to provide Certificates of ✔ Completion for the Financial Education Course (Instructional Course on Personal Financial Management) that Hummingbird offers. These Certificates of Completion are required to get a discharge of debt in a bankruptcy case under Chapter 7 and Chapter 13 of the Bankruptcy Code. If you are using Hummingbird to get a Certificate of Completion for purposes of a bankruptcy case, please read the following information.

**Timing of Your Instructional Course**

**You cannot take Hummingbird's Financial Education for purposes of a bankruptcy case until AFTER your case has actually been filed with the court and you have a case number.** Educational Courses taken before you receive a case number from the court are not valid to obtain a Certificate of Completion for bankruptcy purposes

*NO FORM 23 NOTIFICATION*

## Hummingbird's Requirements for Financial Education ✓
## Certification of Completion    *TEXAS*

When you successfully complete Hummingbird's
requirements for credit counseling, you will receive a
certification, upon request. The requirements for completion
are as follows:

- You must view Hummingbird's Educational Course via the
  Internet. This is a video program and does require
  high-speed Internet connection. During the course of the
  video program, you will be instructed to watch for the Video
  Number and some Code Words.

- You should look at the workbook that is available free on
  Hummingbird's web site. This workbook accompanies the
  video presentation.

- You must complete a brief test on the Internet. The test
  requires that you provide the Video Number and all of the
  Code Words. The reason for this is that Hummingbird must
  confirm that you actually watched the video.  The test also
  requires you to fill out an anonymous survey and answer
  some questions about the material covered. You are not
  required to get any number of these questions correct in
  order to complete the course.

FINANCIAL EDUCATION : CONSUMER DISCLOSURES

## District of Columbia ✔

You selected "**District of Columbia**," if this is incorrect »
<u>Select a different state</u>

## Consumer Disclosures

✔Hummingbird Credit Counseling and Education, Inc.
(hereinafter Hummingbird) is an independent, non-profit
corporation whose mission is to assist consumers in financial
matters.  Hummingbird is approved* to provide Certificates of ✔
Completion for the Financial Education Course (Instructional
Course on Personal Financial Management) that
Hummingbird offers.  These Certificates of Completion are
required to get a discharge of debt in a bankruptcy case
under Chapter 7 and Chapter 13 of the Bankruptcy Code.  If
you are using Hummingbird to get a Certificate of Completion
for purposes of a bankruptcy case, please read the following
information.

**Timing of Your Instructional Course**

**You cannot take Hummingbird's Financial Education for
purposes of a bankruptcy case until AFTER your case
has actually been filed with the court and you have a
case number.**  Educational Courses taken before you
receive a case number from the court are not valid to obtain
a Certificate of Completion for bankruptcy purposes.



NO FORM 23
NOTIFICATION

## Hummingbird's Requirements for Financial Education Certification of Completion

D.C.

When you successfully complete Hummingbird's requirements for credit counseling, you will receive a certification, upon request. The requirements for completion are as follows:

- You must view Hummingbird's Educational Course via the Internet. This is a video program and does require high-speed Internet connection. During the course of the video program, you will be instructed to watch for the Video Number and some Code Words.

- You should look at the workbook that is available free on Hummingbird's web site. This workbook accompanies the video presentation.

- You must complete a brief test on the Internet. The test requires that you provide the Video Number and all of the Code Words. The reason for this is that Hummingbird must confirm that you actually watched the video. The test also requires you to fill out an anonymous survey and answer some questions about the material covered. You are not required to get any number of these questions correct in order to complete the course.

# CHARLES R. NETTLES
### attorney at law

**1524 SOUTH I.H.35., SUITE 233, AUSTIN, TEXAS 78704**
**(512) 459-3212 / FACSIMILE (512) 459-0842**
**OUTSIDE AUSTIN (800) 460-5555**
*BAUKRUPTCY ATTORNEY*
THE INITIAL CONSULTATION IS-**FREE**
CALL FOR AN APPOINTMENT

Home

FAQs

Contact Us

My Law Firm is small and it is designed to be that way-SO YOU CAN GET INDIVIDUAL ATTENTION FROM ME-**PERSONALLY**- When you need it.

I have been licensed to practice law since 1979. I began practicing bankrupty law in 1984. By 1987 I had decided that I would practice bankruptcy law only. I continue to practice bankruptcy law exclusively. I am a Board-Certified Consumer Bankruptcy Attorney who assists individuals and small businesses file for bankruptcy relief.

I was born in New Orleans, Louisiana. My undergraduate degree (BA) is from Texas Christian University in Sociology and Political Science. I also have a masters degree in Business Administration (MBA) from Texas Christian University. I graduated form Texas Tech



School of Law in 1978. I was Board Certified in Consumer Bankruptcy Law by the Texas Board of Legal Specialization in 1987 and Board Certified in Consumer Bankruptcy Law by the American Bankruptcy Board of Certification in 1994.

---

**[Home] [FAQs] [Contact Us]**

Hosted By

I LAW INFO-" I

CHARLES R. NETTLES
BANKRUPTCY ATTORNEY
IS
NOT A PERSONAL INJURY-
TORT CLAIMS ATTORNEY
IS
NOT A FEDERAL TORT CLAIMS
ACT ATTORNEY
IS NOT
CERTIFIED IN
EEOC PRACTICE
OR
MSPB PRACTICE
IS NOT A
DISCRIMINATION ATTORNEY

# CHARLES R. NETTLES
### attorney at law

## Contact Us

*BANKRUPTCY ATTORNEY*

### CHARLES R. NETTLES
*Attorney at Law*



**1524 SOUTH I.H.35.,
SUITE 233
AUSTIN, TEXAS 78704**

**(512) 459-3212
FACSIMILE (512) 459-0842
OUTSIDE AUSTIN (800) 460-5555**

**c4nett@aol.com**

---

*\* Denotes required field*

**\* Name**

**\* Email**

**\* Phone**

**eg. xxx-xxx-xxxx**

**City**

**State**

**\* Question**

# CHARLES R. NETTLES
## attorney at law

## CONSUMER BANKRUPTCY
## FORECLOSURES IRS GARNISHMENTS
## REPOSSESSIONS
## CREDITOR HARASSMENT

*CHARLES R. NETTLES*

## Frequently Asked Questions

*ADMINISTRATIVE TORT CLAIMS*

*SF 95*

## HOW OFTEN CAN I FILE BANKRUPTCY?

*NO QUESTIONS OR ANSWERS*

Home

FAQs

Contact Us

Anyone who has received a Chapter 7 discharge cannot file another Chapter 7 for 6 yrs. However, you may convert to a Chapter 7 if you are currently in a Chapter 13.

## WHERE IS MY BANKRUPTCY FILED?

In the office of the clerk of the United States Bankruptcy Court district where you have lived or maintained your principal place of business for a majority of the past 180 days. The bankruptcy court is associated with the United States District Court.

## DO A HUSBAND AND A WIFE HAVE TO FILE TOGETHER?

A husband and wife should file together when they both owe some of the debts. If only the husband files, creditors may force the wife into paying them, even if she is unemployed.

## WHEN SHOULD I FILE BANKRUPTCY?

That depends on you and your particular situation. You may choose to wait to file bankruptcy if you are likely to incur sizable new debts in the near future. For example, if you are in bad health and have huge medical bills, you may choose to wait until the illness is cured. It will do you little good to discharge $10,000 in medical bills now and then incur another $10,000 in the next few months. You may choose to wait a few months and discharge all of them.

Also, under bankruptcy law all nonexempt property that becomes yours through inheritance or divorce within 6 months after the date that you file must be turned over to the trustee. So, if you anticipate acquiring any money or property, you may choose to wait to file.

## HOW DOES FILING BANKRUPTCY AFFECT LAWSUITS AND ATTACHMENTS THAT HAVE ALREADY BEEN FILED AGAINST ME?

*1:06CV00967LY-RP*

Filing bankruptcy will automatically stop most lawsuits and attachments against you. Your creditors must stop all actions against you immediately after a bankruptcy is filed. The only cases not affected are criminal cases and those to collect debts for alimony, maintenance or child support.

## WHEN WILL I GO TO COURT AND WHAT WILL I DO THERE?

You are required to appear in court one time for what is called the first meeting of creditors. This will be about 30 days after your case is filed. The trustee will ask you questions concerning your

bankruptcy papers and assets. Few, if any, of your creditors will appear.

## WHAT IS A TRUSTEE IN BANKRUPTCY?

The trustee is an officer of the court, usually a practicing attorney, appointed by the bankruptcy court. His primary duty is to gather your nonexempt property, turn it into cash, and pay this money to the proper creditors. You are required by law to cooperate with the trustee. If you refuse to do so your discharge may not be granted.

## WHAT HAPPENS IF MY CASE CONTAINS NON-EXEMPT ASSETS?

If your case involves assets, the trustee will immediately begin to collect all of your non- exempt property. Your creditors may file claims to be approved by the court.

## WHAT ARE EXEMPT ASSETS?

Both the federal government and the state of Texas have passed laws defining what assets are exempt. Generally, the statutes are:

## State of Texas

Homestead, subject to purchase money or improvement liens thereon, consisting of a lot or lots not exceeding ten acres if located in town.

Personal property having a value of not in excess of $30,000 for a single person or $60,000 for a family comprised of the following items:

- Household furnishings

- Tools of the trade
- Clothing
- Two firearms and sporting equipment
- A passenger car or light truck for each licensed driver in the household
- Cash surrender value of life insurance policies
- Current wages
- Household pets and certain livestock

### Federal

- (Double the amount for a married couple)
- $16,150 in value in real or personal property used as a residence
- Up to $2575 in any one motor vehicle
- Up to $425 in value in any particular item of household furnishings or wearing apparel up to a total of $8625
- Up to $1075 in jewelry held for personal use
- Up to $1625 in the tools of trade
- Any unmatured life insurance contract on the debtor
- The right to receive certain support and disability payments
- Any property selected by debtor in an amount not exceeding $400 plus any unused amount of the $16150 listed in (1) above up to $8075 include income tax refunds.

**You cannot use both exemption statutes. Generally the use of the Federal statute is the most advantageous. In some cases, however, the Texas statues are the most beneficial.**

**WHAT WILL HAPPEN IF THERE IS NO MONEY OR PROPERTY TO TURN OVER TO THE TRUSTEE?**

If you have no money or property of a value over the exemption allowed by law, your case will be considered a "no asset" case. It will probably be closed shortly after the discharge hearing.

## WHAT IS A DISCHARGE IN BANKRUPTCY?

It is the court order stating that you do not have to pay your dischargeable debts.

## WHAT DEBTS ARE NOT DISCHARGED IN BANKRUPTCY?

Debts that are not discharged include:

A. Most taxes.
B. If the bankruptcy court so rules, debts for obtaining money, property, services or an extension, renewal or refinancing of credit by means of false pretenses, fraud or a false financial statement used with intent to deceive.
C. Debts not listed on your bankruptcy papers; unless the creditor had actual knowledge of the case in time to file a claim.
D. If the bankruptcy court so rules, debts for fraud, embezzlement, or larceny.
E. Debts for alimony, maintenance or support.
F. If the bankruptcy court so rules, debts for intentional injury.
G. Debts for certain fines and penalties payable to government units.
H. Debts for student loans unless not discharging the debts would impose an undue hardship on the debtor.
I. Debts involving drunk driving accidents.

## HOW DOES FILING BANKRUPTCY AFFECT MY

**CREDIT RATING?** *CHARLES R. NETTLES*

The fact that you have filed bankruptcy will remain in your credit file for 10 years.

**WILL NEWS OF MY BANKRUPTCY BE PUBLISHED?** *DONNLORAY TWUNEY, JR*

Your bankruptcy papers become public records and may be published by some credit reporting agencies. Newspapers do not report consumer bankruptcy unless it is of a public person.

*MARK W. EVERSON*
*HENRY PAULSON*

**[Home] [FAQs] [Contact Us]**

*JOHN W. SNOW*

*CONTINGENT*
*UNLIQUIDATED*
*ADMINISTRATIVE TORT CLAIM*
*AND*
*CIVIL ACTIONS*
*1: 06 CV 00967 LY-RP*
*1: 06 CV 01558 RCL*
*R. BARRY ROBINSON, AUSA*
*KAREN MELNIK, AUSA*

**FINANCIAL EDUCATION : CONSUMER DISCLOSURES**

# Texas ✔

You selected "**Texas**," if this is incorrect » <u>Select a different</u>
<u>state</u>

## Consumer Disclosures

*HUMMINGBIRD*

Hummingbird Credit Counseling and Education, Inc.
(hereinafter Hummingbird) is an independent, non-profit
corporation whose mission is to assist consumers in financial
matters. Hummingbird is approved* to provide Certificates of
Completion for the Financial Education Course (Instructional
Course on Personal Financial Management) that
Hummingbird offers. These Certificates of Completion are
required to get a discharge of debt in a bankruptcy case
under Chapter 7 and Chapter 13 of the Bankruptcy Code. If
you are using Hummingbird to get a Certificate of Completion
for purposes of a bankruptcy case, please read the following
information.

**Timing of Your Instructional Course**

**You cannot take Hummingbird's Financial Education for
purposes of a bankruptcy case until AFTER your case
has actually been filed with the court and you have a
case number.** Educational Courses taken before you
receive a case number from the court are not valid to obtain
a Certificate of Completion for bankruptcy purposes

*NO FORM 23
NOTIFICATION*

## Hummingbird's Requirements for Financial Education Certification of Completion     *TEXAS* ✔

When you successfully complete Hummingbird's requirements for credit counseling, you will receive a certification, upon request. The requirements for completion are as follows:

- You must view Hummingbird's Educational Course via the Internet. This is a video program and does require high-speed Internet connection. During the course of the video program, you will be instructed to watch for the Video Number and some Code Words.

- You should look at the workbook that is available free on Hummingbird's web site. This workbook accompanies the video presentation.

- You must complete a brief test on the Internet. The test requires that you provide the Video Number and all of the Code Words. The reason for this is that Hummingbird must confirm that you actually watched the video. The test also requires you to fill out an anonymous survey and answer some questions about the material covered. You are not required to get any number of these questions correct in order to complete the course.

## FINANCIAL EDUCATION : CONSUMER DISCLOSURES

## District of Columbia

You selected "**District of Columbia**," if this is incorrect »
<u>Select a different state</u>

## Consumer Disclosures

Hummingbird Credit Counseling and Education, Inc.
(hereinafter Hummingbird) is an independent, non-profit
corporation whose mission is to assist consumers in financial
matters. Hummingbird is approved* to provide Certificates of
Completion for the Financial Education Course (Instructional
Course on Personal Financial Management) that
Hummingbird offers. These Certificates of Completion are
required to get a discharge of debt in a bankruptcy case
under Chapter 7 and Chapter 13 of the Bankruptcy Code. If
you are using Hummingbird to get a Certificate of Completion
for purposes of a bankruptcy case, please read the following
information.

**Timing of Your Instructional Course**

**You cannot take Hummingbird's Financial Education for
purposes of a bankruptcy case until AFTER your case
has actually been filed with the court and you have a
case number.** Educational Courses taken before you
receive a case number from the court are not valid to obtain
a Certificate of Completion for bankruptcy purposes.



NO FORM 23
NOTIFICATION

## Hummingbird's Requirements for Financial Education Certification of Completion

When you successfully complete Hummingbird's requirements for credit counseling, you will receive a certification, upon request. The requirements for completion are as follows:

- You must view Hummingbird's Educational Course via the Internet. This is a video program and does require high-speed Internet connection. During the course of the video program, you will be instructed to watch for the Video Number and some Code Words.

- You should look at the workbook that is available free on Hummingbird's web site. This workbook accompanies the video presentation.

- You must complete a brief test on the Internet. The test requires that you provide the Video Number and all of the Code Words. The reason for this is that Hummingbird must confirm that you actually watched the video. The test also requires you to fill out an anonymous survey and answer some questions about the material covered. You are not required to get any number of these questions correct in order to complete the course.

14. IS THE U.S. BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION **REQUIRED** TO FOLLOW AND APPLY THE BANKRUPTCY CODE LAW **?**

15. IS THE FORM **23** REQUIRED **?** **OR** CAN THE BANKRUPTCY COURT STAFF **JUST SAY** THATS THE WAY WE DO THINGS. **?**

( FORM 23 NOT REQUIRED )

16 SHOULD THE BANKRUPTCY CODE BE **APPLIED** IN EQUAL MEASURE THROUGHOUT THE UNITED STATES **?**

17. **OR** CAN BANKRUPTCY COURT STAFF AND JUDICIAL OFFICIALS **JUST** SAY THATS THE WAY WE DO THINGS. **?**

11

18. DID JUDGE FRANK R. MONROE MAKE A RULING ON THE FORM 23 REQUIREMENT IN BANKRUPTCY CASE NO. 06-11164 OR ADVERSARY NO. 06-01248 ?

19. DID BANKRUPTCY JUDGE FRANK R. MONROE APPLY THE CORRECT BANKRUPTCY STATUTE - CODE TO A RULING ON THE FORM 23 REQUIREMENT ?

20. DOES PLAINTIFF-APPELLANT MICHAEL L BUESGENS HAVE A VALID
   A. CROSS CLAIM
   B. COUNTERCLAIM
   C. THIRD PARTY PRACTICE CLAIM IN
21. ADVERSARY NO. 07-10008
22. ADVERSARY NO. 06-01248 FRM ?

12

23. DID CHARLES R. NETTLES
BANKRUPTCY ATTORNEY
**ANALYZE** THE **CORRECT**
CIVIL ACTION WHEN **HE**
**RULED** THAT BUESGENS **IS**
**NOT A CREDITOR** ?

24. TITUS BUESGENS PROOF OF
CLAIM AND ADVERSARY
COMPLAINT ARE WORTHLESS.

25. MR. NETTLES **USED**
A. CIVIL ACTION 1:05CV00243
B. JUDGE SAM SPARKS
C. U.S. DISTRICT COURT, AUSTIN, TEXAS

26. HIS OBSERVATIONS AND DECISIONS **FOR**

27. **PER** THE INSTRUCTIONS OF
ASSISTANT **U.S.** ATTORNEY
R. BARRY ROBINSON
816 CONGRESS AVE #1000
AUSTIN, TEXAS 78701

13

ADVERSARY NO. 07-10008

APPEAL
AND
RELATED - ASSOCIATED - AFFILIATED
ACTIONS

RESPECTFULLY SUBMITTED

Michael L Buesgens
MICHAEL L BUESGENS
MAY 2, 2007

## III    CERTIFICATE OF SERVICE

I, CERTIFY THAT ONE TRUE
COPY OF THIS DESIGNATION
OF THE RECORD - ITEMS
AND STATEMENT OF THE ISSUES
ON APPEAL WAS SERVED BY
BY FIRST CLASS MAIL ON THIS
2 ND DAY OF MAY, 2007.

14

ADDRESSED TO:

1.
2.
DAVID B. ARMBRUST
ARMBRUST & BROWN, LLP
JULY 6, 2006 - APT 1023
1:06 CV 00260 LY
1:06 CV 00226 LY-RP
HUD # 06-06-293-8
1:06 CV 01964 RBW
1:06 CV 00967 LY-RP
100 CONGRESS AVE, #1300
AUSTIN, TEXAS 78701

3.
4.
QUINTAN JEWETT
CRADY JEWETT & McCULLEY, LLP
HUD # 06-06-293-8
JULY 6, 2006 - APT 1023
1:06 CV 00260 LY
1:06 CV 00266 LY-RP
1:06 CV 01964 RBW
1:06 CV 00967 LY-RP
C-1-CV-06-000678
D-1-GN-06-000262
2727 ALLEN PKWY #1700
HOUSTON, TEXAS 77019-2125

15

ADVERSARY NO. 07-10008-APPEAL

5. RANDOLPH (RANDY) OSHEROW
   CHAPTER 7 TRUSTEE
6. DONALD RAY TAWNEY, JR
7. MARK W. EVERSON
8. HENRY PAULSON

SAN ANTONIO, TEXAS
BANKRUPTCY CASE NO. 06-11164FRM

9. CHARLES R. NETTLES
   BANKRUPTCY ATTORNEY
   CASE NO. 06-11164FRM
   ADVERSARY NO. 06-01248FRM
10. DONALD RAY TAWNEY, JR ET.AL.
    1524 SOUTH I.H. 35, #233
    AUSTIN, TEXAS  78704
    PHONE: 512-459-3212
    FAX: 512-459-0842

11. R BARRY ROBINSON, AUSA
12. KAREN MELNIK, AUSA
    535 FOURTH ST. NW E 4112
    WASHINGTON, DC  20530

16

ADVERSARY NO. 07-10008
**APPEAL**

13.    BANKRUPTCY JUDGE
       FRANK R. MONROE
       903 SAN JACINTO BLVD #322
       AUSTIN, TEXAS 78701

       Michael J Buesgens
       MICHAEL L BUESGENS
       EXTENDED STAY AMERICA
       MAILING ADDRESS
       3112 WINDSOR RD #A322
       AUSTIN, TEXAS 78703
       512-339-6005 X 7958
       FAX: 512-339-6099
       MIKEBUESGENS@HOTMAIL.COM
       MAY 2, 2007

       U.S. DISTRICT COURT
       FOR THE DISTRICT OF COLUMBIA
       333 CONSTITUTION AVE NW
       WASHINGTON, DC 20061

                    17

# U.S. Party/Case Index

## All Types Name Search Results

**23 Total Party matches for selection BUESGENS,MICHAEL for ALL COURTS**

**Search Complete**

**Wed May 2 10:03:01 2007**

**Selections 1 through 23 (Page 1)**

⬤Download (1 pages $ 0.00)

## Bankruptcy Cases

| | Name | Court | Case No. | Filed | Chapter |
|---|---|---|---|---|---|
| 1 | BUESGENS, MICHAEL L. | txwbke | 06-01248 | 10/24/2006 | AP |
| | BUESGENS AND TAWNEY | | | | |
| 2 | BUESGENS, MICHAEL L. | txwbke | 06-01248 | 10/24/2006 | AP |
| | BUESGENS AND TAWNEY | | | | |
| 3 | BUESGENS, MICHAEL L. | dcbke | 07-10008 | 02/23/2007 | AP |
| | BUESGENS AND PAULSON | | | | |
| 4 | BUESGENS, MICHAEL L. | dcbke | 07-10008 | 02/23/2007 | AP |
| | BUESGENS AND PAULSON | | | | |
| 5 | BUESGENS, MICHAEL L. | txwbke | 06-11164 | 07/31/2006 | 7 |
| | DONALD RAY TAWNEY | | | | |

## Civil Cases

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 6 | BUESGENS, MICHAEL | madce | 1:2007cv10538 | 03/21/2007 | 360 | 03/22/2007 |
| | Buesgens v. Culpepper | | | | | |

| 7  | BUESGENS, MICHAEL L. | ordce | 3:2007cv00043 | 01/10/2007 | 360 | |
|----|---------------------|-------|---------------|------------|-----|--|

Buesgens v. Galloway

| 8  | BUESGENS, MICHAEL L. | txwdce | 1:2007cv00127 | 02/23/2007 | 422 | 03/19/2007 |

✓                                      ✓

*06-11164*

Buesgens v. Tawney

| 9  | BUESGENS, MICHAEL L. | txwdce | 1:2007cv00156 | 03/05/2007 | 422 | |

✓

*06-11164*

Buesgens v. Tawney

| 10 | BUESGENS, MICHAEL L. | txwdce | 1:2007cv00209 | 03/19/2007 | 422 | |

✓

*06-01248*

Buesgens v. Tawney

| 11 | BUESGENS, MICHAEL L. | txwdce | 1:2006cv00226 | 12/20/2006 | 443 | 12/20/2006 |

Buesgens v. Falcon Ridge Apartme, et al

| 12 | BUESGENS, MICHAEL L. | txwdce | 1:2006cv00226 | 12/20/2006 | 443 | 12/20/2006 |

Buesgens v. Falcon Ridge Apartme, et al

| 13 | BUESGENS, MICHAEL L. | txwdce | 1:2005cv00243 | 04/29/2005 | 445 | 12/06/2006 |

✓

*360-2003-8286X     07-5011*

Buesgens v. Snow

| 14 | BUESGENS, MICHAEL L. | txwdce | 1:2006cv00260 | 04/10/2006 | 443 | 05/24/2006 |

Falcon Ridge Apartme v. Buesgens

| 15 | BUESGENS, MICHAEL L. | txwdce | 1:2002cv00526 | 08/20/2002 | 871 | 09/18/2002 |

USA v. Lizcano

| 16 | BUESGENS, MICHAEL L. | txwdce | 5:2006cv00738 | 08/28/2006 | 890 | 01/26/2007 |

Retzlaff v. Wilson

| 17 | BUESGENS, MICHAEL L. | txwdce | 1:2006cv00967 | 12/08/2006 | 360 | |

✓

*FTCA - TORT*

Buesgens v. United States of America

| 18 | BUESGENS, MICHAEL L. | dcdce | 1:2006cv01558 | 09/01/2006 | 360 | 11/14/2006 |

*FTCA - TORT*

BUESGENS v. UNITED STATES OF AMERICA et al

| 19 | BUESGENS, MICHAEL L. | dcdce | 1:2006cv01964 | 11/15/2006 | 440 | |

BUESGENS v. BROWN et al

| 20 | BUESGENS, MICHAEL L. | ksdce | 2:2007cv02116 | 03/16/2007 | 446 | |

Buesgens v. Houser et al

| 21 | BUESGENS, MICHAEL L. | dcdce | 1:2005cv02334 | 12/05/2005 | 442 | 05/09/2006 |

*06-5314*

BUESGENS v. COATES et al

## Appellate Cases

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 22 | BUESGENS, MICHAEL L. | dcca | 06-5314 | 10/13/2006 | 2442 | 03/27/2007 |

*1:05CV02334 RcL*

BUESGENS, MICHAEL L. vs. COATES, MARCIA H.

| 23 | BUESGENS, MICHAEL L. | dcca | 07-5011 | 01/19/2007 | 2440 | |

*1:05CV00243 SS*

BUESGENS, MICHAEL vs. PAULSON, HENRY

*EEOC NO. 360-2003-8286X*

### PACER Service Center

#### Transaction Receipt

05/02/2007 10:03:01

| PACER Login: | mb2760 | Client Code: | refresh1 |
|---|---|---|---|
| Description: | All Types srch pg 1 | Search Criteria: | BUESGENS,MICHAEL |

FILED

MAY 04 2007

Clerk
U.S. Bankruptcy Court for D.C.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE NW
WASHINGTON, DC 20001

IN RE
FEDERAL TORT CLAIMS
ACT — PERSONAL INJURY
AND
IN RE
DONALD RAY TAWNEY, JR
I.R.S. SUPERVISOR, ET.AL.
DEBTORS — VOLUNTARY
CHAPTER 7 BANKRUPTCY

BANKRUPTCY CASE
NO. 06-11164 FRM
AUSTIN, TEXAS

ADVERSARY NO. 06-01248
AUSTIN, TEXAS

CIVIL NO.
1:06 CV
01558
RCL

CIVIL NO.
1:06 CV
00967
LY-RP

ADVERSARY
NO.
07-10008

MICHAEL L. BUESGENS
PLAINTIFF
APPELLANT
CREDITOR

V.

DONALD RAY TAWNEY JR
I.R.S. SUPERVISOR

MARK W. EVERSON
COMMISSIONER

HENRY PAULSON,
SECRETARY
DEPARTMENT OF THE
TREASURY

JOHN W. SNOW
SECRETARY
DEPARTMENT OF THE
TREASURY

ET.AL.
DEFENDANTS
DEBTORS
2

ADVERSARY
NO.
07-10008

ADVERSARY NO. 07-10008-**APPEAL**
**TO**
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

PLAINTIFF-ADVERSARY-CREDITOR
APPELLANT DESIGNATION OF
**RECORD** ON APPEAL

**ITEMS** TO BE INCLUDED IN
THE RECORD ON APPEAL AND
**STATEMENT** OF THE ISSUES
TO BE **PRESENTED**
BANKRUPTCY RULE 8006

# I.    *THE RECORD*

1. APPELLANT-CREDITOR BUESGENS
ADMINISTRATIVE TORT CLAIM
OF **PERSONAL INJURY**
FTCA - SUMCEKMIN - FORM
**SF95** AND **EVIDENCE** AND
EXHIBITS OF **WRONGDOING**

3

ADVERSARY NO. 07-10008-APPEAL

2. THE **FTCA** - TORT CLAIM IS IN THE POSSESSION OF THE FOLLOWING :

3. R. BARRY ROBINSON, **AUSA**
4. KAREN MELNIK, **AUSA**
5. MICHAEL LYNN SALYARDS, **GLS**
6. THOMAS STANTON , **GLS**
ATTORNEYS

AND
7. ARMBRUST & BROWN, **LLP**
8. DAVID B. ARMBRUST, OWNER

9. GRADY JEWETT & McCULLEY, **LLP**
10. JONATHAN JEWETT, OWNER

11. ALL OF THE FOREGOING HAVE **REFUSED** BUESGENS MOTIONS AND REQUESTS FOR A COPY OF THE FTCA - TORT-CLAIM

4

# DESIGNATION OF THE RECORD ON APPEAL CONTINUED

12. **ALL** OF COURT FILINGS-PLEADINGS MOTIONS ETC **FILED BY** BANKRUPTCY ATTORNEY **CHARLES R. NETTLES** IN THE RELATED PROCEEDINGS

13. BANKRUPTCY NO. 06-11164 FRM
14. ADVERSARY NO. 06-01248 FRM
15. APPEAL NO. 1:07CV00127 LY
16. APPEAL NO. 1:07CV00156 LY
17. APPEAL NO. 1:07CV00209 LY
18. MDL - 1800

19. **ALL** OF THE **ORDERS** FILED BY BANKRUPTCY JUDGE FRANK R. MONROE FOR
  A. BANKRUPTCY CASE NO. 06-71164 FRM
  B. ADVERSARY NO. 06-01248 FRM

5

# ADVERSARY — APPEAL

20. DONALD RAY TWINEY JR
   A. CHAPTER 7 PETITION AND SCHEDULES
   B. CERTIFICATE OF FINANCIAL MANAGEMENT COURSE
   C. FORM 23
   D. BANKRUPTCY CASE NO. 06-11164 FRM

21. CHAPTER 7 - TRUSTEE
   RANDOLPH OSHEROW
   CASE FILINGS
   BANKRUPTCY NO. 06-11164 FRM

22. ORDERS FILED BY DISTRICT JUDGE EARL LEROY YEAKEL, III IN APPEALS OF
   A. BANKRUPTCY CASE NO. 06-11164 FRM
   B. ADVERSARY CASE NO. 06-01248 FRM

   APPEALS
23. CIVIL NO. 1:07 CV 00127 LY
24. CIVIL NO. 1:07 CV 00156 LY
25. CIVIL NO. 1:07 CV 00209 LY

6

26. CREDITOR - ADVERSARY
MICHAEL L BUESGENS
**PROOF OF CLAIM**
BANKRUPTCY CASE NO. 06-11164FRM
FILED: 10/12/2007

7

ADVERSARY NO. 07-10008-APPEAL

## II    ISSUES TO BE PRESENTED

1. DID DONALD RAY TAWNEY, JR **LIE** ON BANKRUPTCY CASE FILINGS CASE NO. 06-11164 FRM **?**

2. DID BANKRUPTCY ATTORNEYS. CHARLES R. NETTLES **FAIL** HIS FIDUCIARY OBLIGATIONS **?**

3. IS DONALD RAY TAWNEY, JR I.R.S. SUPERVISOR REPRESENTED BY **U.S. ATTORNEYS** IN BANKRUPTCY PROCEEDINGS **AND** CIVIL ACTIONS. **?**

4. DID CHAPTER 7 TRUSTEE RANDOLPH (RANDY). N. OSTHERON **FAIL** HIS FIDUCIARY OBLIGATIONS **?**

8

5. IS FORMER I.R.S. EMPLOYEE MICHAEL L BUESGENS A **CREDITOR** IN BANKRUPTCY CASE NO. 06-11164 FRM AS DEFINED BY THE BANKRUPTCY CODE AND FEDERAL **TORT** CLAIMS ACT - **FTCA** ?

6. IS THERE **EVIDENCE** THAT SUPPORTS BUESGENS PROOF OF CLAIM ?

7. DID BUESGENS FILE A **FRIVOLOUS** ADVERSARY COMPLAINT AT U.S. BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA . ?

8. IS IT **IMPOSSIBLE** TO **SCAN** BUESGENS CASE FILINGS USING THE **COURT** SYSTEMS **SCANNER** ?

9. HOW MANY DOCUMENTS ARE ALLOWED TO BE SCANNED PER THE RULES ? 9    200

10. WAS IT POSSIBLE FOR DONALD RAY TAWNEY, JR I.R.S. SUPERVISOR TO FILE A

A. CHAPTER 13 BANKRUPTCY

B. INSTEAD OF GIVING UP AND FILING CHAPTER 7 ?

11. WAS THE INVESTIGATION OF DONALD RAY TAWNEY, JR BANKRUPTCY CASE NO. 06-11164 FRM IN COMPLIANCE WITH THE BANKRUPTCY CODE ?

12. WAS DONALD RAY TAWNEY, JR ✓ REQUIRED TO FILE A TIMELY FORM 23 CERTIFICATE THAT INCLUDES HIS SIGNATURE ?

13. DID DONALD RAY TAWNEY, JR FILE A TIMELY FORM 23 AS REQUIRED BY THE BANKRUPTCY CODE ?

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE, NW
WASHINGTON, DC 20001

MICHAEL L BUESGENS
APPELLANT

V.

MARK EVERSON, COMMISSIONER
INTERNAL REVENUE SERVICE

HENRY PAULSON, SECRETARY
DEPARTMENT OF THE TREASURY

DONALD RAY THAWNEY, JR
SUPERVISOR
INTERNAL REVENUE SERVICE
DEBTORS ET. AL.
APPELLEE

APPEAL
NO.

ADVERSARY
NO.
07-10008

FILED

MAY - 3 2007

Clerk
U.S. Bankruptcy Court for D.C.

THIS APPEAL COMES **FROM**
ADVERSARY NO. 07-10008
FILED: APRIL 26, 2007

APPELLANT PLAINTIFF MICHAEL
L BUESGENS **REQUESTS** THAT
THIS COURT TAKE JUDICIAL NOTICE
OF THE FOLLOWING IN THE
EVENT THAT THE U.S. **BANKRUPTCY**
**COURT DOES NOT** TAKE JUDICIAL
NOTICE BECAUSE OF THE
APPEAL.

**SEE** THE ATTACHED MOTION
FOR JUDICIAL NOTICE OF
ADJUDICATIVE AND EASILY
VERIFIABLE FACTS TO THE
U.S. BANKRUPTCY COURT FOR THE
DISTRICT OF COLUMBIA AND
THE ATTACHED CERTIFICATE
OF SERVICE.

2

ADVERSARY NO. 07-10008

**APPEAL**

TO

U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

RESPECTFULLY SUBMITTED

*Michael L Buesgens*
MICHAEL L BUESGENS
MAY 1, 2007

1. CIVIL NO. 1:06CV01558 RCL
2. CIVIL NO. 1:06CV00967 LT-RP

3. BANKRUPTCY NO. 06-11164 FRM
   BUESGENS
   FRIVILOUS
4.
5. ADVERSARY COMPLAINT
   NO. 07-10008
   ORDER
6.
7. BASED ON WHAT ?

3

ADVERSARY NO. 07-10008

**APPEAL**
TO
U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

RESPECTFULLY SUBMITTED

*Michael L Buesgens*
MICHAEL L BUESGENS
MAY 1, 2007

1.   CIVIL NO. 1:06CV01558RCL
2.   CIVIL NO. 1:06CV00967LY-RP

3.   BANKRUPTCY NO. 06-11164FRM
     BUESGENS
4.   FRIVILOUS
5.   ADVERSARY COMPLAINT
     NO. 07-10008
6.   ORDER
7.   BASED ON WHAT?

3

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

IN RE

MICHAEL L. BUESGENS
LITIGATION
CIVIL NO. 1:06CV00967LY-RP
CIVIL NO. 1:06CV01558 RCL
APPEAL NO. 06-5314
APPEAL NO. 07-5011
U.S. COURT OF APPEALS
DISTRICT OF COLUMBIA

ADVERSARY
NO.
7:10008

RELATED
ADVERSARY NO. 06-01248FRM
APPEAL NO. 1:07CV00209LY
U.S. BANKRUPTCY COURT
U.S. DISTRICT COURT
AUSTIN, TEXAS
BANKRUPTCY NO. 06-11164FRM
MARK EVERSON COMMISSIONER
INTERNAL REVENUE SERVICE
RESPONDENT SUPERIOR

1.

2. HENRY PAULSON SECRETARY
DEPARTMENT OF THE
TREASURY

3. DONALD RAY TAWNEY, JR
INTERNAL REVENUE SERVICE
A. SUPERVISOR
B. TORTFEASOR
C. DEBTORS - CHAPTER 7
D. VOLUNTARY PETITION
E. CASE NO. 06-11164 FRM
ET AL.
DEFENDANTS

MICHAEL L. BUESGENS
CREDITOR
PLAINTIFF

V.

1. MARK EVERSON
2. DONALD RAY TAWNEY, JR
3. HENRY PAULSON INDIVIDUALLY
4. AND IN THEIR OFFICIAL CAPACITY
DEBTORS
DEFENDANTS

2

ADVERSARY
NO.
07-10008

CIVIL NO.
1:06CV
01558
RCL

1:06CV
00967
LY-RP

FTCA
TORT

ADVERSARY NO. 07-10008
**APPEAL**

**I.** CREDITOR-PLAINTIFF-APPELLANT
MICHAEL L BUESGENS **MOTION**
TO THIS COURT FOR **JUDICIAL**
**NOTICE** OF NO JUDICATIVE AND
EASILY VERIFIABLE **FACTS**
OF THE FOLLOWING:

1. THAT ADVERSARY NO. 07-10008
**IS A CORE** AND **NON CORE**
PROCEEDING.

2. BECAUSE OF BUESGENS **FTCA**
**PERSONAL INJURY TORT** CLAIM
AGAINST THE FOREGOING.

3. BY REFERENCE
**SEE**
CIVIL ACTIONS
A. 1:06CV01558**RCL**
B. 1:06CV00967**LY-RP**
**AND**

4. THE ADMINISTRATIVE **FTCA-TORT**
CLAIM ON FILE WITH ASSISTANT
U.S. ATTORNEYS **IN** D.C. AND TEXAS

3

ADVERSARY NO. 07-10008
JUDICIAL NOTICE MOTION
CONTINUED

5. THAT THIS COURT **DOES NOT** HAVE THE AUTHORITY OR JURISDICTION TO RULE ON APPELLANT BUESGENS PERSONAL INJURY PROOF OF CLAIM

6. THAT BUESGENS PERSONAL INJURY - FTCA TORT CLAIM **IS A** CONTINGENT AND UNLIQUIDATED CLAIM

7. THAT THE BANKRUPTCY CODE PROVIDES A PROVISION **FOR** BUESGENS **PERSONAL INJURY PROOF OF CLAIM** AND THE ADVERSARY COMPLAINTS

A. 07-10008
AND
B. 06-01248 FRM

4

ADVERSARY NO. 07-1008

8. THAT CREDITOR BUESGENS FILED A PROOF OF CLAIM **BASED ON** THE PERSONAL INJURY FTCA CLAIM

A. CIVIL NO. 1:06CV0158RCL
B. CIVIL NO. 1:06CV00967LY-RP

9. **AT** U.S. BANKRUPTCY COURT WESTERN DISTRICT OF TEXAS AUSTIN DIVISION BANKRUPTCY CASE NO. 06-11164 FRM

10. **ON** OCTOBER 12, 2006

11. BY REFERENCE **SEE** COURT FILINGS IN THE CIVIL ACTIONS AND IN BANKRUPTCY NO. 06-11164 FRM

12. **EASILY** VERIFIABLE COURT RECORDS IN THE DISTRICT OF COLUMBIA AND AUSTIN, TEXAS

5

ADVERSARY NO.: 07-10008
**APPEAL TO:**
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

13    THAT BANKRUPTCY JUDGE
FRANK R. MONROE **DID NOT**
HAVE THE AUTHORITY AND
JURISDICTION TO RULE ON
CREDITOR BUESGENS
**PROOF OF CLAIM** IN
BANKRUPTCY NO.: 06-11164 FRM

14    THAT CREDITOR BUESGENS
FILED **TWO APPEALS** OF
BANKRUPTCY CASE NO. 06-11164 FRM
**ON**

A.    JANUARY 17, 2007
**AND**

B.    JANUARY 31, 2007

15.    THAT BUESGENS **REQUESTED** THE
APPEALS BE FILED **AT** U.S.
DISTRICT COURT DISTRICT OF COLUMBIA ✓

**6**

ADVERSARY NO. 07-1008

16. THAT CREDITOR BUESGENS REQUESTS FOR TRANSFER OF APPEALS TO U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA WAS **OMITTED** AND **IGNORED** BY THE U.S. BANKRUPTCY COURT WESTERN DISTRICT OF TEXAS AUSTIN, TEXAS

17. THAT BUESGENS MADE THE FOREGOING REQUEST **BASED** ✓ **ON AN** INTEREST IN JUSTICE!

18. THAT BANKRUPTCY CASE APPEALS ARE **NOW CALLED** CIVIL ACTIONS **AT** THE U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

A. CIVIL NO. 1:07CV00127LY

B. CIVIL NO. 1:07CV00156LY

7

ADVERSARY NO. 07-10008

**APPEAL**

19.  THAT ADVERSARY BUESGENS FILED AN **APPEAL** OF ADVERSARY NO. 06-D1248 FRM AND IT IS NOW AT U.S. DISTRICCT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION CIVIL NO. 1:07CV00209

20.  THAT **ONLY** U.S. DISTRICT COURT JUDGES HAVE JURISDICTION **TO RULE** ON CREDITOR-ADVERSARY MICHAEL L. BUESGENS **PROOF OF CLAIM** - PERSONAL INJURY TORT CLAIM - FTCA

21.  THAT BANKRUPTCY JUDGE S. MARTIN TEEL **HAS NOT SEEN** BUESGENS **FTCA** ADMINISTRATIVE CLAIM AND **HAS NO IDEA WHAT IT CONTAINS**

8

ADVERSARY NO. 07-C0008

**22** THAT PLAINTIFF-CREDITOR-
ADVERSARY BUESGENS HAS
FILED **MOTIONS** IN U.S.
DISTRICT COURT FOR CIVIL ACTIONS

**A.** 1:06CV01558 RCL
AND

**B.** 1:06 CV 00967 LY-RP

**C.** FOR THE **PRODUCTION** OF TORT
CLAIM AND THE COURTS

**D.** **HAVE NOT** RULED ON THIS.

**23.** THAT CREDITOR-ADVERSARY
BUESGENS HAS FILED **MOTIONS**
FOR **PRODUCTION** OF **FTCA**
**TORT** CLAIM **AT** U.S. BANKRUPTCY
COURT, AUSTIN TEXAS AND
THEY **HAVE NOT** BEEN RULED
ON.
**SEE**

**A.** BANKRUPTCY CASE NO. 06-11164FRM

**B.** ADVERSARY NO. 06-01248FRM

9

ADVERSARY NO. 07-10008

**APPEAL**

24. THAT U.S. ATTORNEYS ARE
IN **POSSESSION** OF THE
FTCA TORT CLAIM - FORM SF95
**THAT WAS FILED** AT THE
DEPUTY GENERAL COUNSEL
DEPARTMENT OF THE TREASURY
WASHINGTON, DC

**ON**

25. AUGUST 22, 2005 AT 8:01AM
CERTIFIED MAIL - RETURN RECEIPT

26. **IT WEIGHED**
3 LBS 4 OZ

27. EVIDENCE AND EXHIBITS
OF WRONGDOING - A SEQUENCE
OF EVENTS DOCUMENTED

28. THAT U.S. ATTORNEYS **HAVE**
**NOT** PROVIDED BUESGENS A
**COPY** OF THIS **CLAIM**
**SEE** CIVIL ACTIONS AND
BANKRUPTCY CASE - ADVERSARYCASE

10

ADVERSARY NO. 07-10008

**APPEAL**

29    THAT PLAINTIFF-APPELLANT
CREDITOR-ADVERSARY
MICHAEL L. BUESGENS
**HAS STATED** IN PLEADINGS
THAT HIS **FTCA** CLAIM AND
FEDERAL EVIDENCE AND **MEDICAL**
**RECORDS** WERE **STOLEN** ON
JULY 6, 2006 **AT** 10:00 m
**TO**

30.    A CONSTRUCTIVE EVICTION

**AT**
31.    FALCON RIDGE APARTMENTS
APT **1023**
500 EAST STASSNEY
AUSTIN, TEXAS 78745

**BY**
32.    GOVERNMENT OFFICIALS AND
ATTORNEYS AND LAW FIRMS
A.    42 U.S.C. SECTION 1983
B.    CONVERSION

11

ADVERSARY NO: 07-10008
**APPEAL**

33  **SEE IN** BUESGENS PLEADINGS

A. CIVIL NO. 1:0CCV00967LY-RP
B. CIVIL NO: 1:0CCV00226LY-RP
C. CIVIL NO: 1:0CCV00260LY
D. JUDGE EARL LEROY YEAKEL, III
E. MAGISTRATE JUDGE ROBERT L. PITMAN

34  BUESGENS COMPLAINS ARE AGAINST THE FOLLOWING:

35  DEFENDANTS AND ATTORNEYS, LAW FIRMS

36  CHARLES EADS BROWN
37  SHELLEY BUSH MARMON
38  DAVID B. ARMBRUST
39  DUNHAM JEWETT
40  ARMBRUST & BROWN **LLP**
41  CRADY, JEWETT & McCULLEY **LLP**
42  CITY OF AUSTIN — TRAVIS COUNTY

12

ADVERSARY NO. 07-1008

43  THAT PLAINTIFF-APPELLANT-
CREDITOR-ADVERSARY
**MICHAEL L BUESGENS**

44  HAS STATED THAT THE
A. EMPLOYMENT DISCRIMINATION
**IS RELATED**
TO
B. HOUSING DISCRIMINATION
BY

45. I.R.S. EMPLOYEES WHO
LIVED AT FALCON RIDGE
APARTMENTS
AND

46. ✓ POLLUTED THE WELL
FOR BUESGENS

47. SAME PARTIES IN INTEREST
AND
48. COORDINATED-CONSOLIDATED ✓
49. ADVERSE ACTIONS
50. HUD # 06-06-293-8    12/28/05

13

ADVERSARY NO. 07-10008

**APPEAL**

U.S. DISTRICT COURT - DISTRICT OF COLUMBIA

RESPECTFULLY SUBMITTED

*Michael L Quesgens*

MICHAEL L QUESGENS

MAY 1, 2007

## II    **CERTIFICATE OF SERVICE**

I CERTIFY THAT ONE TRUE COPY OF THIS MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE AND EASILY VERIFIABLE FACTS WAS SERVED BY FIRST CLASS MAIL ON THIS 1ST DAY OF MAY, 2007    ADDRESSED **TO**

1.    KAREN MELNIK
2.    R. BARRY ROBINSON
     555 FOURTH St., NW E4112
     WASHINGTON, DC 20530

**14**

ADVERSARY NO. 07-10008
APPEAL

3.

CHARLES R. NETTLES
BANKRUPTCY ATTORNEY
BANKRUPTCY CASE NO. 06-11164 FRM
ADVERSARY NO. 06-01248 FRM
TITLE APPEALS
AND

CIVIL NO. 1:05CV00243 SS
1524 SOUTH IH-35, SUITE 233
AUSTIN, TX 78704

4.

CROSSCLAIM - COUNTERCLAIM
THIRD PARTY PRACTICE

5.

RANDOLPH OSHEROW
CHAPTER 7 TRUSTEE
DONALD RAY TAWNEY, JR - I.R.S.
342 WOODLAWN, SUITE 300
SAN ANTONIO, TX 78212

6.

U.S. TRUSTEE
903 SAN JACINTO, SUITE 230
AUSTIN, TEXAS 78701

15

ADVERSARY NO. 07-10008

APPEAL
TO

U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Michael L Buesgens

MICHAEL L BUESGENS
EXTENDED STAY AMERICA
MAILING ADDRESS
3112 WINDSOR RD. #A322
AUSTIN, TEXAS 78703

512-339-6005 X 7958
MIKEBUESGENS@HOTMAIL.COM

16

ADVERSARY NO. 07-10008

**APPEAL**

TO U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

# EXHIBITS

III

1.   CIVIC NO. 1:07CV00127LY
     **IS** THE FIRST APPEAL
     **OF**

A.   BANKRUPTCY NO. 06-11164FRM
B.   BANKRUPTCY JUDGE FRANK R. MONROE
C.   BANKRUPTCY ATTORNEY CHARLES R. NETTLES
D.   U.S. DISTRICT COURT JUDGE
     EARL LEROY YEAKEL, III

E.   DOCKET SHEET
           DOCUMENT **4**   **3** PAGES
2.   CHARLES R. NETTLES MOTION
     TO DISMISS BUESGENS APPEAL
     AS NOT TIMELY BROUGHT

3.   SOMETHING LIKE **FORM 23**
     NOT TIMELY FILED BY NETTLES

*17*

ADVERSARY NO.: 07-10008-APPEAL
**EXHIBITS** CONTINUED

4. CHARLES R. NETTLES MOTION TO
**DISMISS** BUESGENS APPEAL
AS **UNTIMELY**

5. NETTLES **SAYS** THIS IS AN
APPEAL FROM **TWO** ORDERS.

6. IS THAT TRUE? DOES IT MATTER?
7. ALL HE HAS TO DO IS SAY
SOMETHING - ANYTHING.

8. IS BUESGENS APPEALING THE
DECEMBER 4 AND DECEMBER 6
2006 ORDERS?
9. DOES IT MATTER?

10. HAS MORE THAN **30** DAYS PASSED
ON WITCH ORDERS ON APPEAL?

*18*

ADVERSARY NO. 07-10008 APPEAL
TO U.S. DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

11. DOCUMENT **7** FILED: 03/19/07
CIVIL NO. 1:07CV00127LY
JUDGE EARL LEROY YEAKEL, III
ORDERS: DISMISSED WITH
PREJUDICE. **1 PAGE**

12. CIVIL NO. 1:07CV00157LY
DOCUMENT **6** FILED: 4/26/07
BUESGENS **SECOND** APPEAL OF
BANKRUPTCY CASE NO. 06-11164FM

A. JUDGE EARL LEROY YEAKEL III
**ORDER** ON BUESGEN'S
MOTION FOR JUDICIAL NOTICE
AND VERIFICATION OF
BANKRUPTCY ATTORNEY
B. CHARLES R. DEITLES
C. COURT FILINGS

**19**

ADVERSARY NO. 07-1000S-APPEAL

**EXHIBITS** CONTINUED

13. CIVIL NO. 1:07CV00152LY
BUESGEUS **2 ND** APPEAL OF
BANKRUPTCY CASE NO. 06-11164M
DOCUMENT **5** FILED: 04/24/07
JUDGE EARL LEROY YEAKEL, III

**A.** ORDERS BRIEFING SCHEDULE
FOR THIS BANKRUPTCY APPEAL.
ON BUESGEUS PROOF OF CLAIM
**FTCA-TORT** CLAIM

**B.** BUT **NO** ONE ORDERS PRODUCTION
OF THE **TORT** CLAIM AND
U.S. ATTORNEYS LAUGHING.

14. DOCUMENT **4-1** FILED: 03/28/07
CIVIL NO. 1:07CV00152LY
CHARLES R. NETTLES **SAYS**
BUESGEUS **DID NOT** PAY
IS THAT TRUE? 
DOES IT MATTER? **TO WHO?**

**20**

ADVERSARY NO. 07-10098-APPEAL
EXHIBIT CONTINUED

15. HOW COME EVERYBODY WANTS
BUESGENS TO PAY? DOES IT MATTER? TO WHO?

16. CHARLES R. NETTLES (FORM 23)
TELLS US WHAT THE
BANKRUPTCY RULES SAY
 A. SINGULAR
 B. NOT PLURAL

17. MR NETTLES HAS BEEN
WORKING TO MANY CHAPTER 7
CORE-NO ASSET CASES.

18. BUT HE DID ANALYZE BUESGENS
FTCA TORT CLAIM USING
THE WRONG CASE

19. HE USED 1:05CV00243SS ✓

20. DOES IT MATTER? TO WHO?

21

ADVERSARY NO. 07-10008-APPEAL
**EXHIBITS** CONTINUED

21. **ORDER** APRIL 25, 2007
CASE NO. 06-1116 4FM
JUDGE FRANK R. MONROE

22. **STRIKE** BUESGENS PLEADING
AND ANYTHING **RELATED**
23. **FOR EXAMPLE**:
BUESGENS PERSONAL INJURY
24. FTCA TORT CLAIM
25. PROOF OF CLAIM
CONSTRUCTIVE DISCHARGE
**ON** MARCH 7, 2005

26. **ORDER** DATED: APRIL 26, 2007
BANKRUPTCY JUDGE S. MARTIN
TEEL
ADVERSARY NO. 07-10008

27. BUT DON'T ACCEPT OTHER DOCUMENTS
FOR FILING. **5 PAGES**

22

ADVERSARY NO. 07-10008
**EXHIBITS** CONTINUED

28. CASE NO. 06-1116YFRM
**ORDER** DATED: 01/29/07
**WRONG STATUTE CITED**
BY JUDGE FRANK R. MONROE
ON FOR A **23** REQUIREMENT

29. MOTION TO **DISMISS** 01/04/07
ADVERSARY NO. 06-01248FRM
BY CHARLES R. NETTLES
FILED UNDER CHAPTER **13**
NETTLES
**SAYS**

A. BUESGENS **IS NOT A** CREDITOR
B. IS THAT TRUE ?

C. NETTLES SAYS BUESGENS
MADE **TWO** CLAIMS

D. **NO**, HE DID NOT
E. THE CLERKS ENTERED WRONG
FIGURE
**23**

ADVERSARY NO. 07-10008
APPEAL
TO U.S. DISTRICT COURT.
DISTRICT OF COLUMBIA

# EXHIBITS CONTINUED

30. DOCUMENT NO. **59** FILED: 01/29/07
BANKRUPTCY CASE NO. 06-11164FRM

A. BUESGENS FAILED TO APPEAR
B. WHY DID THAT HAPPEN?
C. DOES IT MATTER? **NO**

31. CHARLES R NETTLES MOTION
TO DISMISS APPEAL FOR
IMPROPRIETY
**BY**
BUESGENS
A. ADVERSARY NO. 07-10008
B. APPEAL NO. 1:07CV00209 LY
C. WHAT ABOUT ORDERS IN BANKRUPTCY
NO. 06-11164FRM - DON'T THEY
**RELATE TO** 06-01248FRM? NO.

94

ADVERSARY NO. 07-10008-APPEAL
**EXHIBITS**
CONTINUED

32. DISCHARGE OF DEBTORS
  A. MARK EVERSON
  B. HENRY PAULSON
  C. DONALD RAY TAWNEY, JR
  **ET. AL. - ETC.**

33. 1:06 CV 01558 **RCL**
34. 1:06 CV 00967 **LY-RP**
35. PERSONAL INJURY - TORT CLAIM
36. CONTINGENT - UNLIQUIDATED
37. BANKRUPTCY CODE
38. BANKRUPTCY JUDGES
  JURISDICTION **EXCEEDED**

39. DISCHARGE DATED: 02/07/2007

40. **AT** U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION
903 SAN JACINTO BLVD #322
AUSTIN, TEXAS 78701

**25**

ADVERSARY NO.: 07-10008
APPEAL
EXHIBITS
CONTINUED.

41.    APRIL 6, 2007    11 PAGES
RESPONSE
FROM BANKRUPTCY COURT
AUSTID, TEXAS
S/TERRI MIILLER, CLERK ✓

A.    3 PAGES
TO

B.    BUESGENS REQUEST FOR
INFORMATION DATED 04/03/2007

42. A.    PAGE 2 OF RESPONSE
B.    NO. 12
      FORM 23
43.    THIS BANKRUPTCY COURT
ACCEPTS CERTIFICATE FROM
HOMAINGBIRA THAT DOES
NOT CONTAIN DONALD RAY
TAWNEY, JR SIGNATURE
44.    BUT WHAT DOES THE BANKRUPTCY
CODE SAY?    26

CLOSED

# U.S. District Court [LIVE]
## Western District of Texas (Austin)
### CIVIL DOCKET FOR CASE #: 1:07-cv-00127-LY

*APPEAL OF 06-11164 FRM*

Buesgens v. Tawney
Assigned to: Honorable Lee Yeakel
Related Cases: 1:06-cv-00967-LY
                1:07-cv-00209-LY
                1:07-cv-00156-LY
Case in other court: U.S. Bankruptcy Court, TXWD - Austin,
                      06-11164-frm
Cause: 28:1334 Bankruptcy Appeal

Date Filed: 02/23/2007
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal
(801)
Jurisdiction: Federal Question

**Appellant**

**Michael L. Buesgens**

        represented by **Michael L. Buesgens**
                          3112 Windsor Rd., #A322
                          Austin, TX 78703
                          (512) 339-6005 ext. 7958
                          PRO SE

V.

**Appellee**
**Donald Ray Tawney**

        represented by **Charles R. Nettles, Jr.**
                          Charles Nettles
                          1524 South IH 35
                          Suite 233
                          Austin, TX 78704
                          (512) 459-3212
                          Fax: 512/459-0842
                          Email: charlesnettles@hotmail.com
                          *LEAD ATTORNEY*
                          *ATTORNEY TO BE NOTICED*

V.

**Debtor**
**Donald Ray Tawney**

        represented by **Charles R. Nettles, Jr.**
                          (See above for address)
                          *LEAD ATTORNEY*
                          *ATTORNEY TO BE NOTICED*

**Trustee**

**Randolph N. Osherow**                    represented by **Randolph N. Osherow**
                                                           Attorney at Law
                                                           342 W. Woodlawn
                                                           Suite 300
                                                           San Antonio, TX 78212
                                                           (210) 738-3001
                                                           PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 02/23/2007 | 1 | Certificate of transmission of Bankruptcy on Appeal. Bankruptcy Court case number 06-11164-frm., filed by Michael L. Buesgens. (Attachments: # 1 Attachments # 2 Attachments # 3 Attachments). Appendix not available electronically at this time.(mh2, ) (Entered: 02/23/2007) |
| 02/23/2007 | 2 | Civil Cover Sheet filed. (mh2, ) (Entered: 02/23/2007) |
| 02/28/2007 | 3 | NOTICE to This Court and Request for Court Order by Michael L. Buesgens (td, ) (Entered: 03/01/2007) |
| 02/28/2007 |   | MOTION to Transfer Case (contained in notice, see doc 3) by Michael L. Buesgens. (td, ) (Entered: 03/01/2007) |
| 03/06/2007 | 4 | MOTION to Dismiss as not timely brought by Donald Ray Tawney. (ja, ) (Entered: 03/07/2007) |
| 03/06/2007 | 5 | Response in Opposition to Motion re MOTION to Transfer Case , filed by Donald Ray Tawney. (ja, ) (Entered: 03/07/2007) |
| 03/06/2007 | 6 | MOTION for Court's Ruling... by Michael L. Buesgens. (Attachments: # 1)(td, ) (Entered: 03/08/2007) |
| 03/19/2007 | 7 | ORDER- Appeal dismissed with prejudice . Signed by Judge Lee Yeakel. (ja, ) (Entered: 03/20/2007) |
| 03/20/2007 | 8 | MOTION for Verification and Judicial Notice of Bankruptcy Attorney by Michael L. Buesgens. (Attachments: # 1 Exhibit # 2)(ja, ) (Entered: 03/20/2007) |
| 03/23/2007 | 9 | Miscellaneous Objection to 7 Order by Michael L. Buesgens. (Attachments: # 1 Exhibit)(ja, ) (Entered: 03/23/2007) |

# PACER Service Center

### Transaction Receipt

04/30/2007 19:18:23

FILED

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MAR 6 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

| | | |
|---|---|---|
| IN RE:  TAWNEY JR., DONALD RAY | * | CASE NO. 07-00125-LY |
| | * | |
| | * | |
| MICHAEL L.BUESGENS | * | |
| APPELEE | * | |
| | * | |
| VS. | * | |
| | * | |
| DONALD RAY TAWNEY JR. | * | |
| APPELANT | * | |

## APPELANT'S MOTION TO DISMISS
## APPEAL AS NOT TIMELY BROUGHT

COMES NOW, Donald Ray Tawney Jr., by and through his attorney of record,

Charles R. Nettles, and files this his Motion to Dismiss Appeal as not Timely Brought:

1. This is an appeal of two bankruptcy orders issued from the U.S. Bankruptcy Court, Western District of Texas, Austin, Division.

2. Appelee is appealing two orders through one appeal. The first order is an Order Lifting the Automatic Stay so that the Debtor may get a divorce. It was entered on December 4, 2006. The second order appealed from is an order entered on December 6, 2006.

3. The Notice of Appeal was filed on January 17, 2007. More than thirty days had passed between the time that the order was entered and the filing of the appeal.

4. Bankruptcy Rule 8002 requires that a Notice of Appeal be filed no later than ten days following entry of the order appealing from.

5. Appelee is approximately thirty days late in filing his appeal.

WHEREFORE, PREMISES CONSIDERED, Appellant, Donald Ray Tawney,

requests that this Court dismiss the appeal.

Respectfully Submitted,

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, TX 78704
(512) 459-3212
(512) 459-0842 Facsimile
TSB# 14927200
charlesnettles@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was mailed via first class U.S. Mail to the following parties:

Randolph Osherow
342 W. Woodlawn, Suite 300
San Antonio, TX 78212

US Trustee
903 San Jacinto, Suite 230
Austin, TX 78701

Michael L. Buesgens
3112 Windsor Road, Apt. A322
Austin, TX 78703

DATED:  3 - 6 - 07

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, TX 78704
(512) 459-3212
(512) 459-0842 Facsimile
TSB# 14927200

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE:        TAWNEY JR., DONALD RAY        *        CASE NO. 07-00127LYFM
                                            *
DEBTOR.                                     *
                                            *
MICHAEL L. BUESGENS                         *
APPELEE                                     *
                                            *
VS.                                         *
                                            *
DONALD RAY TAWNEY JR.                       *
APPELANT                                    *

## ORDER

ON THIS DAY CAME ON for consideration the Motion of Donald R. Tawney to

Dismiss Appeal as not Timely Brought.

The Court having considered the matter believes that it has a reasonable basis and

it is accordingly:

ORDERED that Appelee's Appeal is hereby dismissed.

###

**FILED**

MAR 1 9 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                              DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

MICHAEL BUESGENS,                        §
         APPELLEE,        §
                      §
V.                                       §       CAUSE NO. A-06-CA-127-LY
                      §
DONALD RAY TAWNEY                         §
                      §
         APPELLANT.       §

## ORDER

    Before the Court is the Appellee's Motion for Transfer (doc. #3), Appellant's Response (Doc. #5), Appellee's Motion for a Court Ruling (Doc. #6), and Appellant's Motion to Dismiss (Doc. #4).

    This case is an appeal from two bankruptcy orders issued by the U.S. Bankruptcy Court, Western District of Texas, Austin Division. Appellee requests an appeal from two orders, one issued on December 4, 2006 and the second issued on December 6, 2006. Under United States Bankruptcy Rule 8002(a), notice of appeal must be entered with the clerk of the court within 10 days of entry of such order. In the present case, Appellee filed his notice on January 23, 2007. Accordingly, the Appeal is untimely and should be dismissed.

    **IT IS THEREFORE ORDERED** that Appellee's Appeal is **DISMISSED WITH PREJUDICE** to his right to refile the same or any part thereof.

    SIGNED this _19th_ day of March, 2007.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

**2007 APR 26  AM 8: 11**

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

MICHAEL L. BUESGENS,         §
                             §
            APPELLANT,       §
                             §
V.                           §
                             §
DONALD RAY TAWNEY,           §     CAUSE NO. A-07-CA-156-LY
                             §
            APPELLEE,        §

## ORDER

Before the Court is Appellant Buesgens's Motion for Verification and Judicial Notice of
Bankruptcy Attorney Charles R. Nettles Motions and Pleadings By Bankruptcy Judge Frank R.
Monroe filed March 20, 2007 (Clerk's Document 3). By his motion, Buesgens requests that the
United States Bankruptcy Court for the Western District of Texas, Austin Division "verify" filings
made by Charles R. Nettles, Jr., counsel for Appellee Tawney. He also requests that the United
States Bankruptcy Court for the Western District of Texas, Austin Division and this Court take
judicial notice of filings made by Nettles.

Tawney's response to Buesgens's motion was due on March 31, 2007. *See* W.D. Tex. Local
R. CV-7(d) (requiring party opposed to motion to respond within eleven days of service of motion
and allowing district court to grant motion as unopposed if no timely response is filed). To date,
however, Tawney has not filed a response. Thus, pursuant to Local Rule CV-7(d), Buesgen's motion
may be granted as unopposed if review of the case file reveals that the Court should take notice of
the specified filings attached by Buesgens to his motion. *Cf. Johnson v. Pettiford*, 442 F.3d 917,
(5th Cir. 2006); *John v. Louisiana Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 707-10 (5th

Cir. 1985). Having considered the motion, the case file, and the applicable law, this Court is of the opinion that the motion should be granted in part and denied in part.

The Court does not have authority to grant Buesgens's request that the bankruptcy court verify and take judicial notice of Nettles's filings. It will, however, grant Buesgens's motion that this Court take judicial notice of Nettles's filings. That Nettles has filed documents in other federal cases is "generally known within the territorial jurisdiction" of this Court and "capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). As Tawney has not opposed Buesgens's request, the Court will grant the motion.

**IT IS THEREFORE ORDERED** that Buesgens's Motion for Verification and Judicial Notice of Bankruptcy Attorney Charles R. Nettles's Motions and Pleadings By Bankruptcy Judge Frank R. Monroe (Clerk's Document 3) is **GRANTED** to the following extent: this Court will take judicial notice of the documents attached to Buesgens's motion. In all other respects, Buesgens's motion is **DENIED**.

SIGNED this 25th day of April, 2007.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

**2007 APR 24  AM 11: 46**

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | |
|---|---|
| MICHAEL L. BUESGENS, | § |
| | § |
| APPELLANT, | § |
| | § |
| | § |
| | § |
| | § |
| DONALD RAY TAWNEY, | § |
| | § |
| APPELLEE. | § |
| | § |

CAUSE NO. A-07-CA-156-LY

## ORDER SETTING BRIEFING SCHEDULE AND ORAL ARGUMENTS

Before the Court is the above styled and numbered cause of action. The record in this cause reflects that on January 31, 2007, Appellant *pro se* Michael L. Buesgens, filed in the United States Bankruptcy Court For the Western District of Texas a Notice of Appeal.

Having considered Rule 8009(a) of the Federal Rules of Bankruptcy Procedure and the Record on Appeal in this cause, filed March 5, 2007, the Court renders the following order:

**IT IS ORDERED** that Buesgens shall serve and file his Appellant's Brief on or before **Wednesday, May 9, 2007.**

**IT IS FURTHER ORDERED** that Tawney shall serve and file his Appellee's Response to Appellant's Brief on or before **Monday, June 4, 2007.**

**IT IS FURTHER ORDERED** that Buesgens shall serve and file his reply to Appellee's responses on or before **Monday, June 18, 2007.**

**IT IS FURTHER ORDERED** that oral argument in this cause of action is scheduled for ___*August 30, 2007*___ at *2:00 p.m.* in Courtroom 1, Second Floor of the United States Courthouse, 200 West 8th Street, Austin, Texas.

**IT IS FURTHER ORDERED** that each side is allotted twenty minutes total for argument in this cause.

SIGNED this **24th** day of April, 2007.

_____

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE:      TAWNEY JR., DONALD RAY          *      CASE NO. 07-00156LY
                                            *
                                            *
MICHAEL L.BUESGENS                          *
APPELANT                                    *
                                            *
VS.                                         *
                                            *
DONALD RAY TAWNEY JR.                        *
APPELEE                                     *

## APPELEE'S MOTION TO DISMISS APPEAL
## FOR FAILURE TO PAY FILING FEES

COMES NOW, Donald Ray Tawney Jr., by and through his attorney of record,

Charles R. Nettles, and files this his Motion to Dismiss Appeal for Failure to Pay Filing

Fees and for cause would show as follows:

1. This appeal was filed on January 31, 2007. It was supplemented on February 7, 2007.

2. The Appellant is appealing from a series of orders entered by the Bankruptcy court. When the Notice of Appeal was filed, Appellant paid only one filing fee.

3. Appellee would assert that local practice dictates that each order appealed from requires a separate Notice of Appeal. Once the various appeals are then taken, the court may upon Motion, order a consolidation of the various appeals to streamline the process and make the best use of judicial time. It would appear that Appellant has sought to do the same without necessity of judicial intervention.

4. All of the Bankruptcy Rules addressing the issue of an appeal speak in the singular not the plural so it would appear that it was also the intent of the drafters that each appeal be taken up individually and not *en masse*.

WHEREFORE, PREMISES CONSIDERED, Appellee, Donald Ray Tawney,

requests that this appeal be dismissed for failure to pay filing fees.

Respectfully Submitted,

_____
Charles R. Nettles
1524 South IH-35, Suite 233
Austin, TX 78704
(512) 459-3212
(512) 459-0842 Facsimile
TSB# 14927200
charlesnettles@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was mailed via first class U.S. Mail to the following parties:

Randolph Osherow
342 W. Woodlawn, Suite 300
San Antonio, TX 78212

US Trustee
903 San Jacinto, Suite 230
Austin, TX 78701

Michael L. Buesgens
3112 Windsor Road, Apt. A322
Austin, TX 78703

DATED: 3 - 28 - 07

_____
Charles R. Nettles
1524 South IH-35, Suite 233
Austin, TX 78704
(512) 459-3212
(512) 459-0842 Facsimile
TSB# 14927200



**IT IS HEREBY ADJUDGED and DECREED that the
below described is SO ORDERED.**

**Dated: April 25, 2007**

_____

**FRANK R. MONROE
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | X | |
| DONALD RAY TAWNEY, JR. | X | CASE NO. 06-11164 FRM |
| | X | |
| DEBTOR | X | CHAPTER 7 |

ORDER STRIKING/DENYING
NOTICE TO THIS COURT OF RELATED ACTIONS
(Document 107)

The Court has reviewed the Notice to this Court of Related Actions filed on April 23, 2007

by Michael L. Buesgens.  Neither the exact substance of Mr. Buesgens' legal arguments in

connection with this Notice nor the actual relief requested therein, if any, can be determined from

reading this pleading.  It appears that Mr. Buesgens is attempting to provide this Court with

additional information regarding a pending Adversary Proceeding 07-10008 filed by Mr. Buesgens

against Donald Ray Tawney in the United States Bankruptcy Court for The District of Columbia.

Donald Ray Tawney is a debtor in the above-referenced bankruptcy case filed here in the United

States Bankruptcy Court-Western District of Texas-Austin Division. The bankruptcy court for The District of Columbia entered its Order Dismissing Adversary Proceeding 07-10008 on April 19, 2007 which was received by this Court on April 23, 2007. Any additional relief Mr. Buesgens may be attempting to request through the filing of this Notice is denied. This Court has ruled on all the matters concerning Mr. Buesgens' claims against the Debtor and/or his estate and such matters are now being appealed to the United States District Court-Western District of Texas-Austin Division [being Case No. A06-CA-127LY and A07-CA-156LY as to matters appealed in the main Bankruptcy Case No. 06-11164 and Case No. A07-CA-209LY as to matters appealed in the Adversary Proceeding 06-1248].

Further, this Court ordered on January 29, 2007 in its Order Granting Protective Order that Mr. Buesgens is prohibited from filing any further pleadings in this Case No. 06-11164FM except for any Notices of Appeal and the Designations of Record that correspond to the matters already on appeal from the main Bankruptcy Case 06-11164 to the United States District Court-Western District of Texas-Austin Division [being Case Nos. A07-CA-127LY and A07-CA-156LY]. Since Mr. Buesgens has filed his Notices of Appeal and Designations of Record with respect to these appeals, there is no need for Mr. Buesgens to file any additional pleadings in the main Bankruptcy Case No. 06-11164 nor for that matter in the Adversary Proceeding 06-1248. This Court has already ruled on all these matters, and Mr. Buesgens is now seeking review through the appellate process. This Court may not revisit these matters in any context. It is therefore,

ORDERED that the Notice to this Court of Related Actions be, and is hereby in all things, STRICKEN from the record and/or DENIED in its entirety. It is further

ORDERED that the United States Bankruptcy Clerk accept no further pleadings from Michael L. Buesgens in this main Bankruptcy Case No. 06-11164. It is further

ORDERED that any further pleadings received by this Court for filing by Michael L.

Buesgens will not be accepted and will be returned to Michael L. Buesgens at the current address

on record.

###

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 0542-1          User: miillers          Page 1 of 1          Date Rcvd: Apr 25, 2007
Case: 06-11164               Form ID: pdfintp         Total Served: 1

The following entities were served by first class mail on Apr 27, 2007.
cr          +Michael L. Buesgens,    3112 Windsor, #A322,    Austin, TX 78703-2350

The following entities were served by electronic transmission.
NONE.                                                                                    TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner
shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Apr 27, 2007                    Signature:    *Joseph Speetjens*

The order below is hereby signed.

Signed: April 26, 2007.





S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DONALD RAY TAWNEY, | ) | Case No. 06-11164 (pending |
| | ) | in the United States |
| Debtor. | ) | Bankruptcy Court for the |
| | ) | Western District of Texas) |
| —————————————— | ) | (Chapter 7) |
| | ) | |
| MICHAEL L. BUESGENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 07-10008 |
| DONALD RAY TAWNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING CLERK TO ACCEPT FOR
FILING THE PLAINTIFF'S NOTICE OF APPEAL,
BUT NOT TO ACCEPT FOR FILING CERTAIN DOCUMENTS APPENDED THERETO

By a judgment signed and entered on April 19, 2007, the

court dismissed the Complaint, the plaintiff's Crossclaim, and

this adversary proceeding, and directed the clerk not to accept

handwritten documents from the plaintiff Buesgens for filing

without approval by the court. On April 26, 2007, the Clerk

received Buesgens' notice of appeal from that judgment. The one-

page notice of appeal attaches:

- 59 additional handwritten pages (numbered pages 2 through 60) that are in the nature of exceptions to the judgment, and

- exhibits to those exceptions.

One of the exhibits is a copy of another version of a notice of appeal that Buesgens had faxed to the clerk's office and the fax confirmation sheet thereto.

The 59 additional handwritten pages are written on lined paper, using the same type of heavy felt pen as Buesgens has previously used, resulting in many more pages than if the text had been typewritten.  The heavy felt pen and the use of lined paper (in violation of the requirement of Local Bankruptcy Rule 5005-1(e) that papers be submitted in black typographical print and on opaque white paper) resulted in those pages not being readily scanned for purposes of the court's Electronic Case Filing System.  Buesgens was warned that handwritten documents would not be accepted for filing without permission of the court, and that he was required to file typewritten documents. Commercial providers such as Kinko's make computers available, for a fee, and Buesgens can readily utilize that type of service in order to submit typewritten documents.  Moreover, the 59 additional handwritten pages are not properly part of a notice of appeal.

2

Because of the short time period for filing a notice of appeal, the court will allow the notice of appeal and the copy of the faxed notice of appeal to be filed, but the court will not permit the 59 additional handwritten pages and the remaining exhibits thereto to be filed.  It is

ORDERED that the clerk shall accept for filing the one-page notice of appeal, along with the copy of another version of a faxed notice of appeal that Buesgens faxed to the clerk and the fax confirmation sheet thereto, and the clerk shall serve those documents as the notice of appeal.  It is further

ORDERED that the clerk shall not accept for filing the additional pages submitted with the notice of appeal, and shall return them to Mr. Buesgens with a copy of this order.

[Signed and dated above.]

Copies to:

Michael L. Buesgens
3112 Windsor Road
#A322
Austin, TX 78703

Henry Paulson
Secretary of the Treasury
1500 Pennsylvania Ave., NW
Washington, DC 202220

Tax Division
Department of Justice
Washington, DC 20530

Office of U.S. Trustee
903 San Jacinto Blvd., #320
Austin, TX 78701

Randolph N. Osherow, Esq.
342 W. Woodlawn, Suite 300
San Antonio, TX 78212

Karen L. Melnik
Assistant U.S. Attorney
555 Fourth Street, NW
Room E4112
Washington, DC 20530

R. Barry Robinson, Esq.
Assistant U.S. Attorney
816 Congress Avenue
Suite 1000
Austin, TX 78701

Sherri Miller, Case Manager
U.S. Bankruptcy Court,
903 San Jacinto Blvd. #322
Austin, TX 78701

Mark Everson
Commissioner of Internal Revenue
Room 5226
1111 Pennsylvania Ave., NW
Washington, DC 20224

Donald Ray Tawney, Jr.
13601 Elm Ridge Lane #1635
Austin, TX 78727

Charles R. Nettles, Jr.
1524 S. IH-35, Suite 233
Austin, TX 78704

Honorable Frank R. Monroe
United States Bankruptcy Judge
903 San Jacinto Blvd., #322
Austin, TX 78701

Sarah H. McHaney
Law Clerk
U.S. Bankruptcy Court
903 San Jacinto Blvd., #322
Austin, TX 78701

Maria Dozauer
Deputy in Charge
Clerk's Office
U.S. Bankruptcy Court
903 San Jacinto Blvd., #322
Austin, TX 78701

Honorable Leroy Yeakel, III
United States District Judge
200 West 8th Street
Austin, TX 78701

4

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

```
District/off: 0090-1          User: myers           Page 1 of 1           Date Rcvd: Apr 27, 2007
Case: 07-10008               Form ID: pdf001        Total Served: 15
```

The following entities were served by first class mail on Apr 29, 2007.
```
aty        +Karen Melnik,   555 4th Street,   Washington, DC 20530-0001
           +Charles R Nettles JR,   1524 S IH-35 Suite 233,   Austin, TX 78704-2600
           +Donald Ray Tawney JR,   13601 Elm Ridge Lane #1635,   Austin, TX 78727-3410
           +Henry Paulson,   Secretary of the Treasury,   1500 Pennsylvania Ave NW,
            Washington, DC 20220-0001
           +Honorable Frank R Monroe,   United States Bankruptcy Judge,   903 San Jacinto Bl vd #322,
            Austin, TX 78701-2450
           +Honorable Leroy Yeakel, III,   United States District Judge,   200 West 8th ST,
            Austin, TX 78701-2325
           +Maria Dozauer,   Deputy in Charge,   Clerk's Office,   US Bankruptcy Court,
            903 San Jacinto Blvd #322,   Austin, TX 78701-2450
           +Mark Everson,   Commissioner of IRS,   Room 5226,   1111 Pennsylvania Ave NW,
            Washington, DC 20224-0001
pla        +Michael L. Buesgens,   3112 Windsor Road,   #A322,   Austin, TX 78703-2350
           +Office of the US Trustee,   903 San Jacinto Blvd #320,   Austin, TX 78701-2450
           +R Barry Robinson Esq,   Assistant US Attorney,   816 Congress Avenue,   Suite 1000,
            Austin, TX 78701-2486
           +Randloph N. Osherow Esq,   342 W Woodlawn Suite 300,   San Antonio, TX 78212-3314
           +Sarah H. McHaney,   Law Clerk,   US Bankruptcy Court,   903 San Jacinto Blvd #322,
            Austin, TX 78701-2450
           +Sherri Miller Case Manager,   US Bankruptcy Court,   903 San Jacinto Blvd #322,
            Austin, TX 78701-2450
           +Tax Division,   Department of Justice,   Washington, DC 20530-0001
```

The following entities were served by electronic transmission.
```
NONE.                                                                      TOTAL: 0
```

```
           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
crc*       +Michael L. Buesgens,   3112 Windsor Road,   #A322,   Austin, TX 78703-2350
                                                                           TOTALS: 0, * 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Apr 29, 2007                    Signature:  _____



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 29, 2007**

_Jelmonroe_
<u>FRANK R. MONROE</u>
**UNITED STATES BANKRUPTCY JUDGE**

*NO.67*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

```
IN RE:                      )
                            )
DONALD R. TAWNEY, JR.       )   CASE NO. 06-11164-FM
               DEBTOR       )   (Chapter 7)
```

<u>ORDER DENYING MOTION OF MICHAEL L. BUESGENS</u>
<u>(Doc. #55)</u>

Michael L. Buesgens filed a pleading - Doc. 55 - on January 23, 2007 which, as best the Court can determine from reading the same, requests the following action:

1.  That this case be closed without a discharge because

    a.  Mr. Buesgens was not notified of the §341 meeting;

    b.  The Trustee has failed to investigate the case;

    c.  The Assistant U.S. Attorneys R. Barry Robinson and Karen Melnik did not notify Buesgens;

    d.  Buesgens has tort claims and personal injury claims against the Debtor; and

2.  That the hearings scheduled for January 23, 2007 at 2:00 p.m. should not be held since the case should be closed;

3.  That the case should be automatically dismissed as Debtor's failure to timely file Form 23 violates 11 U.S.C.

§521(i)(1) [another motion by Buesgens to this effect is this same date being denied by the Court the reasons stated therein];

4.    That the adversary proceeding, 06-1248, in which Buesgens has objected to the discharge of his claims as well as sought other relief be transferred to the U.S. Bankruptcy Court for the District of Columbia because Buesgens has two civil actions on appeal at the U.S. Court of Appeals for the District of Columbia.

After review of the foregoing Motion, and determining that no hearing is necessary upon the same, it is

ORDERED that the Motion be, and the same is hereby, denied in its entirety for the following reasons:

1.    11 U.S.C. §512(i)(1) does not provide for automatic dismissal of a Chapter 7 case if the Form 23 certification of completion of an appropriate credit counseling course within 180 days of the filing of the petition is not filed within 45 days of the petition date;

2.    No valid reason is set forth in the Motion as to why the case should be closed without a discharge;

3.    A hearing was held on January 23, 2007 upon the Debtor's Objections to two claims filed by Michael L. Buesgens in this case. Although fully aware of the hearing, Michael L. Buesgens faxed a written notification to the Court that he would not be in attendance at those hearings.  Such written notification is an exhibit and part of the record that was established at the hearing on the Debtor's Objections to Michael L. Buesgens' proofs of claim. At that hearing and upon the evidence introduced into the record, the Court disallowed Mr. Buesgens' claims.  He is, therefore, not

a creditor nor a party-in-interest in this case;

4. Michael L. Buesgens' objection to the scheduled hearing on January 23, 2007 is overruled as no good reason was proffered in the Motion nor did he appear at the hearing to offer any objection to it going forward;

5. There is no valid basis set forth in the Motion or at law for this case to be dismissed; and

6. There is no valid basis set forth in the Motion or at law for this Court to transfer Adversary No. 06-1248 to the U.S. Bankruptcy Court for the District of Columbia. The fact that Mr. Buesgens' two civil actions filed in the District of Columbia have been denied and are on appeal to the U.S. Court of Appeals for the District of Columbia is completely irrelevant.

###

Copy To:

Mr. Michael L. Buesgens
3112 Windsor, #A322
Austin, TX    78703

Mr. Charles R. Nettles, Jr.
Attorney for Debtor
1524 S. IH-35, Suite 233
Austin, TX    78704

Mr. Randolph Osherow
Chapter 7 Trustee

United States Trustee

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

E-Filed

JAN 0 4 2007

By:

| | | | |
|---|---|---|---|
| IN RE: | TAWNEY JR., DONALD RAY | * | CASE NO. 06-11164FM |
| | | * | |
| DEBTOR. | | * | CHAPTER 13 |
| | | * | |
| MICHAEL L. BUESGENS | | * | |
| PLAINTIFF | | * | |
| | | * | |
| VS. | | * | ADV. NO. 06-1248FM |
| | | * | |
| DONALD RAY TAWNEY JR. | | * | |
| DEFENDANT | | * | |

## DEFENDANT'S MOTION TO DISMISS
## ADVERSARY FOR LACK OF STANDING

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE, NO HEARING WILL BE HELD AND THE RELIEF REQUESTED IN THE MOTION WILL BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW, Donald Ray Tawney Jr., by and through his attorney of record

and files this Motion to Dismiss the Adversary Complaint for Lack of Standing and for

cause would show:

1. This Complaint seeks relief under both 11 U.S.C. §727 and 11 U.S.C. §523.

2. Plaintiff is not now nor has he ever been a creditor of the Debtor.

3. In an effort to gain standing, Plaintiff has filed two claims in this no-asset case.

4. One claim is for $200,000.00 and the other claim is for $2,000,000.00. Defendant has objected to both.



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 29, 2007**

_ɔRMonroe_
**FRANK R. MONROE**
**UNITED STATES BANKRUPTCY JUDGE**

NO.59

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | TAWNEY JR., DONALD RAY | * | CASE NO. 06-11164FM |
| | | * | |
| DEBTOR. | | * | CHAPTER 7 |

## ORDER DENYING MOTION TO DENY DISCHARGE (DOCKET ENTRY 23)

ON January 23, 2007 came on for hearing the Motion to Deny Discharge of Debtor Donald Ray Tawney Jr. filed by Michael Buesgens (Docket Entry 23). Debtor and Debtor's Counsel appeared in person. Movant, Michael Buesgens failed to appear. After reviewing the pleadings, the Court.

ORDERED that the Motion to Deny Discharge of Debtor Donald Ray Tawney Jr. filed by Michael Buesgens is denied because it was filed after the **60 day period** to file objections and was filed as a Motion as opposed to an adversary proceeding as provided by Bankruptcy Rule 7003.

###

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | TAWNEY JR., DONALD RAY | * | CASE NO. 07-00209LY |
| | | * | |
| | | * | |
| MICHAEL L.BUESGENS | | * | |
| APPELANT | | * | |
| | | * | |
| VS. | | * | |
| | | * | |
| DONALD RAY TAWNEY JR. | | * | |
| APPELEE | | * | |

## MOTION TO DISMISS APPEAL AS IMPROPERLY TAKEN

COMES NOW, Donald Ray Tawney Jr., by and through his attorney of record,

Charles R. Nettles, and files this his Motion to Dismiss Appeal as Improperly Taken and

would show as follows:

1. Appelant filed this appeal on February 5, 2007 appealing four matters.

2. The hearing on said Motion was not scheduled until February 7, 2007. A hearing was held and appelant appeared in person.

3. Appelant has not appealed the order from that hearing and they have become final orders.

4. This appeal is of four Motions. Bankruptcy Rule 8001 speaks of appeals from "a judgment, order or decree...". Nowhere in Part VIII of the Bankruptcy Rule does it speak to appeals of motions.

5. Movant would assert that because the Bankruptcy Rules only speak to "judgments, order or decrees" that an appeal of a Motion is improper and impermissible.

WHEREFORE, PREMISES CONSIDERED, Appelee, Donald Ray Tawney,

requests that this Court dismiss the appeal.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | TAWNEY JR., DONALD RAY | * | CASE NO. 07-00209LYFM |
| | | * | |
| DEBTOR. | | * | |
| | | * | |
| MICHAEL L. BUESGENS | | * | |
| APPELANT | | * | |
| | | * | |
| VS. | | * | |
| | | * | |
| DONALD RAY TAWNEY JR. | | * | |
| APPELEE | | * | |

### ORDER

ON THIS DAY CAME ON for consideration the Motion of Donald R. Tawney to

Dismiss Appeal as Improperly Taken.

The Court having considered the matter believes that it has a reasonable basis and

it is accordingly:

ORDERED that Appelant's Appeal is hereby dismissed.

### #

Form B18 (Official Form 18)(10/05)

# United States Bankruptcy Court
## Western District of Texas

903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-0

**Case Number:   06-11164-frm**

**Chapter  7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):
Donald Ray Tawney Jr.
13601 Elm Ridge Lane #1635
Austin, TX 78727

Social Security No.:
xxx-xx-4466

Employer's Tax I.D. No.:

# DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED** :

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**Dated:   2/7/07**

FOR THE COURT

*George Prentice*

George D. Prentice II
Clerk of the Bankruptcy Court

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

**ATTENTION DEBTOR:     IMPORTANT DOCUMENT!     PLEASE KEEP FOR YOUR RECORDS!**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**
903 San Jacinto, Suite 322
Austin, TX 78701

GEORGE D. PRENTICE, II
CLERK OF COURT

MARIA DOZAUER
Deputy-in-Charge
(512) 916-5238

April 6, 2007

Mr. Michael L. Buesgens
3112 Windsor Rd #A322
Austin, TX 78703

Dear Mr. Buesgens:

This letter is in response to your letter that was faxed on 4/3/07 at 8:33a.m.

1. Dates of Appeals for Bankruptcy Case 06-11164 :

First Notice of Appeal Document # 48 was filed on 1/17/07
Second Notice of Appeal Document #70 was filed on 1/31/07
Amended Notice of Appeal Document #85 was filed on 2/2/07. Amending Document #70

2. Dates of payments for Appeals on 06-11164:

First Notice of Appeal #48 filing fee paid $255.00 paid 1/17/07
Second Notice of Appeal #70 filing fee paid #255.00 paid 1/31/07
Amended Notice of Appeal #85 no filing fee due.

3. Dates Notice of Appeals on 06-11164 sent to District Court/Austin Division:

First Notice of Appeal sent 2/23/07
Second Notice of Appeal and Amended Appeal sent 3/5/07

4. Date of Notice of Appeal for 06-1248:

Notice of Appeal filed on 2/5/07

5. Date of Payment and amount for Notice of Appeal in 06-1248:

Notice of Appeal filing fee of $255.00 paid 2/5/07

6. Total amount paid for all appeals:

06-11164
1st Notice of Appeal    $255.00
2nd Notice of Appeal    $255.00

06-1248
Notice of Appeal        $255.00

                        _____

Total                   $765.00    ✓

7. Dates Appeals for 06-11164 were sent to District Court:
Same answer as #3

8. Dates Appeal for 06-1248 was sent to District Court:

Notice of Appeal for 06-1248 sent to District Court on 3/19/07

9. Names of the Individuals communicated with at District Court regarding Appeals:

Unknown.

10. Documents physically sent to District Court by mail delivery:

All Appeal documents were hand delivered.

11. Date Mr. Buesgens was added to creditors mailing matrix in 06-11164:

On or about the date the proof of claims were filed with Bankruptcy Court    *ONLY ONE CLAIM*
✓ Proof of Claim #1 filed 10/13/06
  Proof of Claim #2 filed 10/27/06

12. On what date did Tawney- Nettles filed the Form 23:    ✓

Financial Management Course Certificate that is accepted by the Bankruptcy Clerk's office    ✓
was filed on 8/29/07

On January 18, 2007 Debtors Certificate of Completion of Instructional Course Concerning    ✓
Personal Financial Management was filed with the Court.

13.  The Bankruptcy Clerk's office has not received a request from District Court, instructing the Bankruptcy Clerk's office to forward copies of the documents in 06-11164 to Chief Judge Walter Smith.

If you wish the Bankruptcy Clerk's office to make copies of the documents in Case No. 06-11164 so that you can mail them to Chief Judge Walter Smith, the copy charge is as follows:

  1127 pages ( 100 documents)
 # .0.50 per page copy charge
Total $ 563.50


  Respectfully,

  United States Bankruptcy Clerks Office

APRIL 3, 2007

TO: SHERRI MILLER, CASE
MANAGER
BANKRUPTCY NO. 06-11164 FM
ADVERSARY NO. 06-01248 FM
U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION
903 SAN JACINTO BLVD #322
AUSTIN, TEXAS 78701
PHONE: 512-916-5237 X 308
FAX: 512-916-5278 ✓

FROM: MICHAEL L. BUESGENS
CREDITOR
ADVERSARY
PLAINTIFF
06-11164 FRM
06-01248 FRM
3112 WINDSOR RD #A322
AUSTIN, TEXAS 78703
512-339-6005 X 7958
MIKE BUESGENS @ HOTMAIL

PAGE 1 OF 8

# SUBJECT

I AM REQUESTING A STATEMENT FROM YOU AS TO THE FOLLOWING.

1. DATES OF APPEALS FOR BANKRUPTCY NO. **06-11164** FRM

2. DATES OF PAYMENT FOR APPEALS 06-11164 FRM AND THE AMOUNT OF PAYMENT

3. DATES APPEALS WERE SENT TO U.S. DISTRICT COURT

4. DATE OF APPEAL FOR **06-01248** FRM

5. DATE OF PAYMENT AND THE AMOUNT FOR APPEAL PAID. **06-01248** FRM

6. TOTAL AMOUNT PAID FOR ALL APPEALS

2

7. THE DATES APPEALS FOR 06-11164 FRM WERE SENT TO DISTRICT COURT?

8. THE DATE APPEAL FOR 06-0248 FRM WAS SENT TO DISTRICT COURT?

9. THE NAMES OF THE INDIVIDUALS THAT YOU COMMUNICATED WITH AT DISTRICT COURT REGARDING THESE APPEALS?

10. WHAT DOCUMENTS WERE PHYSICALLY SENT TO DISTRICT COURT BY MAIL DELIVERY?

11. ON WHAT DATE WAS I PUT ON CREDITORS MAILING MATRIX IN 06-11164 FRM

12. ON WHAT DATE DID TAWNEY-NETTLES FILE THE FORM 23?

3

**13.** PLEASE SEND CASE NO. 06-1116 YEAR
TO
CHIEF JUDGE WALTER SMITH
U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION
800 FRANKLIN AVE #304
WACO, TEXAS 76701

WHERE THE REST OF JUDGE
EARL LEROY YEAKEL III
CASES ARE ON APPEAL.
REVOCATION OF ORDER DOCUMENT 7
1:07CV00127 LY

SINCERELY

Michael Burgess
MICHAEL L BURGESS
3112 WINDSOR RD #A322
AUSTIN, TEXAS 78703
512-339-6005 X 7458

4

### 06-11164-frm Donald Ray Tawney
**Case type: bk Chapter: 7 Asset: No Vol: v Bankruptcy Judge: Frank R. Monroe**
**Date filed: 07/31/2006 Date discharged: 02/07/2007 Date of last filing: 03/21/2007**

06-1164FRM

## Pending Statuses

| Status | Begin Date | Time in Status | # | Status Set By |
|---|---|---|---|---|
| Awaiting AutoClose | 02/07/2007 | 55 days | 87 | Order Discharging Debtor(s) (No Asset Case) (Bankruptcy) |

**No statuses have been terminated for this case.**

### PACER Service Center
### Transaction Receipt
### 04/03/2007 08:05:12

| | | | |
|---|---|---|---|
| PACER Login: | | Client Code: | |
| Description: Status | | Search Criteria: | 06-11164-frm |
| Billable Pages: | 1 | Cost: | 0.08 |

5

Form B18 (Official Form 18)(10/05)

# United States Bankruptcy Court
## Western District of Texas

903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-0

Case Number: 06-11164-frm

Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):
Donald Ray Tawney Jr.
13601 Elm Ridge Lane #1635
Austin, TX 78727

Social Security No.:
xxx-xx-4466

Employer's Tax I.D. No.:

# DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED** :

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Dated: 2/7/07

FOR THE COURT

*George Prentice*

George D. Prentice II
Clerk of the Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

ATTENTION DEBTOR:   IMPORTANT DOCUMENT!   PLEASE KEEP FOR YOUR RECORDS!



Form B18 continued (10/05)

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That Are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts That Are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes; *(applies to cases filed on or after October 17, 2005)*

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans. *(applies to cases filed on or after October 17, 2005)*

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
MAR 1 9 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

MICHAEL BUESGENS,                   §
                    APPELLEE,       §
                                    §       06-11164
V.                                  §
                                    §   CAUSE NO. A-06-CA-127-LY
                                    §
DONALD RAY TAWNEY                   §            FILED
                                    §
                    APPELLANT.      §        MAR 2 1 2007
                                    §   U.S. BANKRUPTCY COURT
                                        BY_____ DEPUTY

## ORDER

Before the Court is the Appellee's Motion for Transfer (doc. #3), Appellant's Response (Doc.
#5), Appellee's Motion for a Court Ruling (Doc. #6), and Appellant's Motion to Dismiss (Doc. #4).

This case is an appeal from two bankruptcy orders issued by the U.S. Bankruptcy Court,
Western District of Texas, Austin Division. Appellee requests an appeal from two orders, one issued
on December 4, 2006 and the second issued on December 6, 2006. Under United States Bankruptcy
Rule 8002(a), notice of appeal must be entered with the clerk of the court within 10 days of entry of
such order. In the present case, Appellee filed his notice on January 23, 2007. Accordingly, the
Appeal is untimely and should be dismissed.

IT IS THEREFORE ORDERED that Appellee's Appeal is DISMISSED WITH
PREJUDICE to his right to refile the same or any part thereof.

SIGNED this _____19th_____ day of March, 2007.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

A true copy of the original, I certify
WILLIAM G. PUTNICKI
Clerk, U.S. District Court
By:_____
DEPUTY CLERK



07-859
RBW

JS-44
(Rev. 2/01 DC)

**I (a) PLAINTIFFS**

IN RE: Michael L. Buesgens

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-00859
Assigned To : Walton, Reggie B.
Assign. Date : 5/17/2007
Description: General Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☒ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☒ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G. Habeas Corpus / 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

_BANKRUPTCY APPEAL 11: 8001_

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

DATE _5, 17.07_   SIGNATURE OF ATTORNEY OF RECORD _NCD_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

**RECEIVED**

MAY 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT