IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:07-859 (RBW) |
| ) | |
| MARK EVERSON, COMMISSIONER, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR STIPULATION AND EXHIBITS**

DEFENDANTS, Mark Everson, Commissioner of the Internal Revenue Service, Henry Paulson, Secretary of the Department of the Treasury, and Donald Ray Tawney, Jr., object to plaintiff's motion for stipulation and exhibits. (PACER #7.)

As grounds for this motion, defendants submit that the stipulation and exhibits include personal information about numerous Internal Revenue Service employees, only one of whom is a party to this action, which constitute an unwarranted invasion of their privacy.

The relief requested is for the Court to deny the motion and to order the Clerk to strike the motion and exhibits from the docket to avoid further dissemination.

A memorandum of points and authorities in support of this motion and a proposed order are submitted with this motion.

DATED: July 13, 2007.                     Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS | ) |
| Plaintiff, | ) |
| v. | )  No: 1:07-859 (RBW) |
| MARK EVERSON, COMMISSIONER, et al. | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR STIPULATION AND EXHIBITS**

Plaintiff appeals the decision of the United States Bankruptcy Court for the District of Columbia dismissing his adversary complaint challenging aspects of a bankruptcy petition pending in the Western District of Texas.

QUESTION PRESENTED

The bankruptcy court dismissed plaintiff's adversary complaint, motion and crossclaim related to a bankruptcy petition pending in the Western District of Texas. Plaintiff's motion for "stipulation of evidence and adjudicative facts" and attached exhibits consist of correspondence, e-mails and allegations regarding plaintiff's failed attempt to persuade the Internal Revenue Service to make a "reasonable accommodation" for him under the Americans with Disabilities Act. The motion and exhibits contain personal information about numerous Internal Revenue Service employees, only one of whom is a party. Should the Court deny plaintiff's motion and strike the motion and exhibits because they constitute an unwarranted invasion of the privacy of the Internal Revenue Service employees?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, Michael L. Buesgens, filed an adversary complaint in the Bankruptcy Court in the District of Columbia (No. 07-10008) challenging various actions in a bankruptcy proceeding filed by Donald Ray Tawney in the Bankruptcy Court in the Western District of Texas (No. 06-11164).  (PACER #1.)

2. <u>The bankruptcy court's decision</u>.  On April 19, 2007, the Bankruptcy Court for the District of Columbia dismissed plaintiff's adversary complaint *sua sponte*, finding that the plaintiff's complaint was "frivolous" and failed to establish any basis for granting him relief because he failed to establish that the Bankruptcy Court for the District of Columbia had jurisdiction, or that Tawney was not entitled to a discharge in the Bankruptcy Court in the Western District of Texas.  (Op. at 1-3.)

The bankruptcy court also dismissed plaintiff's motion to reopen the Texas bankruptcy case, finding that such a motion must be filed in the district within which the bankruptcy case is pending.  (Op. at 3-4.)

And, the bankruptcy court dismissed plaintiff's crossclaim, finding that only a defendant is permitted to file a crossclaim.  (Op. at 4.)  Moreover, the bankruptcy court found that plaintiff's assertions in the crossclaim relate to persons and actions taken in the Bankruptcy Court in the Western District of Texas, the United States District Court for the Western District of Texas, and in a civil suit relating to plaintiff's discharge from employment with the Internal Revenue Service, and that such assertions must be made to the courts where the allegedly improper actions occurred.  (Op. at 5-6.)  In addition, the

bankruptcy court held that to the extent plaintiff was seeking money damages, such relief would have no impact on the bankruptcy estate since the claim was not against the estate, and the estate would not receive the money. (Op. at 5.)

     3. <u>Plaintiff's appeal and motion for stipulation</u>.  Plaintiff filed an appeal of the bankruptcy court's decision on May 17, 2007.

On June 14, 2007, plaintiff filed a motion for stipulation.  This 46-page handwritten "stipulation" consists of documents and correspondence relating to plaintiff's dismissal from the Internal Revenue Service and various bankruptcy court and district court cases in Texas.1/  Plaintiff attached 58 unnumbered pages of "exhibits" to his motion.  Seventeen (17) pages consist of correspondence and e-mails by various Internal Revenue Service employees discussing plaintiff's request for "reasonable accommodation" under the Americans with Disabilities Act.  The remaining exhibits consist of public records, including property records, land plat records, a divorce petition which states the names of the couple's children, and various other records showing the assets of over fifteen (15) Internal Revenue Service employees.  Among these documents are six pages from Tawney's bankruptcy petition in Texas, and the appearance of Pat S. Genis in plaintiff's adversary case.

---

1/  Plaintiff violated the bankruptcy court's prohibition against filing handwritten papers.  The court's April 26, 2007 order directed the clerk to accept for filing plaintiff's one-page handwritten notice of appeal, but not to accept the other handwritten documents attached thereto, consisting of a 59-page exception to the judgment and exhibits to those exceptions.  (Order at 1-2.)  Plaintiff's motion for stipulation is handwritten, and the exhibits contain numerous handwritten notations and comments.  Thus, plaintiff has ignored the court's order not to file such documents.

ARGUMENT

Plaintiff's motion for stipulation and attached exhibits should be denied and stricken because they constitute an unwarranted invasion into the personal privacy of numerous Internal Revenue Service employees. In *United States Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 763 (1989), the Supreme Court recognized that "both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." This right rests on the "degree of dissemination of the allegedly private fact." *Id*. And, "[r]ecognition of this attribute of a privacy interest supports the distinction, in terms of personal privacy, between scattered disclosure of the bits of information" and a compilation of information. *Id*. at 764. Thus, the Supreme Court rejected the "cramped notion" that there was no privacy interest in avoiding disclosure of personal matters in a "rap sheet," because events summarized in it had been disclosed previously to the public. *Id*. at 762-63.

In this case, the Internal Revenue Service employees have a privacy interest in avoiding the disclosure of their personal information. Here, plaintiff has compiled data from various public records about approximately fifteen Internal Revenue Service employees, only one of whom is a party in this appeal. These records include bankruptcy filings, divorce pleadings, home addresses, maps and plats of the employees' property, lien information, children's names, and other personal information. The Internal Revenue Service employees have a privacy interest in this information. *See Reporters Committee*, 489 U.S. at 763-64; *see also Federal Relations Authority v. U.S. Dept. of the Navy*, 966 F.2d 747, 758

(3rd Cir. 1992) (employees have a "meaningful privacy interest in their home addresses").

Moreover, since all but one of the individuals whose personal information is appended to plaintiff's motion are not even parties to this litigation, and were not parties to the action plaintiff is appealing here, none of this information is relevant or material to this appeal. Accordingly, there is no reason – compelling or otherwise – for this information to be disclosed or disseminated or become part of the record in this appeal.

SUMMARY

Plaintiff's motion for stipulation and attached exhibits constitute an unwarranted invasion of the privacy of the Internal Revenue Service employees discussed therein. Further, the disclosure or dissemination of this personal information is not relevant or material to the issues on appeal. Accordingly, this Court should deny plaintiff's motion for stipulation and order the Clerk to strike the motion and exhibits from the record to prevent further dissemination of the personal matters.

DATED: July 13, 2007.                               Respectfully submitted,


                                                    /s/ Pat S. Genis
                                                    PAT S. GENIS, #446244
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice
                                                    P.O. Box 227
                                                    Washington, DC 20044
                                                    Phone/Fax: (202) 307-6390/514-6866
                                                    Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

-6-                                                                                   1864489.1

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR STIPULATION AND EXHIBITS, supporting MEMORANDUM, and proposed ORDER were served upon plaintiff *pro se* on July 13, 2007 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Michael L. Buesgens
> *Plaintiff pro se*
> 3112 Windsor Avenue
> Apartment A 322
> Austin, TX   78730

/s/ Pat S. Genis<br>PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:07-859 (RBW) |
| ) | |
| MARK EVERSON, COMMISSIONER, et al. ) | |
| ) | |
| Defendants. ) | |

### **O R D E R**

Having considered defendant's opposition to plaintiff's motion for stipulation and exhibits, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] response thereto, the Court concludes that the motion ought to be denied. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that plaintiff's motion be DENIED;

ORDERED that Clerk shall strike the motion and exhibits from the record to avoid further dissemination; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

618.1

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Michael L. Buesgens
*Plaintiff pro se*
3112 Windsor Avenue
Apartment A 322
Austin, TX   78730

618.1