IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:07-859 (RBW) |
| ) | |
| MARK EVERSON, COMMISSIONER, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS APPEAL

DEFENDANTS, Mark Everson, Commissioner of Internal Revenue, Henry Paulson, Secretary of the Treasury, and Donald Ray Tawney Jr., move to dismiss plaintiff's appeal, under Fed.R.Bankr.P. 8011.

As grounds for this motion, defendants submit that plaintiff's appeal is frivolous. The relief requested is dismissal of the appeal.

A memorandum of points and authorities in support of this motion and a proposed order are submitted with this motion.

DATED: July 18, 2007.                              Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No:  1:07-859 (RBW) |
| ) | |
| MARK EVERSON, COMMISSIONER, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS APPEAL**

This is a civil action in which plaintiff appeals the decision of the United States Bankruptcy Court for the District of Columbia dismissing his adversary complaint.

QUESTION PRESENTED

Plaintiff appeals the dismissal of his adversary complaint filed in the United States Bankruptcy Court in the District of Columbia challenging aspects of a bankruptcy proceeding pending in the Western District of Texas.  Plaintiff's adversary complaint was dismissed as frivolous.  Should this Court dismiss plaintiff's appeal on this ground?

STATEMENT

1. Introduction & background.  Plaintiff, Michael L. Buesgens, filed an adversary complaint in the Bankruptcy Court in the District of Columbia (No. 07-10008) challenging various actions in a bankruptcy proceeding filed by Donald Ray Tawney in the Bankruptcy Court in the Western District of Texas (No. 06-11164).  (No. 07-1008, PACER #1.)

2. The bankruptcy court's decision.  On April 19, 2007, the Bankruptcy Court for the District of Columbia dismissed plaintiff's adversary complaint *sua sponte*, finding that

plaintiff's complaint was "frivolous" and failed to establish any basis for granting him relief because he failed to establish that the Bankruptcy Court for the District of Columbia had jurisdiction, or that Tawney was not entitled to a discharge in the Bankruptcy Court in the Western District of Texas.  (Op. at 1-3.)

The bankruptcy court also dismissed plaintiff's motion to reopen the Texas bankruptcy case, finding that such a motion must be filed in the district within which the bankruptcy case is pending.  (Op. at 3-4.)

And, the bankruptcy court dismissed plaintiff's crossclaim, finding that only a defendant is permitted to file a crossclaim.  (Op. at 4.)  Moreover, the bankruptcy court found that plaintiff's assertions in the crossclaim relate to persons and actions taken in the Bankruptcy Court in the Western District of Texas, the United States District Court for the Western District of Texas, and in a civil suit relating to plaintiff's discharge from employment with the Internal Revenue Service, must be presented to the courts where the allegedly improper actions occurred.  (Op. at 5-6.)  In addition, the bankruptcy court held that to the extent plaintiff was seeking money damages, such relief would have no impact on the bankruptcy estate since the claim was not against the estate, and the estate would not receive the money.  (Op. at 5.)

Plaintiff filed an appeal of the bankruptcy court's decision on May 17, 2007. (PACER #1.)

ARGUMENT

This Court has the authority to dismiss a frivolous complaint. *See Eden v. Lauriat*, 271 F.2d 839 (D.D.C. 1959) (Burger, J, concurring) ("I would dismiss this appeal as frivolous."); *see also, e.g., Internat'l Shoe Co. v. Washington Office of Employment Compensation and Placement*, 326 U.S. 310, 322 n.1 (1945) (Black, J., dissenting). Justice Black, in dissent, opined that the case before the Supreme Court was "so patently frivolous" that the appeal should have been dismissed as "unsubstantial." *Id*. at 322. Justice Black further states that "[t]his Court has on several occasions pointed out the undesirable consequence of a failure to dismiss frivolous appeals." *Id*. n.1. An appeal is frivolous when it is "prosecuted with no reasonable expectation of altering the . . . court's judgment and for purposes of delay or harassment or out of sheer obstinacy." *Stringell v. The Methodist Hosp. of Indiana*, 89 F.3d 415, 423 (7th Cir. 1996).

Plaintiff's appeal is patently frivolous. The bankruptcy court dismissed plaintiff's adversary complaint, his motion to reopen the bankruptcy proceeding that Donald Ray Tawney filed in the United States Bankruptcy Court in the Western District of Texas, and plaintiff's cross-claim. The bankruptcy court found that plaintiff's five-count adversary complaint was "frivolous," venue was improper, and the complaint failed to "state any valid basis for denying Tawney a discharge," and "fail[ed] to establish any basis for granting Buesgens any relief." (Op. at 1-3.) Plaintiff had requested a denial of discharge to Tawney under 11 U.S.C. §§ 727(a)(11) and 1328(g)(1). The bankruptcy court noted that plaintiff admitted that Tawney met the requirements of section 727 and further found that section 1328 was inapplicable to a chapter 7 bankruptcy case. (Op. at 3.) The bankruptcy

court's findings respecting the adversary complaint cannot be assailed. Similarly, the bankruptcy court's rulings that plaintiff cannot maintain a motion or a crossclaim in the District of Columbia to challenge actions in cases conducted in Texas are so obviously correct that no other conclusion can be reached. For this reason, plaintiff can have no expectation of altering the bankruptcy court's judgment on these issues. Accordingly, plaintiff's appeal of the bankruptcy court's decision is frivolous and should be dismissed.

## SUMMARY

Plaintiff filed an action in the District of Columbia complaining of a bankruptcy case conducted in Texas. The bankruptcy court properly dismissed plaintiff's adversary complaint, motion and crossclaim. Plaintiff's appeal of this decision is patently frivolous, and is being "prosecuted with no reasonable expectation of altering the . . . court's judgment

. . . out of sheer obstinacy."1/ *Stringell*, 89 F.3d at, 423. Accordingly, this Court should dismiss plaintiff's appeal.

DATED: July 18, 2007.                                Respectfully submitted,

                                                     /s/ Pat S. Genis
                                                     PAT S. GENIS, #446244
                                                     Trial Attorney, Tax Division
                                                     U.S. Department of Justice
                                                     P.O. Box 227
                                                     Washington, DC 20044
                                                     Phone/Fax: (202) 307-6390/514-6866
                                                     Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

---

1/ On July 17, 2007, plaintiff filed a motion to intervene in a Freedom of Information Act case, *Stanley v. United States* (no. 06-72), in the United States District Court in the Northern District of Indiana, naming United States counsel Pat S. Genis as a defendant.. (PACER #39.) The Court had already entered a judgment for the United States on July 9, 2007. (PACER #37.) Therefore, the Court denied plaintiff's motion to intervene on July 17, 2007, and plaintiff filed an appeal on July 18, 2007. (PACER #38 & #40.) Plaintiff's motion to intervene in a case in which he has no interest, naming the United States' counsel as a defendant, evinces an intent to harass. We, therefore, ask this Court to prohibit plaintiff from filing any papers in any federal court pending the resolution of this appeal.

CERTIFICATE OF SERVICE

IT IS CERTIFIED that DEFENDANT'S MOTION TO DISMISS APPEAL, supporting MEMORANDUM, and proposed ORDER were served upon plaintiff *pro se* on July 18, 2007 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Michael L. Buesgens
> *Plaintiff pro se*
> 3112 Windsor Avenue
> Apartment A 322
> Austin, TX   78730

>                    /s/ Pat S. Genis
>                    PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No: 1:07-859 (RBW) |
| | ) |
| MARK EVERSON, COMMISSIONER, et al. | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

Having considered defendant's motion to dismiss appeal, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] response thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that defendants' motion be GRANTED;

ORDERED that the appeal is DISMISSED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

2621723.11

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Michael L. Buesgens
*Plaintiff pro se*
3112 Windsor Avenue
Apartment A 322
Austin, TX   78730