UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE NW
WASHINGTON, DC 20001

MICHAEL L. BUESGENS
PLAINTIFF

V.

1. MARK EVERSON COMMISSIONER
   INTERNAL REVENUE SERVICE

2. HENRY PAULSON SECRETARY
   DEPARTMENT OF THE TREASURY

3. DONALD RAY TAWNEY, JR
   IRS SUPERVISOR

4. MARTHA SCHNUHALS, IRS
   SUPERVISOR

5. ANNA S. MEDLOCK, IRS
   SUPERVISOR

CIVIL NO.
1:07CV
00859
RBW

RECEIVED
JUL 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

6. NANCY A. SPOTSER-
SESSION - IRS SUPERVISOR

7. CHARLES WASHINGTON, IR
DIRECTOR

8. THOMAS E. THEIS, IRS
HUMAN RELATIONS SPECIALIST
300 EAST 8TH STREET
AUSTIN, TEXAS 78701

CIVIL NO.
1:07 CV
00859
RBW

9. MARGARET F. WHITES, IRS
IN HOUSE EEO
REASSIGNMENT COORDINATOR

10. MELINDA LUNA ESTRADA
IRS - IN HOUSE EEO.
TERRITORY MANAGER - TIGTA

11. ANGELIA GOODEN-DOYLE
IRS - IN HOUSE EEO
COUNSELOR - TIGTA

12. MARY E. CARROLL - IRS
SUPERVISOR

2

13. J. RUSSELL GEORGE,
INSPECTOR GENERAL
TREASURY INSPECTOR GENERAL
FOR TAX. ADMINISTRATION
        TIGTA-05CV2334RCL
WASHINGTON DC.

14 DANIEL PARFITT - TIGTA
AGENT

15 DENNIS COLLINS - TIGTA
AGENT

16 ROBERT J. LEEKE
TIGTA AGENT

17. JOHN DOE - IRS - TIGTA
DEPARTMENT OF THE TREASURY
                ET. AL.
        DEFENDANTS

CIVIL NO.
1:07 CV
00 859
RBW

3

# TABLE OF CONTENTS

I. PLAINTIFF BUESGENS OPPOSITION TO MISREPRESENTATIONS BY ASSISTANT U.S. ATTORNEYS AND RESPONSE TO **PAT S. GENIS** OPPOSITION TO STIPULATIONS DOCUMENT 10 FILED: 7/13/2007

**1:07CV00859RBW**

PAGES 6 - 10

II  MISLEADING - EVASIVE - INCOMPLETE STATEMENTS BY ASSISTANT U.S. ATTORNEYS
A. PAT. S. GENIS
B. KAREN MELNIK
C. R. BARRY ROBINSON

PAGE 11

III  FOR EXAMPLE

PAGES 12 - 28

4

IV    CONCLUSION

PAGES **28-31**

V    YES - HANDWRITTEN

PAGE **32**

VI    CERTIFICATE OF SERVICE

PAGES **33-37**

VII    EXHIBITS

PAGES **38-42**

5



I. PLAINTIFF-CREDITOR-ADVERSARY FEDERAL TORT CLAIMS ACT - PERSONAL INJURY CLAIMANT MICHAEL L. BUESGENS OPPOSITION TO PAT S. GENIS AND KAREN MEWIK AND R. BARRY ROBINSON ASSISTANT U.S. ATTORNEYS MISLEADING MISREPRESENTATIONS TO THIS COURT

1. BY REFERENCE SEE PAT S. GENIS-AUSA OPPOSITION TO CREDITOR-ADVERSARY BUESGENS MOTION FOR STIPULATION OF EVIDENCE AND FACTS OF WRONGDOING BY RELATED-CONNECTED PARTIES OF INTEREST

A. DOCUMENT 10 FILED: 7/13/2007
B. 1:07CV00859 RBW
     AND
2. SEE INTERVENOR MICHAEL L BUESGENS MOTION TO INTERVENE IN A RELATED
A. CIVIL ACTION 2:06CV0072 PPS-APR
B. TIGTA - FOIA - VAUGHN INDEX

6

3. SEE INTERVENOR-PLAINTIFF-ADVERSARY MICHAEL BUESGENS NOTICE OF APPEAL FOR CIVIL NO. 2:06CV00072PPS-APR TO THE SEVENTH CIRCUIT

4. DARYL STANLEY, PLAINTIFF

AND

MICHAEL L BUESGENS INTERVENOR

V.

5. J. RUSSELL GEORGE, INSPECTOR GENERAL - TIGTA DEPARTMENT OF THE TREASURY U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA - HAMMOND DIVISION

6. PAT S. GENIS - AUSA IN CIVIL NO. 2:06CV00072PPS-APR

7. CREDITOR BUESGENS HAS AN INTEREST IN THE TRANSACTION

A. FOIA - TIGTA

AND

B. TIGTA INVESTIGATION OF FORMER IRS EMPLOYEE MICHAEL BUESGENS

7

8. BY REFERENCE SEE CIVIL NO.
1. 05 CV 02334 RCL - U.S.
A. DISTRICT COURT - DISTRICT OF COLUMBIA
B. DEFENDANT
J. RUSSELL GEORGE - TIGTA

9. ORDERED TRANSFERRED - APPEALED
AND DENIED - NEVER TRANSFERRED.

10. 1: 05 CV 02334 RCL ORIGINATES
FROM CONTINUING VIOLATIOUS
A. EEO COMPLAINTS 2005

B. EEO # 05-2291
C. EEO # 05-2291 S
11. MARCIA H. COATES - DIRECTOR
DEPARTMENT OF THE TREASURY -
EQUAL EMPLOYMENT OPPORTUNITY
DIVERSITY - EEOS
AND
12. MICHAEL LYNO SALYARDS - IRS - GLS -
EEO ATTORNEY - DALLAS, TEXAS

13. KAREN MELNIK - AUSA

8



14. BY REFERENCE SEE CIVIL NO.
1:06 CV 01558 RCL - U.S.
DISTRICT COURT - DISTRICT OF COLUMBIA

15. KAREN MELNIK - AUSA    AND
16. MICHAEL LYNN SALYARDS - ATTORNEY
I RS - GENERAL LEGAL SERVICES -
GLS

17. R. BARRY ROBINSON - AUSA
RELATED    1:06 CV 01964 RBW

18. 1:06 CV 01558 RCL IS BUESGENS
FEDERAL TORT CLAIM THAT SUPPORTS
HIS PROOF OF CLAIM IN THE
A. BANKRUPTCY CASE 06-11164
B. ADVERSARY NO. 06-01248
C. ADVERSARY NO. 07-10008

19. THE FTCA ADMINISTRATIVE CLAIM -
NAMES THE FEDERAL AGENCY
EMPLOYEES THAT - AUSA PAT S.
GENIS SAYS HAVE NOTHING TO
DO WITH CIVIL NO.
1:07 CV 00859 RBW

9

20. KAREN MELOIK - AUSA

21. MICHAEL LYNN SALYAROS - IRS-GLS
AND
ATTORNEY

A. UNSERVED APPEARANCE IN CIVIL
MADE

B. NO. 1:06 CV 01558 RCL FOR
TRANSFER TO AUSTIN, TEXAS

22. 1:06 CV 01558 RCL WAS TRANSFERRED
TO ASSISTANT U.S. ATTORNEY

A. R. BARRY ROBINSON
AND BECAME

B. 1:06 CV 00967 LY-RP

C. JUDGE EARL LEROY YEAKEL, III

D. MAGISTRATE JUDGE ROBERT L.
PITMAN - AUSTIN, TEXAS

23. CASE CLOSED

10

# II. MISLEADING - MISREPRESENTATIONS - EVASIVE - INCOMPLETE STATEMENTS BY

1. ASSISTANT U.S. ATTORNEYS

   A. PAT S. GENIS
   B. KAREN MELNIK
   C. R. BARRY ROBINSON
   AND

2. IRS - GENERAL LEGAL SERVICES ATTORNEY
   MICHAEL LYNN SALYAROS
   AND

3. BANKRUPTCY ATTORNEY

   CHARLES R. NETTLES
   A. BANKRUPTCY CASE NO. 06-11164 FRM
   B. ADVERSARY NO. 06-01248 FRM
   APPEALS:
4. 1:07CV00127 LY
5. 1:07CV00156 LY-RP
6. 1:07 CV 00209 LY
   A. JUDGE EARL LEROY YEAKEL, III
   AND
   B. FIFTH CIRCUIT APPEAL OF CIVIL NO.
   1:07CV00156 LY-RP

11

**III** FOR EXAMPLE - AUSA PAT S. GENIS OPPOSITION TO STIPULATION TO CIVIL NO. 1: 07CV00859RBW DOCUMENT 10 FILED: 7/13/07

1. PAT S. GENIS SAYS BUESGENS IS CHALLENGING ASPECTS OF A BANKRUPTCY PETITION - 06-11164

2. BUESGENS IS NOT CHALLENGING ASPECTS HE IS CHALLENGING SUBSTANTIVE FAILURES TO APPLY THE BANKRUPTCY CODE

3. FOR EXAMPLE :

A. BANKRUPTCY JUDGE FRANK R. MONROE (AND)

B. BANKRUPTCY JUDGE S. MARTIN TEEL

4. DO NOT HAVE THE JURISDICTION TO RULE ON BUESGENS PERSONAL INJURY - FTCA TORT CLAIM

12

5.    DONALD RAY THAWLEY, JR - I.R.S. SUPERVISOR VOLUNTARY CHAPTER 7. - BANKRUPTCY CASE NO. 06-11164 FILED: 7/31/06

A.    CONTAINS LIES
B.    FOR EXAMPLE
C.    DONALD RAY THAWLEY, JR
      AND
D.    BANKRUPTCY ATTORNEY

6.    CHARLES R. NETTLES FAILED TO NOTIFY THE COURT OF BUESGENS FTCA ADMINISTRATIVE CLAIM AND PENDING CIVIL ACTIONS AGAINST DONALD RAY THAWLEY, JR - ET. AL.

7.    BUESGENS WAS NOT NOTIFIED OF THE BANKRUPTCY FILING. DESPITE THE FACT THAT ASSISTANT U.S. ATTORNEY R. BARRY ROBINSON WAS WELL AWARE OF DONALD RAY THAWLEY, JR BANKRUPTCY FILING

13

8. CREDITOR BUESGENS WAS NOT NOTIFIED OF THE 341 CREDITORS MEETING

9. RANDOLPH OSITELOW - CHAPTER 7 TRUSTEE BANKRUPTCY NO. 06-1116Y FAILED IN HIS DUTIES FOR EXAMINATION AND REFUSED TO INVESTIGATE. DESPITE BUESGENS REQUEST FOR THIS.

10. DONALD RAY TAWNEY, JR I.R.S. SUPERVISOR

AND

A. BANKRUPTCY ATTORNEY

B. CHARLES R. NETTLES

FAILED

11. TO FILE THE REQUIRED FORM 23 - CERTIFYING FINANCIAL MANAGEMENT COURSE

12. BUESGENS MADE MANY COMPLAINTS ABOUT THIS. BEGINNING IN OCTOBER, 2006

14



13. BANKRUPTCY ATTORNEY FINALLY FILED AN UNTIMELY FORM 23 ON JANUARY 18, 2007

14. SEE R BARRY ROBINSON, AUSA BEHIND THE SCENES MANIPULATION
  A. OF BANKRUPTCY NO. 06-11164
  B. ADVERSARY NO. 06-01248
  C. ADVERSARY NO. 07-10008

15.                    IN
  COORDINATION AND CONSOLIDATION
  A. OF CIVIL NO. 1:06CV00967LY-RP
  B. FTCA TORT CLAIM

16. PAT S GENIS - AUSA AND CHARLES NETTLES
  A. 1:07 CV 00859 LY
  B. OPPOSITION TO STIPULATION

17. MORE MISREPRESENTATIONS FOR EXAMPLE:

18. THE ISSUE IS FAILURE TO REASSIGN - REFUSAL TO REASSIGN BJESCENS PER OPM AND EEOC REGULATIONS

15

19. BUESGENS CLAIM IS UNDER THE REHABILITATION ACT OF 1973, AS AMENDED NOT AMERICANS WITH DISABILITIES ACT

20. BUESGENS DID NOT FAIL TO ESTABLISH JURISDICTION AT U.S. BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA

21. JUDGE S. MARTIN TEEL RULED ON BUESGENS PERSONAL INJURY FTCA - TORT CLAIM IN ADVERSARY NO. 07-10008

22. BUESGENS CROSSCLAIM IS THIRD PARTY PRACTICE FOR THE CLAIMS MADE AGAINST BUESGENS BY BANKRUPTCY ATTORNEY

A. CHARLES R. NETTLES
B. IN COLLUSION WITH AUSA
R. BARRY ROBINSON IN CIVIC
C. NO. 1:06CV00967L-1-RP

16

23. PAT S. GENIS - KAREN MELNIK
MICHAEL L. SALYNROS - R. BARRY ROBINSON
CHARLES R. NETTLES
OPPOSITION
TO
STIPULATION
FOR

24.
A. IMPROPER ACTIONS IN TEXAS
B. ALLEGED TO ONLY OCCUR INT TEXAS

25.                IS
ANOTHER MISREPRESENTATION OF
THE FACTS

26. SEE CIVIC NO.S.
A. 1: 05 CV 02334 RCL
B. 1: 06 CV 01558 RCL

            AND
27. ALL OF BUESGENS EMPLOYMENT
RECORDS WERE IN WASHINGTON
DC - AT OFFICE OF PERSONNEL
MANAGEMENT UPON HIS RETIREMENT

A. INVOLUNTARY DISABILITY RETIREMENT
B. WRONGFUL TERMINATION
            ON
C. MARCH 7, 2005

17

28. HOWEVER AUSA KAREN MELNIK TOLD THE COURT THAT ALL BUESGENS RECORDS WERE IN TEXAS

29. THERE ARE MANY IMPROPER ACTIONS TAKEN AGAINST BUESGENS IN WASHINGTON, D.C.

30. SEE RESPONDENT SUPERIORS AND FEDERAL AGENCY EMPLOYEES ADVERSE ACTIONS IN WASHINGTON, DC.

31. FOR EXAMPLE:

32. MARCIA H. COATES - DIRECTOR EEOD - DEPARTMENT OF THE TREASURY 1:05CV0233YRCL - EEO #05-2291S

33. J. RUSSELL GEORGE - INSPECTOR GENERAL - TIGTA
A. 1:05CV0233YRCL
B. 1:06CV01558RCL
C. FOIA - TIGTA INVESTIGATION

18

34.
   OPM - KAY COLE JAMES
A. OVERSIGHT FAILURES FOR REASSIGNMENT AND OPM - IRS VACANCY ANNOUNCEMENTS
B. 1:05CV0233 4RCL
C. 1:06CV01558 RCL
D. U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

35.
   EEOC - CARI DOMINGUEZ FAILURES AND EEOC OVERSIGHT OF SPECIAL PLACEMENT AUTHORITY FOR REASSIGNMENT

36.
   IRS - COMMISSIONER MARK EVERSON FAILURES TO OVERSEE IRS SUPERVISORS ACTING OUTSIDE THE SCOPE OF THEIR OFFICIAL DUTIES

37.
38.
   JOHN W. SNOW - HENRY PAULSON OVERSIGHT RESPONSIBILITIES FOR DEPARTMENT OF THE TREASURY EMPLOYEES ACTING OUTSIDE THE SCOPE OF THEIR OFFICIAL DUTIES

39. PAT S. GENIS TELLS US WHAT THE ESTATE WAS IN BANKRUPTCY CASES

40. DONALD RAY TOONEY, JR AND

41. BANKRUPTCY ATTORNEY AND CHARLES R. NETTLES
   A. TELL US
   B. THIS IS A NO ASSET CASE

42. THE I.R.S. HAS ASSETS

43. THE DEPARTMENT OF THE TREASURY HAS ASSETS

44. FINANCIAL MANAGEMENT SYSTEM
   A. FMS HAS THE
   B. JUDGMENT FUND

45. INDIVIDUAL FEDERAL AGENCY EMPLOYEES ACTING IN COLLUSION AND CONSPIRACY AND OUTSIDE THE SCOPE OF THEIR OFFICIAL DUTIES HAVE ASSETS FOR JUDGMENT

20

46    PAT S. GENIS
A.    MICHAEL LYNN SALYARDS
B.    KAREN MEWIK
C.    R. BARRY ROBINSON

47.    LIKE
       REASONABLE ACCOMMODATION

48     DON'T LIKE
       REASSIGNMENT DENIAL

49.    LIKE
       AMERICANS WITH DISABILITIES ACT

50.    DON'T LIKE
       REHABILITATION ACT OF 1973, AS
       AMENDED

       SEE PAGE 4    DOCUMENT 10
       1:07CV00859 RBW

51     TITLE CHILDREN AND PUBLIC
       RECORDS COMPLAINT BY
       PAT S. GENIS

52.    THOSE CHILDREN ARE ADULTS
53.    THOSE IRS EMPLOYEES ARE
       THE PRIMARY TORT FEASORS IN
       FTCA - TORT CLAIM
                    21

54. PAT S. GENIS - AUSA - COMPLAINS OF UNWARRANTED INVASION INTO PERSONAL PRIVACY OF THE PRIMARY TORTFEASORS

55. WHO CAN HIDE BEHIND U.S. ATTORNEYS - FEDERAL AGENCIES AND UNITED STATES OF AMERICA INC.

56. CONTINUE TO VIOLATE THE REHABILITATION ACT OF 1973, AS AMENDED
   A. EEOC REGULATIONS
   B. OPM REGULATIONS

57. FEDERAL AGENCY EMPLOYEES ACTING OUTSIDE THE SCOPE OF THEIR OFFICIAL DUTIES DO NOT HAVE A RIGHT TO PRIVACY FROM

58. READILY AND EASILY AVAILABLE PUBLIC RECORDS

22

59 ALL OF THESE FEDERAL AGENCY
EMPLOYEES AND BANKRUPTCY
ATTORNEY
        CHARLES R. NETTLES - ET. AL.
60.
            ARE
PARTIES OF INTEREST IN THIS
CIVIL NO. 1:07CV00859 RBW
FOR JUST ADJUDICATION OF
CLAIMS.

61. THEY ARE PROPER DEFENDANTS
AND WERE INCLUDED IN BUESGENS
FTCA - TORT - ADMINISTRATIVE
CLAIM.

62. CREDITOR - ADVERSARY MICHAEL
L. BUESGENS THIRD PARTY
PRACTICE IS PROPER AGAINST
CHARLES R. NETTLES, ET. AL.
63.        BASED
ON THEIR CLAIMS AGAINST HIM

64. FOR EXAMPLE
  A.   SANCTIONS AND ATTORNEY FEES
  B. BANKRUPTCY CASES
  C. BANKRUPTCY APPEALS
            23

65. THE ATTORNEYS MISCONDUCT
    IN BANKRUPTCY CASES
66.                    IS
    A. DIRECTLY RELATED TO
    B. CIVIL NO. 1:06CV01964RBW

67.          BUESGENS
                V.
    A. R. BARRY ROBINSON AUSA
    B. CHARLES E. BROWN
       EVICTION ATTORNEY    ET. AL.


68. CIVIL NO. 1:06CV01964RBW
                AND
    A. DIRECTLY RELATED TO
       HOUSING DISCRIMINATION
                    AT
    B. FALCON RIDGE APARTMENTS
                WHERE
69.
    A. I.R.S. EMPLOYEES LIVE
    B. POLLUTING THE WELL WITH
       THEIR TALK ABOUT BUESGENS
       MEDICAL DISABILITY - BIPOLAR
                24

70. FOR EXAMPLE:
   A. DORIENNE BONILLA
   B.    FORMER
      I.R.S SUPERVISOR
   C.      FOR
      MICHAEL L BUESGENS
         AND
71. FORMER TENANT AT FALCON
   RIDGE APARTMENTS IN 2003
   APARTMENT 734
    500 EAST STASSNEY
   AUSTIN, TEXAS 78745

72.  LOCATED ONE MILE FROM
         IRS.
      AUSTIN COMPLIANCE CENTER
     1821 DIRECTORS BLVD
      AUSTIN, TEXAS 78744
   A. DONALD RAY THOMEY, JR
   B. MARTHA SCITANINAS
   C. ANNA S. MEDLOCK
   D. NANCY A SESSION
   E. CHARLES WASHINGTON, JR
   F. RICHARD R AUBY     ET. AL.
73. CHARLES G. HERNDON
   1:04 CR 00171 LY
            25

74. RODOLFO LIZCANO
    A. 1:03CV00661 SS
    B. WHISTLEBLOWER AT O.S.C.

75. SAME LOCATION - I.R.S.
    AUSTIN COMPLIANCE CENTER

76. CIVIL NO. 1:03CV00661 SS
    A.      RODOLFO LIZCANO - IRS.
                  V.
    B.    CHARLES G. HERNDON - I.R.S.
      FORMER IRS SUPERVISOR

77.          IS
        RELATED
              TO

78. CRIMINAL NO. 1:04CR00171LY-RP
    A. JUDGE EARL LEROY YEAKEL III
    B. MAGISTRATE JUDGE ROBERT PITMAN
       AUSTIN, TEXAS

79.          U.S.A
              V.
        CHARLES G. HERNDON

                  26

80. U.S. ATTORNEYS IN AUSTIN, TEXAS CUT A DEAL WITH FORMER IRS SUPERVISOR

A. CHARLES G. ITERNOON

AND

B. CRIMINAL DEFENSE ATTORNEY
BEN FLOREY JR
1800 GUADALUPE STREET
AUSTIN, TEXAS 78701
PHONE:
FAX:

C. 1:04CR00171LY-RP

81. BECAUSE CHARLES G. ITERNOON HAD INFORMATION THAT WOULD HAVE SUPPORTED FORMER IRS EMPLOYEE RODOLFO LIZCANO WHISTLEBLOWER COMPLAINT

82. AT
I.R.S.
AUSTIN COMPLIANCE CENTER
1821 DIRECTORS BLVD
AUSTIN, TEXAS 78744

A. CHARLES WASHINGTON, JR - DIRECTOR
B. RICHARD R. AUBY, FIELD DIRECTOR

27.

THE FOREGOING IS RELATED TO
THIS CIVIL NO. 1:07CV00859RBW
AND
CIVIL NO. 1:06CV01964RBW
AND
TO PLAINTIFF MICHAEL L BUESGENS
FEDERAL TORT CLAIMS ACT

A PATTERN AND PRACTICE OF
MISCONDUCT AT IRS AND
SUPPORTED BY U.S. ATTORNEYS

# IV    CONCLUSION

1. THIS COURT DOES HAVE JURISDICTION
BUESGENS CASES HAVE BEEN
INTENTIONALLY BIFURCATED BY
MISLEADING - MISREPRESENTATIONS
TO THE COURT

2. JOINDER OF PARTIES AND CLAIMS
IS NEEDED FOR JUST ADJUDICATION
OF CLAIMS

28

3. THEIR IS A NEXUS AMONGST AND BETWEEN DEFENDANTS AND PARTIES OF INTEREST AND U.S. ATTORNEYS AND PRIVATE ATTORNEYS

4. THAT IS DIRECTLY RELATED TO THE CENTRAL ISSUES OF EMPLOYMENT DISCRIMINATION

5. HOUSING DISCRIMINATION

6,7. RETALIATION

8. DENIAL OF REASSIGNMENT DENIAL OF REASONABLE ACCOMMODATION

9 WRONGFUL TERMINATION OF EMPLOYMENT

10. WRONGFUL TERMINATION OF APARTMENT LEASE CONTRACT

11. INVOLUNTARY DISABILITY RETIREMENT

12. WRIT OF POSSESSION EXECUTED ON JULY 6th 2006 AT 10:00 AM

13 FALCON RIDGE APARTMENTS

29

14. ALL OF BUESGENS MEDICAL RECORDS

AND

15. FEDERAL COURT EVIDENCE
16. ADMINISTRATIVE CLAIMS
17. COURT FILINGS

18. 10 BOXES
19. WERE STOLEN AND REMOVED FROM MICHAEL L BUESGENS ON JULY 6, 2006 - 10:00 AM

AT

20. FALCON RIDGE APARTMENTS
APARTMENT 1023
500 EAST STASSNEY LANE
AUSTIN, TEXAS 78745

21. WHILE BUESGENS WAS AT HIS DOCTORS OFFICE FOR A 10:00 AM APPOINTMENT

22. J. REX WIER, M.D.
PSYCHIATRIST
3724 JEFFERSON ST. SUITE 111
AUSTIN, TEXAS 78731
PHONE: 512-452-0109
FAX: 512-452-2706

30

23. BUESGENS WAS ADMITTED TO SETON SHOAL CREEK HOSPITAL ON JULY 6, 2006 FOR TREATMENT OF MEDICAL DISABILITY BIPOLAR

24. AND DISCHARGED ON JULY 12, 2006

25. ALL HE HAD WAS THE CLOTHES ON HIS BACK

26. EVERYTHING ELSE IS GONE.

27. AND NOBODY KNOWS WHERE IT IS GONE TO

28. THATS RIGHT NOBODY KNOWS NOTHIN

RESPECTFULLY SUBMITTED

Michael E Buesgens

MICHAEL E BUESGENS

JULY 16, 2007

31

1:07 CV 00859 RBW
RELATED
1:06 CV 01964 RBW

V

YES BUESGENS DOCUMENTS
ARE HANDWRITTEN

BUESGENS DOES NOT HAVE A
TAXPAYER FUNDED SECRETARY
THAT HE CAN

BARK OUT ORDERS TO

PRO SE AND PRIVATE ATTORNEY
GENERAL MICHAEL L BUESGENS
ARE
THE DIRECTORS OF THIS COMPLEX
MULTI-DISTRICT LITIGATION
AND
THEY ARE THE GARBAGE
HAULERS TO.

32

1:07CV00859 RBW

## VI  CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE
COPY OF THIS RESPONSE
TO U.S. ATTORNEYS OPPOSITION
TO STIPULATION WAS SERVED
BY FIRST CLASS MAIL ON THIS
18 TH DAY OF JULY, 2007

ADDRESSED **TO** :

1.   CHARLES R. NETTLES
     BANKRUPTCY ATTORNEY
2.   RANDOLPH OSHEROW - TRUSTEE
     CHAPTER **7** - 06 - 11164 FRM
3.   R. BARRY ROBINSON , **AUSA**
 A.  1:06CV00967 LY
 B.  ADVERSARY NO. 06-01248
 C.  ADVERSARY NO. 07-1008
     1524 SOUTH IH 35, SUITE 233
     AUSTIN, TEXAS

33

4.    PAT S. GENIS
A.      2: 06 CV 00072
B.      1: 06 CV 01964 RBW
5     ELIZABETH KARMAN
        4: 06 CV 01399
6.      KAREN MELVIK
        1: 05 CV 02334 RCL
7.      MICHAEL LYNN SIMMONS
        1: 06 CV 01558 RCL
8.      R. BARRY ROBINSON
A.      1: 06 CV 00967 LY - KP
B.      1: 05 CV 00243 SS
C.      HUD # 06-06-293-8
        FIFTH CIRCUIT # 06-60777
9.      U.S. ATTORNEYS OFFICE
        P.O. BOX 227
        WASHINGTON, DC. 20044

10.     CHARLES G HERNDON
11.     BEN FLOREI JR
        9901 BRIAR RIDGE DRIVE
        AUSTIN, TEXAS   78798
A.      1: 04 CR 00171 LY - KP - HERNDON
B.      1: 03 CV 00661 SS   - LIZCANO

34

12    MARTHA H SCHAUTALS ✓
      IRS   SUPERVISOR ✓
13    RONALD RAY TINNEY, JR - IRS
14    THOMAS J. THEIS - IR
15    MARGARET F WAITES - EEO
16    MELINDA LUNA ESTRADA - EEO
17    ANGELLA GOODEN-DOYLE - EEO
18    ROBERT I LEEKE - TIGTA
19    DENNIS COLLINS - TIGTA
20    DANIEL PARFITT - TIGTA
21    NINA S. MEDLOCK - IRS
22    NANCY A. SPOTSER SESSION - IRS
23    CHARLES WINSTINGTON JR - IRS
24    RICHARD R. AUBY - IRS ✓
25    ELGIN ACE HARDWARE

26    ACTING OUTSIDE THE SCOPE ✓
      OF THEIR OFFICING DUTIES
27    FEDERAL TORT CLAIMS ACT
28    REHABILITATION ACT OF 1973
29    EEOC REGULATIONS
30.   OPM REGULATIONS
      ELGIN ACE HARDWARE — SCHAUTALS ✓
      204 NORTH HWY 95
      ELGIN, TEXAS    78621

      35



31.    RUSSELL BOKELMAN –NTEU
A.    CHIEF STEWARD –CHAPTER 247
B.    EEOC # 360-2003-8286
       TIGTA INVESTIGATION
32.    BARBARA A. ATKIN –GENERAL COUNSEL
33.    DENNIS SCHNEIDER – ATTORNEY
34.    NATIONAL TREASURY EMPLOYEES
       UNION –NTEU
       1750   H STREET, NW
       WASHINGTON,  DC  20006

35.    CHARLES FANS BROWN;
A.     EVICTION ATTORNEY
B.     MEDICAL RECORDS – EVIDENCE
C.     VOIR DIRE
D.     HUD # 06-06-293-8 –DUAL FILED
E.     FIFTH CIRCUIT NO. 06-60771
F.     1:06 CV 01964 RBW

       3624 NORTH HILLS DRIVE
            B-100
       AUSTIN, TEXAS  78731

       512-346-6000
       FAX: 512-346-6005

                36

1:07CV00859 RBW
AND
RELATED
ASSOCIATED - AFFILIATED

Michael L Buessens
MICHAEL L BUESSENS
EXTENDED STAY AMERICA
3112 WINDSOR RD, #A322
AUSTIN, TEXAS 78703

512-339-6005 X 7958

FAX: 512-339-6099

MIKEBUESSENS@HOTMAIL.COM
JULY 16, 2007

37

1:07CV00859 RBW
AND
RELATED
1:06CV01964 RBW

# VII    EXHIBITS

1.    2:06CV00072 - PAT S. GENIS
   A.  FOIA - TIGTA - DOCUMENT 35
2.    PLAINTIFF BUESGENS MOTION TO
   A.  INTERVENE FILED 6/27/07
   B.  **NEVER** DOCKETED ✓

3.    NOW ON APPEAL TO SEVENTH
      CIRCUIT
4.    SEE **PAT S. GENIS** REPLY TO
      DARYL STANLEY - FOIA - TIGTA -
      INVESTIGATION

5.    SAME ISSUE BUESGENS HAS -
      TIGTA REFUSES TO RELEASE
      INFORMATION
6.            BUT
      BUESGENS WOULD **NEVER** BE
      ALLOWED - IN CAMERA

38

7. **TIGTA** DOCUMENTS RELEASED AND BUESGENS WITNESS VAUGHN INDEX
   A. 1:05CV0233YRCL
   B. 1:06CV01558RCL
   C. IGNORED
   D. OMITTED
   E. DELETED

**36**-PAGES **TIGTA** INVESTICATION ✓ OF MICHAEL L BUESGENS RIGHT IN THE MIDDLE OF HIS REASSIGNMENT REQUEST JANUARY - MAY, **2003**

8. **1:06CV00967LY+RP**
   A. JUDGE EARL LEROY YENKEL III
   B. MAGISTRATE JUDGE ROBERT PITMAN **AUSA**
   C. R. BARRY ROBINSON
   D. SUMMARY JUDGMENT

9. MR ROBINSON REPRESENTS ✓ EVERYONE ALL JOSERVED DEFENDANTS - PRIVATE AND GOVERNMENT 39

10.
A.  1: 06 CV 00967 LY-RP
    R. BARRY ROBINSON    AUSA
         SPEAKS
B.  DOCUMENT 71 - FILED: 6/12/2007
    5 - PAGES

11.  1:06 CV 00967 LY-RP
A.   1:06 CV 01558 RCL
B.   DOCUMENT 74   FILED: 6/29/2007

12.      MOTION TO DISMISS

A.   R. BARRY ROBINSON
B.   PAT S. GENIS
C.   MICHAEL LYNDSAYMROS
D.   KAREN MELNIK
E.   ELIZABETH KARPATI
F.   GERALD CONNELY CARRUTH
G.   DANIEL M. CASTILLO
H.   ASSISTANT U.S. ATTORNEYS

13.       SPEAK
     14 - PAGES

          40

14. 1:06CV00967LY-RP
  A. FTCA TORT CLAIM
  B. R. BARRY ROBINSON - DOCUMENT **74**

15. LIKES
  A. TITLE VII
  B. **HE DOESN'T LIKE**
     REHABILITATION ACT OF 1973,
     AS AMENDED
        **OR**
  C. OPM REGULATIONS

16. R. BARRY ROBINSON, **NUSA**
    **PATTERN AND PRACTICE** OF
    MISCONDUCT CONTINUES

17. SEE FIFTH CIRCUIT # **06-60777**
  A. HUD # 06-06-293-8 - **DUAL FILED**
  B. FILED: 8/23/2006

18. ROBINSON SHOWS UP ON 2/1/2007
19. **NO** RECORD
    FOR THIS PETITION FOR REVIEW

41

20.
A. 1:07CV00427 SS
JUDGE SAM SPARKS
AUSTIN TEXAS
B. OPINION AND ORDER
C. DOCUMENT 4 FILED: 6/21/2007

21. MICHAEL L BUESGENS IS BARRED
FROM FILING ANY FUTURE
ACTIONS IN ANY FEDERAL
COURT

11 - PAGES

22. 1:07CV00337 SS - BANKRUPTCY
JUDGE SAM SPARKS
BANKRUPTCY ATTORNEY
CHARLES R. NETTLES

MOTION TO INTERVENE
BY MICHAEL L BUESGENS
DENIED
DOCUMENT 9 FILED: 7/11/2007
2 - PAGES

23. PATS.GENIS COMPLAINT - DOCUMENT 10

42

IN THE UNITED STATES DISTRICT COURT FOR THE
THE NORTHERN DISTRICT OF INDIANA

DARYL STANLEY                        )
                                     )    No. 2:06-cv-072 ✓
            Plaintiff,               )
                                     )    *HAMMOND DIVISION*
v.                                   )
                                     )    *DOCUMENT 35*
UNITED STATES DEPARTMENT OF          )    *FILED: 3/30/2007*
THE TREASURY,  *TIGTA*               )    *PAT S. GENIS -AUSA*
                                     )    *FOIA -TIGTA*
            Defendant.               )

*6-PAGES*                       **REPLY**

This is action under the Freedom of Information Act, in which plaintiff seeks to

obtain documents the Internal Revenue Service is withholding, in whole or in part,

pursuant to exemption 7(C).     *BUESGENS FILED MOTION TO*
                                          *INTERVENE*
                 BACKGROUND AND DISCUSSION  *ON 6/27/2007*

1. <u>Background</u>.  Plaintiff filed this suit on February 27, 2006.  (PACER #1.)  The

United States filed a motion for summary judgment on May 19, 2006, which plaintiff

opposed on June 19, 2006.  (PACER #9 & 12.)  On January 3, 2007, the Court denied the

United States' motion for summary judgment, and ordered the United States to file

under seal the 32 pages of documents being withheld within 30 days.  (PACER #23.)  The

United States filed the 32 pages of documents under seal on January 29, 2007.  (PACER

#24 & 25.)  *MOTION WAS NEVER DOCKETED*

2. <u>Status of the case</u>.  Pending before the Court is the United States' renewed

motion for summary judgment, which was filed on February 20, 2007 and plaintiff's

renewed opposition, which was filed on March 21, 2007.  (PACER #32 & 34.)  Both

*CASE CLOSED: 7/9/2007*
*SEE BUESGENS APPEAL TO SEVENTH*
*CIRCUIT*

renewed pleadings are identical to the motion for summary judgment and opposition which the parties previously filed.

3. <u>Reply to plaintiff's opposition to the United States' motion for summary judgment.</u> Many of plaintiff's arguments opposing the United States' motion for summary judgment are now moot or immaterial due to the Court's decision to review the withheld documents *in camera*.[1]  Thus, the Court can decide, based on its review of the documents, whether the United States has properly withheld these documents under exemption 7(C).  The United States here makes two points about plaintiff's opposition; in all other respects the United States relies upon its renewed motion for summary judgment.

_____

[1] Plaintiff argues that 1)  the United States overstates the scope of exemption 7(C) and has withheld more than merely identifying information of third parties; 2) that the FOIA does not protect unauthorized or illegal tactics; 3) that in camera review is appropriate; and 4) the new Treasury regulations are irrelevant.  Arguments 1 & 2 are discussed in this memorandum.  Arguments 3 and 4 are now moot and/or immaterial because the Court has the withheld documents for *in camera* review; and, plaintiff has received 137 documents as a result of the revised regulations.  (US Statement of Material Facts ¶11.)

In addition, plaintiff incorrectly asserts that the United States had a obligation to supply a *Vaughn* Index to support its disclosure exemption for each document withheld.  (Opp. at 4.)  An agency can meet its burden of proof to justify withholding documents by other means. *Miscavige v. IRS*, 2 F.3d 366 (11th Cir. 1993).  In a wide variety of contexts, courts have held that no *Vaughn* index is required where an agency meets its burden of proof with declarations which are detailed, focus on individual documents, and provide a factual basis for withholding each document at issue. *See, e.g., Minier v. CIA*, 88 F.3d 796, 803-04 (9th Cir. 1996); *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 11 (D.D.C. 1995); *Airline Pilots Association v. Federal Aviation Administration*, 552 F. Supp. 811 (D.D.C. 1982).  This issue is, of course, moot now because the Court has the documents for *in camera* review.

1.  Plaintiff is wrong that 7(C) protects only the identifying information of third parties. (*See* Pl. opp. at 2.)  Instead, exemption 7(C) protects from disclosure any records compiled for law enforcement purposes, if disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.  One of the cases plaintiff cites illustrates the scope of exemption 7(C).  In *Kuzma v. Internal Revenue Service*, the Court held that the Internal Revenue Service properly withheld under exemption 7(C), an exhibit "which detailed allegations of harassment of IRS employees by members of the tax protest movement." 775 F.2d 66, 68 (2d Cir. 1985).  Clearly, exemption 7(C) would protect from disclosure, not only the names and addresses of third parties, but also information provided by them, if the information is compiled for law enforcement purposes, and if disclosure could reasonably be expected to constitute an unwarranted invasion of privacy.

2.  Plaintiff is incorrect that the protection under exemption 7(C) is lost if there is "unauthorized or illegal investigative tactics." (Opp. at 3.)  Plaintiff cites two cases to support his argument; neither helps him.  In *Kuzma*, the Court found no indication of any illegal or unauthorized investigative tactics used against Kuzma. 775 F.2d at 69.  In *Kanter v. Internal Revenue Service*, 443 F.Supp. 812, 823 (N.D. Ill. 1977), the Court referred to an extensive court hearing that found that the investigation at issue "involved . . . action that was 'both purposefully illegal and an intentional, bad faith act of hostility

2356017.1

directed at constitutional rights.'"[2] Here, plaintiff does not allege that there were any illegal or unauthorized *investigative* tactics used against him. Rather, he asserts that an Internal Revenue Service employee coerced him into signing a Form 3040 and surrendering his offer-in-compromise deposit as conditions for approving plaintiff's offer-in-compromise. (*See* Opp. at 4.) Nor is there any reason to suspect, as was originally believed to be the case in *Kanter*, that the Internal Revenue Service acted in bad faith in conducting the investigation into the actions of its employee. (*See Kanter*, 433 F.Supp. at 823.)

## CONCLUSION

The United States has released to plaintiff all the documents to which he is entitled. The remaining documents responsive to plaintiff's FOIA request are being properly withheld, in whole or in part, under FOIA exemption 7(C) because they could reasonably be expected to constitute an unwarranted invasion of the personal privacy of

---

[2] Of course, the finding of the illegal conduct at issue in *Kanter* was subsequently reversed by the Supreme Court in *Payner v. United States*, 447 U.S. 727 (1980). Therefore, the holding in *Kanter* is probably *dictum*.

4

2356017.1

third parties. Since the Internal Revenue Service has fully complied with its FOIA

obligations, the Court should grant the United States' renewed motion for summary

judgment and dismiss plaintiff's complaint.

Dated: March 30, 2007.

JOSEPH S. VAN BOKKELEN
United States Attorney

/s/ Pat S. Genis
PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone/Fax: (202) 307-6390/514-6866
pat.genis@usdoj.gov

5

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that on March 30, 2007, the United States' REPLY was served in

accordance with the Court's ECF procedures, and also placed in the United States mail,

postage prepaid, and properly addressed to the following:

> Keith Wolak, Esquire
> PINKERTON AND FRIEDMAN
> PROFESSIONAL CORPORATION
> 9245 Calumet Avenue, Suite 201
> Munster, IN 46321-2807

> /s/   Pat Genis
> PAT S. GENIS

PAGE 6

6



# REFERRAL MEMORANDUM    *36 PAGES*

| 1. Address of Receiving Official | 2. Case Number |
|---|---|
| Internal Revenue Service<br>Attn: CIRCU<br>5 Spiral Drive, Suite 2<br>Florence, KY 41042-1395 | 64-0301-0002-I |
| | 3. Date Forwarded<br>FEB 19 2003 |

| 4. Title or Name of Subject: Employee ☒  Non Employee ☐ | 5. SSN | 6. Position and Grade *(IF IRSE)* |
|---|---|---|
| BUESGENS, MICHAEL L | | CONTACT REPRESENTATIVE GS-8 |

| 7. IRSE's POD and IRS Business Unit | 8. Supervisor's Name | 9. Supervisor's POD and Phone Number |
|---|---|---|
| AUSTIN, TX \ <eof> | Anna Medlock | Austin, TX: 512-460-1135 |

| 10. TIGTA Report of Investigation Forwarded for: ☒ Appropriate Action and Response ☐ Information Only – No Response Required |
|---|

| 11. Criminal Features or Judicial Action | 12. Related Case(s) |
|---|---|
| AUSA declined | none |

13. Remarks – include brief statement of nature of allegations, i.e., UNAX, disclosure, Section 1203, embezzlement, etc.

101 - VERBAL/WRITTEN THREAT TO IRSE (NON-1203)

| 14. Signature and Title of Approving TIGTA Official | 15. Address and Telephone Number of TIGTA Office Transmitting Report | 16. Telephone Number of Transmitting Official |
|---|---|---|
| *[signature]*<br>DANIEL PARFITT<br>SAC, Dallas Field Division | 4050 Alpha Road, 2nd floor<br>Dallas, TX 75244<br>972-308-1400 | Voice – VMS 972 308 1362<br>Fax - 972 308 1414 |

**Instructions to Labor Relations Office:** The information contained in the attached copy of a Report of Investigation (ROI) represents the results of an investigation conducted by the Treasury Inspector General for Tax Administration (TIGTA). The following are the instructions as they relate to the attached ROI and completion of this form:

- **The information contained in this ROI should be disseminated on a need-to-know basis only.**
- If Item 10 above indicates this report is being forwarded for "Appropriate Action and Response", after final adjudication has been issued by the deciding official, document the information requested in Items 17-21 and return this case to the Centralized Investigation Receipt and Control Unit (CIRCU), via overnight express, to 5 Spiral Drive, Suite 2, Florence, KY 41042.
- In Item 17, include the Nature of Action Taken and provide a copy of any applicable documentation (Clearance and Closed Without Action Letters, Admonishments, Reprimands, Proposal and Decision Letters, etc.) concerning the action taken.
- In Item 18, include the ALERTS issue code(s) and description.

| 17. Nature of Action Taken | 18. ALERTS Issue Code(s) and description. |
|---|---|
| ☐ Clearance Letter<br>☐ Closed without action letter/no letter<br>☐ Admonishment/Reprimand<br>☐ Suspension ___ days<br>☐ Reduction in grade<br>☐ Removal/termination<br>☐ Alternative discipline in lieu of suspension/reprimand<br>☐ Resigned, Retired, etc.  SF50 noted/not noted<br>☐ Other | |

| 19. Name and Title of Adjudicating Official | 20. Date Final Action is Proposed |
|---|---|
| | |

| 21. Name, Signature, Title and Office of Official Returning this | 22. Date Returned to TIGTA |
|---|---|
| | |



# REPORT OF INVESTIGATION

| Title (Name and address): | Type of Investigation: | Type of Report: |
|---|---|---|
| BUESGENS, MICHAEL L<br>7001 S CONGRESS AVE<br>APT D101<br>AUSTIN, TX 787455794 | 2 - EMPLOYEE<br>INVESTIGATION | ☒ Final<br>☐ Supplemental |

| Social Security Number: | | ☒ Employee ☐ Non-employee ☐ Former Employee |
|---|---|---|
| Date of Birth:<br>9/3/1950 | Date Entered on Duty:<br>10/22/1990 | Position and Grade:<br>CONTACT REPRESENTATIVE GS-8 |

Post of Duty: AUSTIN, TX    Division and Office: AUSTIN ACCOUNTS MANAGEMENT

Period of Investigation: January 6, 2003 to February 11, 2003    *DURING REASSIGNMENT*

## BASIS FOR INVESTIGATION

ANNA MEDLOCK, IRS Program Manager (Austin Accounts Management) reported that one of her employees, MICHAEL BUESGENS, had stated to EEO Counselor ANGELIA DOLE and EEO Manager MELINDA ESTRADA that, "They won't be happy when I have to come back in January." When asked if that was a threat BUESGENS stated, "yes." MEDLOCK stated that BUESGENS wanted to not take his annual use or lose leave, but have it reinstated in 2003 so that he could collect unemployment when he left the country.

## ALLEGATIONS

BUESGENS made a threat against IRS employees in violation of (1) Title 26 United States Code Section 7212, Attempts to interfere with administration of internal revenue laws, and (2) Title 18 United States Code Section 111, Assaulting, resisting, or impeding certain officers or employees.

## RESULTS OF INVESTIGATION

The investigation substantiated the allegation made against BUESGENS. Two IRS employees working for EEO witnessed BUESGENS make the threat on 10/18/02. Additionally, witnesses disclosed that BUESGENS has used inappropriate language in the workplace, and engaged in a screaming outburst toward his manager in October 2002.

*EEO TERRITORY MANAGER*
*MELINDA LUNA ESTRADA*

*EEO COUNSELOR*
*ANGELIA GOODEN-DOYLE*

| Distribution | No. | Case Number: | Signature of Special Agent Making Report: |
|---|---|---|---|
| Inspector General for Tax Administration | 1 | 64-0301-0002-I | *Robert Hale* 2/14/03 |
| Internal Revenue Service | 1 | Signature of Person Examining Report: | |
| Assistant U.S. Attorney | | *Dennis Collins* | |
| Other (Specify): | | Title:<br>Assistant Special Agent-in-Charge | Office(City):<br>ASAC, Austin |
| | | Division Office:<br>SAC, Dallas Field Division | Date of Report:<br>FEB 19 2003 |

TIGTA Form OI 2028 (Rev 05/2002)

Treasury Inspector General for Tax Administration

OFFICIAL USE ONLY

THIS DOCUMENT IS PROVIDED FOR OFFICIAL USE ONLY. ANY REQUEST FOR DISCLOSURE OR FURTHER DISSEMINATION OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO HEADQUARTERS, TREASURY INSPECTOR GENERAL FOR

## REPORT OF INVESTIGATION

| | EXHIBIT |
|---|---|
| ## DETAILS OF INVESTIGATION | |

On 10/18/02, BUESGENS had a meeting with EEO Counselor ANGELIA DOLE and EEO Manager MELINDA ESTRADA. During the meeting BUESGENS stated, "what kind of employee will I be when I come back after this"? Then he stated, "They won't be happy when I have to come back in January." ESTRADA asked BUESGENS if that was a threat and BUESGENS responded, "yes". Both DOLE and ESTRADA witnessed this threat. On 2/4/03, BUESGENS denied making this threat.

**1 – 4**

BUESGENS is disruptive in the office. His manager, MARHA SCHANHALS, has heard him state, "I can't stand that bitch." BUESGENS does not remember stating, "I can't stand that bitch." On 2/4/03, BUESGENS stated, "Who remembers that."

**4 – 5**

MEDLOCK reported that BUESGENS also made a comment about black women when he stated that nothing ever happens to them and that they are all overweight. On 2/4/03, BUESGENS stated that he never made this comment.

**4 – 5**

IRS employee MARK GASKAMP stated that MICHAEL BUESGENS brought a knife into work in 1999 or 2000. GASKAMP told BUESGENS to get the knife out of the building. The knife was a folding pocket type and was still in the box. BUESGENS brought the knife to the desk of GASKAMP. BUESGENS had ordered the knife through a catalog. BUESGENS used to bring catalogs with knives and guns to work.

**6**

On 2/4/03, BUESGENS stated that he did not recall if he ever brought a knife to work. BUESGENS does not know if it is possible that he ever brought a knife to work. He does not know if he ever showed a knife at work to anyone.

**5**

IRS employee MARY NICKOLSON stated that it is common for BUESGENS to have loud outbursts while at work. NICKOLSON witnessed BUESGENS yelling very loudly at his manager, MARTHA SCHANHALS in October 2002. NICKOLSON reported that SCHANHALS asked BUESGENS nicely not to yell at her, but BUESGENS continued to yell loudly at SCHANHALS for a couple of minutes. She became concerned and asked SCHANHALS if everything is ok. SCHANHALS replied yes. A second IRS employee, Confidential Witness "T" also heard this October 2002 incident. Confidential Witness "T" stated that BUESGENS has a problem controlling his anger.

**7 – 8**

On 2/4/03, BUESGENS stated that he rarely gets angry. Witnesses that see him angry can be wrong. He does not believe he gets angry. BUESGENS takes 25 milligrams of PAXIL a day for depression. He does not know whether the PAXIL affects his memory. He does not recall a history of memory loss.

**5**

| Case Title:<br>BUESGENS, MICHAEL L | Case Number:<br>64-0301-0002-I |
|---|---|
| TIGTA Form OI 2028 (Rev 05/2002) | Treasury Inspector General for Tax Administration |

Page 2

## OFFICIAL USE ONLY

THIS DOCUMENT IS PROVIDED FOR OFFICIAL USE ONLY. ANY REQUEST FOR DISCLOSURE OR FURTHER DISSEMINATION OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO HEADQUARTERS, TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION.

## REPORT OF INVESTIGATION

On 12/12/01, IRS acting workleader IDA OBAMWONYI wrote a written statement stating that BUESGENS had told her that this was "bullshit" and that if she was the workleader she needed to come up with better answers. OBAMWONYI further wrote, "At this time MICHAEL was yelling and I told him to step out of my cubicle." OBAMWONYI further wrote that BUESGENS again said "bullshit" and then walked away. In a written statement on 12/12/01, BUESGENS wrote, "I went to her desk and stated this was "bullshit." In the 2/4/03 interview with TIGTA, BUESGENS indicated that he does not get mad when his manager or team leader corrects his work and does not say that this is "bullshit" and refuse to cooperate.    5, 9 – 10

*DORIENNE BONILLA*

In the 2/4/03 interview with TIGTA, BUESGENS stated that there are people here that are out to get him and want to say things about him. There are different people here who would like to see him gone. BUESGENS did not want to mention any specific names. People here want to say things about me to stir up a problem. He does not have any idea for what purpose. He does not think he sounds paranoid. There are people here who want to make up rumors about other people, it's not just him. He hears hear rumors about people too that are not true.    5

Assistant United States Attorney (AUSA) ELIZABETH COTTINGHAM was briefed on the facts of the MICHAEL BUESGENS investigation. COTTINGHAM declined prosecution.    11

*ELIZABETH COTTINGHAM*
*R·BARRY ROBINSON*
*ROBERT L. PITMAN*
*GERALD CONLEY CARRUTH*
*1:04 CR00171LY*
*STEVEN BASS*
*U.S. TAX COURT 211-03*
*DANIEL M. CASTILLO*
*1:03 CV006615S*
*U.S. ATTORNEYS OFFICE*
*816 CONGRESS AVE, #1000*
*AUSTIN, TEXAS 78701*

| Case Title: | Case Number: |
|---|---|
| BUESGENS, MICHAEL L | 64-0301-0002-I |
| TIGTA Form OI 2028 (Rev 05/2002) | |

Page 3

Treasury Inspector General for Tax Administration

**OFFICIAL USE ONLY**

THIS DOCUMENT IS PROVIDED FOR OFFICIAL USE ONLY. ANY REQUEST FOR DISCLOSURE OR FURTHER DISSEMINATION OF THIS

# EXHIBIT LIST SHEET

| Exhibit Number | Description | Pages |
|---|---|---|
| 1 | Printout of an e-mail from MELINDA ESTRADA on threat made by BUESGENS | 5 |
| 2 | Memorandum of Interview of MELINDA ESTRADA | 6 |
| 3 | Memorandum of Interview of ANGELIA DOLE | 7 |
| 4 | Memorandum of Interview of MARTHA SCHANHALS and ANNA MEDLOCK | 8 |
| 5 | Memorandum of Interview of MICHAEL BUESGENS | 9 – 11 |
| 6 | Memorandum of Interview of MARK GASKAMP | 12 |
| 7 | Memorandum of Interview of MARY NICKOLSON | 13 |
| 8 | Memorandum of Interview of Confidential Complainant "T" | 14 |
| 9 | Written statement by IDA OBAMWANYI provided to MARTHA SCHANHALS | 15 |
| 10 | Written statement provided by MICHAEL BUESGENS to MARTHA SCHANHALS | 16 - 17 |
| 11 | Memorandum of Interview of ELIZABETH COTTINGHAM | 18 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Case Number: 64-0301-0002-I | Case Title: BUESGENS, MICHAEL |
|---|---|

**Leeke Robert J TIGTA**

| | |
|---|---|
| From: | Medlock Anna S [Anna.S.Medlock@irs.gov] |
| Sent: | Tuesday, December 17, 2002 8:48 AM |
| To: | Leeke Robert J TIGTA |
| Cc: | Schanhals Martha H |
| Subject: | FW: conversation |

Robert, here is the message.   Anna

-----Original Message-----
| | |
|---|---|
| From: | Medlock Anna S |
| Sent: | Friday, October 18, 2002 3:19 PM |
| To: | Estrada Melinda L |
| Cc: | Session Nancy A |
| Subject: | RE: conversation |

Melinda you need to report this to TIGTA.

-----Original Message-----
| | |
|---|---|
| From: | Estrada Melinda L |
| Sent: | Friday, October 18, 2002 2:58 PM |
| To: | Medlock Anna S |
| Subject: | conversation |

Anna,
I checked with Angelia, EEO Counselor about the discussion held with Mike B. today.  During the conversation, he said "what kind of employee will I be when I come back after this"?  However, when he stated "They won't be happy when I have to come back in January".  That's when I asked if that was a threat and he responded 'yes'.

*Melinda Estrada*
*EEO & Diversity, Field Territory Manager, Area 1*
*Austin, Texas*
*phone: 512-460-8050*
*fax: 512-460-7955*

# MEMORANDUM OF INTERVIEW
# OR ACTIVITY

| Type of Activity: | Date and Time: |
|---|---|
| ☐ Personal Interview<br>☒ Telephone Interview<br>☐ Records Review<br>☐ Other | 01/22/03 |

| Activity or Interview of: | Conducted by: |
|---|---|
| MELINDA ESTRADA<br>EEO Officer<br>Austin Submission Processing Center<br>512-460-8050 | Special Agent ROBERT LEEKE |
| | Location of Interview/Activity:<br>TIGTA Office, Room 1032<br>Austin Submission Processing Center |

Subject Matter/Remarks

MELINDA ESTRADA was informed that she was being interviewed as a third-party in an official Treasury Inspector General for Tax Administration (TIGTA) investigation. ESTRADA essentially the following:

ESTRADA was present in a meeting between EEO Counselor ANGELIA DOLE and IRS employee MICHAEL BUESGENS. ESTRADA heard BUESGENS state, "They won't be happy when I have to come back in January." ESTRADA asked BUESGENS if that was a threat. BUESGENS responded, "yes".

# MEMORANDUM OF INTERVIEW
# OR ACTIVITY

| Type of Activity: | Date and Time: |
|---|---|
| ☒ Personal Interview<br>☐ Telephone Interview<br>☐ Records Review<br>☐ Other | 12/17/02 |

| Activity or Interview of: | Conducted by: |
|---|---|
| ANGELIA DOLE<br>IRS EEO Counselor<br>Austin, Texas<br><br>*ANGELIA GOODEN-DOYLE* | Special Agent ROBERT LEEKE |
| | Location of Interview/Activity:<br>TIGTA Office, Room 1032<br>Austin Submission Processing Center |

**Subject Matter/Remarks**

IRS EEO Counselor ANGELIA DOLE stated essentially the following information:

During an EEO meeting with IRS employee MICHAEL BUESGENS, BUESGENS stated, "they won't be happy when I have to come back in January."  EEO Officer MELINDA ESTRADA was present when BUESGENS made this threat and ESTRADA asked BUESGENS if this was a threat.  BUESGENS replied, "yes".

Case Number:                    | Case Title:

# MEMORANDUM OF INTERVIEW
# OR ACTIVITY

| Type of Activity: | Date and Time: |
|---|---|
| ☒ Personal Interview<br>☐ Telephone Interview<br>☐ Records Review<br>☐ Other | 2/11/03 |

| Activity or Interview of:<br>Confidential Witness "T" | Conducted by:<br>Special Agent ROBERT LEEKE |
|---|---|
| *CONFIDENTIAL WITNESS T THERE ARE OTHERS FOR THIS TIGTA INVESTIGATION OF BUESGENS* | Location of Interview/Activity:<br>Conference Room #100<br>IRS Austin Customer Service Center |

**Subject Matter/Remarks**

Confidential Witness "T" was informed that he/she was being interviewed as a third-party in an official Treasury Inspector General for Tax Administration (TIGTA) investigation. Confidential Witness "T" read and signed Form 9142, Employee Notification Regarding Third Party Interviews. Witness "T" stated essentially the following:

"T" does not talk with IRS employee MICHAEL BUESGENS because BUESGENS makes him/her feel uncomfortable. BUESGENS has talked about his ability to do physical harm to people because of his weight lifting. BUESGENS likes to intimidate people and once displayed a firing range target of a person in his cubicle.

Around October 2002, BUESGENS started screaming very loudly at his manager MARTHA SCHANHALS. One of the statements BUESGENS yelled was, "you're trying to steal my money." SCHANALS asked BUESGENS not to yell at her, but BUESGENS continued his outburst. BUESGENS has a problem controlling his anger.

BUESGENS makes multiple trips to Columbia and the Far East. BUESGENS told a third party that he goes to these countries in order to have sex with children. "T" could not name the individual that he heard this allegation from, because he/she is afraid of BUESGENS and believes BUESGENS would physically harm him/her.

| Case Number:<br>64-0301-0002-I | Case Title:<br>BUESGENS, MICHAEL |
|---|---|
| TIGTA Form OI 2028-M  (Rev. 05/2002) | Treasury Inspector General for Tax Administration |

EXHIBIT N. 08

# MEMORANDUM OF INTERVIEW
# OR ACTIVITY

| Type of Activity: | Date and Time: |
|---|---|
| ☒ Personal Interview<br>☐ Telephone Interview<br>☐ Records Review<br>☐ Other | 12/17/02 |

| Activity or Interview of: | Conducted by: |
|---|---|
| MARTHA SCHANHALS  512-460-1960<br>ANNA MEDLOCK  512-460-1135 | Special Agent ROBERT LEEKE |
| | Location of Interview/Activity:<br>TIGTA Office, Room 1032<br>Austin Submission Processing Center |

Subject Matter/Remarks

IRS managers MARTHA SCHANHALS and ANNA MEDLOCK reported essentially the following information regarding employee MICHAEL BUESGENS:

BUESGENS was upset prior to going in non-duty status on October 4, 2002, because he wanted to have his use-or-lose annual leave rolled over so that he could collect unemployment when he left the country for Central America. BUESGENS had contacted the Commissioner's office regarding this subject. BUESGENS was informed of the policy on use-or-lose leave and told that he did not have a business related reason for not using his leave. BUESGENS became very angry over the matter and filed an EEO complaint on the leave issue.

The EEO counselor assigned to BUESGENS case was ANGELIA DOLE. BUESGENS told DOLE that they won't like it when I have to come back in January. DOLE asked BUESGENS if that was a threat and he replied, "yes".

BUESGENS is disruptive in the group and has trouble getting along with women. He has cursed in the office and SCHANHALS has heard his say, "I can't stand that bitch." MEDLOCK reported that BUESGENS also made a comment about black women when he said that nothing ever happens to them and that they are all overweight. BUESGENS has also brought a knife to work. BUESGENS travels to Central America each year when he is furloughed and will not provide any forwarding address. BUESGENS claims to have bi-polar disorder. BUESGENS worked at the Phoenix IRS office prior to transferring to Austin. BUESGENS is scheduled to come back to work on January 13, 2003.

*IS THIS TRUE ?*
*WHAT THEY SAY ABOUT BUESGENS*

| Case Number:<br>64-0301-0002-I | Case Title:<br>BUESGENS, MICHAEL | RLW 08 |
|---|---|---|

TIGTA Form OI 2028-M  (Rev. 05/2002)          RLW . 04   Treasury Inspector General for Tax Administration

# MEMORANDUM OF INTERVIEW
## OR ACTIVITY

| Type of Activity: | Date and Time: |
|---|---|
| ☒ Personal Interview<br>☐ Telephone Interview<br>☐ Records Review<br>☐ Other | 2/4/03, 8:30 AM |

| Activity or Interview of:<br>MICHAEL BUESGENS<br>Customer Service Representative<br>Austin Customer Service Center | Conducted by:<br>Special Agent ROBERT LEEKE |
|---|---|
| | Location of Interview/Activity:<br>Conference Room #150<br>Austin Customer Service Center |

Subject Matter/Remarks

BUESGENS read and signed Form 8111, Employee Notification Regarding Union Representation. BUESGENS read and signed Form 8112, Statement of Rights and Obligations. BUESGENS was provided and read Notice 417, Privacy Act Notice. BUESGENS was informed that the specific nature of the interview involved a threat. BUESGENS was placed under oath. National Treasury Employees Union (NTEU) Steward SALVADOR MACIAS attended the interview as the union representative for BUESGENS.

BUESGENS stated essentially the following:

*THREAT DID BUESGENS MAKE A THREAT?*

He never made the statement that they won't be happy when I come back. He did not care that there was two witnesses, he did not say that. Those were not his words and he does not recall what his words were. He was discussing his 71 hours of lose or use leave with EEO. He was trying to get his use or lose annual leave reinstated to 2003 through an EEO complaint. He was told he would have to put in a further claim with EEO. He did not think that EEO believed that he was entitled to have his use or lose leave reinstated.

BUESGENS felt that he had met the existentcy to have his use or lose leave extended until 2003. He could not draw unemployment compensation at the same time he was drawing use or lose leave. The IRS did not tell him that he could not use his use or lose leave. He believes that IRS criteria allow him to roll over his use or lose and that criteria is that it must be reasonable. He was shown a form that shows criteria for reinstating use or lose leave. He thinks EEO showed him the form. He believes that there is three criteria, and one is it has to be reasonable.

EEO was not helping him. EEO went in the direction that his request was not reasonable, but they did not come right out and do this. BUESGENS believes that he is entitled to unemployment compensation because he was laid off. He never took the 71 hours of use or

| Case Number:<br>64-0301-0002-I | Case Title:<br>BUESGENS, MICHAEL | P. 09 |
|---|---|---|

TIGTA Form OI 2028-M (Rev. 05/2002)

Treasury Inspector General for Tax Administration

## MEMORANDUM OF INTERVIEW OR ACTIVITY (continuation sheet)

lose leave. He refused to take the use or lose leave when he was told to take it so he lost the 71 hours. The IRS insisted he take the 71 hours on October 7, 2002. He filed a claim for unemployment on October 7, 2002, the first day of his layoff. He is still pursuing having his leave reinstated through EEO but he is not hopeful.

BUESGENS is not saying that the two witnesses who heard him make a threat were lying. He did not use the words that the two witnesses in EEO attributed to him. He did not recall the words he did use, but he definitely did not use those words. He did not know if the EEO witnesses were exhibiting any unusual behavior.

BUESGENS does not recall if he ever brought a knife to work. He does not know if it is possible that he ever brought a knife to work.  He does not usually carry a knife. He does not know if he ever showed a knife to work to anyone. He has never told anyone that he is good with a knife. He does not have a knife in his car.

BUESGENS owns guns, but has not brought them to work. He knows he never brought a gun to work, but does not know whether he brought a knife to work. He owns a 12-gauge shotgun and a 9mm Glock. The weapons are not in his car. He has a concealed weapons permit for those weapons.

BUESGENS sometimes gets mad a work and starts cursing. He does not believe this is appropriate behavior in the workplace. He cursed because he became angry and did not think what he was saying. He does not have an anger problem. He is not angry all the time, but sometime it happened. He does not remember why he was cursing at work. BUESGENS stated that he said "damn" or something, but did not consider that a "cuss" word.

BUESGENS does not remember saying "I can't stand that bitch." He stated, "Who remembers that." He does not think he has an anger management problem. BUESGENS takes PAXIL for depression. He takes 25 milligrams a day of PAXIL. He rarely gets angry. Witnesses that see him angry can be wrong. He does not believe he gets angry.

NTEU requested a short break in the interview, which was granted. After a short break, the interview resumed essentially as follows:

BUESGENS did not recall anything that he did not recall before. He cannot speak for other people and he does not know why they are saying this. There are people here that are out to get him and want to say things about him. There are different people here who would like to see him gone. He did not want to mention any specific names. People here want to say things about me to stir up a problem. He does not have any idea for what purpose. He does not think he sounds paranoid. There are people here who want to make up rumors about other people, it's not just him. He hears hear rumors about people too that are not true.

BUESGENS sees people get angry in the workplace all the time, but no one says anything. He sees managers get mad and swear. He does not know why they are making this issue for him. BUESGENS did not make the statement the EEO witness said he did, and he does not know that they are independent.

**IS THIS AN ACCURATE TRANSCRIPT ?**

| Case Number: | Case Title: | |
|---|---|---|
| 64-0301-0022-I | BUESGENS, MICHAEL | SEL 1 0 |

## MEMORANDUM OF INTERVIEW OR ACTIVITY (continuation sheet)

BUESGENS does not have problems with certain segments of the workplace. He never made the comment about black women that nothing ever happens to them and they are all overweight. That is not how he feels. He can't comment on whether the witnesses are mistaken or telling lies because he does not know what their state of mind is.

He does not get angry when his manager or team leader corrects his work. He does not say this is "bullshit" and I'm not going to do it. He did not say this even if there are several witnesses that say he did.

BUESGENS was informed that the facts did not indicate that he was being forthcoming during this interview and that a Report of Investigation would be completed detailing all the facts. BUESGENS was further informed that this was his chance to tell the truth and tell why he has said the things he said. The interview continued essentially as follows:

He does not recall any of those statements. He does not know whether the PAXIL affects his memory. He does not recall a history of memory loss.

MACIAS interrupted the interview and stated that the same questions were being asked over and over. MACIAS stated that there are employees by the hundreds and millions that make threats. MACIAS was informed that if threats are being made they need to be reported. MACIAS refused to give any names. MACIAS further stated that nobody gives names. MACIAS was informed that the interview would continue until all the questions had been asked. MACIAS was informed that he could leave, and that he could not disrupt the interview. MACIES was advised that if the employee leaves the interview he will be directed to return. MACIES stated that he does not know of any threats. MACIAS indicated that he would file on TIGTA for discrimination against a NTEU representative.

The interview continued essentially as follows:

BUESGENS does not recall making any threats at work. He has said "Hell" or "damn", but not any of the statements brought up in the interview. He does not have any intentions on making threats in the future. He has heard that making threats is against Federal law.

BUESGENS is not still angry about the 71 hours, he feels beaten down and depressed. He is not in the Employee Assistance Program. MACIES stated that he would get into the assistance options available for BUESGENS. BUESGENS declined to provide a written affidavit.

BUESGENS asked why he did not receive more notice of the interview. He stated that he was notified of the interview at 7:30 AM. BUESGENS was informed that he was provided a reasonable period of time. BUESGENS is not angry about being notified at 7:30 AM.

The interview was concluded. *TIGTA ROBERT J. LEEKE*

*IS THIS TRANSCRIPT ACCURATE ?*

| Case Number: | Case Title: | |
|---|---|---|
| 64-0301-0022-I | BUESGENS, MICHAEL | 11 |

# MEMORANDUM OF INTERVIEW
# OR ACTIVITY

| Type of Activity: | Date and Time: |
|---|---|
| ☒ Personal Interview<br>☐ Telephone Interview<br>☐ Records Review<br>☐ Other | 2/6/03 |

| Activity or Interview of:<br>MARK GASKAMP<br>IRS Manager<br>Austin Customer Service Center | Conducted by:<br>Special Agent ROBERT LEEKE |
|---|---|
|  | Location of Interview/Activity:<br>TIGTA Office, Room 1032<br>Austin Submission Processing Center |

Subject Matter/Remarks

GASKAMP was informed that he was being interviewed as a third-party witness in official Treasury Inspector General for Tax Administration (TIGTA) investigation. GASKAMP stated essentially the following:

IRS employee MICHAEL BUESGENS brought a knife into work in 1999 or 2000. GASKAMP told him to get the knife out of the building. The knife was a folding pocket type and was still in the box. BUESGENS brought the knife to the desk of GASKAMP. BUESGENS had ordered the knife through a catalog. BUESGENS used to bring catalogs with knives and guns to work. BUESGENS once brought some sort of listening device to work and would buy all types of gadgets.

BUESGENS has brought laser pointers to work, and gave GASKAMP one. BUESGENS once brought in a fired on target, which he displayed in his cubicle until he was told to remove it. GASKAMP has not worked with BUESGENS for two years and they do not socialize after work. BUESGENS talks to BILL NOLTE, JOHN KIRKLEY, and PETER SHAW at work.

GASKAMP has never heard BUESGENS make a threat, but BUESGENS does like to rattle cages at work.

| Case Number:<br>64-0301-0002-I | Case Title:<br>BUESGENS, MICHAEL | |
|---|---|---|
| TIGTA Form OI 2028-M (Rev. 05/2002) | | Treasury Inspector General for Tax Administration |

EXHIBIT DF. 06

# MEMORANDUM OF INTERVIEW OR ACTIVITY

| Type of Activity: | Date and Time: |
|---|---|
| ☒ Personal Interview<br>☐ Telephone Interview<br>☐ Records Review<br>☐ Other | 2/11/03 |

| Activity or Interview of:<br>MARY NICKOLSON<br>IRS employee<br>Austin Customer Service Center | Conducted by:<br>Special Agent ROBERT LEEKE |
|---|---|
| | Location of Interview/Activity:<br>TIGTA Office, Room 1032<br>Austin Submission Processing Center |

### Subject Matter/Remarks

NICKOLSON was informed that she was being interviewed as a third-party witness in an official Treasury Inspector General for Tax Administration (TIGTA) investigation. NICKOLSON read and signed Form 9142, Employee Notification Regarding Third Party Interviews. NICKOLSON stated essentially the following:

It is common for IRS employee MICHAEL BUESGENS to have loud outbursts while at work. The employees that have worked with him know how he is and try to stay away from him. BUESGENS is not assigned to her group at this time.

In October 2002, BUESGENS was angry about being furloughed and began yelling very loudly at his manager, MARTHA SCHANHALS. SCHANHALS asked BUESGENS nicely not to yell at her, but BUESGENS continued to yell loudly at SCHANHALS for a couple of minutes. She became concerned and asked SCHANHALS if everything is ok. SCHANHALS replied yes. NICHOLSON's desk is across from SCHANHALS.

| Case Number:<br>64-0301-0002-I | Case Title:<br>BUESGENS, MICHAEL |
|---|---|

TIGTA Form OI 2028-M (Rev. 05/2002)                                    Treasury Inspector General for Tax Administration

EXHIBIT № 07

# MEMORANDUM OF INTERVIEW
# OR ACTIVITY

| Type of Activity: | Date and Time: |
|---|---|
| ☐ Personal Interview<br>☒ Telephone Interview<br>☐ Records Review<br>☐ Other | 02/03/03 |

| Activity or Interview of:<br>ELIZABETH COTTINGHAM<br>Assistant United States Attorney (AUSA)<br>Western District of Texas | Conducted by:<br>Special Agent ROBERT LEEKE |
|---|---|
| | Location of Interview/Activity:<br>TIGTA Office, Room 1032<br>Austin Submission Processing Center |

Subject Matter/Remarks

Assistant United States Attorney (AUSA) ELIZABETH COTTINGHAM was briefed on the facts of MICHAEL BUESGENS investigation.  COTTINGHAM declined prosecution.

| Case Number:<br>64-0301-0002-I | Case Title:<br>BUESGENS, MICHAEL |
|---|---|

TIGTA Form OI 2028-M  (Rev. 05/2002)                              Treasury Inspector General for Tax Administration

FILE No.784 04/01 '03 14:45    ID:NARA                FAX:8168231383              PAGE   2/ 2

# ACKNOWLEDGEMENT OF RECEIPT

I have received a copy of the Office of Government Ethics (OGE) Government-Wide Standards of Ethical Conduct for Employees of the Executive Branch and a copy of the Self-Study Guide to those Standards. I am aware that it is my obligation to familiarize myself with their contents.


_MICHAEL L. BUESGENS_
Employee's Name (Please Print)


_Michael R Buesgens_          3-5-93
Signature                      Date


INTERNAL REVENUE SERVICE

EMPLOYMENT SECTION

37

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO                1853
CONNECTION TEL                      94601138
SUBADDRESS
CONNECTION ID
ST. TIME                09/26 14:47
USAGE T                 02'29
PGS.                      6
RESULT                  OK
```

8/23/2003 09:24 FAX                                              ☑004

---

## Tawney Donald R

**From:** Bokelman Russell D
**Sent:** Wednesday, May 21, 2003 4:54 PM
**To:** Tawney Donald R
**Cc:** Walker Edward F
**Subject:** Grievance #

**Importance:** High

The National Treasury Employees Union
Chapter 247                    UTEU

Date: May 21, 2003

To: Donald R. Tawney, Manager, IMF Adjustments Team 403

From: Russell D. Bokelman, Chief Steward, National Treasury Employees Union
Chapter 247, Stop 1702 AUSC

Subject: Request For Review Meeting on an Annual Appraisal in behalf of Benjamin S. Eureste, (Grievant)
Grievance #030-03.

This Grievance is filed in accordance with Article 12, Section 4(S) of the National Agreement (NA), Document
11678, (Rev. 08/2002).

### General Nature of the Grievance:

- Ben's performance rating on Critical Element, "Customer Satisfaction - Knowledge", aspect 2(C) was
rated as "met". I do not agree with this rating. I is apparent the manager simply copied the exact
language from my prior Annual Appraisal without any indication of being based on actual observation of
my performance.
- Ben's performance rating on Critical Element, "Business Results - Efficiency", for aspect's (A), (B), and
(C) were all rated inappropriately without being based on any direct observation or documented
performance. I do not agree with the ratings given on each individual aspect. In fact, the narrative used
in this current evaluation is an exact verbatim of the language used in the prior Annual Appraisal.



## NTEU Grievance Form

**Austin Customer Service Center**

RECEIPT ACKNOWLEDGED
SIGNATURE:
DATE:

**Grievant**: Michael L Buesgens     **Date**: September 18, 2003

Grievance #056-03

**General Nature of the Violation(s)**: Michael Buesgens receipted a Letter of Admonishment from Manager Don Tawney on September 5, 2003. The NTEU Representative listed below has been designated by the employee to represent them in this matter. I request to be furnished a copy of that portion of all documents which contain the evidence relied on by the Employer which form the basis for the reasons and issuance of the Letter of Admonishment. This is requested in accordance with Article 38; Section 3(a) & (b). This grievance is filed under Article 41 of the National Agreement.

**Articles (and Sections) Violated**: Preamble iii; Article 38; Section 1(c), (e), (f), (g), Section 2, Section 9; and Exhibit 5-5. We also allege violations of Laws, Rules and Regulations related to this grievance.

**Remedies**: We request the removal of the Letter of Reprimand from the employee's file and reinstatement of Bank Time used in the preparation of this grievance. Aside from those remedies specifically mentioned in this grievance, we also request any other remedy deemed appropriate by proper authorities.

**Union Representative**: Russell Bokelman   Telephone Number: 460-0833

RUSSELL BOKELMAN
EEOC # 360-2003-8286X
DONALD RAY TAWNEY, JR
THOMAS J. THEIS - LR-IRS

# FAX Transmission
# Cover Sheet

Date: 9-18-03 ✓

**To:** Mary Murrey                    Mail Stop: _____

Address/Organization: Labor Relations

FAX Number: 499-5303 -        Office Phone: 499-5450

**From:** Anna Medlock ✓

Address/Organization: AM: OP2: D4        Mail Stop: 6570 AYSC

FAX Number: 460-1007        Office Phone: 460-1135

Number of pages: 2        Including cover sheet

Per our telephone conversation — MB

Grievance
Mike — Admonish
Don Tawney ✓

Please visit us on the Intranet at **http://publish.n**
product published by the Internal Revenue Service.
**www.irs.gov** to obtain current information about IR

tionally numbered
RS homepage at

This communication is intended for the sole use of the i
privileged, confidential and exempt from disclosure unde
recipient or the employee or agent for delivering the communication to the intended recipient, you are hereby notified that any
dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication
in error, please notify the sender immediately by telephone call, and return the communication at the address above via the United
States Postal Service. Thank you.

formation that is
applicable law. If the reader of this communication is not the intended

Form **10321** (Rev. 5-1999)        Catalog Number 23436C        Department of the Treasury-Internal Revenue Service
(www.irs.gov)

## GRIEVANCE CASE CONTROL HISTORY SHEET

EMP'S NAME _Michael Buesgens_    LRS _Mary Murray_
SUBJECT _Diciplinary action_    ARTICLE _38_
STEWARD _Russell Bokelman_    MGR. _Don Tawney_
PHONE _460-1164_

| DATE | ACTION TAKEN | INITIALS |
|---|---|---|
| 9/23/03 | set up file / central alerts | MM |
| 9/29/03 | Discussed G. Ullmer + emailed J. & A Re: Evidence problem with ? on remedy (Arbmon vs VOR?) | MM |
| 10/1/03 | Spoke w/ Dennis Collins - ok to release MRU Including CI page w/ Informant "T" File to be delivered to NTEU 10/2/03 | MM |
| 10/31/03 | Don Tawney called to confirm that could be discussed in the grievance interview since 2 of the incidents are scheduled for an EEO hearing Dec 16th. Employee cannot have a grievance and an EEO complaint filed on the same incident at the same time. Limit discussion to the incident not in the EEO complaint. | tm |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## Murray Mary (LR)

| | |
|---|---|
| **From:** | Murray Mary (LR) |
| **Sent:** | Wednesday, September 24, 2003 7:38 AM |
| **To:** | Collins Dennis D TIGTA |
| **Subject:** | FW: Report of Investigation (ROI) |
| **Signed By:** | (There were errors displaying the signers of this message, please click on the signature icon for more details.) |

*DENNIS COLLINS - TIGTA*

Dennis,

Can you assist us in getting the ROI back? See below.  We do not maintain copies of ROI's (the evidence we need to release).

Thanks, Mary

-----Original Message-----
**From:** King Donna S CIRCU
**Sent:** Wednesday, September 24, 2003 7:07 AM
**To:** Murray Mary (LR)
**Cc:** Lightsey Vickey M; Hoppenjans Susan C CIRCU
**Subject:** RE: Report of Investigation (ROI)

Case number 6403010002I was received in CIRCU on 9/11/03 and forwarded back to TIGTA on 9/16/03.  We do not have a copy of the case.  You will need to go back to TIGTA to get the information you need.

I am sorry I could not provide what you need.
Donna

-----Original Message-----
**From:** Murray Mary (LR)
**Sent:** Tuesday, September 23, 2003 5:
**To:** King Donna S CIRCU
**Cc:** Lightsey Vickey M
**Subject:** Report of Investigation (ROI)
**Importance:** High

Hi Donna,

On 9/11/03 your office (Mike Neer) receipt
Case # 64-0301-022-1.  I am in need of tha
disciplinary action.  Dennis Collins, TIGTA
release the information in the report.  There

Please route the ROI back to our office.

*THOMAS J THEIS*
Labor Relations Section
Stop 1500 AUS, Room 776
Attn: Mary Murray
300 E. 8th Street
Austin, Texas 78701

*Donna A*
*left mess*
*w/ Dennis (TIGTA)*
*( VM )*

*Regarding*
*OK to release*
*ROI Info 9-23-03*

If you have any questions, I can be reached at the number below.

Page 2 of 2

*Mary Murray*

Mary Murray
Labor Relations Specialist
Stop 1500 AUS
☎ (512) 499-5450 office
(512) 499-5303 fax

THOMAS J. THEIS
EEOC # 360-2003-82864
HEARING : 12/16/2003

Page 1 of 1

## Murray Mary (LR)

**From:** Bokelman Russell D
**Sent:** Wednesday, September 24, 2003 9:32 AM
**To:** Murray Mary (LR)
**Cc:** Tawney Donald R; Walker Edward F
**Subject:** RE: Request for Evidence Relied Upon / #056-03

Mary,
    Thanks for the reply. Yes - a typo. Will correct to Letter of Admonishment.
Russell Bokelman
NTUE Chapter 247
Chief Steward

        -----Original Message-----
        **From:** Murray Mary (LR)
        **Sent:** Tuesday, September 23, 2003 12:04 PM
        **To:** Bokelman Russell D
        **Cc:** Tawney Donald R
        **Subject:** Request for Evidence Relied Upon
        **Importance:** High

        Good-afternoon Russell,

        I am in receipt of the grievance you filed on behalf of Michael Buesgens. I have requested for our
        support staff to photocopy all evidence relied upon for release. I should have it and the appropriate
        memo ready for release later this week. As soon as the information is released to you, Don will
        schedule the Step 1 meeting.

        **Question:** The nature of violation is regarding a _Letter of Admonishment_. The remedy requested is
        removal of a _Letter of Reprimand_. Was that a typographical/overlay error?

*Mary Murray*

Mary Murray
Labor Relations Specialist
Stop 1500 AUS
 (512) 499-5450 office
(512) 499-5303 fax

**TIGTA**

## Labor / Employee Relations Case Sheet
# CONTRACT

Specialist Name: _Murray_

Case No: _2003-19852_    Case Type _G_    Group Case _____

Employee Name: _Michael L. Burugens_    Org. Code: _7339340300000_

SSN: __. __ _____    Five Digit Org. Code: _C4003_

Case Code: _021_    Probationary: Y /(N)    Sub-Div: _Am Op 2 / Am Dept 4_

Received Date: _9-18-03_    Series/Grade: _MS_ - _962_ - _8_

Managers Phone No.: _(512) 460-1164_    Previous Discipline:(Y)/ N    (BU)/ NBU

Managers Name: _Don Tawney_    NPS: Y / N    Union Chapter: _247_

To Manager: _____    Tax Year(s): _____ _____ _____

Sexual Harassment: Y/(N)    Mgr.: Y /(N)    RNO: _____    EOD: _10/22/90_

Grievance Dates:  Step 1: _____    Step 2: _____    Step 3: _____

Proposed Disposition Code: _____
Disposition Code: _____    Closing Date: _____

ISSUE CODE: _063_ _____

## SPECIFICATIONS

| ART: | SEC: | SUB1: | SUB2: | OTHER: |
|------|------|-------|-------|--------|
| ART: | SEC: | SUB1: | SUB2: | OTHER: |
| ART: | SEC: | SUB1: | SUB2: | OTHER: |
| ART: | SEC: | SUB1: | SUB2: | OTHER: |
| ART: | SEC: | SUB1: | SUB2: | OTHER: |

## FACTS and ANALYSIS
### Who?  What?  Where?  When?  Why?  How?  Aggravating or Mitigating Circumstances?

| Event Code: | Date: | Event Code: | Date: |
|-------------|-------|-------------|-------|
| Event Code: | Date: | Event Code: | Date: |
| Event Code: | Date: | Event Code: | Date: |

_Employee is requesting removal of admonishment received Sept 5. 2003. NISU is also requesting_

```
Case Number: 2003-19852      Case Type: G

  SSN:                 Name: BUESGENS, MICHAEL L
  DOB:                 EOD: 10/22/1990   SCD: 12/19/1988  Ser/Gra: GS 0962-08
Supv: 8  BU: X  WS: G  OSC: 41 73 7339 34   GEO: 480330453
Union/Chpt 10-0247          W&I SERVICE CENTERS:AUSTIN ACCOUNTS MANAGEMENT:AM OPE

Host Site: 03440333  Austin LR Office
Case Code: 021 EMPLOYEE APPLICATION GRIEVANCE      Spec:mfmurr74    (512)499-5450
Recv Date: 09/18/2003   Entered: 09/23/2003         Mary F. Murray
   Origin: N   NOT A COMPLAINT      Affected Party:  99    NA
MultTax Yr:    Tax Yr(s):
  Prev Case: X   Alt Disc: Offered    Included?(Y/N)
  Mgr Name: TAWNEY, DON              Mgr Phone: (512)460-1164 Ext:
    Source:           Source ID:              Xref Case:
Prop Disp:                                    0
    Disp:                                     0 Close Date:
  Appeal:   Appeal Date:            Close Entered:
            Tot Accts: 0     Tot Access: 0    Attempt Access: 0

OSC TEXT:
    41      W&I SERVICE CENTERS
    73      AUSTIN ACCOUNTS MANAGEMENT
    7339    AM OPERATIONS 2
    34      AM DEPARTMENT 4

  ISSUES:                            Substantiated
    1. 063    DISCIPLINARY ACTION       [ ]

  CITATIONS: Art  Sect  Sub1 Sub2  Desc
           1.  38   1    C
           2.  38   1    E
           3.  38   1    F
           4.  38   1    G
           5.  38   9           EXHIBIT 5-5

  FACTS:    1.  EMP IS REQUESTING REMOVAL OF ADMONISHMENT RECEIVED ON 9/5/03
            2.  NTEU IS ALSO REQUESTING EVIDENCE RELIED UPON FOR THE
            3.  DISCIPLINARY ACTION.

  EVENTS:
    1.  GFILED     09/18/2003  Date grievance filed
    2.  XRECCASE   09/18/2003  Case Received in LR
    3.  XENTCASE   09/23/2003  Case Entered in Alerts


End of CASE print for 2003-19852
```

09/23/2003          Cover Sheet for Case: 2003-19852     Case Type: G


SSN:                Name: BUESGENS, MICHAEL L
Supv: 8  BU: X WS: G OSC: 4173733934   GEO: 480330453
               W&I SERVICE CENTERS:AUSTIN ACCOUNTS MANAGEMEN:AM O

 Case Code: 021  EMPLOYEE APPLICATION GRIEVANCE      Spec: mfmurr74
   Source:           Source ID:
Disp Code:                                     Close Date:


 Event Date  Code          Description
 09/18/2003  *XRECCASE     Case Received in LR
 09/18/2003  *GFILED       Date grievance filed
 09/23/2003  *XENTCASE     Case Entered in Alerts
 _____  GSTP1MTG      Step 1 meeting
 _____  GSTP1RSP      Step 1 response signed
 _____  GSTP2APP      Step 2 Appeal Date
 _____  GLRREC2       LR received copy of Step 2 appeal
 _____  GSTP2MTG      Step 2 meeting
 _____  GSTP2RSP      Step 2 response signed
 _____  GSTP3APP      Step 3 Appeal Date
 _____  GLRREC3       LR received copy of Step 3 appeal
 _____  GDIRFILE      Deliver grievance folder to Director's office
 _____  GSTP3MTG      Step 3 meeting
 _____  GSTP3RSP      Step 3 response signed
 _____  GSOCSENT      Statement of case sent to management
 _____  GADETACC      Supervisor determines acceptability within 5 days
 _____  GAMGTOFF      Appropriate Management Official Determined
 _____  GANOTUNA      Unacceptableness Notice issued to employee
 _____  GAMGTNOT      Notice to ee identifying App Mgmt Official
 _____  GACORREC      Corrected 5877 returned to supervisor
 _____  GAMGTDET      App Mgmt Off gives threshold issues notice to ee
 _____  GAGRAPPL      Grievability/Timeliness appeal filed to N.O.
 _____  GAAPPDEC      Final grievability/timeliness decision issued
 _____  GAGNOREQ      Contact NO Head for assignment of Grievance Exam
 _____  GAEXMAPT      Grievance Examiner Appointed
 _____  GAGTOEXM      Send materials to Examiner and NO
 _____  GAGCNSLT      Discuss issues with Grievance Examiner
 _____  GAGERPT       Provide Mgmt w/ Rpt of Find/recomm sub by Griev Ex
 _____  GAG5CNSL      Provide adv/coun to dec off re Griev Ex find/rec
 _____  GAG5DEC       Issue decision letter/decision official's resp
 _____  GAAPLDEC      Appellate Official decision issued
 _____  GAPPEAL       Case Appealed (T Case Number: YYYY-####)
 _____  GSTPCLO1      Grievance Closed at Step 1
 _____  GSTPCLO2      Grievance Closed at Step 2
 _____  GSTPCLO3      Grievance Closed at Step 3
 _____  GSTPCLO4      Grievance Closed at Step 4
 _____  XTRANSFR      Generated by the transfer Case process(from host#)
 _____  GSTPCLO5      Grievance Closed at Step 5
 _____  XMISC         User input - free flowing text
 _____  XCONSULT      User input - free flowing text
 _____  XLASTACT      Input - free flowing text of last activity
 _____  XSUSPEND      Suspend Case
 _____  XUNSUSPD      Unsuspend Case

| | XACTFLAG | Action Flag |
|---|---|---|
| _____ | XINFOREQ | Information request received in LR |
| _____ | XNEGMEMO | Info req - Negative response memo to requestor |
| _____ | XFRM5466 | Info req - Submit 5466-B to disclosure coord |
| _____ | XRESPISS | Info req - Issue response memo |
| _____ | XCLOCASE | Case Closed |
| _____ | XGLSREF | Date referred to GLS |
| _____ | XGLSRTN | Date returned from GLS |

\* denotes required event

End of Cover Sheet for 2003-19852

MICHAEL L BUESGENS
AND
TIGTA
AND
FOIA
NO VAUGHN INDEX
NO IN CAMERA

**Judd Tony M**

| | |
|---|---|
| From: | Judd Tony M |
| Sent: | Tuesday, September 30, 2003 2:39 PM |
| To: | Tawney Donald R |
| Cc: | Medlock Anna S; Murray Mary (LR) |
| Subject: | phone call |
| Signed By: | (There were errors displaying the signers of this message, please click on the signature icon for more details.) |

Don. Earlier you called me about the case on M. Buesgens. Specifically, you asked if the materials relied upon had been furnished to NTEU so that the grievance meeting could be scheduled.

The action was based upon information contained in a report of investigation (ROI). Once the action was adjudicated, the file was returned to TIGTA because they "own" those files. We are in the process of securing the ROI from TIGTA. We'll then secure permission from them to release the materials to NTEU.

Once that's completed, we'll release and let you know. It should not take too long.

Thanks. Tony

*ROI FROM TIGTA*

*BUESGENS MEETS THE FOIA EXCEPTION AND IS ENTITLED TO ALL TIGTA RECORDS*

*FOIA 2005*



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**ATLANTA, GA 30308**
OCT - 1 2003

Agency-Wide Shared Services

RECEIPT ACKNOWLEDGED:
SIGNATURE: _Russell Bokel_
DATE: _10-2-03_

MEMORANDUM FOR RUSSELL BOKELMAN, CHIEF STEWARD
NTEU CHAPTER 247

FROM            Mary F. Murray
                Labor Relations Specialist

SUBJECT         Request for Materials Relied Upon

On September 18, 2003, you filed a grievance on behalf of Michael Buesgens regarding
the letter of admonishment received September 5, 2003. When you filed the grievance,
you included a request, pursuant to Article 38 Section 3, that the materials relied upon to
support the discipline be provided.

The materials relied upon to support the discipline is attached. The materials have been
partially sanitized. You will be notified of the date, time and location of the step 1
meeting by management. If you have any questions, please contact me at 499-5450.

Attachments

_RUSSELL BOKELMAN_

_NATIONAL TREASURY EMPLOYEES UNION_
_NTEU_

_EEOC #360-2003-8286X_
_EEOC #360-2006-00307_
_1:05CV00243SS_
_1:05CV02334RcL_
_1:06CV01558RcL_
_1:06CV00967LY-RP_
_1:07CV00859RBW_

## Judd Tony M

| | |
|---|---|
| **From:** | Murray Mary (LR) |
| **Sent:** | Wednesday, October 01, 2003 6:34 AM |
| **To:** | Judd Tony M |
| **Cc:** | Medlock Anna S; Tawney Donald R |
| **Subject:** | FW: Request for Evidence Relied Upon |
| **Signed By:** | (There were errors displaying the signers of this message, please click on the signature icon for more details.) |

Tony,

Below are the two messages that went to NTEU. They are aware that I had to order out for the ROI which will cause a delay in the receipt of the evidence relied upon. Also the bottom message tells them Don is waiting to schedule the meeting after the information is released from our office to NTEU.

There is no problem with time frames. NTEU is agreeable to why there needs to be a short delay.

Mary

-----Original Message-----
**From:** Murray Mary (LR)
**Sent:** Tuesday, September 23, 2003 4:16 PM
**To:** Bokelman Russell D
**Subject:** RE: Request for Evidence Relied Upon

Hi Russell,

I just realized part of the report of investigation (ROI) is not in our case file. We don't normally maintain copies of ROI's because of disclosure issues. I have secured a release from TIGTA to photocopy the ROI as part of the evidence relied upon and asked that they return the report to me for that purpose. As soon as I receive the report, I will complete your request.

If you have any questions in the meantime, I am at 499-5450.

Thanks, Mary

-----Original Message-----
**From:** Murray Mary (LR)
**Sent:** Tuesday, September 23, 2003 12:04 PM
**To:** Bokelman Russell D
**Cc:** Tawney Donald R
**Subject:** Request for Evidence Relied Upon
**Importance:** High

*TIGTA PHOTOCOPY ROI*

Good-afternoon Russell,

I am in receipt of the grievance you filed on behalf of Michael Buesgens. I have requested for our support staff to photocopy all evidence relied upon for release. I should have it and the appropriate memo ready for release later this week. As soon as the information is released to you, Don will schedule the Step 1 meeting.

**Question:** The nature of violation is regarding a <u>Letter of Admonishment</u>. The remedy requested is removal of a <u>Letter of Reprimand</u>. Was that a typographical/overlay error?

*Mary Murray*

10/1/03

Page 2 of 2

Mary Murray
Labor Relations Specialist
Stop 1500 AUS
☏ (512) 499-5450 office
(512) 499-5303 fax

THOMAS J. TITEIS
LABOR RELATIONS
NO SHOW
EEOC # 360-2003-82864
HEARING 12/16/2003
DONALD CAY TAWNEY

MARGARET F. WAITES - NO SHOW

## Judd Tony M

| | |
|---|---|
| **From:** | Judd Tony M |
| **Sent:** | Monday, October 06, 2003 2:16 PM |
| **To:** | Medlock Anna S |
| **Cc:** | Murray Mary (LR); Tawney Donald R |
| **Subject:** | info |
| **Signed By:** | (There were errors displaying the signers of this message, please click on the signature icon for more details.) |

Anna. Just to let you know...on 10/2/03, NTEU received the material relied upon on the M. Buesgens case.

So, the step 2 meeting can be scheduled. They may have some time to review the materials, however, there was not a significant amount of materials...should not take them too long.

Let us know if you have any questions.

thanks. Tony

10/6/03

*Don Tawney*
**Team 403 Supervisor**
**AMOP 2: Dept. 4**
**460-1164**
**6573 AUSC**

-----Original Message-----
**From:** Bokelman Russell D
**Sent:** Thursday, October 16, 2003 8:58 AM
**To:** Tawney Donald R
**Subject:** Meeting / #056-03
**Importance:** High

Don,
    At this time I will be unable to hold this meeting today. I want to go back to my prior email on October 8, 2003. I am requesting a response to the Article 41; Section 10(b) issue on if we can agree (the parties) to extend this grievance. The National Agreement calls for it under this Article. Mike is in furlough status right now. Under Article 41; Section 12 as stated previously, "the meeting will be scheduled during the grievants normal tour of duty". Would the Agency; if you do not agree to extend the grievance, be willing to pay Mike for the time that he is going to have to participate within this process including my representational activity? See Article 41; Section 7(k) which states, "**Employee(s)** and/or Union officials attending, or participating **telephonically** in, meetings under this grievance procedure (which Mike's is) **shall be afforded official time** in accordance with Article 9. (See Article 9; Section 2(m), (p), and (r).
    If you still disagree with the information above, and after responding to the questions that I have raised you wish to still hold a meeting - I will see if we can do this around the 30th, or 31st this month after contact with the grievant. However, I do want to have the request(s) above answered before considering to proceed. Thank you.

Russell Bokelman
NTEU Chapter 247
Chief Steward

*OFFICIAL TIME*
*SEE*
*EEOC # 360-2006-00307*
*FEDERAL CIRCUIT*
*2007-3115*

-----Original Message-----
**From:** Tawney Donald R
**Sent:** Tuesday, October 07, 2003 10:19 AM
**To:** Bokelman Russell D
**Subject:** FW: Meeting

Russell,
    I have also scheduled Room 208 for Thursday, October 16th, from 2-3pm.  If the 16th is agreeable with you and Mike, let's have the meeting at that time.  If the 16th will not work for you and Mike, please let me know as soon as possible.

Thank you,

Don

10/31/03

-----Original Message-----
**From:** Tawney Donald R
**Sent:** Monday, October 06, 2003 3:44 PM
**To:** Bokelman Russell D
**Subject:** Meeting

Russell,

 I've reserved Room 208 for this Friday, the 10th, at 10am for a meeting regarding Michael Buesgen's grievance.  If Mike wishes to join us, he can call the tele-conference phone at 460-1767.  If this time is not good for you and/or Mike, please let me know as soon as possible.

Thank you,

*Don Tawney*
Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

RUSSELL BOKELMAD
DENNIS SCHNEIDER
BARBARA A. ATKIN
1:06CV01964 RBW

10/31/03

## McFarland Helen M

| | |
|---|---|
| **From:** | Bokelman Russell D |
| **Sent:** | Friday, October 31, 2003 11:52 AM |
| **To:** | Tawney Donald R |
| **Cc:** | Walker Edward F; McFarland Helen M |
| **Subject:** | Meeting / #056-03 |
| **Importance:** | High |

Don,
   I have discussed the information contained in the Letter of Admonishment with the grievant. We are hereby withdrawing the subject grievance above. Grievance #056-03 will be removed. We will eventually use that # in an entirely different case for some other employee. The information contained in the LOA is being handled in a different function. If you need additional information on this, please contact me.

Thanks,
Russell Bokeman
NTEU Chapter 247
Chief Steward

   -----Original Message-----
**From:** Tawney Donald R
**Sent:** Thursday, October 16, 2003 11:25 AM
**To:** Bokelman Russell D
**Subject:** RE: Meeting / #056-03

**Russell,**
**I have scheduled Room 208 for Friday, October 31, 2003 at 1:30 p.m.  If you choose not to attend the meeting on October 31, 2003, I will be closing the grievance on the grounds of failure to prosecute.**

**With regard to your questions in your email dated October 16, 2003, Mike has designated you as his official representative for this matter.  Therefore, the meeting can take place with you and myself in attendance.  The grievant, although welcome, is not required to attend the Step 1 meeting.  As previously stated, because Mike is in non-work status, I will ensure a speaker / conference phone is available in the meeting room, in the event he elects to attend by telephone.**
**If Mike chooses to attend in person, please let me know at least one day in advance of the meeting and I will ensure he is given visitor access to the building.**

**With regards to any remaining questions you have, and the articles you have referred to, I will hear your concerns when presented during our meeting and I will address them in my written response.**

10/31/03