UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE NW
WASHINGTON, DC 20001

MICHAEL L BUESGENS
PLAINTIFF

RECEIVED
JUL 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

V.

CIVIL NO. 1:07CV 00859 RBW

1. MARK EVERSON, COMMISSIONER INTERNAL REVENUE SERVICE
2. CHARLES R. NETTLES, BANKRUPTCY ATTORNEY
3. RANDOLPH OSHEROW, ATTORNEY
   A. CHAPTER 7 TRUSTEE
   B. BANKRUPTCY CASE NO. 06-11164
4. HENRI PAULSON, SECRETARY DEPARTMENT OF THE TREASURY
5. DONALD RAY TAWNER, JR IRS SUPERVISOR ET. AL.

DEFENDANTS

I. PLAINTIFF-CREDITOR-ADVERSARY MICHAEL L BUESGENS **NOTICE** TO THIS COURT THAT **IRS** SUPERVISOR DONALD RAY TAWNEY, JR AND BANKRUPTCY ATTORNEY CHARLES R. NETTLES **FAILED** AND **REFUSED FULL DISCLOSURE ON BANKRUPTCY PETITION.**

1. VOLUNTARY CHAPTER **7** FILED: **7/31/2006**
   - A. BANKRUPTCY CASE NO. **06-11164 FRM**
   - B. U.S. BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN, TEXAS

2. RANDOLPH OSHEROW, ATTORNEY
   - A. CHAPTER **7** TRUSTEE
   - B. SAN ANTONIO, TEXAS

3. JUDGE FRANK R. MONROE - PRESIDING

4. JUDGE SAM SPARKS

5. JUDGE EARL LEROY YEAKEL, III
   - A. PRESIDING AT
   - B. U.S. DISTRICT COURT, AUSTIN, TEXAS

6. R. BARRY ROBINSON, ASSISTANT U.S. ATTORNEY
U.S. ATTORNEYS OFFICE
816 CONGRESS AVENUE, #1000
AUSTIN, TEXAS 78701

7. COORDINATING AND CONSOLIDATING ACTIONS
A. BANKRUPTCY CASE NO. 06-11164
B. ADVERSARY NO. 06-01248

AND

8. APPEALS AT U.S.D.C. AUSTIN, TEXAS
A. 1:07CV00127 LY
B. 1:07CV00156 LY-RP
C. 1:07CV00209 LY

WITH

9. FEDERAL TORT CLAIMS ACT - FTCA
CIVIL NO. 1:06CV00967 LY-RP

10. BUESGENS
V.
A. MARK EVERSON
B. HENRY PAULSON
C. DONALD RAY TAWNEY, JR
D. THOMAS J. THEIS
E. MARGARET F. WAITES - ET. AL.

11. KAREN MELNIK, AUSA
12. PAT S. GENIS, AUSA
WASHINGTON, D.C.

13. COORDINATING ACTIONS
A. ADVERSARY NO. 07-10008
B. APPEAL NO. 1:07CV00859RBW
WITH
14. R. BARRY ROBINSON - AUSA
A. FEDERAL TORT CLAIMS ACT - FTCA
B. CIVIL NO. 1:06CV01558RCL
C. TRANSFER TO
D. CIVIL NO. 1:06CV00967RCL
15. CASE CLOSED: 7/11/2007

16. BY REFERENCE SEE AUSA PAT S. GENIS - OPPOSITION TO STIPULATION
A. DOCUMENT 10 - FILED: 7/13/2007
B. 1:07CV00859RBW
C. PAGES - 3 AND 4
17. CROSSCLAIM - THIRD PARTY/PRACTICE
18. ESTATE - NO ASSET CASE

III. PLAINTIFF BUESGENS IS ATTACHING A COPY OF SCHEDULES FOR BANKRUPTCY CASE NO. 06-11164 AS PROOF OF FAILURE TO COMPLY WITH THE BANKRUPTCY CODE

FILED: 7/31/2006

1. OFFICIAL FORM NO. 1 PAGE 1
A. DONALD RAY TAWNEY, JR - I.R.S. SUPERVISOR
AND
B. CHARLES R. NETTLES - BANKRUPTCY ATTORNEY FILINGS

2. ESTIMATED ASSETS: 0 - $50,000.00
3. ESTIMATED DEBTS: 50,001.00 - 100,000.00
4. MEETING OF CREDITORS 9/1/2006

5. PAGE 2
NO CHECK MARK BY CERTIFICATE CONCERNING DEBT COUNSELING

6. PAGE 3 SIGNATURES
DONALD RAY TAWNEY, JR
CHARLES R NETTLES

CONTINUATION BANKRUPTCY PETITION

7. SCHEDULE A 1-PAGE
8. SCHEDULE B 4-PAGES
9. SCHEDULE C 1-PAGE
A. IRS RETIREMENT
B. UNKNOWN
10. THIS IS NOT UNKNOWN
11. SEE RETIREMENT CALCULATOR ATTACHED

12. SCHEDULE D 1-PAGE

13. SCHEDULE E 2-PAGES
A. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
B. TEXAS ATTORNEY GENERAL
C. CHILD SUPPORT

14. THIS IS NOT A NOTICE ONLY.
15. THE I.R.S. WAS ORDERED TO PLACE A LIEN FOR PAYMENT OF CHILD SUPPORT ON DONALD RAY TAWNEY, JR - I.R.S. PAYCHECK

16. SCHEDULE F 2-PAGES
A. CREDITORS HOLDING UNSECURED NON PRIORITY CLAIMS
B. CATALINA MARTINEZ - FORMER IRS EMPLOYEE - CHILD SUPPORT

C. CHERYL TAWNEY - SPOUSE AND I.R.S. SUPERVISOR

17. MICHAEL L BUESGENS ✓ IS NOT LISTED FOR HIS CONTINGENT UNLIQUIDATED - PERSONAL INJURY TORT CLAIM - FTCA
A. 1:06CV01558 RCL
B. 1:06CV00967 RCL

AND
18. THE ADMINISTRATIVE CLAIM THAT WAS FILED ON 8/22/2005 8:01AM AGAINST DONALD RAY TAWNEY, JR. ET. AL.

19. SCHEDULE G 1-PAGE

20. SCHEDULE H - CODEBTORS 1-PAGE
NOT LISTED
21. MARK EVERSON
22. HENRY PAULSON
23. MARTHA SCHAUMANS
24. MARGARET F. WHITES
25. MELINDA ESTRADA
26. ANGELIA GOODEN-DOYLE
27. THOMAS J. THEIS
28. ANNA S. MEDLOCK
29. NANCY A. SPOTSERSESSION
30. CHARLES WASHINGTON, JR ET. AL.

31. SCHEDULE I - CURRENT INCOME 1-PAGE

32. SCHEDULE J - EXPENDITURES 1-PAGE

33 SUMMARY OF SCHEDULES 1-PAGE

34 STATISTICAL SUMMARY - LIABILITIES 1-PAGE

IV BANKRUPTCY CASE NO. 06-11164 FRM IS A NON-CORE PROCEEDING

1. BANKRUPTCY CODE SECTION 157(b)(5) REQUIRES PERSONAL INJURY CLAIMS TO BE TRIED IN DISTRICT COURT

2. SECTION 157(b)(2)B EXCLUDES FROM CORE PROCEEDINGS, LIST "LIQUIDATION OR ESTIMATION" OF PERSONAL INJURY TORT CLAIMS FOR DISTRIBUTION

3. BUESGENS ADMINISTRATIVE FTCA CLAIM FORM SF95 FILED: 8/22/05 AT 8:01 AM

4. BECAME
A. CIVIL NO. 1:06CV01588 RCL
B. KAREN MELNIK - AUSA - D.C.

5. TRANSFERRED TO
A. CIVIL NO. 1:06CV00967 LY-RP
B. R. BARRY ROBINSON - AUSA - AUSTIN, TX
CLOSED: 7/11/2007

6. BANKRUPTCY JUDGES

A. FRANK R. MONROE
AND
B. S. MARTIN TEEL

7. RULED ON BUESGENS PERSONAL INJURY TORT CLAIM WITHOUT JURISDICTION TO DO SO.
AND

8. U.S. DISTRICT COURT JUDGE EARL LEROY YEAKEL RULED ON BUESGENS APPEALS OF

A. 06-11164
B. 06-01248

9. WITHOUT A COPY OF THE FTCA ADMINISTRATIVE CLAIM

10. BECAUSE ASSISTANT U.S. ATTORNEYS

A. KAREN MELNIK
B. R. BARRY ROBINSON
C. PAT S. GENIS

11. REFUSED TO PROVIDE A COPY TO THE COURT.

12. SEE APPEALL
A. 1:07CV00153LY
B. 1:07CV00127LY
C. 1:07CV00209LY

13. THE NAVY AND REQUESTS THAT BUESGENS MADE FOR A COPY OF TORT CLAIM IN
A. 06-11164
B. 06-01248
C. 07-10008
D. 1:06CV01558RCL
E. 1:06CV00967LY
F. 1:07CV00859RBW

14. BANKRUPTCY JUDGE FRANK R MONROE **REFUSED** TO REMOVE BANKRUPTCY CASE NO. 06-11164 FRM 1:06CV00967LYRP

15. TO U.S. DISTRICT COURT AUSTIN, TEXAS

16. OR U.S. DISTRICT COURT DISTRICTOFCOLUMBIA

17. U.S. DISTRICT COURT JUDGE SAM SPARKS **REFUSED TO** REMOVE BANKRUPTCY CASE

A. NO. 06-11164 FRM

**TO**

18. U.S. DISTRICT COURT AUSTIN, TEXAS

A. 1:06CV00967LY-RP

B. 1:05CV00243SS

19. U.S. BANKRUPTCY JUDGE DISTRICT OF COLUMBIA

A. S. MARTIN TEEL

B. **DECLARED** MRS. BUESGENS ADVERSARY CLAIM WAS FRIVOLOUS

C. FOREVER LABELING BUESGENS WITH NO MERIT.

20. **ON 09/05/2006**

A. RANDOLPH OSHEROW - CHAPTER **7** TRUSTEE **DECLARED** THAT **06-11164** FRM

B. HAD NO ASSETS TO ADMINISTER FOR THE BENEFIT OF CREDITORS OF DONALD RAY TWOMEY, JR ESTATE

21. BUT WHAT IS THE ESTATE?

22. **IS IT** ONLY DONALD RAY TAWNEY, JR ONE OF MANY TORTFEASORS IN BUESGENS PERSONAL INJURY **FTCA** TORT CLAIM. ?

23 WHY ISN'T BUESGENS LISTED AS A CREDITOR ON THE BANKRUPTCY PETITION ?

RESPECTFULLY SUBMITTED

Michael L Buesgens

MICHAEL L BUESGENS

JULY 17, 2007

1:07CV00859RBW

# V CERTIFICATE OF SERVICE

I, CERTIFY THAT ONE TRUE COPY OF THIS NOTICE TO THE COURT THAT DONALD RAY THUNEY JR AND CHARLES R. NETTLES FAILED TO PERFORM A DUTY OWED AND THE RELATED BAD FAITH ACTIONS WAS SERVED BY FIRST CLASS MAIL ON THIS 18 TH DAY OF JULY, 2007

ADDRESSED TO

1. CHAPTER 7 TRUSTEE
RANDOLPH OSHEROW ATTORNEY
342 W. WOODLAWN, SUITE 300
SAN ANTONIO, TEXAS 78212

2. CHARLES R NETTLES
BANKRUPTCY ATTORNEY
1524 SOUTH IH 35, #233
AUSTIN, TEXAS 78704

3/4
5
6.

R. BARRY ROBINSON, AUSA
KAREN MELNIK, AUSA
PAT S. GENIS, AUSA
U.S. ATTORNEYS OFFICE
P.O. BOX 227
WASHINGTON, DC 20044

Michael L Buesgens
MICHAEL L. BUESGENS
EXTENDED STAY AMERICA
MAILING ADDRESS
3112 WINDSOR RD #A322
AUSTIN, TEXAS 78703

512-339-6005 X 7958
MIKEBUESGENS@HOTMAIL.COM
JULY 17, 2007

# VI EXHIBITS

1:07CV00859RBW
07-10008
06-11164
06-01248

1. 06-11164 FRM
HEARING TRANSCRIPT
DECEMBER 4, 2006
6-PAGES

2. 06-11164 FRM
A. 09/05/2006
B. FIRST MEETING OF CREDITORS

3. 06-11164 FRM
A. 07/31/2006
B. SOMEONE PAYS FILING FEE

4. 06-11164 FRM
A. 08/03/2006
B. DECLARATION FILING FEES



5. 06-11164 FRM
A. DONALD RAY TAWNEY, JR
IRS SUPERVISOR
B. BANKRUPTCY PETITION
AND
C. SCHEDULES
D. FILED: 7/31/2006
E. U.S. BANKRUPTCY COURT
AUSTIN, TEXAS

6. BANKRUPTCY ATTORNEY
CHARLES R. NETTLES - PRESIDING

7. 06-11164 FRM
BANKRUPTCY ATTORNEY
CHARLES R NETTLES - PRESIDING
DECLARES
BUESGENS MOTION FOR INVESTIGATION
MOOT
ON 11/03/2006
2-PAGES

8. PAT S. GENIS DECLARES ESTATE
DOCUMENT 10 1:07CV00859RBW
7-PAGES



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

| | |
|---|---|
| MICHAEL L BUESGENS<br>PLAINTIFF<br><br>V.<br><br>HENRY PAULSON SECRETARY<br>DEPARTMENT OF THE TREASURY<br>FINANCIAL MANAGEMET JUDGEMENT<br>FUND - FMS<br>ET. AL<br>DEFENDANTS | CIVIL NO.<br>1:07CV<br>00859<br>RBW |

I PLAINTIFF BUESGENS RESPECTFULLY REQUESTS THAT THIS COURT ACCEPT FOR FILING THE FOLLOWING:

1. DISCOVERY AND DISCLOSURE MOTIONS AND REQUESTS, AND MAKE AN EXCEPTION TO LOCAL RULES OF

PROCEDURE THAT DO NOT ALLOW THIS

2. REQUESTS FOR PRODUCTION OF DOCUMENTS
3. INTERROGATORIES
4. ADMISSIONS
5. DEPOSITIONS
6. STIPULATIONS

II PLAINTIFF BUESGENS MAKES THIS REQUEST FOR THE FOLLOWING REASONS:

1. ALL OF THIS RELATED CIVIL LITIGATION THAT BUESGENS IS IN HAS FAILED TO PRODUCE ANY DISCOVERY.

2. THIS IS A CONTRIBUTING FACTOR THAT PRODUCED NUMEROUS CIVIL ACTIONS

3. PLAINTIFF BUESGENS HAS RECEIVED SOME DISCOVERY, BUT IT IS EVASIVE AND INCOMPLETE.

4. NO COURT HAS LOOKED TO SEE WHAT WAS PRODUCED VERSUS WHAT WAS REQUESTED.

5. EVERY COURT HAS JUST ACCEPTED WHAT ATTORNEYS SAID, WITHOUT VERIFYING THEIR CLAIMS. AND

6. THEY ALWAYS SAY WE COMPLIED WITH DISCOVERY REQUESTS.

7. THE ATTORNEYS KNOW THE COURTS DOCKET IS OVERLOADED AND THEY MANIPULATE THIS.

8. THEN THE ATTORNEYS SAY BUESGENS CLAIMS ARE FRIVOLOUS AND.

9. THEY CONTINUALLY MANIPULATE THAT BY SAYING - IRRELEVANT - FRIVOLOUS, ET. AL.

10. THE ATTORNEYS ARE MAKING FINAL DECISIONS AS TO WHAT IS RELEVANT.

11. THE COURTS SIGN OFF ON IT.

12. THEN THE JUDGES SAY BUESGENS CLAIMS ARE FRIVOLOUS AND WITHOUT MERIT.

13. THEN THE ATTORNEYS FEED ON THIS AND CONTINUOUSLY SAY IRRELEVANT - FRIVOLOUS. OR

14. THEY SAY CONCLUSORY STATEMENT AND

15. NOBODY KNOWS WHAT THE PREMISE IS OR THEY MISREPRESENT THE PREMISES AND SAY CONCLUSORY

16. LOOK AT ATTORNEY FILINGS IN BUESGENS CIVIL ACTIONS

17. THE SAME PATTERN AND PRACTICE OF BAD FAITH ACTIONS

18. FOR EXAMPLE
FRCP-RULE 26 - INITIAL DISCLOSURES

19. SHOW ME ONE CIVIL ACTION THAT BUESGENS WAS IN WHERE RULE 26 WAS COMPLIED WITH.

20. NOT ONE OF BUESGENS CASES CONTAIN THIS

21. LOOK AT BUESGENS FEDERAL TORT CLAIMS ACT - FTCA FORM SF95 AND ATTACHMENTS FILED: 8/22/2005 AT 8:01AM

22. MARY-ELLAN KRCHA
A. I.R.S. TORT CLAIMS MANAGER
B. LIED - DENIED - PLAYED GAMES.

23. SEE BUESGENS MOTION FOR INTERVENTION IN CIVIL NO.
A. 4:06CV01399
B. U.S. DISTRICT COURT - SOUTHERN DISTRICT OF TEXAS - HOUSTON
C. ARENSDORF V. JOHN W. SNOW

24. IN EVERY CIVIL ACTION BUESGENS HAS REQUESTED APPOINTMENT OF SPECIAL MASTER TO CONTROL THE FLOW OF INFORMATION

25. THIS REQUEST HAS ALWAYS BEEN DENIED OR OMITTED

26. THESE CIVIC ACTIONS NEED SOME CHICKENS CHOKED.

27. THEN THE BOTTOMLESS PIT WILL RISE.

28. NOW CHOKING THESE CHICKENS WILL REQUIRE SOMEONE SKILLED IN DEPOSITIONS. AND

29. THAT SOMEONE WOULD WANT SOME BIG FEES. AND

30. YOU CAN BET THESE ATTORNEYS WILL BE SCREAMING AND WHINING AND CRYING - IN PAIN

31. THIS CIVIL LITIGATION OF EMPLOYMENT DISCRIMINATION AND HOUSING DISCRIMINATION CAN BE BROUGHT TO A JUST CONCLUSION

32. BASED ON THE STATUTES AND THE REGULATIONS

33. TO DATE CASES HAVE BEEN CLOSED, BUT NOTHING HAS BEEN LITIGATED.

34. THIS IS COMPLEX - MULTIDISTRICT LITIGATION

35. DOCUMENT INTENSIVE AND NO PLACE FOR HOT AIR.

36. ESTABLISH THE TIME LINE

37. TAKE NOTE OF EVENTS

38. BE AWARE OF THE TIME THE EVENT OCCURRED

39. PRODUCE THE DOCUMENTARY SEQUENCE OF EVENTS

40. APPLY LOGICAL INFERENCE FOCUS

41. WHAT DO THE STATUTES SAY?
42. WHAT DO THE RULES SAY?
43 WHAT DO THE REGULATIONS SAY?

44. INTERLOCKING CAUSES OF ACTION AND THE APPLICATION OF THE LAW

45 WHAT LAW?
46 THE FOLLOWING:

47 REHABILITATION ACT OF 1973, AS AMENDED

48 AMERICANS WITH DISABILITIES ACT

49 FAIR HOUSING ACT

50 CONSTITUTIONAL LAW

51. ADMINISTRATIVE LAW

52. CODE OF FEDERAL REGULATIONS

53. EEOC REGULATIONS

54. OPM REGULATIONS

55. BANKRUPTCY CODE

56. THE LAW OF TORTS

57. CONTRACT LAW

58 THE MERIT SYSTEM PRINCIPLES

59. MUNICIPAL ORDINANCES

60 PROPERTY CODES

61. ADMINISTRATIVE COMPLAINT PROCESSING MANUALS

62. FOR EXAMPLE:

A. HUD HAS TEAPOTS

B. EEOC COMPLAINT PROCESSING MANUAL

63. WHAT IS THE COMPLAINT PROCESSING MANUAL FOR THE FEDERAL TORT CLAIMS ACT - FTCA

64. WHAT IS THE PURPOSE OF FILING AN ADMINISTRATIVE CLAIM AND WAITING 6 MONTHS FOR

65. MARY-ELLAN KRECHA

66. TO DUST OFF THE FILE AND SEND YOU A LETTER DENIED WITHOUT EVEN A CLAIM NUMBER.

67. HOW MANY TIMES HAS THIS COURT HEARD U.S. ATTORNEYS SAY

68. FAILURE TO EXHAUST ADMINISTRATIVE COMPLAINT PROCESSING RULES?

69. HOW MANY COURTS KNOW WHAT THE PROCESSING IS?

70. ATTORNEYS ARE REQUIRED TO MEET AND CONFER ON DISCOVERY.

71. THIS MIGHT WORK FOR ATTORNEYS, BUT IT DOES WORK FOR PRO SE.

72. BECAUSE ATTORNEYS WALK ALL OVER PRO SE.

73. OVERREACHING BAD FAITH ACTIONS AND UNSOLICITED INCOMPLETE LEGAL ADVICE

74. DESIGNED TO LIMIT PRO SE LEGAL RIGHTS AND REMEDIES

75. THE FOREGOING IS ONE OF THE REASONS CIVIL NO. 1:07CV00859RBW IS RELATED TO 1:06CV01964RBW

RESPECTFULLY SUBMITTED,

Michael Burgess

JULY 17, 2007

11

1:07CV00859

# CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE COPY OF THIS DISCOVERY FILING REQUEST WAS SERVED BY FIRST CLASS MAIL ON THIS 18TH DAY OF JULY, 2007

ADDRESSED TO.

1. R. BARRY ROBINSON
2. KAREN MELNIK
3. MICHAEL LYNN SALYARDS
4. PAT S. GENIS

U.S. ATTORNEYS OFFICE
P.O. BOX 227
WASHINGTON, D.C. 20044

5. CHARLES R NETTLES
6. DONALD RAY TAWNEY JR
7. RANDOLPH OSHEROW

1524 SOUTH IH 35 #233
AUSTIN, TEXAS 78704

1:07CV00859 RBW

[signature]

MICHAEL L BUESGENS
3112 WINDSOR RD, #A322
AUSTIN, TEXAS 78703

512-339-6005 47958

MIKEBUESGENS@HOTMAIL.COM

JULY 17, 2007

FILED
JAN 12 2007
U.S. BANKRUPTCY COURT
BY ___ DEPUTY

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: *

**DONALD RAY TAWNEY,** *

Debtor *

* * * * * * * * * * * * * * * *

**Case No. 06-11164-FRM**

Austin, Texas
December 4, 2206
10:20 a.m.

IRS

#13 Motion for Relief from Stay filed by Charles R. Nettles for Debtor Donald Ray Tawney.

**BEFORE THE HONORABLE FRANK R. MONROE**
**BANKRUPTCY JUDGE**

APPEARANCES:

For the Debtor — MR. CHARLES R. NETTLES, JR.
1524 S. IH-35, Suite 233
Austin, Texas 78704

Creditor, Pro Se — MR. MICHAEL L. BUESGENS
3112 Windsor, #A322
Austin, Texas 78703

Court Recorder — E. Lassiter

Transcribed by — Ruth Ann Hausman
2900 Norfolk Drive
Austin, Texas 78745

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

THE COURT: 06-11164, Donald Ray Tawney, Jr., Debtor's motion to proceed with divorce action.

MR. NETTLES: Charles Nettles appearing for Mr. Tawney, Your Honor. This is a motion to allow the debtor to proceed with a divorce action. There was a response filed by one creditor, who I believe is in the courtroom.

THE COURT: Okay.

MR. BUESGENS: Yes, I'm in the courtroom, Your Honor. My name is Mike Buesgens. Your Honor, I just brought this motion this morning for removal of this case to the district court here in Austin.

THE COURT: Well, you understand all we're doing here this morning is he wants to go get a divorce.

MR. BUESGENS: I understand that; I object to it.

THE COURT: Well, then you can go object in the divorce court. These people have the right to go file divorce against each other.

MR. BUESGENS: Well, have you seen the pleadings and my submissions?

THE COURT: I've read them. Quite frankly, I didn't understand them.

MR. BUESGENS: Well, the issue is that both of these individuals are connected at the IRS, IRS managers. And it's related to my litigation in civil court. And Donald R. Tawney was my manager in 2003.

THE COURT: At the IRS?

MR. BUESGENS: Yes, I was denied a reasonable accommodation and reassignment and I've made the allegation that he perjured testimony in the EEOC hearing and withheld evidence. And --

THE COURT: Even assuming all that is true, I'm not sure what that has to do with me lifting the stay to let them go sue each other in divorce court.

MR. BUESGENS: Well, Your Honor, I've got some other documents here on Donald R. Tawney that I'd like to submit to you here.

THE COURT: Okay.

MR. BUESGENS: Do I approach her?

THE COURT: Sure, you can hand them to the Clerk.

MR. BUESGENS: It appears that Donald R. Tawney was divorced in 1989 and there was one child in that marriage. And the further record here is that he had a child by another woman where he was forced to pay child support by the Attorney General. Furthermore, he wasn't truthful in a submission as to where he worked. In this issue he put down some tire company instead of the IRS and then they changed that. And the IRS had to put a lien on his account to collect his child support. And the first marriage, I don't know what happened to that child there or what his responsibility was.

But I believe this all ties together with all of

MR. BUESGENS: Well, I can understand your point of view but I've cited several regulations, statutes that I believe applies to the U.S. Bankruptcy Court in moving the case to D.C. -- or to the U.S. District Court.

THE COURT: Well, I have no authority over the district court. The district court has authority over me. That's the way the chain of authority is. I can't send anything to the district court. He sends stuff here or he takes it back. He's the person in authority.

MR. BUESGENS: I guess I'm surprised because Travis County can send cases to the district court.

THE COURT: Well, Travis County -- you know, there's just all sorts of different laws.

MR. BUESGENS: There sure is.

THE COURT: I'm a part of the district court for the purpose of administering bankruptcy laws. Now he can -- and all the bankruptcy cases are automatically referred here. But if somebody has an issue that they think he need -- because there's other litigation, for example, like in your case, and they want the bankruptcy removed, they can ask him to do that and it's up to him whether or not he wants to do it. But he's the person that has the authority to say yea or nay; I don't have any authority to send it upstream, effectively.

SAM SPARKS

MR. BUESGENS: Yes, Your Honor. I filed this in your [illegible] and I'd like you to make a ruling on it stating whatever

your position is, that you can't --

THE COURT: Filed that this morning?

MR. BUESGENS: Yes.

THE COURT: Okay. Well --

MR. NETTLES: I haven't seen it.

THE COURT: Yeah. We'll have to set that for a hearing because they have the right to respond. But for this morning's purposes, I'm going to grant the motion to allow them to go divorce. Now, you can go over to the state court if you think you have a claim that that divorce court should be concerned with and seek to intervene in that divorce action. Creditors do that from time to time.

MR. BUESGENS: I take exception with your ruling and I'm going to appeal it.

THE COURT: Well, that'd be great with me. You can see Judge Sparks on more than one occasion that way.

MR. BUESGENS: Thank you.

THE COURT: Thank you.

**(End of proceedings 10:27 a.m.)**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Ruth Ann Hausman 12/20/06
RUTH ANN HAUSMAN Date
2902 Norfolk Dr.
Austin, Texas 78745

IKS

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: Donald Ray Tawney, Jr. ✓

CASE NO 06-11164

CHAPTER ✓ 7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept: | $1,800.00 ✓ |
| Prior to the filing of this statement I have received: | $1,800.00 |
| Balance Due: | $0.00 |

CHARLES NETTLES
R. BARRY ROBINSON

2. The source of the compensation paid to me was:
   ☑ Debtor ☐ Other (specify)
3. The source of compensation to be paid to me is:
   ☑ Debtor ☐ Other (specify)
4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

$1,800.00

07/31/2006 ✓
*Date*

/s/ Charles R. Nettles ✓
*Charles R. Nettles*
Bar No. 14927200

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, TX 78704
Phone: (512) 459-3212 / Fax: (512) 459-0842

IS THAT ALL

/s/ Donald Ray Tawney, Jr.
*Donald Ray Tawney, Jr.*

06-11164FRM

| | |
|---|---|
| 09/05/2006 ✓ | First Meeting of Creditors was concluded. Trustee's Report of No Distribution: Trustee of this estate reports and certifies that the trustee has performed the duties required of a trustee under 11 U.S.C. 704 and has concluded that there are no assets to administer for the benefit of creditors of this estate. The trustee certifies thats/he has received no funds or property of the estate, and paid no monies on account of the estate. Wherefore, the trustee prays that s/he be discharged from any further duties as trustee. **Section 341 Meeting held on 9/1/2006**. (Osherow, Randolph) |

NO ASSETS IN THIS ESTATE SAYS RANDOLPH OSHEROW ET.AL.



06-11164 FRM

07/31/2006

ICC-Fee Terminated for Voluntary Petition Chapter 7(06-11164) [misc,volp7] ( 299.00), Amount $ 299.00, Receipt 5132225 (U.S. Treasury)

U.S. BANKRUPTCY COURT
AUSTIN, TEXAS

DONALD RAY TAWNEY, JR
CHARLES R. NETTLES
MARK EVERSON
HENRY PAULSON - SECRETARY
DEPARTMENT OF THE TREASURY

06-11164 FILED: 7/31/2006

| | |
|---|---|
| 08/03/2006 ✓ | Declaration for Electronic Filing Received (Related Document(s): 1 Voluntary Petition under Chapter 7 With Schedules, With Statements, (Filing Fee: $ 299.00) filed by Donald Ray Tawney Jr.. -Declaration for Electronic Filing due by 8/7/2006 (Nettles, Charles)) (Cano, Mary) (Entered: 08/04/2006) |



The United States Geological Survey

# Retirement Calculator

DOWNLOAD RETIREMENT UNKNOWN

## Welcome to the USGS Retirement Calculator!

You can use this webpage to get a rough estimate of the Federal annuity you would be entitled to on the day of your retirement. Please note: this calculator is an *estimate* and should not be used as an exact calculation of your retirement benefits. For a more detailed and more precise estimate, please contact your agency's personnel office.

## You Can Use this Calculator to:

- **Calculate the basic annuity** for employees in the FERS, CSRS, or CSRS-offset retirement system, including credit for sick leave if applicable.
- **Confirm retirement eligibility.** The calculator lets you know whether you are eligible to retire on the date you want, and what sort of restrictions (if any) apply.
- **Calculate survivor benefits.**

## Do Not Use this Calculator to:

- **Calculate annuities for employees with intermittent or part-time service.**
- **Take into account periods of service that require deposit or redeposit**, such as some military and temporary time.
- **Calculate annuities for employees with Law Enforcement Officer, Fire Fighter, or Air Traffic Controller service.**
- **Calculate TSP Benefits.** Use the USGS TSP Calculator to get a handle on your TSP investments.
- **Calculate Social Security Benefits.** Contact Social Security to request an official estimate of your Social Security retirement benefits, or use one of their online calculators.
- **Provide estimates for the cost of Health Benefits or Life Insurance in retirement.** Read more information on the eligibility and benefit information for these programs.
- **Calculate annuities for FERS employees who used to be covered by CSRS.**
- **Calculate Disability retirement benefits.**
- **Calculate benefits for employees who die while employed by the USGS.**

## Questions? Problems?



The USGS Retirement Calculator

# Input Data for CSRS/CSRS Offset

DONALD RAY TNWUEY, JR

Fill out the data fields below. When complete, press the "Calculate Now" button at the bottom of the screen.

UNKNOWN

**Input Data for a CSRS Estimate**

| | | |
|---|---|---|
| **What is your date of birth?** *(in mm/dd/yyyy format)* | | Help |
| **What is your Service Computation Date?** *(in mm/dd/yyyy format)* | | Help |
| **What date would you like to retire?** *(in mm/dd/yyyy format)* | | Help |
| **How many sick leave hours will you have at retirement?** | | Help |
| **What is your high-three salary?** | $ | Help |
| **Would you like to elect Survivor benefits for a current or former spouse?** *(Enter the percentage (in whole numbers) of your annuity you want to use as a base for calculating your survivor's benefits. The actual benefit will be 55% of the base selected. Enter "0" for no survivor benefit.)* | 0 % | Help |

Calculate Now

*U.S. Department of the Interior, U.S. Geological Survey, Reston, VA, USA*
*URL http://hr.er.usgs.gov/calculators/retire/csrs.html*

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (10/05) Case Number 06-11164-frm

# UNITED STATES BANKRUPTCY COURT
Western District of Texas

# Order Combined With Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 7/31/06 .

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations.

**Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):**
Donald Ray Tawney Jr.
13601 Elm Ridge Lane #1635
Austin, TX 78727

Case Number:
06-11164-frm

Social Security/Taxpayer ID/Employer ID/Other Nos.:
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

Attorney for Debtor(s) (name and address):
Charles R. Nettles Jr.
1524 S. IH-35, Suite 233
Austin, TX 78704
Telephone number: (512) 459-3212

Bankruptcy Trustee Appointed By U.S. Trustee On 07/31/2006 (name and address):
Randolph N Osherow
342 W Woodlawn
San Antonio, TX 78212
Telephone number: (210) 738-3001

## Meeting of Creditors:

Date: **September 1, 2006** Time: **09:00 AM**
Location: **Austin Room 118, Homer Thornberry Bldg., 903 San Jacinto, Austin, TX 78701**

## Presumption of Abuse under 11 U.S.C. § 707(b)

*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Complaint Objecting to Discharge of the Debtor *or* to Determine Dischargeability of Certain Debts:**
10/31/06

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Foreign Creditors

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

**Address of the Bankruptcy Clerk's Office:**
United States Bankruptcy Court
903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-0

Telephone number: (512) 916-5238

Hours Open: Monday – Friday 8:00 AM – 4:00 PM

**For the Court:**
Clerk of the Bankruptcy Court:
George D. Prentice II

George Prentice

Date: 8/1/06

## EXPLANATIONS

FORM B9A (10/05)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under §707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. At the meeting, the creditors may elect a trustee other than the one named on this notice, examine the debtor, and transact such other business as may properly come before the meeting. The meeting may be continued and concluded at a later date without further notice. **FAILURE OF THE DEBTOR OR HIS ATTORNEY TO APPEAR AT THE SECTION 341(a) MEETING OR TO TIMELY FILE SCHEDULES AND STATEMENT OF AFFAIRS MAY RESULT IN DISMISSAL, DENIAL OF THE DEBTOR'S DISCHARGE, OR OTHER APPROPRIATE RELIEF.** |
| Reaffirmation Agreements | File all reaffirmation agreements with the Bankruptcy Clerk prior to the Objections to Discharge deadline. Reaffirmation Agreements may be scheduled for hearing. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), (6), or (15), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required filing fee by that Deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. Registered electronic users should file through our ***Case Management/Electronic Case Files (CM/ECF)*** Internet site (https://ecf.txwb.uscourts.gov/). You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office or via the Internet if you have a ***CM/ECF PACER subscription***. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

**-- Refer to Other Side for Important Deadlines and Notices --**

(Official Form 1) (10/05)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**Voluntary Petition**

Name of Debtor (if individual, enter Last, First, Middle):
**Tawney Jr., Donald Ray**

Name of Joint Debtor (Spouse) (Last, First, Middle):

All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):

All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names):

Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):
**xxx-xx-4466**

Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):

Street Address of Debtor (No. & Street, City, and State):
**13601 Elm Ridge Lane #1635**
**Austin, TX**
ZIPCODE **78727**

Street Address of Joint Debtor (No. & Street, City, and State):
ZIPCODE

County of Residence or of the Principal Place of Business:
**Travis**

County of Residence or of the Principal Place of Business:

Mailing Address of Debtor (if different from street address):
ZIPCODE

Mailing Address of Joint Debtor (if different from street address):
ZIPCODE

Location of Principal Assets of Business Debtor (if different from street address above):
ZIPCODE

**Type of Debtor** (Form of Organization) (Check one box.)

- ☑ Individual (includes Joint Debtors)
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)

State type of entity:

**Nature of Business** (Check all applicable boxes.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Nonprofit Organization qualified under 15 U.S.C. § 501(c)(3)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- ☑ Consumer/Non-Business
- ☐ Business

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**

- ☐ Debtor is a small business debtor as defined by 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- ☐ Debtor's aggregate noncontigent liquidated debts owed to non-insiders or affiliates are less than $2 million.

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2006 (Build 7.5.6.8, ID 2000003681)

(Official Form 1) (10/05) FORM B1, Page 2

**Voluntary Petition**
*(This page must be completed and filed in every case)*

Name of Debtor(s): **Donald Ray Tawney, Jr.**

**Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.
I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.

X **/s/ Charles R. Nettles** 07/31/2006
**Charles R. Nettles** Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Certification Concerning Debt Counseling by Individual/Joint Debtor(s)**

☐ I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.

☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.)

**Information Regarding the Debtor (Check the Applicable Boxes)**
**Venue** (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding (in a federal or state court) in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

Name of landlord that obtained judgment:
Address of landlord:

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

(Official Form 1) (10/05) FORM B1, Page 3

**Voluntary Petition**

*(This page must be completed and filed in every case)*

Name of Debtor(s): **Donald Ray Tawney, Jr.**

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ Donald Ray Tawney, Jr.
Donald Ray Tawney, Jr.

X ____________________

Telephone Number (If not represented by an attorney)

07/31/2006
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X ____________________
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

(Date)

**Signature of Attorney**

X /s/ Charles R. Nettles
Charles R. Nettles Bar No. 14927200

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, TX 78704

Phone No.(512) 459-3212 Fax No(512) 459-0842

07/31/2006
Date

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X ____________________

Date

Signature of Bankruptcy Petiton Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both (11 U.S.C. § 110; 18 U.S.C. § 156).

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ____________________

Printed Name of Authorized Individual

Title of Authorized Individual

Date

Form B6A
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Donald Ray Tawney, Jr.**

CASE NO

CHAPTER **7**

# SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint Or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| None | | | | |
| | | Total: | $0.00 | |

(Report also on Summary of Schedules)

Form B6B
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Donald Ray Tawney, Jr.**

CASE NO

CHAPTER 7

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on hand | H | $100.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Compass Bank | H | $720.00 |
| | | Chase Bank | H | $25.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Furniture and appliances | H | $1,960.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothes | H | $500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Golf Clubs | H | $15.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | 1 Term policy | H | $0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| | | | Total > | $3,320.00 |

Form B6B
(10/05)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.**

CASE NO

CHAPTER 7

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | IRS Retirement | H | Unknown |
| | | TSP | H | $1,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| | | | Total > | $4,320.00 |

Form B6B
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Donald Ray Tawney, Jr.**

CASE NO

CHAPTER **7**

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 Saturn Ion | H | $10,592.00 |
| 26. Boats, motors, and accessories. | X | | | |
| | | | Total > | **$14,912.00** |

Form B6B
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Donald Ray Tawney, Jr.**

CASE NO

CHAPTER **7**

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Computer | H | $250.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | Total > | **$15,162.00** |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.**

CASE NO

CHAPTER 7

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☑ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $125,000.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Cash on hand | 11 U.S.C. § 522(d)(5) | $100.00 | $100.00 |
| Compass Bank | 11 U.S.C. § 522(d)(5) | $720.00 | $720.00 |
| Chase Bank | 11 U.S.C. § 522(d)(5) | $25.00 | $25.00 |
| Furniture and appliances | 11 U.S.C. § 522(d)(3) | $1,960.00 | $1,960.00 |
| Clothes | 11 U.S.C. § 522(d)(3) | $500.00 | $500.00 |
| Golf Clubs | 11 U.S.C. § 522(d)(5) | $15.00 | $15.00 |
| 1 Term policy | 11 U.S.C. § 522(d)(7) | $0.00 | $0.00 |
| IRS Retirement | 11 U.S.C. § 522(d)(10)(E) | Unknown | Unknown |
| TSP | 11 U.S.C. § 522(d)(10)(E) | $1,000.00 | $1,000.00 |
| 2006 Saturn Ion | 11 U.S.C. § 522(d)(2) | $2,950.00 | $10,592.00 |
| Computer | 11 U.S.C. § 522(d)(3) | $250.00 | $250.00 |
| | | $7,520.00 | $15,162.00 |

Form B6D (10/05) IN RE: **Donald Ray Tawney, Jr.**

CASE NO ____________ (If Known)

CHAPTER 7

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: **xxxxxxx6766**<br>**GMAC**<br>**PO Box 660208**<br>**Dallas, TX 75266** | | H | DATE INCURRED:<br>NATURE OF LIEN:<br>**Automobile Loan**<br>COLLATERAL:<br>**2006 Saturn Ion**<br>REMARKS:<br>**Debtor to continue making regular payments**<br>VALUE: **$10,592.00** | | | | **$16,484.00** | **$5,892.00** |
| ACCT #: **xxxxxxxxxxxx6337**<br>**Room Store**<br>**PO Box 60148**<br>**City of Industry, CA 91716-0148** | | H | DATE INCURRED:<br>NATURE OF LIEN:<br>**Loan**<br>COLLATERAL:<br>**Furniture**<br>REMARKS:<br>**Debtor to continue making regular payments**<br>VALUE: **$3,300.00** | | | | **$3,300.00** | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**No** continuation sheets attached

| | |
|---|---|
| **Subtotal (Total of this Page) >** | **$19,784.00** |
| **Total (Use only on last page) >** | **$19,784.00** |

(Report total also on Summary of Schedules)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Donald Ray Tawney, Jr.**

CASE NO

CHAPTER **7**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☑ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,225* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330** ✓ R BARRY ROBINSON
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. Secs. 326, 328, 329 and 330.

** Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

____1____ continuation sheets attached

IN RE: **Donald Ray Tawney, Jr.**

CASE NO ______________ (If Known)

CHAPTER **7**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

*Continuation Sheet No. 1*

| TYPE OF PRIORITY | Domestic Support Obligations |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: **Texas Attorney General** **2101 E. St. Elm, Suite 225** **Austin, TX 78744** | | **H** | DATE INCURRED: CONSIDERATION: **Notice Only** REMARKS: CHILD SUPPORT IRS LIEN ON PAYCHECK DONALD RAY TAWNEY, JR | | | | **Notice Only** | **Notice Only** |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|
| **Total for this Page (Subtotal) >** | **$0.00** | **$0.00** |
| **Running Total >** | **$0.00** | **$0.00** |

IN RE **Donald Ray Tawney, Jr.**

CASE NO ______________ (If Known)

CHAPTER **7**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Catalina Martinez**<br>**2901 Davis Cove**<br>**Iago Vista, TX 78645** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS:<br>CHILD SUPPORT | | | | **Notice Only** |
| ACCT #: **xxxx-xxxx-xxxx-7691**<br>**Chase Cardmember Services**<br>**PO Box 94014**<br>**Palatine, IL 60094-4014** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$1,978.21** |
| ACCT #: **xxxxxxxxxxxx3691**<br>**Chase Cardmember Services**<br>**PO Box 94014**<br>**Palatine, IL 60094-4014** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$2,452.77** |
| ACCT #:<br>**Cheryl Tawney**<br>**1311 Rocky Creek Drive**<br>**Pflugerville, TX 78660** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Interest Party**<br>REMARKS:<br>ICS SUPERVISOR SPOUSE | | | | **Notice Only** |
| ACCT #: **xxxx-xxxx-xxxx-6828**<br>**CitiCards**<br>**PO Box 6413**<br>**The Lakes, NV 88901-6413** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$6,389.93** |
| ACCT #: **xxxxxxx5101**<br>**JC Penney**<br>**PO Box 960001**<br>**Orlando, FL 32896-0001** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$725.82** |
| ACCT #: **xxxxxx1338**<br>**Kohls**<br>**PO Box 2983**<br>**Milwaukee, WI 53201-2983** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$2,200.00** |

**1** continuation sheets attached

**Subtotal >** **$13,746.73**

**Total (Use only on last page of the completed Schedule F) >**

IN RE Donald Ray Tawney, Jr.

CASE NO ____________ (If Known)

CHAPTER 7

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

*Continuation Sheet No. 1*

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: **xxxxxxxxxx0671**<br>**MBNA America**<br>**PO Box 15289**<br>**Wilmington, DE 19886-5289** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$18,605.03** |
| ACCT #:<br>**US Trustee**<br>**903 San Jacinto, Suite 230**<br>**Austin, TX 78701** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** |

CONTINGENT MICHAEL L BUESGENS
UNLIQUIDATED
PERSONAL INJURY CLAIM
FTCA TORT
ADMINISTRATIVELY
FILED
8/22/05
7:01 AM
MARY ELLEN KRECHA
IRS TORT CLAIMS MANAGER

| | |
|---|---|
| Subtotal > | $18,605.03 |
| Total (Use only on last page of the completed Schedule F) > | $32,351.76 |

Form B6G
(10/05)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.**

CASE NO

CHAPTER 7

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
| --- | --- |
| | |

Form B6H
(10/05)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: Donald Ray Tawney, Jr.

CASE NO 06-11164

CHAPTER 7

## SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

FILED: 7/31/06

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| MARTHA SCHMOHALS<br>THOMAS F. THEIS<br>MARK EVERSON<br>MARGARET F. WHITES<br>JOHN W. SNOW<br>ANNA J MEDLOCK<br>HENRY PAULSON<br>NANCY SESSION<br>MELINDA ESTRADA<br>ET. AL. | |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Donald Ray Tawney, Jr.**

CASE NO 

CHAPTER 7

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Separated** | Relationship: Son | Age: 18 | Relationship: | Age: |

| Employment | Debtor | Spouse |
|---|---|---|
| Occupation | IRS Supervisor | |
| Name of Employer | Internal Revenue Service | |
| How Long Employed | 22 years | |
| Address of Employer | 1821 Director Blvd<br>Austin,TX 78744 | |

| INCOME: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $5,375.00 | |
| 2. Estimate monthly overtime | $134.00 | |
| 3. SUBTOTAL | $5,509.00 | |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes (includes social security tax if b. is zero) | $999.00 | |
| b. Social Security Tax | $0.00 | |
| c. Medicare | $0.00 | |
| d. Insurance | $378.00 | |
| e. Union dues | $0.00 | |
| f. Retirement Mandatory | $36.00 | |
| g. Other (specify) Child Support | $462.00 | |
| h. Other (specify) | $0.00 | |
| i. Other (specify) | $0.00 | |
| j. Other (specify) | $0.00 | |
| k. Other (specify) | $0.00 | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $1,875.00 | |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $3,634.00 | |
| 7. Regular income from operation of business or profession or farm (attach detailed stmt) | $0.00 | |
| 8. Income from real property | $0.00 | |
| 9. Interest and dividends | $0.00 | |
| 10. Alimony, maintenance or support payments payable to debtor for the debtor's use or that of dependents listed above. | $0.00 | |
| 11. Social Security or government assistance (specify) | $0.00 | |
| 12. Pension or retirement income | $0.00 | |
| 13. Other monthly income (specify) | | |
| a. | $0.00 | |
| b. | $0.00 | |
| c. | $0.00 | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $0.00 | |
| 15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $3,634.00 | |

16. TOTAL COMBINED MONTHLY INCOME: **$3,634.00** (Report also on Summary of Schedules)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**



UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.**

CASE NO

CHAPTER **7**

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home)<br>a. Are real estate taxes included? ☑ Yes ☐ No<br>b. Is property insurance included? ☑ Yes ☐ No | $609.00 |
| 2. Utilities: a. Electricity and heating fuel | $165.00 |
| b. Water and sewer | $30.00 |
| c. Telephone | $155.00 |
| d. Other: | |
| 3. Home maintenance (repairs and upkeep) | |
| 4. Food | $550.00 |
| 5. Clothing | $135.00 |
| 6. Laundry and dry cleaning | $15.00 |
| 7. Medical and dental expenses | $170.00 |
| 8. Transportation (not including car payments) | $435.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $125.00 |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $8.00 |
| b. Life | |
| c. Health | |
| d. Auto | $182.00 |
| e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments)<br>Specify: | |
| 13. Installment payments: (In Chapter 11, 12, and 13 cases, do not list payments included in the plan) | |
| a. Auto: | $327.00 |
| b. Other: Room Store | $203.00 |
| c. Other: | |
| d. Other: | |
| 14. Alimony, maintenance, and support paid to others: | $90.00 |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other: Grooming Expense | $50.00 |
| 17.b. Other: | |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | **$3,249.00** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: **Child Support to current spouse has not begun. Estimated monthly payment will be $450.00**

| 20. STATEMENT OF MONTHLY NET INCOME | |
|---|---|
| a. Total monthly income from Line 16 of Schedule I | $3,634.00 |
| b. Total monthly expenses from Line 18 above | $3,249.00 |
| c. Monthly net income (a. minus b.) | $385.00 |

Form 6-Summary
(10/05)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.**

CASE NO 06-11164

CHAPTER 7

## SUMMARY OF SCHEDULES

IRS

**Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."**

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 4 | $15,162.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $19,784.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $32,351.76 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $3,634.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $3,249.00 |
| | | Total > | $15,162.00 | $52,135.76 | |

Form 6-Summary
(10/05)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.**

CASE NO 06-11164

CHAPTER 7

IRS

## Statistical Summary of Certain Liabilities (28 U.S.C. § 159)
## [Individual Debtors Only]

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| TOTAL | $0.00 |

00

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**



UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.** CASE NO  0611164

CHAPTER 7

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 16 (Total shown on summary page plus 1.) sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date 07/31/2006 Signature /s/ Donald Ray Tawney, Jr.
*Donald Ray Tawney, Jr.*

Date ______ Signature ______

[If joint case, both spouses must sign.]

DONALD RAY TAWNEY, JR
IRS SUPERVISOR ET. AL.
EEOC 360-2003-8286X

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE Donald Ray Tawney, Jr.

CASE NO 06-11164

CHAPTER 7

## STATEMENT OF FINANCIAL AFFAIRS

NONE DONALD RAY TAWNEY IRS

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $111,006.00 | 2004 Joint Income |
| $117,142.00 | 2005 Joint Income |
| $31,771.00 | 2006 Approx. YTD Income |

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $ | Estranged spouse's income in 2004 and 2005 |

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☐

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Car payment | Monthly | $327.00 | |
| MBNA | Various | $1,413.00 | $18,605.00 |

None ☑

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

NONE SAYS TAWNEY AND NETTLES

None ☑

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)



IRS

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.**

CASE NO 06-11164

CHAPTER 7

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 1*

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None ☐ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| Joseph Tawney | Son | 07/2006 | 1995 Saturn |

### 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy ✓ R. BARRY ROBINSON

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case. ATTORNEY FEES

FEES

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Charles R. Nettles<br>1524 South IH-35, Suite 233<br>Austin, TX 78704 | 07/31/2006 | $1,800.00 |

WHERE
?

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Donald Ray Tawney, Jr.** CASE NO 06-11164

CHAPTER 7

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 2*

### 10. Other transfers

None ☐ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Joseph Tawney (See Sofa #7) | 07/2006 | 1995 Saturn |

None ☑ b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

### 11. Closed financial accounts

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 12. Safe deposit boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 13. Setoffs

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 14. Property held for another person

None ☑ List all property owned by another person that the debtor holds or controls.

### 15. Prior address of debtor

None ☐ If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 1311 Rocky Creek Drive<br>Pflugerville, Texas | | |

### 16. Spouses and Former Spouses

IRS

None ☐ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
Cheryl Ann Tawney

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.** CASE NO

CHAPTER 7

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 3*

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

## 18. Nature, location and name of business

None ☑ a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

**NAME, ADDRESS, AND LAST FOUR DIGITS OF**

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Donald Ray Tawney, Jr.** CASE NO

CHAPTER **7**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 4*

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

**19. Books, records and financial statements**

None ☑ a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None ☑ b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

**20. Inventories**

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

**21. Current Partners, Officers, Directors and Shareholders**

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☑ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

**22. Former partners, officers, directors and shareholders**

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

None ☑ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.



UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: Donald Ray Tawney, Jr. IRS CASE NO 06-11164

CHAPTER 7

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 4*

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

**19. Books, records and financial statements**

None ☑ a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor. THOMAS J THEIS RECORDS

None ☑ b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor. FOR REASSIGNMENT

None ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

**20. Inventories**

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

**21. Current Partners, Officers, Directors and Shareholders**

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☑ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

**22. Former partners, officers, directors and shareholders**

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

None ☑ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.** IRS

CASE NO 06-11164

CHAPTER **7**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 5*

---

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

**24. Tax Consolidation Group**

None ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

---

**25. Pension Funds**

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

---

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **07/31/2006**

Signature of Debtor **/s/ Donald Ray Tawney, Jr.**
***Donald Ray Tawney, Jr.***

Date ____________

Signature of Joint Debtor (if any) CHARLES R DETTLES

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. Sections 152 and 3571*

DONALD RAY TAWNEY, JR
IRS SUPERVISOR

Official Form 8
(10/05)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.**

CASE NO

CHAPTER 7

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☐ I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

☐ I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☐ I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 2006 Saturn Ion | GMAC<br>PO Box 660208<br>Dallas, TX 75266<br>xxxxxxx6766 | ☐ | ☐ | ☐ | ☑ |
| Furniture | Room Store<br>PO Box 60148<br>City of Industry, CA 91716-0148<br>xxxxxxxxxxxx6337 | ☐ | ☐ | ☐ | ☑ |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| **None** | | |

Date 07/31/2006 Signature /s/ Donald Ray Tawney, Jr.
*Donald Ray Tawney, Jr.*

Date ______ Signature ______

MARK EVERSON

B201 (04/09/06)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: Donald Ray Tawney, Jr. ✓

06-11164

DONALD TAWNEY

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR(S) UNDER § 342(b) OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

CHARLES R. DETRES

### 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days BEFORE the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** ✓ The clerk also has a list of approved financial management instructional courses.

FORM 23

### 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

✓ 3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated. IMPROPER CONDUCT

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, ✓ or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

FTCA TORT CLAIM

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under Chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

IRS

B201 (04/09/06)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.**

06-11164

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**Certificate of Compliance with § 342(b) of the Bankruptcy Code**

I, **Charles R. Nettles**, counsel for Debtor(s), hereby certify that I delivered to the Debtor(s) the Notice required by § 342(b) of the Bankruptcy Code.

/s/ Charles R. Nettles

Charles R. Nettles, Attorney for Debtor(s)
Bar No.: 14927200
Charles R. Nettles
1524 South IH-35, Suite 233
Austin, TX 78704
Phone: (512) 459-3212
Fax: (512) 459-0842
E-Mail: charlesnettles@hotmail.com

CHARLES NETTLES
DONALD TAWNEY
FALSE OATH
PERJURY

**Certificate of the Debtor**

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| Donald Ray Tawney, Jr. | X /s/ Donald Ray Tawney, Jr. | 07/31/2006 |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| Case No. (if known) ______ | X ______ Signature of Joint Debtor (if any) | Date |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Donald Ray Tawney, Jr.**

CASE NO

CHAPTER 7

**VERIFICATION OF CREDITOR MATRIX**

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date 07/31/2006

Signature **/s/ Donald Ray Tawney, Jr.**
***Donald Ray Tawney, Jr.***

Date ______________________

Signature CHARLES NETTLES
BANKRUPTCY ATTORNEY
06-01248
07-10008
1:07CV00859
1:07CV00127
1:07CV00156
1:07CV00209

Form B22A (Chapter 7) (10/05)
In re: **Donald Ray Tawney, Jr.**

Case Number:

According to the calculations required by this statement:
☐ **The presumption arises.**
☑ **The presumption does not arise.**
(Check the box as directed in Parts I, III, and VI of this statement.)

# STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION

FOR USE IN CHAPTER 7 ONLY

In addition to Schedules I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

## Part I. EXCLUSION FOR DISABLED VETERANS

| | |
|---|---|
| 1 | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Veteran's Declaration.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. § 901(1)). |

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| | | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☑ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |
| | All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line. | **Column A**<br>**Debtor's Income** | **Column B**<br>**Spouse's Income** |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $5,295.00 | $0.00 |
| 4 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference on Line 4. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br>a. Gross receipts — $0.00 — $0.00<br>b. Ordinary and necessary business expenses — $0.00 — $0.00<br>c. Business income — Subtract Line b from Line a | $0.00 | $0.00 |
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference on Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br>a. Gross receipts — $0.00 — $0.00<br>b. Ordinary and necessary operating expenses — $0.00 — $0.00<br>c. Rental income — Subtract Line b from Line a | $0.00 | $0.00 |
| 6 | **Interest, dividends, and royalties.** | $0.00 | $0.00 |
| 7 | **Pension and retirement income.** | $0.00 | $0.00 |
| 8 | **Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support.** Do not include contributions from the debtor's spouse if Column B is completed. | $0.00 | $0.00 |

| | | | |
|---|---|---|---|
| 9 | **Unemployment compensation.** Enter the amount in Column A and, if applicable, Column B. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor **$0.00** — Spouse **$0.00** | **$0.00** | **$0.00** |
| 10 | **Income from all other sources.** If necessary, list additional sources on a separate page. **Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount.<br>a.<br>b.<br>Total and enter on Line 10 | **$0.00** | **$0.00** |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | **$5,295.00** | **$0.00** |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | **$5,295.00** | |

## Part III. APPLICATION of § 707(b)(7) EXCLUSION

| | | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | **$63,540.00** |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence: **Texas** b. Enter debtor's household size: **2** | **$48,029.00** |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI, or VII.<br>☑ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---|
| 16 | **Enter the amount from Line 12.** | **$5,295.00** |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT regularly contributed to the household expenses of the debtor or the debtor's dependents. If you did not check the box at Line 2.c, enter zero. | |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | **$5,295.00** |

## Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | **$904.00** |
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | **$363.00** |

| Line | Description | Amount |
|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. DO NOT ENTER AN AMOUNT LESS THAN ZERO.<br>a. IRS Housing and Utilities Standards; mortgage/rental expense — **$922.00**<br>b. Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 — **$0.00**<br>c. Net mortgage/rental expense — Subtract Line b from Line a. | **$922.00** |
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | |
| 22 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0 ☐ 1 ☑ 2 or more<br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | **$343.00** |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1 ☑ 2 or more<br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. DO NOT ENTER AN AMOUNT LESS THAN ZERO.<br>a. IRS Transportation Standards, Ownership Costs, First Car — **$471.00**<br>b. Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 — **$274.73**<br>c. Net ownership/lease expense for Vehicle 1 — Subtract Line b from Line a. | **$196.27** |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. DO NOT ENTER AN AMOUNT LESS THAN ZERO.<br>a. IRS Transportation Standards, Ownership Costs, Second Car — **$200.00**<br>b. Average Monthly Payments for debts secured by Vehicle 2, as stated in Line 42 — **$0.00**<br>c. Net ownership/lease expense for Vehicle 2 — Subtract Line b from Line a. | **$200.00** |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. DO NOT INCLUDE REAL ESTATE OR SALES TAXES. | **$933.00** |
| 26 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. DO NOT INCLUDE DISCRETIONARY AMOUNTS, SUCH AS NON-MANDATORY 401(K) CONTRIBUTIONS. | **$39.00** |
| 27 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself. DO NOT INCLUDE PREMIUMS FOR INSURANCE ON YOUR DEPENDENTS, FOR WHOLE LIFE OR FOR ANY OTHER FORM OF INSURANCE. | **$83.00** |

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2006

| | | |
|---|---|---|
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. DO NOT INCLUDE PAYMENTS ON PAST DUE SUPPORT OBLIGATIONS INCLUDED IN LINE 44. | **$500.00** |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | |
| 30 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare. DO NOT INCLUDE PAYMENTS MADE FOR CHILDREN'S EDUCATION. | |
| 31 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. DO NOT INCLUDE PAYMENTS FOR HEALTH INSURANCE LISTED IN LINE 34. | **$170.00** |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the average monthly expenses that you actually pay for cell phones, pagers, call waiting, caller identification, special long distance, or internet services necessary for the health and welfare of you or your dependents. DO NOT INCLUDE ANY AMOUNT PREVIOUSLY DEDUCTED. | **$128.00** |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | **$4,781.27** |
| | **Subpart B: Additional Expense Deductions under § 707(b)**<br>**Note: Do not include any expenses that you have listed in Lines 19-32** | |
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the average monthly amounts that you actually expend in each of the following categories and enter the total.<br>a. Health Insurance — **$294.00**<br>b. Disability Insurance —<br>c. Health Savings Account —<br>Total: Add Lines a, b and c | **$294.00** |
| 35 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | |
| 36 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. | |
| 37 | **Home energy costs in excess of the allowance specified by the IRS Local Standards.** Enter the average monthly amount by which your home energy costs exceed the allowance in the IRS Local Standards for Housing and Utilities. YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION DEMONSTRATING THAT THE ADDITIONAL AMOUNT CLAIMED IS REASONABLE AND NECESSARY. | |
| 38 | **Education expenses for dependent children less than 18.** Enter the average monthly expenses that you actually incur, not to exceed $125 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION DEMONSTRATING THAT THE AMOUNT CLAIMED IS REASONABLE AND NECESSARY AND NOT ALREADY ACCOUNTED FOR IN THE IRS STANDARDS. | |
| 39 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION DEMONSTRATING THAT THE ADDITIONAL AMOUNT CLAIMED IS REASONABLE AND NECESSARY. | **$33.00** |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | **$327.00** |

## Subpart C: Deductions for Debt Payment

| Line | Description | Amount |
|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|
| a. | **GMAC** | **2006 Saturn Ion** | **$274.73** |
| b. | **Room Store** | **Furniture** | **$55.00** |
| c. | | | |
| | | | Total: Add Lines a, b and c. |

Line 42 total: **$329.73**

| Line | Description | Amount |
|---|---|---|
| 43 | **Past due payments on secured claims.** If any of the debts listed in Line 42 are in default, and the property securing the debt is necessary for your support or the support of your dependents, you may include in your deductions 1/60th of the amount that you must pay the creditor as a result of the default (the "cure amount") in order to maintain possession of the property. List any such amounts in the following chart and enter the total. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| | | | Total: Add Lines a, b and c |

Line 43 total: **$0.00**

| Line | Description | Amount |
|---|---|---|
| 44 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | **$0.00** |
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |

| | | |
|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | **$366.37** |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | **10 %** |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

Line 45 total: **$36.64**

| Line | Description | Amount |
|---|---|---|
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | **$366.37** |

## Subpart D: Total Deductions Allowed under § 707(b)(2)

| Line | Description | Amount |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | **$5,474.64** |

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| Line | Description | Amount |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | **$5,295.00** |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)** | **$5,474.64** |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | **($179.64)** |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | **($10,778.40)** |

| | |
|---|---|
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br>☑ **The amount on Line 51 is less than $6,000.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☐ **The amount set forth on Line 51 is more than $10,000.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br>☐ **The amount on Line 51 is at least $6,000, but not more than $10,000.** Complete the remainder of Part VI (Lines 53 through 55). |
| 53 | **Enter the amount of your total non-priority unsecured debt** |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

## Part VII: ADDITIONAL EXPENSE CLAIMS

56 **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses.

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| | Total: Add Lines a, b, and c | |

## Part VIII: VERIFICATION

57 I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*

Date: **07/31/2006** Signature: **/s/ Donald Ray Tawney, Jr.**
(Debtor)

Date: ____________ Signature: ____________
(Joint Debtor, if any)

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (10/05) Case Number 06-11164-frm

UNITED STATES BANKRUPTCY COURT
Western District of Texas

# Order Combined With Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 7/31/06 .

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations.

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Donald Ray Tawney Jr.
13601 Elm Ridge Lane #1635
Austin, TX 78727

| Case Number:<br>06-11164-frm | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>xxx-xx-4466 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Charles R. Nettles Jr.<br>1524 S. IH-35, Suite 233<br>Austin, TX 78704<br>Telephone number: (512) 459-3212 | Bankruptcy Trustee Appointed By U.S. Trustee On 07/31/2006 (name and address) :<br>Randolph N Osherow<br>342 W Woodlawn<br>San Antonio, TX 78212<br>Telephone number: (210) 738-3001 |

## Meeting of Creditors:

Date: **September 1, 2006** Time: **09:00 AM**
Location: **Austin Room 118, Homer Thornberry Bldg., 903 San Jacinto, Austin, TX 78701**

## Presumption of Abuse under 11 U.S.C. § 707(b)

*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Complaint Objecting to Discharge of the Debtor *or* to Determine Dischargeability of Certain Debts:**
10/31/06

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Foreign Creditors

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| **Address of the Bankruptcy Clerk's Office:**<br>United States Bankruptcy Court<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-0<br>Telephone number: (512) 916-5238 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>George D. Prentice II<br>George Prentice |
|---|---|
| Hours Open: Monday - Friday 8:00 AM - 4:00 PM | Date: 8/1/06 |

# EXPLANATIONS

FORM B9A (10/05)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under §707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. At the meeting, the creditors may elect a trustee other than the one named on this notice, examine the debtor, and transact such other business as may properly come before the meeting. The meeting may be continued and concluded at a later date without further notice. **FAILURE OF THE DEBTOR OR HIS ATTORNEY TO APPEAR AT THE SECTION 341(a) MEETING OR TO TIMELY FILE SCHEDULES AND STATEMENT OF AFFAIRS MAY RESULT IN DISMISSAL, DENIAL OF THE DEBTOR'S DISCHARGE, OR OTHER APPROPRIATE RELIEF.** |
| Reaffirmation Agreements | File all reaffirmation agreements with the Bankruptcy Clerk prior to the Objections to Discharge deadline. Reaffirmation Agreements may be scheduled for hearing. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), (6), or (15), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required filing fee by that Deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. Registered electronic users should file through our ***Case Management/Electronic Case Files (CM/ECF)*** Internet site (https://ecf.txwb.uscourts.gov/). You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office or via the Internet if you have a ***CM/ECF PACER subscription*** . |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

**-- Refer to Other Side for Important Deadlines and Notices --**

Certificate Number: 01356-TXW-CC-000609927

# CERTIFICATE OF COUNSELING

I CERTIFY that on July 27, 2006, at 3:03 o'clock PM EDT, Donald Tawney received from Hummingbird Credit Counseling and Education, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Western District of Texas, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet and telephone.

Date: July 27, 2006

By /s/Phyllis Small

Name Phyllis Small

Title Certified Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

Catalina Martinez
2901 Davis Cove
lago Vista, TX 78645


Chase Cardmember Services
PO Box 94014
Palatine, IL 60094-4014


Cheryl Tawney
1311 Rocky Creek Drive
Pflugerville, TX 78660


CitiCards
PO Box 6413
The Lakes, NV 88901-6413


GMAC
PO Box 660208
Dallas, TX 75266


JC Penney
PO Box 960001
Orlando, FL 32896-0001


Kohls
PO Box 2983
Milwaukee, WI 53201-2983


MBNA America
PO Box 15289
Wilmington, DE 19886-5289


Room Store
PO Box 60148
City of Industry, CA 91716-0148

Texas Attorney General
2101 E. St. Elm, Suite 225
Austin, TX 78744


US Trustee
903 San Jacinto, Suite 230
Austin, TX 78701

BAE SYSTEMS

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 0542-1 User: miillers Page 1 of 1 Date Rcvd: Aug 01, 2006
Case: 06-11164 Form ID: B9A Total Served: 15

The following entities were served by first class mail on Aug 03, 2006.

db +Donald Ray Tawney, Jr., 13601 Elm Ridge Lane #1635, Austin, TX 78727-3410
aty +Charles R. Nettles, Jr., 1524 S. IH-35, Suite 233, Austin, TX 78704-2600
tr +Randolph N Osherow, 342 W Woodlawn, San Antonio, TX 78212-3314
ust +United States Trustee - AU12, United States Trustee, 903 San Jacinto Blvd, Suite 230, Austin, TX 78701-2450
12960304 +Catalina Martinez, 2901 Davis Cove, lago Vista, TX 78645-6610
12960306 +Cheryl Tawney, 1311 Rocky Creek Drive, Pflugerville, TX 78660-2931
12960307 CitiCards, PO Box 6413, The Lakes, NV 88901-6413
12960308 +GMAC, PO Box 660208, Dallas, TX 75266-0208
12960311 MBNA America, PO Box 15289, Wilmington, DE 19886-5289
12960312 Room Store, PO Box 60148, City of Industry, CA 91716-0148
12960313 +Texas Attorney General, 2101 E. St. Elm, Suite 225, Austin, TX 78744-1864
12960314 +US Trustee, 903 San Jacinto, Suite 230, Austin, TX 78701-2450

The following entities were served by electronic transmission on Aug 01, 2006 and receipt of the transmission was confirmed on:

tr +EDI: QRNOSHEROW.COM Aug 01 2006 18:42:00 Randolph N Osherow, 342 W Woodlawn, San Antonio, TX 78212-3314
12960305 EDI: CHASE.COM Aug 01 2006 18:42:00 Chase Cardmember Services, PO Box 94014, Palatine, IL 60094-4014
12960307 EDI: CITICORP.COM Aug 01 2006 18:42:00 CitiCards, PO Box 6413, The Lakes, NV 88901-6413
12960309 EDI: TSYS.COM Aug 01 2006 18:41:00 JC Penney, PO Box 960001, Orlando, FL 32896-0001
12960310 EDI: CBSKOHLS.COM Aug 01 2006 18:42:00 Kohls, PO Box 2983, Milwaukee, WI 53201-2983
12960312 EDI: HFC.COM Aug 01 2006 18:41:00 Room Store, PO Box 60148, City of Industry, CA 91716-0148

TOTAL: 6

***** BYPASSED RECIPIENTS *****

NONE.

TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 03, 2006** **Signature:** Joseph Speetjens

## HOUSEHOLD GOODS & FURNITURE (Fair Market Value of Each Item)

Living Room:

$ 250 Sofa
$ ______ Love Seat
$ ______ Recliner
$ ______ Side Chair
$ ______ Rocking Chair
$ 20 Coffee Table
$ 20 End Table
$ 20 End Table
$ ______ Bookcase
$ 50 TV
$ 25 Desk
$ 20 VCR/DVD Player
$ ______ Stereo
$ ______ Stereo Cabinet
$ 10 Lamps
$ 150 Computer

Other:

$ 15 Chair
$ 25 [illegible]

450

Kitchen/Dining Room:

$ ______ Stove
$ ______ Refrigerator
$ ______ Dishwasher
$ ______ Trash Compactor
$ ______ Microwave
$ ______ Table
$ ______ Chairs
$ 100 Dining Table
$ 50 Dining Chairs [illegible]
$ ______ China Cabinet
$ ______ Buffet
$ 20 Small Appliances
$ 10 Pots & Pans
$ 10 Dishes & Glassware
$ 10 Flatware
$ ______ China
$ ______ Silver

Other:

$ ______ ______

200

Bedroom 1

$ 100 King-size Bed
$ ______ Queen-size Bed
$ ______ Double Bed
$ ______ Single Bed
$ ______ Single Bed
$ ______ Twin Beds
$ ______ Crib
$ 50 Dresser
$ ______ Chest of Drawers
$ ______ Night Stand
$ ______ Clocks
$ ______ Cedar Chest

Other:

$ 15 TV stand
$ ______ ______

165

Bedroom 2

$ ______ (13 blank lines)

$ ______
$ ______

Bedroom 3

$ ______ (12 blank lines)

$ ______
$ ______

Bathroom:

$ 20 Towels & Linens

Other:

$ ______ ______

Garage/Utility:

$ ______ Washer
$ ______ Dryer
$ ______ Freezer

$ 35 Misc. Hand Tools
$ ______ Misc. Garden Tools
$ ______ Misc. Electric Tools
$ ______ Lawnmower

55

Misc. General Household Goods:

$ ______ Camera
$ ______ Record Albums
$ ______ Cassettes
$ 25 Video Tapes
$ ______ Radios
$ 15 Vacuums
$ ______ Other: ______
$ ______ Other: ______

40

910

Certificate Number: 01356-TXW-DE-000681415

Bankruptcy Case Number: 06-11164

# CERTIFICATE OF DEBTOR EDUCATION

I certify that on August 15, 2006, at 2:56 o'clock PM EDT, Donald R Tawney completed a course on personal financial management given by internet by Hummingbird Credit Counseling and Education, Inc., a provider approved pursuant to 11 U.S.C. § 111 to provide an instructional course concerning personal financial management in the Western District of Texas.

Date: August 15, 2006

By /s/Dave Fleenor for Victoria Wright

Name Victoria Wright

Title Executive Director of Education

Certificate Number: 01356-TXW-DE-000681415

Bankruptcy Case Number: 06-11164

# CERTIFICATE OF DEBTOR EDUCATION

I certify that on August 15, 2006, at 2:56 o'clock PM EDT, Donald R Tawney completed a course on personal financial management given by internet by Hummingbird Credit Counseling and Education, Inc., a provider approved pursuant to 11 U.S.C. § 111 to provide an instructional course concerning personal financial management in the Western District of Texas.

Date: August 15, 2006

By /s/Dave Fleenor for Victoria Wright

Name Victoria Wright

Title Executive Director of Education

B 240 - Reaffirmation Agreement
(10/05)

United States Bankruptcy Court
WESTERN DISTRICT of TEXAS

In re Donald R. Tawney Jr, Debtor

Case No 06-11164
Chapter 7

# REAFFIRMATION AGREEMENT

CREDITOR: HOUSEHOLD BANK (SB), N.A. - HEILIG MEYERS /. ROOMSTORE WEST

*[Indicate all documents included in this filing by checking each applicable box.]*

- ☑ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)
- ☑ Part B: Reaffirmation Agreement
- ☑ Part C: Certification by Debtor's Attorney
- ☑ Part D: Debtor's Statement in Support of Reaffirmation Agreement
- ☑ Part E: Motion for Court Approval
- ☑ Proposed Order Approving Reaffirmation Agreement

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

**SUMMARY OF REAFFIRMATION AGREEMENT**

This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

a. The amount of debt you have agreed to reaffirm: $ 2,700.00

b. All fees and costs accrued as of the date of this disclosure statement, related to the amount of debt shown in a., above: $ 0

c. The total amount you have agreed to reaffirm (Debt and fees and costs) (Add lines a. and b.): $ 2,700.00

***Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.***

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _______%.

— *And/Or* ---

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _______0__%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ ________ @ ________%;
$ ________ @ ________%;
$ ________ @ ________%;

b. If the debt is an extension of credit other than under an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under § 128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _________%.

— *And/Or* ---

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _______0__%. If different simple interest rates apply to different balances included in the amount reaffirmed,

the amount of each balance and the rate applicable to it are:
$ ________ @ ________%;
$ ________ @ ________%;
$ ________ @ ________%;

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

> The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| Furniture | $ 3,493.38 |

*Optional ---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule**

Your first payment in the amount of $ __________ is due on ________ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

*---Or---*

Your payment schedule will be: 36 (number) payments in the amount of $ 75.00 each, payable (monthly, annually, weekly, etc.) on the 20 (day) of each month ( week, month, etc.), unless altered later by mutual agreement in writing.

Payment Start Date 12/20/06

*---Or---*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upton filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled)

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not dishcarged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is dishcarged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**PART B: REAFFIRMATION AGREEMENT**

I (we) agree to reaffirm the debts arising under the credit agreement described below

1. Brief description of credit agreement:

Revolving Credit

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

Interest rate reduced to (0)%.
Payment provisions changed.

SIGNATURE(S):

Borrower:

Donald B. Tawney Jr.
(Print Name)
[signature]
(Signature)
Date: 9-15-06

Co-borrower, if also reaffirming these debts:

(Print Name)

(Signature)
Date: ______

Accepted by creditor:

Nicholas Spallas
(Print Name)
[signature]
(Signature)
Date of creditor acceptance: ______

**Bass and Associates P.C.**
3936 E. Ft. Lowell Rd. Suite
Suite 200
Tucson, Az 85712

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[Check each applicable box.]*

☒ I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[If applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: CHARLES NETTLES

Signature of Debtor's Attorney: [signature]

Date: 9-18-06

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 3634, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 3249, leaving $ 385.00 to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: payment included in monthly expenditures

2. *Either:* I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

—*Or*—

*[If the creditor is a Credit Union and the debtor is represented by an attorney]* I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: [signature] 9-15-06
(Debtor)

______________________
(Joint Debtor, if any)

Date: ______________

**PART E: MOTION FOR COURT APPROVAL**
*(To be completed only if the debtor is not represented by an attorney.)*

**MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT**

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement.

Signed: ______________________________
(Debtor)

______________________________
(Joint Debtor, if any)

Date: ________________

# United States Bankruptcy Court
## Western District District of Texas

In re Donald R. Tawney Jr, Case No. 06-11164
Debtor Chapter 7

**ORDER APPROVING REAFFIRMATION AGREEMENT**

The debtor(s) Donald R. Tawney Jr have filed a motion for approval of the
(Name(s) of debtor(s))

reaffirmation agreement dated ______________________ made between the debtor(s) and
(Date of agreement)

______________________________. The court held the hearing required by 11 U.S.C. § 524(d)
(Name of creditor)

on notice to the debtor(s) and the creditor on ______________________.
(Date)

COURT ORDER: The court grants the debtor's motion and approves the reaffirmation agreement described above.

BY THE COURT

Date: ______________________

______________________________
*United States Bankruptcy Judge*

Form B240

FILED

OCT - 2 2006

U.S. BANKRUPTCY COURT
BY [signature] DEPUTY

United States Bankruptcy Court
Western District of Texas

| In re: Donald Ray Tawney, | Case No.: 06-11164-FRM<br><br>Chapter: 7 |
|---|---|
| GMAC<br>2740 Arthur Street<br>Roseville, MN 55113 | **REAFFIRMATION AGREEMENT** |

## REAFFIRMATION AGREEMENT

*(Indicate all documents included in this filing by checking each applicable box.)*

[X] Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 – 4)
[X] Part B: Reaffirmation Agreement (Page 4)
[X] Part C: Certification by Debtor's Attorney (Page 5)
[X] Part D: Debtor's Statement in Support of Reaffirmation Agreement (Page 5)
[ ] Part E: Motion for Court Approval (Page 6)
[ ] Proposed Order Approving Reaffirmation Agreement (Page 7)
[ ] (Check this box if) Creditor is a Credit Union as defined in § 19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS, AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

**SUMMARY OF REAFFIRMATION AGREEMENT** - This Summary is made pursuant to the requirements of the Bankruptcy Code. The information provided by creditor GMAC in this disclosure reflects the status of the account according its records as of August 8, 2006.

**AMOUNT REAFFIRMED:**

a. The amount of Debt you have agreed to reaffirm: **$16,050.72**

b. All Fees and Costs accrued as of the date of this disclosure statement, related to the amount of debt shown in a., above: + $75.85

c. The total amount you have agreed to reaffirm (Debt and Fees and Costs)(Add lines a. and b.): = **$16,126.57**

****Your credit agreement may also obligate you to pay additional amounts which may come due after the date of this disclosure. Please consult your credit agreement.***

**ANNUAL PERCENTAGE RATE (APR):** **6.90%**

**Security Interest/ Lien Information:**

GMAC asserts a security interest or lien in the following automobile as "collateral" for the subject debt(s) being reaffirmed by the debtor(s).

Description of Collateral: N06 STRNION VIN 1G8AJ55F36Z187213

Original Amount Financed: $16,483.60

**Repayment Schedule with GMAC:**

Your repayment schedule is set forth below, unless altered later by mutual agreement in writing:

| | | |
|---|---|---|
| One payment of: | | Due: |
| One payment of: | $326.55 | Due: 8/18/2006 |
| Regular **monthly** payments of: | $326.55 | Starting: 9/18/2006 *(and continuing thereafter until paid in full)* |
| | | |

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

a. Read the disclosures in this **Part A** carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in **Part B**.

b. Complete and sign **Part D** and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

c. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in **Part C**.

d. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed **Part E**.

e. The original of this disclosure must be filed with the court by you, your attorney, or your creditor.

f. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as

explained in **Part D**. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

g. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify GMAC that your reaffirmation agreement is rescinded (or canceled). Rescission (cancellation) notices should reference your account number (Acct. # 084-9100-06766 ) and may be sent in writing to the following address:

GMAC Bankruptcy Dept.
Attn: Reaff Cancellation
2740 Arthur Street
Roseville, MN 55113
(651) 367-2068

**Frequently Asked Questions:**

**NOTE:** *When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.*

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**Frequently Asked Questions *(continued)*:**

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**PART B: REAFFIRMATION AGREEMENT**

I (We) agree to reaffirm the debt(s) arising under the credit agreement with GMAC described below.

1. **Brief Description Of Credit Agreement:** *Automobile Retail Installment Sales Contract.*

2. **Description Of Any Changes To The Credit Agreement Made As Part Of This Reaffirmation Agreement:**

SIGNATURE(S):

Borrower:

Donald Ray TAWNEY
(Print Name)

[signature]
(Signature)

Date: 8-24-2006

Co-borrower, if also reaffirming this debt:

(Print Name)

(Signature)

Date:

Accepted by GMAC:

SA Campbell
S. A. Campbell, Agent

Date: 8-8-06

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY.)

*(Check each applicable box.)*

[X] I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor*; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

[ ] *(If applicable and the creditor is not a Credit Union.)* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment*.

**GMAC acknowledges that counsel does not warrant the ability of the debtor to perform the terms of the Reaffirmation Agreement and the signing of this declaration shall in no way be construed as a guaranty* ***by counsel*** *of the debtor's obligations under said Reaffirmation Agreement*

Printed Name of Debtor's Attorney: CHARLES NETTLES

Signature of Debtor's Attorney: [signature] Date: 8-28-06

---

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

(Read and complete numbered paragraphs 1 and 2. Sign the appropriate signature line(s) and date your signature.)

1. I believe this reaffirmation agreement with GMAC will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $________, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $________, leaving $________ to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the monthly payments here:____________

________________________________________

________________________________________.

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: [signature] (Debtor) Date: 8-27-06

____________________
(Joint Debtor, if any)

FILED

NOV 03 2006

U.S. BANKRUPTCY COURT
BY ______ DEPUTY

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | TAWNEY, DONALD RAY | * | CASE NO. 06-11164FM |
| | | * | |
| DEBTOR. | | * | CHAPTER 7 |

**RESPONSE OF DEBTOR, DONALD RAY TAWNEY TO MOTION OF MICHAEL L. BUESGENS FOR EXAMINATION OF ACT AND CONDUCT OF DEBTOR**

Comes now, Donald Ray Tawney, by and through his attorney of record, Charles R. Nettles, would show the Court as follows:

1. Mr. Tawney filed a Chapter 7 on July 31, 2006 and Randolph Osherow was appointed as Chapter 7 Trustee.

2. A creditors meeting was held on September 1, 2006 at the creditors meeting Mr. Osherow thoroughly questioned the Debtor and performed his duties as proscribed by law.

3. The Movant's request for investigation is Moot as an investigation has already been conducted.

WHEREFORE, PREMISES CONSIDERED, Donald Tawney request that this Motion be dismissed as Moot.

Respectfully Submitted,

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, TX 78704
(512) 459-3212
TSB # 14927200
Attorney for Debtors

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Debtors' Response has been mailed by the United States Mail on 3 day of November, 2006, to:

Randolph Osherow
Chapter 7 Trustee
342 W. Woodlawn, Suite 300
San Antonio, TX 78212

Michael Buesgens
3112 Windsor Road #A322
Austin, TX 78703

US Trustee
903 San Jacinto, Suite 230
Austin, TX 78701

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, TX 78704
(512) 459-3212
TSB# 14927200

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL L. BUESGENS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:07-859 (RBW) |
| | ) | |
| MARK EVERSON, COMMISSIONER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR STIPULATION AND EXHIBITS**

DEFENDANTS, Mark Everson, Commissioner of the Internal Revenue Service, Henry Paulson, Secretary of the Department of the Treasury, and Donald Ray Tawney, Jr., object to plaintiff's motion for stipulation and exhibits. (PACER #7.)

As grounds for this motion, defendants submit that the stipulation and exhibits include personal information about numerous Internal Revenue Service employees, only one of whom is a party to this action, which constitute an unwarranted invasion of their privacy.

The relief requested is for the Court to deny the motion and to order the Clerk to strike the motion and exhibits from the docket to avoid further dissemination.

A memorandum of points and authorities in support of this motion and a proposed order are submitted with this motion.

DATED: July 13, 2007.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
)
Plaintiff, )
)
v. ) No: 1:07-859 (RBW)
)
MARK EVERSON, COMMISSIONER, et al. )
)
Defendants. )

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR STIPULATION AND EXHIBITS**

Plaintiff appeals the decision of the United States Bankruptcy Court for the District of Columbia dismissing his adversary complaint challenging aspects of a bankruptcy petition pending in the Western District of Texas.

QUESTION PRESENTED

The bankruptcy court dismissed plaintiff's adversary complaint, motion and crossclaim related to a bankruptcy petition pending in the Western District of Texas. Plaintiff's motion for "stipulation of evidence and adjudicative facts" and attached exhibits consist of correspondence, e-mails and allegations regarding plaintiff's failed attempt to persuade the Internal Revenue Service to make a "reasonable accommodation" for him under the Americans with Disabilities Act. The motion and exhibits contain personal information about numerous Internal Revenue Service employees, only one of whom is a party. Should the Court deny plaintiff's motion and strike the motion and exhibits because they constitute an unwarranted invasion of the privacy of the Internal Revenue Service employees?

STATEMENT

1. Introduction & background. Plaintiff, Michael L. Buesgens, filed an adversary complaint in the Bankruptcy Court in the District of Columbia (No. 07-10008) challenging various actions in a bankruptcy proceeding filed by Donald Ray Tawney in the Bankruptcy Court in the Western District of Texas (No. 06-11164). (PACER #1.)

2. The bankruptcy court's decision. On April 19, 2007, the Bankruptcy Court for the District of Columbia dismissed plaintiff's adversary complaint *sua sponte,* finding that the plaintiff's complaint was "frivolous" and failed to establish any basis for granting him relief because he failed to establish that the Bankruptcy Court for the District of Columbia had jurisdiction, or that Tawney was not entitled to a discharge in the Bankruptcy Court in the Western District of Texas. (Op. at 1-3.)

The bankruptcy court also dismissed plaintiff's motion to reopen the Texas bankruptcy case, finding that such a motion must be filed in the district within which the bankruptcy case is pending. (Op. at 3-4.)

And, the bankruptcy court dismissed plaintiff's crossclaim, ✓ finding that only a defendant is permitted to file a crossclaim. (Op. at 4.) Moreover, the bankruptcy court found that plaintiff's assertions in the crossclaim relate to persons and actions taken in the Bankruptcy Court in the Western District of Texas, the United States District Court for the Western District of Texas, and in a civil suit ✓ relating to plaintiff's discharge from

FTCA TORT CLAIM

employment with the Internal Revenue Service, and that such assertions must be made to the courts where the allegedly improper actions ✓ occurred. (Op. at 5-6.) In addition, the

IMPROPER ACTIONS ALSO OCCURRED IN D.C.

bankruptcy court held that to the extent plaintiff was seeking money damages, such relief would have no impact on the bankruptcy estate since the claim was not against the estate, and the estate would not receive the money. (Op. at 5.)

3. Plaintiff's appeal and motion for stipulation. Plaintiff filed an appeal of the bankruptcy court's decision on May 17, 2007.

On June 14, 2007, plaintiff filed a motion for stipulation. This 46-page handwritten "stipulation" consists of documents and correspondence relating to plaintiff's dismissal from the Internal Revenue Service and various bankruptcy court and district court cases in Texas.1/ Plaintiff attached 58 unnumbered pages of "exhibits" to his motion. Seventeen (17) pages consist of correspondence and e-mails by various Internal Revenue Service employees discussing plaintiff's request for "reasonable accommodation" under the Americans with Disabilities Act. The remaining exhibits consist of public records, including property records, land plat records, a divorce petition which states the names of the couple's children, and various other records showing the assets of over fifteen (15) Internal Revenue Service employees. Among these documents are six pages from Tawney's bankruptcy petition in Texas, and the appearance of Pat S. Genis in plaintiff's adversary case.

---

1/ Plaintiff violated the bankruptcy court's prohibition against filing handwritten papers. The court's April 26, 2007 order directed the clerk to accept for filing plaintiff's one-page handwritten notice of appeal, but not to accept the other handwritten documents attached thereto, consisting of a 59-page exception to the judgment and exhibits to those exceptions. (Order at 1-2.) Plaintiff's motion for stipulation is handwritten, and the exhibits contain numerous handwritten notations and comments. Thus, plaintiff has ignored the court's order not to file such documents.

ARGUMENT

Plaintiff's motion for stipulation and attached exhibits should be denied and stricken because they constitute an unwarranted invasion into the personal privacy of numerous Internal Revenue Service employees. In *United States Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 763 (1989), the Supreme Court recognized that "both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." This right rests on the "degree of dissemination of the allegedly private fact." *Id.* And, "[r]ecognition of this attribute of a privacy interest supports the distinction, in terms of personal privacy, between scattered disclosure of the bits of information" and a compilation of information. *Id.* at 764. Thus, the Supreme Court rejected the "cramped notion" that there was no privacy interest in avoiding disclosure of personal matters in a "rap sheet," because events summarized in it had been disclosed previously to the public. *Id.* at 762-63.

In this case, the Internal Revenue Service employees have a privacy interest in avoiding the disclosure of their personal information. Here, plaintiff has compiled data from various public records about approximately fifteen Internal Revenue Service employees, only one of whom is a party in this appeal. These records include bankruptcy filings, divorce pleadings, home addresses, maps and plats of the employees' property, lien information, children's names, and other personal information. The Internal Revenue Service employees have a privacy interest in this information. *See Reporters Committee*, 489 U.S. at 763-64; *see also Federal Relations Authority v. U.S. Dept. of the Navy*, 966 F.2d 747, 758

(3rd Cir. 1992) (employees have a "meaningful privacy interest in their home addresses").

Moreover, since all but one of the individuals whose personal information is appended to plaintiff's motion are not even parties to this litigation, and were not parties to the action plaintiff is appealing here, none of this information is relevant or material to this appeal. Accordingly, there is no reason - compelling or otherwise - for this information to be disclosed or disseminated or become part of the record in this appeal.

SUMMARY

Plaintiff's motion for stipulation and attached exhibits constitute an unwarranted invasion of the privacy of the Internal Revenue Service employees discussed therein. Further, the disclosure or dissemination of this personal information is not relevant or material to the issues on appeal. Accordingly, this Court should deny plaintiff's motion for stipulation and order the Clerk to strike the motion and exhibits from the record to prevent further dissemination of the personal matters.

DATED: July 13, 2007.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR STIPULATION AND EXHIBITS, supporting MEMORANDUM, and proposed ORDER were served upon plaintiff *pro se* on July 13, 2007 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

Michael L. Buesgens
*Plaintiff pro se*
3112 Windsor Avenue
Apartment A 322
Austin, TX 78730

/s/ Pat S. Genis
PAT S. GENIS, #446244