UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

MICHAEL L. BUESGENS
PLAINTIFF

RECEIVED

JUL 25 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

V.

CIVIL NO.
1:07CV
00859
RBW

HENRY PAULSON, SECRETARY
DEPARTMENT OF THE TREASURY

MARK EVERSON, COMMISSIONER
INTERNAL REVENUE SERVICE

DONALD RAY TAWNEY JR
I.R.S. SUPERVISOR
VOLUNTARY CHAPTER 7
FEDERAL TORT CLAIMS ACT
PERSONAL INJURY

MARIAM G. HARVEY-DIRECTOR
MARCIA H. COATES-DIRECTOR
DEPARTMENT OF THE TREASURY-EEO
1:05CV02334 RCL
DEFENDANTS, ET. AL.



PLAINTIFF—CREDITOR—ADVERSARY—
ADMINISTRATIVE CLAIMANT
**MICHAEL L. BUESGENS**

1. RESPECTFULLY REQUESTS ✓ AN
EXTENSION OF TIME TO RESPOND
**TO**: U.S. ATTORNEYS
A. PAT S. GENIS
B. KAREN MELNIK
C. R BARRY ROBINSON

**AND**

2. BANKRUPTCY ATTORNEY
CHARLES R. NETTLES

3. MOTION TO DISMISS ✓ APPEAL
A. DOCUMENT: **11**
B. FILED: 7/18/2007
C. **1:07CV00859 RBW**

**OR**

4. IN THE ALTERNATIVE ENLARGEMENT ✓
OF TIME.

5. PURSUANT TO FEDERAL RULES OF
CIVIL PROCEDURE
FRCP RULE **6** (b) (1) AND (2)

2

6. AND FRCP 7
THIRD PARTY COMPLAINT AGAINST
CHARLES R. NETTLES ET. AL. HE
HAS FAILED TO RESPOND
AND

7. FRCP 11
CHARLES R. NETTLES - SIGNED
AND CERTIFIED PLEADINGS MAKING
FALSE REPRESENTATIONS TO THE
COURT AND IN THE BANKRUPTCY
PETITION - CASE NO.. 06-11164
NO ESTATE SAYS NETTLES
AND RANDOLPH OSTEROW - CHAPTER
7 TRUSTEE
AND

8. FRCP 14 - THIRD PARTY PRACTICE
CHARLES R. NETTLES - BANKRUPTCY
ATTORNEY MOTION FOR SANCTIONS
AGAINST. MICHAEL L BUESGENS
AND HIS DEMAND THAT BUESGENS
PAY ATTORNEY FEES
AND CROSSCLAIM

9. FRCP 18 JOINDER OF CLAIMS AND
REMEDIES - RESPONDENT SUPERIORS

3



10. FRCP19 JOINDER OF PERSONS - ET. AL. NEEDED FOR JUST ADJUDICATION

11. PLAINTIFF, BUESGENS ORIGINALLY ✓ FILED HIS CLAIMS AGAINST THE DEFENDANTS IN CIVIL NO.

A. 1. 07CV00859RBW AT
B. U.S. DISTRICT COURT DISTRICT OF COLUMBIA JUDGE ROYCE C. LAMBERTH

C. CIVIL NO. 1:05CV02334 RcL
12. BUESGENS
✓
A. MARCIA H. COATES
B. MARIAM G. HARVEY, ET.AL
13 FOR CONTINUING VIOLATIONS

A. EEO # 05-2291
B. EEO # 05-2291S

14. MARCIA H. COATES AND MARIAM G. HARVEY MADE THE FINAL DECISION IN THIS AND BUESGENS SENT THEM ✓ NUMEROUS DOCUMENTS IN 2005- 2006-2007 . 4



15. ALL OF BUESGENS EMPLOYMENT RECORDS WERE **TRANSFERRED TO** U.S. OFFICE OF PERSONNEL MANAGEMENT —**OPM** ON THE DATE OF HIS INVOLUNTARY DISABILITY RETIREMENT ON **MARCH 7, 2005**

16. BUESGENS WAS EVEN **DENIED FOIA** REQUESTS **BY THE IRS** IN **2005.** BECAUSE THE **FOIA OFFICIALS** SAID THAT ALL OF HIS RECORDS WERE **AT OPM** WASHINGTON, DC.

17 ASSISTANT U.S. ATTORNEY **KAREN MELNIK**

**AND**

18 NATIONAL TREASURY EMPLOYEES UNION **NTEU ATTORNEYS**
A. RUSSELL BOKELMAN
B. GREGORY O' DUDEN
C. DENNIS SCHNEIDER
D. BARBARA A. ATKIN
E. JULIE M. WILSON

19. **TRANSFERRED** BUESGENS RECORDS **TO TEXAS** 1: 05CV02334RcL

5

20. PLAINTIFF GUESGEUS FILED HIS ADMINISTRATIVE — **PERSONAL INJURY** FEDERAL TORT CLAIMS ACT — **FTCA** FOR A **SF95** — SUM CERTAIN AND ATTACHMENT

21. **AT** U.S. DISTRICT COURT DISTRICT OF COLUMBIA ✓

A. JUDGE ROYCE C. LAMBERTH

B. CIVIL NO. 1:06CV01558RCL

C. FILED ! 9/1/2006

22. THE FOREGOING **AND** ATTORNEYS DID THE **SAME THING**

23. **TRANSFER TO TEXAS**

24. KAREN MELNIK AUSA MADE AN **UNSERVED** APPEARANCE ✓ TO ACCOMPLISH THIS LAPSE OF ETHICS

25. **COUNTERPART** — RECIPIENT

A. R. BARRY ROBINSON — AUSA

B. 1:06CV00967LY-RP — FTCA

C. AUSTIN, TEXAS

6

26. PLAINTIFF BUESGENS **ALSO MAKES** THIS REQUEST FOR AN EXTENSION OR ENLARGEMENT OF TIME!

27. **BECAUSE** AGENCIES AND ASSISTANT U.S. ATTORNEYS CONTINUE TO PLAY GAMES WITH HIS FOIA REQUESTS

28. THAT **BEGAN IN 2005 AND** PERSIST INTO 2007

29. **SEE** EXHIBIT ATTACHED OF **FOIA** REQUEST **DATED:** APRIL 5, 2007 AND

30. MARIAN G. HARVEY - DIRECTOR "IN HOUSE" EEO DEPARTMENT OF TREASURY - RESPONSE
   A. LETTER DATED: JUNE
   B. FOIA DENIED

31. FOR BUESGENS CONTINUING VIOLATIONS COMPLAINTS **IN 2005**
   A. EEO # 05-2291
   B. EEO # 05-2291S

32. THE SUBJECT OF 1:05CV02334RCL

33. **RECORDS IN** WASHINGTON, DC

7

34.    EEO # 05-2291
35.    EEO # 05-2291 S
       **RELATE**
       **TO** THIS COURTS JURISDICTION
       **IN**
A.  CIVIL NO.  1:07CV00859 RBW
B.  CIVIL NO.  1:06CV00967LY-RP
       **AND**
C.  CIVIL NO.  1:06CV01558 RCL
    FEDERAL TORT CLAIMS ACT

36.         BUESGENS
                v.
A.  HENRY PAULSON, SECRETARY
B.  MARK EVERSON, COMMISSIONER
C.  JOHN W. SNOW, SECRETARY
D.  J. RUSSELL GEORGE, INSPECTOR
    GENERAL FOR TAX ADMINISTRATION
37.         **TIGTA-FOIA**
               **AND**
38.  **THIS** CIVIL ACTION IS **RELATED**
     **TO** BUESGENS MOTION TO INTERVENE
     **IN** CIVIL NO. 2:06CV00072 PPS
A.   **PAT S. GENIS-AUSA**
     U.S. DISTRICT COURT - HAMMOND, INDIANA

                8



39.
A. CIVIL NO. 2:06 CV 00072 PPS-APR
   DARYL STANLEY
        V.
B. TIGTA - J. RUSSELL GEORGE
C. TREASURY

40. HAS THE **SAME** ELEMENTS AS
    BUESGENS **FOIA-TIGTA** COMPLAINT

41. **THE SAME TRANSAKTION**

42. THE **SAME** EXPLOITATION **BY TIGTA**
    OF THE **PERFORATED FOIA**

43. HOWEVER BUESGENS WAS **NEVER**
    ALLOWED THE **VAUGHN INDEX**
    **FOR HIS 2005-TIGTA-FOIA**
    **REQUESTS** AND CIVIL ACTIONS
                    AND

44. U.S. ATTORNEYS
A. R. BARRY ROBINSON
B. KAREN MELNIK
C. PAT S. GENIS - 07CV00859RBW

45. **HAVE** AND **CONTINUE TO** OMIT-DELETE
    AND MISREPRESENT **THIS CENTRAL**
    **ISSUE THAT RELATES TO** EMPLOYMENT
    AND HOUSING DISCRIMINATION.

9

46  1:07 CV 00 859 RBW

47  PLAINTIFF MICHAEL L BUESGENS
**REQUESTS** AN EXTENSION **OR**
ENLARGEMENT OF TIME.

48  THE AMOUNT OF TIME **REQUIRED**
**IS DEPENDANT ON** AGENCY
OFFICIALS

49  **SUCH AS**
50  WILLIAM I. HARVEY
51. MALCIA H. COATES
52. J. RUSSELL GEORGE
53. HENRY PAULSON
54. MARK EVERSON

   **AND**
55  ASSISTANT **U.S. ATTORNEYS**
   A.  PAT S. GENIS
   B.  KAREN MELNIK
   C.  R. BARRY ROBINSON

   **AND**
56  **IRS** GENERAL LEGAL SERVICES
   OFFICIALS - GLS
   A.  MICHAEL LYNN SALYRAS - DALLAS
   B.  MARY-ELLEN KACITA - D.C.
   C.  **MARK S. KAIZEN** - D.C.

10

57. RESPONSE TO BUESGENS FOIA REQUESTS THAT HAVE BEEN OMITTED AND DELETED OR MISREPRESENTED. 2005-2007

58. THE SAME ISSUES BUESGENS HAS WITH THE DENIALS OF HIS DISCOVERY REQUESTS IN CIVIL ACTIONS - ET. AL.

59 PLAINTIFF BUESGENS HAS MANY AGENCY LETTERS FOR FOIA THAT BEGAN IN 2005 AND CONTINUE INTO 2007

60. DOES THE COURT WANT TO SEE THESE LETTERS TO VERIFY BUESGENS CLAIMS?

RESPECTFULLY SUBMITTED
Michael Buesgen
MICHAEL L BUESGENS
JULY 21, 2007

11

1:07 CV 00859 RBW

# CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE COPY
OF THIS MOTION AND REQUEST
FOR EXTENSION OR ENLARGEMENT
OF TIME WAS SERVED BY
FIRST CLASS MAIL ON THIS
22 ND DAY OF JULY, 2007

ADDRESSED **TO**:

1. CROSS COMPLAINANT
   BANKRUPTCY ATTORNEY
2. **CHARLES R. NETTLES**
   ASSISTANT U.S. ATTORNEY
   R. BARRY ROBINSON
   1524 SOUTH IH 35, #233
   AUSTIN TEXAS    78704
   06-11164 FRM — BANKRUPTCY CASE
   06-01248 FRM — ANVERSARY
   07-10008 FRM — ANVERSARY
   1:07 CV 00859 RBW
   1:07 CV 00127 LY
   1:07 CV 00156 LY — 1:07 CV 00209 LY

12

3
4
5
PAT S. GENIS – AUSA
KAREN MELNIK – AUSA
MICHAEL LYNN SALYARDS – IRS-GLS
ATTORNEY

6
MARK S. KAIZEN – IRS-GLS
ASSOCIATE CHIEF COUNSEL

7
MARY-ELLEN ARCHA – IRS-GLS –
EEO – TORT CLAIMS MANAGER
FEDERAL TORT CLAIMS ACT – FTCA
FREEDOM OF INFORMATION ACT – FOIA
1:06CV 01558 RCL
1:05CV 02334 RCL

8
U.S. ATTORNEYS OFFICE
P.O. BOX 227
WASHINGTON, DC 20044

9
10
A.
B.
MARIAM G. HARVEY – DIRECTOR
MARCIA H. COATES – DIRECTOR
TREASURY IN HOUSE – EEO
EEO # 05-2291
EEO # 05-2291 S
1750 PENNSYLVANIA AVENUE, NW
SUITE – ROOM 8157
WASHINGTON, DC 20220
PHONE: 202-622-0316
FAX: 202-622-0367
13

11. MARK S. KAIZEN
ASSOCIATE CHIEF COUNSEL
12. MARY-ELLAN KRCHA - IRS
TORT CLAIMS MANAGER - FTCA
A. 1:06 CV 01558 RCL - BUESGENS
AND
B. 4:06 CV 01399
C. ARENSDORF V. JOHN W. SNOW
HOUSTON, TEXAS ✓
BUESGENS MOTION TO INTERVENE
IRS OFFICE OF CHIEF COUNSEL
950 L'ENFANT PLAZA, SW D.C. 20024

13. ELIZABETH KARPATI - AUSA
4:06 CV 01399
U.S. ATTORNEYS OFFICE - HOUSTON
P.O. BOX 61129
HOUSTON, TEXAS 77208

14. AFTON IZEN ATTORNEY
15. DONNA ZARENSDORF - FORMER
IRS EMPLOYEE - 38 YEARS
4:06 CV 01399 - HOUSTON
5222 SPRUCE STREET
BELLAIRE, TEXAS 77401

14

16. RODERICK H. FILLINGER, DEPUTY
GENERAL COUNSEL - TIGTA - FOIA
OFFICE OF CHIEF COUNSEL
1125  15 TH STREET, NW
ROOM  700 A
WASHINGTON, DC  20005
PHONE:  202-622-3139
FAX:  202 - 622 - 4068
A. FILLINGER LETTER TO BUESGENS
B. DATED: JUNE 8, 2007

17. KEITH WOLAK  ATTORNEY
PINKERTON AND FRIEDMAN PC
9295 CALUMET AVENUE  #201
MUNSTER, IN  46321-2884



MICHAEL L. BUESGENS
3112 WINDSOR RD, #A322
AUSTIN, TEXAS  78703
512-339-6005 X 7958
MIKEBUESGENS@HOTMAIL.COM
JULY 21, 2007

15

# 1:07CV00859 RBW

## EXHIBITS

1. THE LAW
BANKRUPTCY CODE
FTCA—PERSONAL INJURY-CONTINGENT-
UNLIQUIDATED CLAIM

THE I.R.S. AND IN BANKRUPTCY COURT
AGGREGATION OF CONTROVERSIES
RESPONDENT SUPERIORS
IN
WASHINGTON, D.C.
HEADQUARTERS — U.S.A..
I.R.S. AND STRUCTURE AND ADMINISTRATION

10 — PAGES

2. PAT S. GENIS-AUSA
DOCUMENT 11 — FILED: 7/18/2007
1:07CV00859 RBW

9 — PAGES

16



**2.**    **RELATED CASE** – PAT S. GENIS-AUSA
  A.    FOIA – TIGTA
  B.    BUESGENS MOTION TO INTERVENE ✓
  C.    DOCKET SHEET
  D.    2:06 CV 00072 PPS-APR
     HAMMOND, INDIANA

    **6** – PAGES

**3.**    **2:06 CV 00072 PPS-APR**
  A.    **PAT S. GENIS** – AUSA
  B.    COURTS ORDER AND BUESGENS
    APPEAL

    **5** – PAGES

**4.**    **1:05 CV 02334 RCL** – **NO** TRANSFER
  A.    BUESGENS FILING **DENIED**
  B.    JUDGE ROYCE C. LAMBERTH
  C.    U.S.D.C. DISTRICT OF COLUMBIA
  D.    JUNE 21, 2007
  E.    KAREN MELNIK – **AUSA**
  F.    MICHAEL L SALYARDS – **IRS-GLS**

    **1** – PAGE

       *17*



5. GENERAL LEGAL SERVICES
   IRS - GLS
   A. WASHINGTON, D.C. - MARK KAIZER
         AND
   B.   DALLAS TEXAS
   C. FUNCTION - DUTIES - RESPONSIBILITIES
      LITIGATION - EEO - FTCA TORT
      CLAIMS, ET. AL.

      22 - PAGES
   D.   MARK S. KAIZEN              IRS
   E.   MICHAEL LYNN SALYARDS       GLS
   F.   THOMAS R. STANTON           ATTORNEYS
   G.   CHRISTOPHER ATTIG - FORMER IRS

6.   THOMAS R. STANTON - DALLAS, TEXAS
      LITIGATION RECORD
      2 - PAGES

7.   MICHAEL L SALYARDS - DALLAS, TEXAS
      LITIGATION RECORD
   A. SEE CIVIL NO. 1:00CV00600SS
   B. BUTLER V. IRS - AUSTIN, TEXAS
   C. SALYARDS - AND THOMAS J. THEIS - IRS
      HUMAN RELATIONS - RELATED
      2 - PAGES        18

1:07 CV00859 RBW

EXHIBIT   1



merits of the tax liability under section 505 of the Bankruptcy Code.

After the bankruptcy case is closed, taxpayers H and W separate. Thereafter, H (requesting spouse) files a request for relief from joint and several liability under section 6015. No party in interest files a dischargeability proceeding.

*10-PAGES*            **LAW** ✓        *07-10008  1:07CV00859 RBW*

The Bankruptcy Code provides rules for debtors to consolidate and resolve their debts to various creditors, including the Service, in various ways. Section 301 of the Bankruptcy Code allows debtors to commence a bankruptcy case by filing a voluntary petition with the bankruptcy court. Once a petition is filed, creditors have an opportunity to file proofs of claim. 11 U.S.C. § 501. A proof of claim asserts the right of a creditor to payment and can include rights that are fixed, contingent, liquidated, or unliquidated. *See* 11 U.S.C. § 101(5). A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). The proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). If a party in interest objects, the bankruptcy court, after notice and a hearing, determines the validity and amount of the claim as of the date of the petition and allows the claim in the proper amount. 11 U.S.C. § 502(b).

*CONTINGENT UNLIQUIDATED*

*NOT PERSONAL INJURY FTCA TORT CLAIMS*

Generally, the bankruptcy court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed and whether or not paid. 11 U.S.C. § 505(a)(1). This includes the determination of the eligibility of a debtor for relief from joint and several liability under section 6015 in appropriate cases. *See In re French*, 242 B.R. 369 (Bankr. N.D. Ohio 1999). The determination of the bankruptcy court on the merits of a claim is a final judgment and, unless appealed, is binding on the parties to a contested matter. *See Freytag v. Commissioner*, 110 T.C. 35 (1998). The determination also precludes subsequent litigation by a debtor over the merits of the liability under principles of *res judicata*. *See id.* at 40. The

Supreme Court in *Commissioner v. Sunnen* explained the rule of *res judicata*:

> [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

*333 U.S. 591, 597 (1948) (quoting Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)).*

Although filing a bankruptcy petition commences a case, "a bankruptcy case is simply an aggregation of controversies." *See In re Martin Bros. Toolmakers, Inc.*, 796 F.2d 1435, 1437 (11th Cir. 1986). In order to bring a controversy before the bankruptcy court, a party generally moves for relief in a contested matter under Federal Rule of Bankruptcy Procedure 9014 or initiates an adversary proceeding under Rule 7001. The merits of a tax liability are generally raised in one of two ways. Either the debtor or the Service can seek a determination of a tax liability under section 505 of the Bankruptcy Code, or a party in interest can object to a proof of claim listing tax liabilities under section 502(a). *See In re Taylor*, 132 F.3d 256, 262 (5th Cir. 1998). Unless a party in interest moves for relief or initiates a proceeding, the merits of a tax liability are not before the bankruptcy court, and the bankruptcy court does not inquire into the merits of the tax liability or enter a final judgment fixing the tax liability.

Certain taxes are excepted from discharge in a Chapter 7 bankruptcy case. *See* 11 U.S.C. § 523(a)(1), 727(b). For example, income tax liabilities for tax years ending within three years of the bankruptcy petition are entitled to priority status and are excepted from the bankruptcy discharge under sections 523(a)(1)(A) and 507(a)(8)(A)(i). These tax liabilities are excepted from discharge under section 523(a)(1)(A) whether or not a claim was filed or allowed, and

*(handwritten margin notes:)* BANKRUPTCY COURT DOES NOT HAVE COMPETENT JURISDICTION OVER DUESGENS FTCA - TORT CLAIM PERSONAL INJURY

*(handwritten margin notes:)* BANKRUPTCY CASE IS AN AGGREGATION OF CONTROVERSIES

the principles of *res judicata* do not apply unless the merits of the tax liabilities were actually determined. *Hambrick v. Commissioner*, 118 T.C. 348 (2002).

A debtor or creditor may request the bankruptcy court to determine the dischargeability of a debt by initiating an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001. A dischargeability proceeding is a proceeding to determine whether a bankruptcy discharge includes the discharge of liability for certain debts. A determination of the bankruptcy court in a discharge proceeding that is a final judgment on the merits bars relitigation of dischargeability. *See Florida Peach Corp. v. Commissioner*, 90 T.C. 678, 682 (1988). However, a discharge determination generally does not include consideration of the merits of the debt. *In re Doerge*, 181 B.R. 358, 364 (Bankr. S.D. Ill. 1995). There are cases in which bankruptcy courts consider the merits of a tax liability, including relief from joint and several liability, during the course of determining whether the tax liability is dischargeable. *See, e.g., In re Brackin*, 148 B.R. 953 (Bankr. N.D. Ala. 1992). If the bankruptcy court were to make a determination on the merits of the tax liability, that determination generally would preclude the requesting spouse from later raising a request for relief under section 6015 if the requesting spouse was a debtor in the bankruptcy case and meaningfully participated in the dischargeability proceeding. *See* section 6015(g)(2).

*07-10008*

## ANALYSIS

Under the facts of this revenue ruling, the Service filed a proof of claim in the bankruptcy case and neither taxpayer, and no other party in interest, filed an objection to the proof of claim under 11 U.S.C § 502(a) or moved for the bankruptcy court to determine the liability under 11 U.S.C. § 505(a). Thus, the merits of the tax liability were not determined by the bankruptcy court and the requesting spouse is not precluded from raising a request for relief under section 6015 after the bankruptcy case is closed.

*1:07CV00859 RBW*
*1:06CV01964 RBW*

# Structure and Administration of the Internal Revenue Service

*COMPLEX LITIGATION*
*MULTI DISTRICT LITIGATION*

Principal Officers of the Internal Revenue Service ...................................................... 57

Principal Officers of the IRS Office of Chief Counsel .................................................. 59

Commissioners of Internal Revenue......................................................................... 61

Chief Counsels for the Internal Revenue Service ....................................................... 62

Internal Revenue Service Organization ............................................................. Inside Back Cover

*MARK EVERSON – COMMISSIONER*
*MARK S. KAIZEN*
*MARYELLAN KRCHA*
*MICHAEL LYNN SALYARDS*
*THOMAS J. THEIS – LABOR RELATIONS*
*MARGARET F. WALTES – EEO*
*DONALD RAY TWINEY, JR ET.AL.*

Internal Revenue Service Data Book 2004

## Principal Officers of the Internal Revenue Service
*as of September 30, 2004*

*RESPONDENT SUPERIOR* [handwritten]

### COMMISSIONER

**Mark W. Everson**

**Deputy Commissioner for Services and Enforcement**
Mark E. Matthews

**Deputy Commissioner for Operations Support**
John M. Dalrymple

**Chief of Staff**
Evelyn Petschek

**Chief, Appeals**
David B. Robison

**National Taxpayer Advocate**
Nina E. Olson

**Chief, Equal Employment Opportunity and Diversity**
John M. Robinson

**Director, Research, Analysis, and Statistics**
Mark J. Mazur

**Chief, Communications and Liaison**
Frank Keith

### APPEALS

**Chief, Appeals**
David B. Robison

**Deputy Chief, Appeals**
Karen S. Ammons

*1:03CV0066155* [handwritten]

### TAXPAYER ADVOCATE SERVICE

**National Taxpayer Advocate**
Nina E. Olson

**Deputy National Taxpayer Advocate**
Christopher Wagner

**Executive Director, Systemic Advocacy**
Arlene Kay

### COMMUNICATIONS AND LIAISON

**Chief, Communications and Liaison**
Frank Keith

**Director, Office of Legislative Affairs**
Floyd Williams

**Director, Office of Communications**
Jodi Patterson

**Director, Office of National Public Liaison**
Paul J. Mamo, (Acting)

*1:03CV0066155
LIZ CAUO
V.
USR
WHISTLEBLOWER
EITC
CREDIT* [handwritten]

### OFFICE OF PROFESSIONAL RESPONSIBILITY

**Director, Office of Professional Responsibility**
Cono R. Namorato

**Deputy Director, Office of Professional Responsibility**
Stephen Whitlock

**Deputy Director, Office of Professional Responsibility**
Brien Downing

### SMALL BUSINESS/SELF-EMPLOYED DIVISION

**Commissioner, Small Business/Self-Employed**
Kevin M. Brown

**Deputy Commissioner, Small Business/Self-Employed**
Linda Stiff

*03CV0066155* [handwritten]

**Director, Taxpayer Education and Communication**
Sherrill Fields

**Director, Compliance**
Thomas R. Hull

57

Internal Revenue Service Data Book 2004

**WAGE AND INVESTMENT DIVISION** ✓

**Commissioner, Wage and Investment**
*Henry O. Lamar, Jr.*

**Deputy Commissioner, Wage and Investment**
*Richard J. Morgante*

**Director, Customer Account Services**
*Dave Medeck*

**Director, CARE (Customer Assistance, Relationships and Education)**
*Tyrone B. Ayers*

**Director, Compliance**
*Pam Watson*

**Director, Strategy and Finance**
*Mary E. Davis*

**Director, EITC (Earned Income Tax Credit)**
*David R. Williams*

**LARGE AND MID-SIZE BUSINESS DIVISION**

**Commissioner, Large and Mid-Size Business**
*Deborah Nolan*

**Deputy Commissioner, Large and Mid-Size Business**
*Bruce Ungar*

**Director, Financial Services Industry**
*Paul DeNard*

**Director, Retailers, Food, Pharmaceuticals, and Healthcare**
*Henry Singleton*

**Director, Communications Technology and Media**
*Frank Ng*

**Director, Heavy Manufacturing, and Transportation**
*John Petralla*

**Director, Natural Resources and Construction**
*Bobby Scott*

**Director, Field Specialists**
*Keith Jones*

**TAX EXEMPT AND GOVERNMENT ENTITIES DIVISION**

**Commissioner, Tax Exempt and Government Entities**
*Stephen T. Miller*

**Deputy Commissioner, Tax Exempt and Government Entities**
*Sarah Hall Ingram*

**Director, Employee Plans**
*Carol D. Gold*

**Director, Exempt Organizations**
*Martha Sullivan*

**Director, Government Entities**
*Preston Butcher*

**CRIMINAL INVESTIGATION**

**Chief, Criminal Investigation**
*Nancy J. Jardini*

**Deputy Chief, Criminal Investigation**
*Richard Speier, Jr. (Acting)*

**MODERNIZATION AND INFORMATION TECHNOLOGY SERVICES**

**Chief Information Officer**
*W. Todd Grams*

**Associate Chief Information Officer, Business Systems Modernization**
*Richard Spires*

**Associated Chief Information Officer, Information Technology Services**
*Terence H. Lutes*

**Associate Chief Information Officer, Management**
*John E. Binnion*

**OFFICE OF CHIEF FINANCIAL OFFICER**

**Chief Financial Officer**
*Eileen Powell*

**Deputy Chief Financial Officer, Finance**
*Janice J. Lambert*

**AGENCY-WIDE SHARED SERVICES** ✓

**Chief, Agency-Wide Shared Services**
*Jim Falcone (Acting)*

**HUMAN CAPITAL OFFICE** ✓

**Chief, Human Capital Officer**
*Beverly Ortega Babers*

**Deputy Chief Human Capital Officer**
*Robert Buggs*

THOMAS J. THEIS
AUSTIN, TX

**MISSION ASSURANCE AND SECURITY SERVICES**

**Chief, Mission Assurance and Security Services**
*Dan Galik*

**Principal Officers of the IRS Office of Chief Counsel**
*as of September 30, 2004*

OFFICE OF CHIEF COUNSEL

*RESPONDEAT SUPERIOR*

---

**Chief Counsel**
*Donald L. Korb*

**Deputy Chief Counsel (Operations)**
*Donald T. Rocen*

**Deputy Chief Counsel (Technical)**
*Nicholas J. DeNovio*

**Special Counsel (National Taxpayer Advocate Service)**
*Judith M. Wall*

**Division Counsel/Associate Chief Counsel (Criminal Tax)**
*Edward F. Cronin*

**Division Counsel (Large and Mid-Size Business)**
*Peter J. LaBelle (Acting)*

**Division Counsel (Small Business/Self-Employed)**
*Thomas R. Thomas*

**Division Counsel/Associate Chief Counsel (Tax Exempt and Government Entities)**
*Nancy J. Marks*

**Division Counsel (Wage and Investment)**
*Carol A. Campbell*

**Associate Chief Counsel (Corporate)**
*William D. Alexander*

**Associate Chief Counsel (Finance and Management)**
*Dennis M. Ferrara*

**Associate Chief Counsel (Financial Institutions and Products)**
*Len B. Smith*

**Associate Chief Counsel (General Legal Services)**
*Mark S. Kaizen*    GLS

**Associate Chief Counsel (Income Tax and Accounting)**
*Robert M. Brown*

**Associate Chief Counsel (International)**
*Harry J. Hicks, III*

**Associate Chief Counsel (Passthroughs and Special Industries)**
*Heather C. Maloy*

**Associate Chief Counsel (Procedure and Administration)**
*Deborah A. Butler*

Commissioners of Internal Revenue

OFFICE OF COMMISSIONER OF INTERNAL REVENUE CREATED BY ACT OF CONGRESS, JULY 1, 1862.

**George S. Boutwell**
*Massachusetts*
*July 17, 1862 to March 4, 1863*

**Joseph J. Lewis (Acting)**
*Pennsylvania*
*March 5 to March 17, 1863*

**Joseph J. Lewis**
*Pennsylvania*
*March 18, 1863 to June 30, 1865*

**William Orton**
*New York*
*July 1, 1865 to Oct. 31, 1865*

**Edward A. Rollins**
*New Hampshire*
*Nov. 1, 1865 to March 10, 1869*

**Columbus Delano**
*Ohio*
*March 11, 1869 to Oct. 31, 1870*

**John W. Douglass (Acting)**
*Pennsylvania*
*Nov. 1, 1870 to Jan. 2, 1871*

**Alfred Pleasonton**
*New York*
*Jan. 3, 1871 to Aug. 8, 1871*

**John W. Douglass**
*Pennsylvania*
*Aug. 9, 1871 to May 14, 1875*

**Daniel D. Pratt**
*Indiana*
*May 15, 1875 to Aug. 1, 1876*

**Green B. Raum**
*Illinois*
*Aug. 2, 1876 to April 30, 1883*

**Henry C. Rogers (Acting)**
*Pennsylvania*
*May 1 to May 10, 1883*

**John J. Knox (Acting)**
*Minnesota*
*May 11 to May 20, 1883*

**Walter Evans**
*Kentucky*
*May 21, 1883 to March 19, 1885*

**Joseph S. Miller**
*West Virginia*
*March 20, 1885 to March 20, 1889*

**John W. Mason**
*West Virginia*
*March 21, 1889 to April 18, 1893*

**Joseph S. Miller**
*West Virginia*
*April 19, 1893 to Nov. 26, 1896*

**W. St. John Forman**
*Illinois*
*Nov. 27,1896 to Dec. 31, 1897*

**Nathan B. Scott**
*West Virginia*
*Jan. 1, 1898 to Feb. 28, 1899*

**George W. Wilson**
*Ohio*
*March 1, 1899 to Nov. 27, 1900*

**Robert Williams, Jr., (Acting)**
*Ohio*
*Nov. 28 to Dec. 19, 1900*

**John W. Yerkes**
*Kentucky*
*Dec. 20, 1900 to April 30, 1907*

**Henry C. Rogers (Acting)**
*Pennsylvania*
*May 1 to June 4, 1907*

**John G. Capers**
*South Carolina*
*June 5, 1907 to Aug. 31, 1909*

**Royal E. Cabell**
*Virginia*
*Sept. 1, 1909 to April 27, 1913*

**William H. Osborn**
*North Carolina*
*April 28, 1913 to Sept. 25, 1917*

**Daniel C. Roper**
*South Carolina*
*Sept. 26, 1917 to March 31, 1920*

**William M. Williams**
*Alabama*
*April 1, 1920 to April 11, 1921*

**Millard F. West (Acting)**
*Kentucky*
*April 12 to May 26, 1921*

**David H. Blair**
*North Carolina*
*May 27, 1921 to May 31, 1929*

**Robert H. Lucas**
*Kentucky*
*June 1, 1929 to Aug. 15, 1930*

**H. F. Mires (Acting)**
*Washington*
*Aug. 16 to Aug. 19, 1930*

**David Burnet**
*Ohio*
*Aug. 20, 1930 to May 15, 1933*

**Pressly R. Baldridge (Acting)**
*Iowa*
*May 16 to June 5, 1933*

**Guy T. Helvering**
*Kansas*
*June 6, 1933 to Oct. 8, 1943*

**Robert E. Hannegan**
*Missouri*
*Oct. 9, 1943 to Jan. 22, 1944*

**Harold N. Graves (Acting)**
*Illinois*
*Jan. 23 to Feb. 29, 1944*

**Joseph D. Nunan, Jr.**
*New York*
*March 1, 1944 to June 30, 1947*

**George J. Schoeneman**
*Rhode Island*
*July 1, 1947 to July 31, 1951*

**John B. Dunlap**
*Texas*
*Aug. 1, 1951 to Nov. 18, 1952*

**John S. Graham (Acting)**
*North Carolina*
*Nov. 19, 1952 to Jan. 19, 1953*

**Justin F. Winkle (Acting)**
*New York*
*Jan. 20 to Feb. 3, 1953*

**T. Coleman Andrews**
*Virginia*
*Feb. 4, 1953 to Oct. 31, 1955*

**O. Gordon Delk (Acting)**
*Virginia*
*Nov. 1 to Dec. 4, 1955*

**Russell C. Harrington**
*Rhode Island*
*Dec. 5, 1955 to Sept. 30, 1958*

**O. Gordon Delk (Acting)**
*Virginia*
*Oct. 1 to Nov. 4, 1958*

**Dana Latham**
*California*
*Nov. 5, 1958 to Jan. 20, 1961*

**Charles I. Fox (Acting)**
*Utah*
*Jan. 21 to Feb. 6, 1961*

**Mortimer M. Caplin**
*Virginia*
*Feb. 7, 1961 to July 10, 1964*

**Bertrand M. Harding (Acting)**
*Texas*
*July 11, 1964 to Jan. 24, 1965*

**Sheldon S. Cohen**
*Maryland*
*Jan. 25, 1965 to Jan. 20, 1969*

**William H. Smith (Acting)**
*Virginia*
*Jan. 21 to March 31, 1969*

**Randolph W. Thrower**
*Georgia*
*April 1, 1969 to June 22, 1971*

**Harold T. Swartz (Acting)**
*Indiana*
*June 23 to Aug. 5, 1971*

**Johnnie M. Walters**
*South Carolina*
*Aug. 6, 1971 to April 30, 1973*

**Raymond F. Harless (Acting)**
*California*
*May 1 to May 25, 1973*

**Donald C. Alexander**
*Ohio*
*May 25, 1973 to Feb. 26, 1977*

Internal Revenue Service Data Book 2004

Chief Counsels for the Internal Revenue Service

**William E. Williams (Acting)**
*Illinois*
*Feb. 27 to May 4, 1977*

**Jerome Kurtz**
*Pennsylvania*
*May 5, 1977 to Oct. 31, 1980*

**William E. Williams (Acting)**
*Illinois*
*Nov. 1, 1980 to March 13, 1981*

**Roscoe L. Egger, Jr.**
*Indiana*
*March 14, 1981 to April 30, 1986*

**James I. Owens (Acting)**
*Alabama*
*May 1 to Aug. 3, 1986*

**Lawrence B. Gibbs**
*Texas*
*Aug. 4, 1986 to March 4, 1989*

**Michael J. Murphy (Acting)**
*Wisconsin*
*March 5 to July 4, 1989*

**Fred Goldberg, Jr.**
*Missouri*
*July 5, 1989 to Feb. 2, 1992*

**Shirley D. Peterson**
*Colorado*
*Feb. 3, 1992 to Jan. 20, 1993*

**Michael P. Dolan (Acting)**
*Iowa*
*Jan. 21 to May 26, 1993*

**Margaret Milner Richardson**
*Texas*
*May 27, 1993 to May 31, 1997*

**Michael P. Dolan (Acting)**
*Iowa*
*June 1 to Nov. 12, 1997*

**Charles O. Rossotti**
*New York*
*Nov. 13, 1997 to Nov. 6, 2002*

**Bob Wenzel (Acting)**
*Illinois*
*Nov. 7, 2002 to April 30, 2003*

**Mark W. Everson**
*New York*
*May 1, 2003 to present*

Walter H. Smith, *1866*
William McMichael, *1871*
Charles Chesley, *1871*
Thomas J. Smith, *1888*
Alphonse Hart, *1890*
Robert T. Hough, *1893*
George M. Thomas, *1897*
Albert W. Wishard, *1901*
A.B. Hayes, *1903*
Fletcher Maddox, *1908*
Ellis C. Johnson, *1913*
A.A. Ballantine, *1918*
D.M. Kelleher, *1919*
Robert N. Miller, *1919*
Wayne Johnson, *1920*
Carl A. Mapes, *1920*
Nelson T. Hartson, *1923*
Alexander W. Gregg, *1925*
Clarence M. Charest, *1927*
E. Barrett Prettyman, *1933*
Robert H. Jackson, *1934*
Morrison Shafroth, *1936*
John P. Wenchel, *1937*
Charles Oliphant, *1947*
Charles W. Davis, *1952*
Daniel A. Taylor, *1953*
John Potts Barnes, *1955*
Nelson P. Rose, *1957*
Arch M. Cantrall, *1958*
Hart H. Spiegel, *1959*
Crane C. Hauser, *1961*
Sheldon S. Cohen, *1964*
Mitchell Rogovin, *1965*
Lester R. Uretz, *1966*
K. Martin Worthy, *1969*

Lee H. Henkel, Jr., *1972*
Meade Whitaker, *1973*
Stuart E. Seigel, *1977*
N. Jerold Cohen, *1979*
Kenneth W. Gideon, *1981*
Fred Goldberg, Jr., *1984*
William F. Nelson, *1986*
Abraham N. M. Shashy, Jr., *1990*
Stuart L. Brown, *1994*
B. John Williams, Jr., *2002*
Donald L. Korb, *2004*

*The following were Acting Chief Counsel during periods when there was no Chief Counsel holding the office:*

**John W. Burrus**, *March 2 to Nov. 30, 1936*
**Mason B. Leming**, *Dec. 6, 1951 to May 15, 1952*
**Kenneth W. Gemmill**, *June 11 to Nov. 8, 1953*
**Rudy P. Hertzog**, *Dec. 1, 1954 to May 8, 1955, and Jan. 20 to Aug. 16, 1961, and Sept. 1, 1963 to Jan. 5, 1964*
**Herman T. Reiling**, *Jan. 19 to March 13, 1957, and Aug. 31 to Sept. 20, 1959*
**Richard M. Hahn**, *Jan. 20 to June 25, 1969*
**Lee H. Henkel, Jr.**, *Jan. 16 to June 11, 1972*

Lawrence B. Gibbs, *April 17 to Oct. 19, 1973*
Charles L. Saunders, Jr., *Jan. 20 to April 15, 1977*
Leon G. Wigrizer, *April 16 to June 23, 1977*
Lester Stein, *June 1 to Nov. 16, 1979*
Jerome D. Sebastian, *Jan. 21 to Feb. 2, 1981, and March 30 to Aug. 14, 1981*
Emory L. Langdon, *Feb. 3 to March 29, 1981*
Joel Gerber, *May 28, 1983 to March 17, 1984*
V. Jean Owens, *March 14 to July 27, 1986*
Peter K. Scott, *Nov. 1, 1988 to Feb. 6, 1990*
David L. Jordan, *Jan. 20, 1993 to Oct. 4, 1994*
Richard Skillman, *Jan. 20, 2001 to Feb. 6, 2002*
Emily A. Parker, *Aug. 1, 2003 to April 14, 2004*

*NOTE: From 1866 to 1926, the chief legal officer for the Bureau of Internal Revenue was known as the Solicitor. For the next 8 years, 1926 to 1934, the chief legal officer had the title of General Counsel. Since 1934, the chief legal officer has operated under the title of Chief Counsel, now for the Internal Revenue Service.*

Internal Revenue Service Data Book 2004



VICARIOUS LIABILITY

1:07CV00859RBW
1:06CV01964RBW

WAGE AND INVESTMENT
DONALD RAY MAWNEY    ET. AL.
FTCA TORT CLAIM — PERSONAL
INJURY

1 Chief Counsel reports to both the Commissioner and the General
Counsel in circumstances specified by the Internal Revenue Service
Restructuring and Reform Act of 1998.

PAGE 10

1:07CV00859 RBW

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 1:07-859 (RBW) |
| | ) |
| MARK EVERSON, COMMISSIONER, et al. | ) |
| Defendants. | ) |

*9-PAGES*

*DOCUMENT 11*
*FILED : 7/18/2007*

## DEFENDANTS' MOTION TO DISMISS APPEAL

DEFENDANTS, Mark Everson, Commissioner of Internal Revenue, Henry

Paulson, Secretary of the Treasury, and Donald Ray Tawney Jr., move to dismiss

plaintiff's appeal, under Fed.R.Bankr.P. 8011.

As grounds for this motion, defendants submit that plaintiff's appeal is frivolous.

The relief requested is dismissal of the appeal.

A memorandum of points and authorities  in support of this motion and a

proposed order are submitted with this motion.

DATED: July 18, 2007.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                    )
                                       )
              Plaintiff,               )
                                       )
       v.                              )        No: 1:07-859 (RBW)
                                       )
MARK EVERSON, COMMISSIONER, et al.     )
                                       )
              Defendants.              )

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS APPEAL

This is a civil action in which plaintiff appeals the decision of the United States
Bankruptcy Court for the District of Columbia dismissing his adversary complaint.

### QUESTION PRESENTED

Plaintiff appeals the dismissal of his adversary complaint filed in the United States
Bankruptcy Court in the District of Columbia challenging aspects of a bankruptcy
proceeding pending in the Western District of Texas. Plaintiff's adversary complaint was
dismissed as frivolous. Should this Court dismiss plaintiff's appeal on this ground? *NO*

### STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, Michael L. Buesgens, filed an adversary
complaint in the Bankruptcy Court in the District of Columbia (No. 07-10008) challenging
various actions in a bankruptcy proceeding filed by Donald Ray Tawney in the Bankruptcy
Court in the Western District of Texas (No. 06-11164).  (No. 07-1008, PACER #1.)

2. <u>The bankruptcy court's decision</u>.  On April 19, 2007, the Bankruptcy Court for the
District of Columbia dismissed plaintiff's adversary complaint *sua sponte*, finding that

plaintiff's complaint was "frivolous" and failed to establish any basis for granting him

relief because he failed to establish that the Bankruptcy Court for the District of Columbia

had jurisdiction, or that Tawney was not entitled to a discharge in the Bankruptcy Court in

the Western District of Texas. (Op. at 1-3.)

The bankruptcy court also dismissed plaintiff's motion to reopen the Texas

bankruptcy case, finding that such a motion must be filed in the district within which the

bankruptcy case is pending. (Op. at 3-4.)

*BUESGEUS FILED THE MOTION TO REOPEN THERE ALSO.*

And, the bankruptcy court dismissed plaintiff's crossclaim, finding that only a

*THIRD PARTY PRACTICE*

defendant is permitted to file a crossclaim. (Op. at 4.) Moreover, the bankruptcy court

found that plaintiff's assertions in the crossclaim relate to persons and actions taken in the

Bankruptcy Court in the Western District of Texas, the United States District Court for the

Western District of Texas, and in a civil suit relating to plaintiff's discharge from

*WRONG CASE 1: 05CV00243SS*

employment with the Internal Revenue Service, must be presented to the courts where the

*RIGHT CASE 1: 06CV00967LY-RP*

allegedly improper actions occurred. (Op. at 5-6.) In addition, the bankruptcy court held

*D.C. AND TEXAS          FTCA - TORT*

that to the extent plaintiff was seeking money damages, such relief would have no impact

on the bankruptcy estate since the claim was not against the estate, and the estate would

not receive the money. (Op. at 5.)

*RANDOLPH OSHEROW TRUSTEE FAILED HIS DUTIES AS DID*

Plaintiff filed an appeal of the bankruptcy court's decision on May 17, 2007.

*CHARLES R. NETTLES*

(PACER #1.)

-2-

1864489.1

## ARGUMENT

This Court has the authority to dismiss a frivolous complaint. *See Eden v. Lauriat,* 271 F.2d 839 (D.D.C. 1959) (Burger, J, concurring) ("I would dismiss this appeal as frivolous."); *see also, e.g., Internat'l Shoe Co. v. Washington Office of Employment Compensation and Placement,* 326 U.S. 310, 322 n.1 (1945) (Black, J., dissenting). Justice Black, in dissent, opined that the case before the Supreme Court was "so patently frivolous" that the appeal should have been dismissed as "unsubstantial." *Id.* at 322. Justice Black further states that "[t]his Court has on several occasions pointed out the undesirable consequence of a failure to dismiss frivolous appeals." *Id.* n.1. An appeal is frivolous when it is "prosecuted with no reasonable expectation of altering the . . . court's judgment and for purposes of delay or harassment or out of sheer obstinacy." *Stringell v. The Methodist Hosp. of Indiana,* 89 F.3d 415, 423 (7th Cir. 1996).

*EXPECTIONS ARE IMMATERIAL FACTS*

Plaintiff's appeal is patently frivolous. The bankruptcy court dismissed plaintiff's adversary complaint, his motion to reopen the bankruptcy proceeding that Donald Ray Tawney filed in the United States Bankruptcy Court in the Western District of Texas, and plaintiff's cross-claim. The bankruptcy court found that plaintiff's five-count adversary complaint was "frivolous," venue was improper, and the complaint failed to "state any valid basis for denying Tawney a discharge," and "fail[ed] to establish any basis for granting Buesgens any relief." (Op. at 1-3.) Plaintiff had requested a denial of discharge to Tawney under 11 U.S.C. §§ 727(a)(11) and 1328(g)(1). The bankruptcy court noted that plaintiff admitted that Tawney met the requirements of section 727 and further found that section 1328 was inapplicable to a chapter 7 bankruptcy case. (Op. at 3.) The bankruptcy

*NO JURISDICTION TO DISMISS*

*NO IT DID NOT*

*FORM 23 NOT TIMELY FILED AND BUESGENS FILED A COMPLAINT ABOUT IN OCTOBER, 2006*

-3-

1864489.1

court's findings respecting the adversary complaint cannot be assailed. Similarly, the

*THEY SURE CAN*

bankruptcy court's rulings that plaintiff cannot maintain a motion or a crossclaim in the

*THIRD PARTY PRACTICE*

District of Columbia to challenge actions in cases conducted in Texas are so obviously

*SEE THE CLAIMS NETTLES MADE AGAINST BUESGENS*

correct that no other conclusion can be reached. For this reason, plaintiff can have no

expectation of altering the bankruptcy court's judgment on these issues. Accordingly,

plaintiff's appeal of the bankruptcy court's decision is frivolous and should be dismissed.

## SUMMARY

Plaintiff filed an action in the District of Columbia complaining of a bankruptcy case

conducted in Texas. The bankruptcy court properly dismissed plaintiff's adversary

complaint, motion and crossclaim. Plaintiff's appeal of this decision is patently frivolous,

and is being "prosecuted with no reasonable expectation of altering the . . . court's judgment

*WHAT DID CHARLES NETTLES AND R. BARRY ROBINSON SAY TO PAT S. GENIS?*

*WHAT DOES PAT S. GENIS KNOW ABOUT THE MESS IN TEXAS?*

*LOOK AT THE LIABILITY THE COURTS IN TEXAS HAVE FOR THIS BANKRUPTCY MISCONDUCT AGAINST BUESGENS*

-4-

1864489.1

. . . out of sheer obstinacy."1/ *Stringell*, 89 F.3d at, 423. Accordingly, this Court should dismiss plaintiff's appeal.

DATED: July 18, 2007.

*1:07CV00859 RBW*

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

*C. BARRY ROBINSON*
*CHARLES R. VETTLES*
*KAREN MELLIK*
*MICHAEL SALYARDS*
*MARY-ELLAN KRCHA*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

*PAT S. GENIS IS LYING ABOUT THE TIMING OF THIS MOTION TO INTERVENE*

---

1/ On July 17, 2007, plaintiff filed a motion to intervene in a Freedom of Information Act case, *Stanley v. United States* (no. 06-72), in the United States District Court in the Northern District of Indiana, naming United States counsel Pat S. Genis as a defendant.. (PACER #39.) The Court had already entered a judgment for the United States on July 9, 2007. (PACER #37.) Therefore, the Court denied plaintiff's motion to intervene on July 17, 2007, and plaintiff filed an appeal on July 18, 2007. (PACER #38 & #40.) Plaintiff's motion to intervene in a case in which he has no interest, naming the United States' counsel as a defendant, evinces an intent to harass. We, therefore, ask this Court to prohibit plaintiff from filing any papers in any federal court pending the resolution of this appeal.

*MOTION TO INTERVENE WAS RECEIVED IN INDIANA DISTRICT COURT ON JUNE 27, 2007 AND THEY PLAYED GAMES WITH IT*

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that DEFENDANT'S MOTION TO DISMISS APPEAL, supporting

MEMORANDUM, and proposed ORDER were served upon plaintiff *pro se* on July 18, 2007

by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Michael L. Buesgens
> *Plaintiff pro se*
> 3112 Windsor Avenue
> Apartment A 322
> Austin, TX   78730

> _____    /s/ Pat S. Genis_____
> PAT S. GENIS, #446244

-6-

1864489.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )         No: 1:07-859 (RBW)
                                   )
MARK EVERSON, COMMISSIONER, et al. )         DOCUMENT 11-1
                                   )         FILED: 7/18/2007
            Defendants.            )

**O R D E R**

Having considered defendant's motion to dismiss appeal, together with the

memorandum in support thereof, and having further considered plaintiff's [lack of]

response thereto, the Court concludes that the motion ought to be granted.

Accordingly, it is this _____ day of _____, 2007, at Washington, District

of Columbia,

        ORDERED that defendants' motion be GRANTED;

        ORDERED that the appeal is DISMISSED; and it is further

        ORDERED that the Clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.


                          _____
                          UNITED STATES DISTRICT JUDGE



                                                        2621723.11

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Michael L. Buesgens
*Plaintiff pro se*
3112 Windsor Avenue
Apartment A 322
Austin, TX   78730

1:07CV00859 RBW
07-10008
1:06CV01558 RCL

PAGE 9

2621723.11

APPEAL, CASREF, TERMED

**U.S. District Court Northern District of Indiana [LIVE]**
**USDC Northern Indiana (Hammond)**
**CIVIL DOCKET FOR CASE #: 2:06-cv-00072-PPS-APR**

*[handwritten: RELATED]*     *[handwritten: 6-PAGES]*

Stanley v. United States Department of the Treasury
Assigned to: Judge Philip P Simon
Referred to: Magistrate Judge Andrew P Rodovich
Cause: 05:552 Freedom of Information Act

Date Filed: 02/27/2006
Date Terminated: 07/09/2007
Jury Demand: None
Nature of Suit: 895 Freedom of
Information Act
Jurisdiction: U.S. Government Defendant

**Plaintiff** *[handwritten check mark]*
**Daryl Stanley** *[handwritten check mark]*

*[handwritten: MICHAEL L BUESGEUS*
*MOTION TO INTERVENE]*

    represented by **Keith Wolak**
    Pinkerton and Friedman PC
    9245 Calumet Avenue Suite 201
    Munster, IN 46321-2884
    219-836-3050
    Fax: 219-836-2955
    Email: kwolak@paflaw.com
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

V.

**Defendant**
**United States Department of the
Treasury**

*[handwritten: J. RUSSELL GEORGE*
*INSPECTOR GENERAL*
*TIGTA*
*RODERICK FILLINGER*
*GENERAL COUNSEL*
*TIGTA — FOIA]*

    represented by **Pat Genis** *[handwritten check mark]*
    US Department of Justice -
    Was/DC/TAX/227
    Tax Division
    PO Box 227
    Washington, DC 20094
    202-307-6390
    Fax: 202-514-6866
    Email: pat.genis@usdoj.gov
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

    **Deborah M Leonard - AUSA**
    US Attorney's Office - FW/IN
    1300 S Harrison Street Room 3128

*2:06CV00072*

Fort Wayne, IN 46802
260-422-2595
Fax: 260-426-1616
Email: deborah.leonard@usdoj.gov
*ATTORNEY TO BE NOTICED*

*HAMMOND INDIANA
SEVENTH CIRCUIT*

V.

**Movant**

**Michael L Buesgens**

*MOTION TO INTERVENE
FOIA - TIGTA*

represented by **Michael L Buesgens**
3112 Windsor Road #A322
Austin, TX 78703
512-339-6005
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 02/27/2006 | 1 | COMPLAINT against United States Department of the Treasury (Filing fee $ 250.) Receipt #2206700, filed by Daryl Stanley. (Attachments: # 1 Civil Cover Sheet)(knk, ) (Entered: 03/01/2006) |
| 02/27/2006 | 2 | Summons Issued as to United States Department of the Treasury, U.S. Attorney and U.S. Attorney General (knk, ) (Entered: 03/01/2006) |
| 02/27/2006 | 3 | NOTICE of Appearance by Keith Wolak on behalf of Daryl Stanley (knk, ) (Entered: 03/01/2006) |
| 03/02/2006 | 4 | SUMMONS Returned Executed by Daryl Stanley. United States Department of the Treasury served by serving the US Attorney's on 2/27/2006 by personal service, answer due 4/28/2006. (Wolak, Keith) (Entered: 03/02/2006) |
| 03/07/2006 | 5 | SUMMONS Returned Executed by Daryl Stanley. United States Department of the Treasury served, by serving Treasury Inspector General for Tax Administration, on 3/2/2006, answer due 5/1/2006. (Wolak, Keith) (Entered: 03/07/2006) |
| 03/13/2006 | 6 | SUMMONS Returned Executed by Daryl Stanley. United States Department of the Treasury served on 3/6/2006, by serving the Attorney General's Office, answer due 5/5/2006. (Wolak, Keith) (Entered: 03/13/2006) |
| 04/28/2006 | 7 | MOTION for Extension of Time to File Answer re 1 Complaint by United States Department of the Treasury. (Leonard, Deborah) (Entered: 04/28/2006) |
| 05/01/2006 | 8 | ORDER granting 7 Motion for Extension of Time to Answer re 1 Complaint. United States Department of the Treasury answer due 5/15/2006 . Signed by Judge Andrew P Rodovich on 5/1/06. (kjp, ) (Entered: 05/01/2006) |

*2:06CV00072*     *PATS.GENIS-ROSA*

| | | |
|---|---|---|
| 05/19/2006 | 9 | MOTION for Summary Judgment by United States Department of the Treasury. (Attachments: (1) brief (2) Affidavit Genis declaration (3) Genis decl. ex1 (4) Statement of facts (5) Sissman declaration & exhibits A-G (6) Cert. fo service for declarations & exhibits (7) Proposed order - Removed improperly submittee)(Genis, Pat) Attachment(s) added on 5/22/2006 (rmn). Modified on 5/22/2006 to remove proposed order improperly submitted (rmn). (Entered: 05/19/2006) |
| 05/25/2006 | 10 | NOTICE of Hearing: Rule 16 Preliminary Pretrial Conference set for 7/14/2006 10:30 AM in Hammond before Magistrate Judge Andrew P Rodovich. (plm, ) (Entered: 05/25/2006) |
| 05/25/2006 | 11 | MAGISTRATE CONSENT FORMS sent to all parties (Standard Track). (plm, ) (Entered: 05/25/2006) |
| 06/19/2006 | 12 | MEMORANDUM in Opposition to 9 MOTION for Summary Judgment filed by Daryl Stanley. (Wolak, Keith) (Entered: 06/19/2006) |
| 06/19/2006 | 13 | RESPONSE to Motion re 9 MOTION for Summary Judgment filed by Daryl Stanley. (Wolak, Keith) (Entered: 06/19/2006) |
| 06/19/2006 | 14 | STATEMENT *Rule 56.1(a) Statement of Genuine Issues with Ex A (Affidavit of Keith Wolak)* regarding 13 Response to Motion filed by Daryl Stanley,. (Wolak, Keith) (Entered: 06/19/2006) |
| 06/19/2006 | 15 | MOTION to Compel by Daryl Stanley. (Wolak, Keith) (Entered: 06/19/2006) |
| 06/28/2006 | 16 | NOTICE re 10. The Rule 16 Preliminary Pretrial Conference set on 7/14/2006 at 10:30 AM before Magistrate Judge Andrew P Rodovich is telephonic. Court to initiate the conference call. (plm, ) (Entered: 06/28/2006) |
| 06/30/2006 | 17 | NOTICE of Appearance by Pat Genis on behalf of United States Department of the Treasury (Genis, Pat) (Entered: 06/30/2006) *PATS.GENIS-ROSA* |
| 07/14/2006 | 18 | TELEPHONIC RULE 16 PRELIMINARY PRETRIAL CONFERENCE held on 7/14/2006 before Judge Andrew P Rodovich. Pla appeared by atty Keith Wolak. Dft appeared by atty Pat Genis. Plaintiff's Motion to Compel 15 filed 6/19/2006 is DENIED. Telephonic Status Conference set for 9/8/2006 11:30 AM in Hammond before Magistrate Judge Andrew P Rodovich. Court to initiate the conference call. (plm, ) (Entered: 07/14/2006) |
| 09/08/2006 | 19 | TELEPHONIC STATUS CONFERENCE held on 9/8/2006 before Judge Andrew P Rodovich. Pla appeared by atty Keith Wolak. Dft appeared by atty Pat Genis. Telephonic Status Conference set for 10/27/2006 02:30 PM (CST) in Hammond before Magistrate Judge Andrew P Rodovich. Court to initiate the conference call. (plm, ) (Entered: 09/08/2006) |
| 10/27/2006 | 20 | TELEPHONIC STATUS CONFERENCE held on 10/27/2006 before Judge Andrew P Rodovich. Pla appeared by atty Keith Wolak. Dft appeared by atty Pat Genis. Telephonic Status Conference set for 12/15/2006 02:30 PM in Hammond before Magistrate Judge Andrew P Rodovich. Court to initiate the conference call. (plm, ) |

| | | |
|---|---|---|
| | | (Entered: 10/27/2006) *2:06CV00072 PPS-APR* |
| 12/13/2006 | 21 | NOTICE of Hearing: regarding [20]: Telephonic Status Conference reset for 12/21/2006 09:30 AM (CST) before Magistrate Judge Andrew P Rodovich. PLEASE NOTE: Previous setting of 12/15/2006 02:30 PM is VACATED.(plm, ) (Entered: 12/13/2006) *HAMMOND, INDIANA* |
| 12/21/2006 | 22 | TELEPHONIC STATUS CONFERENCE held on 12/21/2006 before Judge Andrew P Rodovich. Pla appeared by atty Keith Wolak. Dft appeared by atty Pat Genis. Telephonic Status Conference set for 2/23/2007 10:00 AM before Magistrate Judge Andrew P Rodovich. Court to initiate the conference call. (plm, ) (Entered: 12/21/2006) *TIGTA - FOIA* |
| 01/03/2007 | 23 | ORDER denying 9 MOTION for Summary Judgment filed by United States Department of the Treasury. Defendant is ORDERED to file under seal the 32 pages of documents being withheld within 30 days, so that the Court may inspect them in camera. Dft will be given leave to refile its summary judgment motion once the documents are submitted for in camera review. Signed by Judge Philip P Simon on 1/3/06. (kjp, ) (Entered: 01/04/2007) |
| 01/29/2007 | 24 | NOTICE OF MANUAL FILING of DOCUMENTS FOR IN CAMERA REVIEW by United States Department of the Treasury (Genis, Pat) (Entered: 01/29/2007) |
| 01/30/2007 | 25 | SEALED Documents submitted for in camera review by United States Department of the Treasury. (kjp) (Entered: 01/31/2007) |
| 02/06/2007 | 27 | NOTICE of Hearing: Telephone Conference set for 2/13/2007 11:00 AM in Hammond before Judge Philip P Simon. The parties shall notify the case management deputy by 12:00 noon on 2/12/2007 of the attorneys to be present for the telephone conference and the telephone number at which they can be reached. This information should be provided to simon_chambers@innd.uscourts.gov(nac) (Entered: 02/06/2007) |
| 02/09/2007 | 28 | MOTION to Continue *Telephonic Conference scheduled for February 13, 2007 at 11:00 a.m.* by Plaintiff Daryl Stanley. (Wolak, Keith) (Entered: 02/09/2007) |
| 02/09/2007 | 29 | ORDER granting 28 Motion to Continue: Telephone Conference RESET for 2/14/2007 10:00 AM in Hammond before Judge Philip P Simon. The previous setting of 2/13/2007 is VACATED on the court calendar of Judge Philip P. Simon. Signed by Judge Philip P Simon on 2/9/2007. (nac) (Entered: 02/09/2007) |
| 02/14/2007 | 30 | ORDER Defendant's motions for summary judgment to be filed by 3/15/2007 and Plaintiff's Response to be filed by 4/15/07. Signed by Judge Philip P Simon on 2/14/07. (kjp) (Entered: 02/14/2007) |
| 02/14/2007 | 31 | TELEPHONE CONFERENCE held on 2/14/2007 before Judge Philip P Simon. Pla appeared by atty Keith Wolak. Defense present by atty Pat Genis. Defense will be renewing the motion for S/J - deadline of 3/15/07. Plf may file a response, deadline of 4/15/07. Thereafter the Court will issue a written opinion. (nac) (Entered: 02/14/2007) *PAT S. GENIS - AUSA* |

| | | |
|---|---|---|
| 02/20/2007 | 32 | Second MOTION for Summary Judgment *(Renewed motion for summary judgment)* by Defendant United States Department of the Treasury. (Attachments: # 1 MSJ-part 1# 2 MSJ-part2)(Genis, Pat) (Entered: 02/20/2007) |
| 02/23/2007 | 33 | TELEPHONIC STATUS CONFERENCE held on 2/23/2007 before Judge Andrew P Rodovich. Pla appeared by atty Keith Wolak. Dft appeared by atty Pat Genis. The parties indicate that the summary judgment will resolve all issues and that no additional status conference is necessary. (plm) (Entered: 02/23/2007) |
| 03/21/2007 | 34 | RESPONSE to Motion re 32 Second MOTION for Summary Judgment *(Renewed motion for summary judgment)* filed by Daryl Stanley. (Wolak, Keith) (Entered: 03/21/2007) |
| 03/30/2007 | 35 | REPLY to Response to Motion re 32 Second MOTION for Summary Judgment *(Renewed motion for summary judgment)* filed by United States Department of the Treasury. (Genis, Pat) (Entered: 03/30/2007) |
| 07/09/2007 | 36 | OPINION AND ORDER granting 32 Renewed motion for summary judgment filed by United States Department of the Treasury. ***Civil Case Terminated. Signed by Judge Philip P Simon on 7/9/07. (kjp) (Entered: 07/09/2007) |
| 07/09/2007 | 37 | CLERK'S ENTRY OF JUDGMENT in favor of the Defendant. (kjp) (Entered: 07/09/2007) |
| 07/17/2007 | 38 | ORDER The Clerk is directed to file Michael L Buesgen's motion to intervene, and DE#39 the motion to intervene is DENIED. Signed by Judge Philip P Simon on 7/17/07. cc: Buesgens(kjp) Modified on 7/17/2007 to link to motion (kjp). (Entered: 07/17/2007) |
| 07/17/2007 | 39 | MOTION to Intervene by Michael L Buesgens, movant. (Attachments: # 1 Exhibit Part 1# 2 Exhibit Part 2# 3 Exhibit Part 3)(kjp) Modified on 7/18/2007 to show motion termed (kjp). (Entered: 07/17/2007) |
| 07/17/2007 | 40 | NOTICE OF APPEAL as to 36Opinion and Order and 37 Clerk's Entry of Judgment by Michael L Buesgens. Filing fee $ 455, receipt number 2210041. (Attachments: # 1 Exhibit Part 1# 2 Exhibit Part 2# 3 Exhibit Part 3)(kjp) Modified on 7/18/2007 to correctly reflect Order and Judgment Appealed (kjp). (Entered: 07/17/2007) |
| 07/18/2007 | 41 | Short Record Sent to US Court of Appeals re 40 Notice of Appeal, (Attachments: # 1 Info sheet continued showing movant)(kjp) (Entered: 07/18/2007) |
| 07/18/2007 | 42 | FAXED CORRESPONDENCE from Michael L Buesgens received in chambers on 7/5/07 (kjp) (Entered: 07/18/2007) |

2:06CV00072

2:06CV00072 PPS-APk

BUESGENS MOTION TO INTERVENE WAS RECEIVED AT U.S. DICTRICT COURT HAMMOND, IN ON 6/27/07

PACER Service Center

Transaction Receipt

PAGE 6

1:07CV00859 RBW

EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

*5-PAGES*

DARYL STANLEY,                    )
                                  )
        Plaintiff,                )
                                  )      NO. 2:06-CV-072
        v.                        )
                                  )
UNITED STATES DEPARTMENT          )      *DOCUMENT 38*
OF THE TREASURY,                  )      *FILED : 7/17/2007*
                                  )
        Defendant.                )

*J. RUSSELL GEORGE*        __ORDER__

        On June 27, 2007, the Clerk received a Motion to Intervene in this case from a Michael

L. Buesgens. However, the Clerk refused to file the motion pursuant to an order of the United

States District Court for the Western District of Texas that barred Buesgens "from filing any    *JUDGE SAM SPARKS*

future civil actions in any federal court in the United States without first seeking leave of the    *AUSTIN, TX COURT CLERK DAVID O'TOOLE*
                                                                                                      *E-MAIL TO HAMMOND, INDIANA COURT*
Court in which he wishes to file the action." On July 9, the Court granted Defendant's motion

for summary judgment in this case, and directed the Clerk to terminate this action.

        It recently came to this Court's attention that Buesgens's motion was never docketed.

The Court interprets the order from the Western District of Texas as requiring Buesgens to

obtain leave before he files an action, not as barring the Clerk from filing Buesgens's motion.

The Court further interprets Buesgens's Motion to Intervene as seeking leave to participate in
                                                                                    *CORRECT*
this action. Therefore, the Court orders the Clerk to docket Buesgens's motion to intervene and

accompanying exhibits.

        Having reviewed Buesgens's motion to intervene and considered its merits, the motion to

intervene is denied. Buesgens has failed to demonstrate that he meets the standard for

intervention as a matter of right under Federal Rule of Civil Procedure 24(a). Nor has he

*BUESGENS HAS NOT FAILED. FOR
TIGTA - FOIA - TREAS ACTION*

demonstrated that permissive intervention is appropriate under Rule 24(b). Although Buesgens claims that he is a former IRS employee who was wrongfully denied his own Freedom of Information Act request to the Treasury Inspector General for Tax Administration (TIGTA), he has no legal interest in the outcome of Mr. Stanley's FOIA request.

*YES HE DOES HAVE LEGAL ARGUMENT*

For the foregoing reasons, the Clerk is directed to file Michael L. Buesgens's motion to intervene, and the motion to intervene is **DENIED**.

**SO ORDERED.**

*2:06CV00072 PPS-APR*
*HAMMOND, INDIANA*

ENTERED: July 17, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

*SEE FRCP RULES 24(a)*
*24(b)*

*AND*
*BUESGENS SUPPORTING*
*DOCUMENTATION TO AND FROM*
*TIGTA IN 2005-2006-2007*
*AN*
*INTEREST IN THE TRANSACTION AND*
*BUESGENS LEGAL RIGHTS AND REMEDIES*
*HAVE NOT BEEN PROTECTED OR ALLOWED*
*PRESENTATION IN THE COURTS*
*1. HOW ABOUT VAUGHN INDEX*
*2. HOW ABOUT IN CAMERA INSPECTION*

**SEVENTH CIRCUIT APPEAL INFORMATION SHEET**

*Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.*
*Use separate sheet if needed.*

District:    *Northern District of Indiana*    *Docket No.:    2:06 CV 72 PS*
Division:    *Hammond Division*    DOCUMENT 41    FILED: 7/18/07

| *Plaintiff (Petitioner)* | *Short Caption* | *MOVANT* |
| --- | --- | --- |
| *DARYL STANLEY* | *v.* | *MICHAEL L BUESGENS-MOVANT* |

-------------------------------------------------------------------------

*Current Counsel for Plaintiff (Petitioner):*    *Current Counsel for Defendant (Respondent):*

*(Use separate sheet for additional counsel)*

| | | |
| --- | --- | --- |
| *Name:* _____ | *Name:* | *MICHAEL L BUESGENS* |
| *Firm:* _____ | *Firm:* | *PRO SE* |
| *Address:* _____ | *Address:* | *3112 WINDSON ROAD #A322* |
| _____ | | *AUSTIN TX 78703* |
| *Phone:* _____ | *Phone:* | *512-339-6005* |

---------------------------------------------------------

*MOTION TO INTERVEUE*
*TIGTA - FOIA* ___ ___ ___

___ ___

___ ___

___

_____

*If Defendant is in Federal custody, please provide United States Marshal number*
*(USM#):*    _____

**IMPORTANT:  THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE**
**U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).**    3/01

### SEVENTH CIRCUIT APPEAL INFORMATION SHEET

*Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.*
*Use separate sheet if needed.*

District:    Northern District of Indiana          Docket No.:   2:06 CV 72 PS ✓

Division:    Hammond Division                    *DOCUMENT 42  FILED: 7/18/07*

|  | **Plaintiff (Petitioner)** ✓ | **Short Caption** | **Defendant (Respondent)** |  |
|---|---|---|---|---|
| ( | DARYL STANLEY | v. | US DEPT OF TREASURY | ) |

*2:06CV00072*

**Current Counsel for Plaintiff (Petitioner):**          **Current Counsel for Defendant (Respondent):**

*(Use separate sheet for additional counsel)*

| | | | | |
|---|---|---|---|---|
| Name: | KEITH WOLAK | Name: | PAT GENIS ✓ |
| Firm: | PINKERTON & FRIEDMAN | Firm: | US DEPT OF JUSTICE |
| Address: | 9245 CALUMET AVE | Address: | PO BOX 227 |
| | MUNSTER IN 46321 | | WASHINGTON DC 20094 |
| Phone: | 219-836-3050 | Phone: | 202-514-6866 |

*1:07CV00859 RBW*

| | | | |
|---|---|---|---|
| Judge: | PHILIP P SIMON | Nature of Suit Code: | 895 |
| Court Reporter: | SHARON BOLECK-MROZ | Date Filed in District Court: | 2/27/06 |
| | | Date of Judgment: | 7/9/07 |
| | | Date of Notice of Appeal: | 7/17/07 |

Counsel:   _____ Appointed   _____ Retained   _X_ Pro Se

Fee Status:   _X_ Paid   ____ Due   ____ IFP   ____ IFP Pending   ____ U.S.   ____ Waived

*(Please mark only 1 item above)*

Has Docketing Statement been filed with the District Court's Clerk's Office   _____ Yes   _X_ No

If 28 U.S.C.§2254 or 28 U.S.C.§2255 was certificate of appealability:   granted   denied;
_____ ;   _____

_____ pending;

If certificate of appealability was granted or denied, what is the date of the
order:   _____

If Defendant is in Federal custody, please provide United States Marshal number
(USM#):   _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE**

*U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).*                    3/01

2:06 CV 000 72 PRS-APR
TO
SEVENTH CIRCUIT
TIGTA - FOIA
AND
PAT S. GENIS - AUSA
1: 07 CV 00859 RBW
07-10008 RBW

PAGE 5

1:07 CV 00 859 RBW

EXHIBIT 4



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001,

MICHAEL L. BUESGENS
PLAINTIFF

Leave to file is DENIED.
Royce C. Lamberth 7/5/07
U.S.D.J.

V.

MARCIA H. COATES, DIRECTOR
MARIAM G. HARVEY, DIRECTOR
EQUAL EMPLOYMENT
OPPORTUNITY AND DIVERSITY
DEPARTMENT OF THE TREASURY
SUITE 815 T-EEOD
1750 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20220
PHONE: 202-622-0316
FAX: 202-622-0367

CIVIL NO.
1:05CV
02334
RCL

RECEIVED

JUN 21 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHN W. SNOW, SECRETARY
HENRY PAULSON, SECRETARY
DEPARTMENT OF THE TREASURY
DEFENDANTS, ET.AL.

1:07 CV 00 859 RBW

EXHIBIT 5

Department of the Treasury    Internal Revenue Service    Office of Chief Counsel

*22-PAGES*

# Notice

N(30)(3)000-1

*HENRY PAULSON*
*MARK EVERSON*
*IRS - GLS*
*DEPARTMENT OF THE TREASURY*
*JOHN W. SNOW*  *ET. AL.*

January 12, 2000

Upon Incorporation

Subject:  General Legal Services Restructuring    Cancel Date: into the CCDM

This notice is intended to advise Counsel employees of a modification to the organizational structure of, and assignment of duties within, the General Legal Services function.

**Generally**   *I.C.S. - G.L.S. DUTIES-FUNCTION*

Effective January 16, 2000, the General Legal Services function will be headed by an Associate Chief Counsel, who will report to, and be supervised by, the Deputy Chief Counsel (Operations). Two Deputy Associate Chief Counsel will report to, and be supervised by, the Associate Chief Counsel (General Legal Services). The Associate Chief Counsel (General Legal Services) will maintain a headquarters office in Washington, D.C. and will there supervise, either directly or through or with his deputies, three subordinate offices headed by a Chief (Claims, Labor and Personnel), a Chief (Ethics and General Government), and a Chief (Public Contracts Law). The Associate Chief Counsel will also supervise, either directly or through or with his deputies, four or more subordinate area offices headed by Area Counsel (General Legal Services). Currently, GLS maintains area offices in Atlanta, Dallas (with a Chicago suboffice), New York City, and San Francisco.

**Further Information**   *MARK S. KAIZED - MALIAN G. HARVEY*

Attached is the functional statement for the Office of Associate Chief Counsel (General Legal Services). This statement provides a detailed description of the duties and responsibilities of the various GLS officers and offices. Direct questions about this notice or its attachment to General Legal Services. General Legal Services may be reached by phone at (202) 283-7900. The fax number is (202) 283-7979.

*MICHAEL LYNN SALYARDS*
*THOMAS R. STANTON*
*CHRIS ATTIG*

/s/
STUART L. BROWN
Chief Counsel

Attachment: (1)
*MARCIA H. COATES - J. RUSSELL GEORGE*
*TIGTA - FOIA, ET. AL.*

Filing Instructions: Binder Part 30    Master Sets: NO X    RO X
NO: Circulate___Distribute_X_to: All Personnel___Attorneys___In: all divisions
RO: Circulate___Distribute_X_to: All Personnel___Attorneys___In: all divisions
    Other National and Regional FOIA Reading Rooms
Electronic Filename: GLSfunct.pdf    Original signed copy in: CC:F&M:PM:P

## Organization And Function of The Office of
## Associate Chief Counsel (General Legal Services)

1.    PURPOSE.  This document describes the organization and function of the Office of Associate Chief Counsel (General Legal Services) and subordinate offices.

2.    ESTABLISHMENT.  There is established within the Office of Chief Counsel, Internal Revenue Service, a General Legal Services function, known as the Office of Associate Chief Counsel (General Legal Services).  The office is headquartered in Washington, D.C., and maintains area offices, such as in Atlanta, Dallas, Chicago, New York, San Francisco, and Washington, D.C.

3.    MISSION.  The mission of the Office of Associate Chief Counsel (General Legal Services) is to provide top quality legal advice, litigation services, and litigation support services on nontax matters to the Internal Revenue Service, Office of Chief Counsel, IRS, the Department of the Treasury, and, where appropriate or required, to other government agencies, employees, former employees, and the public.

4.    ASSOCIATE CHIEF COUNSEL (GENERAL LEGAL SERVICES).  The function is headed by an Associate Chief Counsel (General Legal Services)[hereinafter ACC (GLS)], who reports to, and is supervised by, the Deputy Chief Counsel (Operations).

    a.    The ACC (GLS) plans, directs, coordinates, and maintains jurisdiction over the policies and programs of the Office of Chief Counsel with respect to a broad range of nontax legal work for the agency, including, in general:

        i.    Legal advice and determinations (and related litigation support to the Department of Justice) on matters involving:

            (1)    Labor-management relations, personnel, and discrimination;

            (2)    Public contract formation and administration (including informant and indemnity agreements, agreements made to effectuate criminal investigation undercover operations, contracting out, and interagency agreements of all types);

            (3)    Administrative claims and suits filed under the Federal Torts Claims Act, the Federal Claims Collection Act, the Debt Collection Act, and the Military and Civilian Employees' Claims Act, and representation of agency employees in damage and other suits for acts taken in their official capacity (including officials and employees under investigation by State and local authorities for official acts);

            (4)    Conflict of interest and other ethics statues, ethical standards, and Treasury and Service rules and standards of conduct as to the propriety of acts involving Service and Office of Chief Counsel employees and former employees; and

            (5)    General government and legal management (i.e., Federal agency housekeeping matters, such as those matters arising under or concerning fiscal and budgetary statutes and regulations; travel statutes and regulations; property management statutes and regulations; the Federal Advisory Committee Act; delegations of authority; the Records Acts; and statutes, regulations, and policies bearing on the use and management of information technology in the Federal Government);

2

*1:07CV00859 RBW*

    ii.    Litigation in proceedings on unfair labor practice, arbitration, adverse action, discrimination, agency grievance, and other employee appeals and personnel litigation (such as that before the Merit Systems Protection Board, the Federal Labor Relations Authority, and Equal Employment Opportunity Commission), as well as bid protests, contract claims, and other government contract proceedings before the General Accounting Office, the General Services Administration Board of Contract Appeals, Department of Labor, Small Business Administration, and other government contract forums; and *SALYNRAS - ATTIG - STANTON - KAIZEO*

    iii.    Negotiation and collective bargaining in various forums and before neutrals concerning the matters identified in 4. a. i. and ii.
*MSPB - EEOC - EEO E.T.AC.*

    b.    The ACC (GLS) has the following specific responsibilities, among others:

    i.    To serve as the principal legal advisor in matters within his/her jurisdiction to heads of the following offices and managers under their supervision:

    (1)    In the National Office:

        (a)    Management & Finance

        (b)    Communications & Liaison

        (c)    EEO & Diversity *EEO #05-2291*

    (2)    Agency-Wide Shared Services *EEO #05-2291S*

    (3)    Agency-Wide Information Services

    (4)    Director of Practice

and as principal legal advisor to operating division, functional unit, Office of Chief Counsel, and Headquarters personnel performing functions substantially similar to those performed by the functions just listed;

    ii.    To represent the Internal Revenue Service and the Office of Chief Counsel at administrative hearings involving personnel, discrimination, labor-management relations, and the procurement of goods and services; *SALYNRAS AND NTEO STEWARD RUSSELL & KELMAN*

    iii.    To provide advice concerning the administration of the Chief Counsel and Service's labor relations programs, and to act as a representative in third-party proceedings under those programs; *EEOC # 360-2003-8286X*

    iv.    To review and coordinate pleadings, briefs, settlement documents, notices of appeal, and any other material prepared in connection with cases in the U.S. Tax Court related to conflict of interest or ethical matters, and, where necessary, to detail and assign attorneys from the function to participate in or handle such hearings; *1:05CV00243 SS AUSTIN, TX*

    v.    To provide representation to the Commissioner and the Chief Counsel in all formal and informal proceedings related to nontax legal issues and cases under the jurisdiction of the function; *MARK EVERSON*

    vi.    To prepare and approve recommendations to the Department of



3

Justice regarding the litigating position with respect to cases within the jurisdiction of the function;   *1:06CV01964RBW*

   vii.   To advise and participate with the Department of Justice regarding cases within the jurisdiction of the function, including defense, prosecution, and settlements;   *DEFENDANT MICHAEL SALYARD*

   viii.   To recommend to the Department of Justice what court decisions within the jurisdiction of the function should be appealed to higher courts, including recommendations with respect to certiorari to the U.S. Supreme Court, referring to the Chief Counsel or the General Counsel such decisions as he/she may be directed or as deems proper in his/her discretion, with recommendations thereon;   *DECISIONS*

   ix.   To perform the duties as Deputy Ethics Official pursuant to 31   *ETHICS* C.F.R. § 0.105 as to employees of the Internal Revenue Service and Chief Counsel's Office, EXCEPT as to individuals in the following positions: Commissioner, Chief Counsel, and any other official appointed by the President and confirmed by the United States Senate.  Such duties include interpretation of the Standards of Ethical Conduct for Employees of the Executive Branch, Supplemental Standards of Ethical Conduct for Employees of the Department of the Treasury, Department of the Treasury Employee Rules of Conduct, and Internal Revenue Service conduct provisions;

   x.   To provide legal oversight of the filing, review, and action on financial statements of Service and Chief Counsel employees who are required to file such statements under Title I of the Ethics in Government Act of 1978 (Pub. L. No. 95-521) (as amended); <u>see</u> TD 61-01 (July 24, 1992);

   xi.   To supervise, coordinate, and perform the legal work of the Office on matters relating to conflicts of interest or ethical considerations involving former employees of the Internal Revenue Service and Office of Chief Counsel, and practitioners, including the propriety of representations before the Internal Revenue Service and the U.S. Tax Court;   *CHARLES G. HERUNA   1:04CR00171LY-RP*

*IRS*   xii.   To review and prepare for hearing the enrollee and disbarment cases referred by the Director of Practice and to represent the Director of Practice before the administrative law judges;   *RODOLFO LIZCANO.  1:03CV00661SS*

*IRS*   xiii.   To render advisory opinions concerning delegation orders of the Department of the Treasury, Internal Revenue Service, or other Government agencies which impact on the Internal Revenue Service;   *AUSTIN, TEXAS*

   xiv.   To operate, through a Claims Manager, the Service's and Counsel's administrative claims program;   *CRIMINAL CASE WHISTLE BLOWER*

   xv.   To assume, undertake, and discharge such authorities, responsibilities, and duties as were invested in the Assistant Chief Counsel (General Legal Services), Regional Counsel (or delegees), and Associate Chief Counsel (Finance & Management)(or delegees) for General Legal Service Matters as existed on January 15, 2000;   *MARK S. KAIZEN*

   xvi.   To recommend further changes in the organizational structure of the function to the Chief Counsel with reference to changes in the organizational structure of the Internal Revenue Service or other components of the Office of Chief Counsel; and

4

    xvii.   To discharge such other responsibilities as the Chief Counsel or Deputy Chief Counsel (Operations) may from time to time prescribe.

    c.    The ACC (GLS):

    i.   serves as chief legal advisor to the Chief Counsel and all Service functions on matters within his/her jurisdiction;

    ii.   has supervisory responsibility for all General Legal Services personnel and offices, wherever located;

    iii.   assigns work, reviews the work product, and appraises the performances of the personnel of the function;

    iv.   may assign, reassign, and transfer General Legal Services personnel among any of the General Legal Services offices, wherever located;

    v.   coordinates the work of his/her function with the other functions of the Office and the Internal Revenue Service, including Divisions and Counsels for Divisions, Regional Counsel, and the National Office on all administrative, policy, and technical matters pertaining to areas within his/her responsibility;

    vi.   serves as the principal liaison officer for the Chief Counsel with congressional committees, the Department of the Treasury, the Commissioner's Office, the Department of Justice, and other departments and agencies of the Government on matters within his/her jurisdiction;

    vii.   disposes of all matters under his/her jurisdiction, referring to the Chief Counsel, the Deputy Chief Counsel (Operations), or other appropriate official such matters as he/she, in his/her discretion, deems proper, or as directed; and

    viii.   may redelegate his/her authority, except where such redelegation is expressly restricted or otherwise restricted by law, regulation, or policy.

5.    **ORGANIZATION STRUCTURE.** The Associate Chief Counsel (General Legal Services) supervises two Deputies Associate Chief Counsel (General Legal Services). The Associate Chief Counsel (General Legal Services) also supervises, either directly or through or with his deputies: Area Counsel (General Legal Services); Chief (Claims, Labor & Personnel); Chief (Ethics & General Government); Chief (Public Contracts); the Claims Manager, as well as any Special Assistants, Technical Assistants, and staff not otherwise supervised by Chiefs or Area Counsel in the function.

6.    **DEPUTIES ASSOCIATE CHIEF COUNSEL (GENERAL LEGAL SERVICES).** The Deputies Associate Chief Counsel (General Legal Services) [hereinafter Deputies ACC (GLS) or deputies] report to, and are supervised by, the ACC (GLS). The deputies perform those functions the ACC (GLS) is authorized to perform that arise out of, relate to, or concern the respective activities or functions administered by each deputy, subject to the continuing supervision, control, and review of the ACC (GLS).

    a.   In general, one of the deputies will focus on the oversight of non-procurement litigation occurring in the area offices. This deputy will have primary responsibility for the formulation and application of a uniform litigation policy concerning EEO, labor, and personnel matters.

5

b.    The other deputy will act for the Associate Chief Counsel in the absence of the Associate and will focus on non-labor matters in area offices, as well as claims, ethics, procurement, and general government matters in the office and will plan, direct, and coordinate the administrative and management policies and programs of the office, serving as liaison to the budgetary, information technology, human resources, and management committees of the Chief Counsel and the Commissioner.    *1:07CV00859RBW*

*ET AL*

c.    Upon delegation by the ACC (GLS), either deputy may supervise all or specified Chiefs, Area Counsel, or any Special Assistants, Technical Assistants, and staff not otherwise supervised by Chiefs or Area Counsel in the function.

d.    As prescribed by the ACC (GLS), either deputy may serve as Acting ACC (GLS) in the absence of the ACC (GLS) and may act for or represent the ACC (GLS) in the development of policies governing the office.

e.    Either deputy will perform such additional duties as may, from time to time, be assigned by the ACC (GLS).    *EEO # 05-2291 AND 05-2291 S*

7.    AREA COUNSEL.  Area Counsel (General Legal Service) report to, and are supervised by, the ACC (GLS), either directly or through or with his deputies.  There is an Area Counsel for each of the GLS geographic offices.  Area Counsel have the following responsibilities, among others:

a.    With respect to litigation, litigation support, and litigation-related activity:    *MSPB # DA 1221060171-W4*

i.    To litigate and arbitrate labor and personnel cases arising in their geographic areas in appropriate forums (such as before the Merit Systems Protection Board, Federal Labor Relations Authority, Equal Employment Opportunity Commission, and Office of Special Counsel) or before neutrals;    *FEDERAL CIRCUIT 2007-3115*

ii.    To provide legal assistance with respect to, and otherwise handle, agency grievances arising in their geographic areas;

iii.    For cases filed or to be filed in their geographic areas, to review and prepare for hearing the enrollee and disbarment cases referred by the Director of Practice and to represent the Director of Practice before the administrative law judges, providing litigation support to the Department of Justice for appealed cases where the position of the Director of Practice was substantially sustained in the administrative adjudication and by the agency head;

iv.    To provide litigation support to the Department of Justice in suits filed under the Federal Torts Claims Act in their geographic area, where no administrative claim has been filed, and to refer to Chief (Claims, Labor & Personnel) such suits where an administrative claim has been filed; and    *R. BARRY ROBINSON*
*PAT S. GENIS*

v.    To provide litigation support to the Department of Justice with respect to, or to litigate (where appropriate), suits filed under Title VII of the Civil Rights Act, suits employing the theory of Bivens v. Six Unknown Defendants of the FBI, State court criminal complaints, and other miscellaneous nontax suits filed in their geographic area

*KAREN MELNIK    1:06CV01558RCC*
*MICHAEL LYND SALYARDS*



6

*1:07CV00859 RBW*

— in all such matters referring significant cases for review as appropriate under Office of Chief Counsel procedures for the referral of significant cases and cases involving ethics and professionalism. *BIVENS AND COVOLFOLIZANO - IRS*

    b.    To provide legal advice to agency employees and components in their geographic area with respect to general government matters involving: property management, Federal travel, delegations of authority, the Federal Advisory Committee Act, fiscal law, the Records Acts, and such other matters as may be from time to time prescribed by the ACC (GLS). Until further notice, Area Counsel will provide labor relations advice and support on all labor relations matters in their geographic area. Thereafter, Area Counsel will provide legal advice on labor, personnel, and discrimination matters only as related to cases in litigation or concerning which litigation is imminent and will provide advice requested by local host sites regarding actions proposed under section 1203 of the RRA.

*WHISTLE BLOWER - EITC*

    i.    Area Counsel co-located with headquarters for a Division will provide advice in general government matters for all inquiries arising within the Division; however, Area Counsel, Washington, D.C. (GLS) will not provide this advice, instead referring all inquiries from the Divisions concerning these matters to Chief (Ethics and General Government). *1:03CV006615S JUDGE SAM SPARKS*

    ii.    All other Area Counsel will provide advice on general government matters on local issues arising with agency employees and components in their geographic area, notifying Chief (Ethics and General Government) of sensitive cases, coordinating with operating divisions and other Counsel offices serving operating divisions where necessary, and referring to Chief (Ethics and General Government) those questions that are precedential in nature or that will have an unusual or nationwide impact; and *AUSTIN, TEXAS*

    c.    To respond through appropriate channels to Congressional inquiries directed at, or most germane to, their offices. *1:04CR00171 LY STAPLES (HEEWEN)*

8.    <u>Chief (CLAIMS, LABOR & PERSONNEL)</u>. Chief (Claims, Labor & Personnel) [hereinafter Chief (CLP)] reports to, and is supervised by, the ACC (GLS), either directly or through or with his deputies. Chief (CLP) heads a subordinate GLS office maintained at the office headquarters in Washington, D.C. Chief (CLP) has the following responsibilities, among others: *JUDGE EARL LEROY YEAKEL, III*

    a.    With respect to litigation, litigation support, and litigation-related activity:
    i.    To provide technical advice and program coordination support to Area Counsel for labor, personnel, and discrimination cases in litigation and arbitration before relevant forums (such as the Merit Systems Protection Board, Federal Labor Relations Authority, Equal Employment Opportunity Commission, and Office of Special Counsel) or before neutrals; *RICHARD R. HUSBY IRS FIELD DIRECTOR*

    ii.    To support with technical advice and assistance as well as program coordination agency grievances covered by Area Counsel; *AUSTIN, TX*

    iii.    To provide litigation support to the Department of Justice with respect to, or to litigate (where appropriate), suits filed under Title VII of the Civil Rights Act, suits employing the theory of <u>Bivens v. Six Unknown Defendants of the FBI</u>, State court criminal complaints, and other miscellaneous nontax suits in cases not otherwise covered by Area Counsel; and

    iv.    To provide litigation support to the Department of Justice in suits



filed under the Federal Torts Claims Act in cases not covered by Area Counsel, including cases in which administrative claims have been filed and the Claims Manager has referred the case to Chief (CLP) for assistance;

*FTCA AND*
*MARY-ELLEN KRECHA*

b.    With respect to legal advice:

i.    To provide technical advice on labor-management relations, personnel, and discrimination matters, as well as program coordination to Area Counsel in these matters;

*MICHAEL L SALYARDS*

ii.    To provide legal advice concerning administrative claims and suits filed under the Federal Torts Claims Act, the Federal Claims Collection Act, the Debt Collection Act, and the Military and Civilian Employees' Claims Act, and representation of agency employees in damage and other suits for acts taken in their official capacity, including individual administrative claims referred directly by Claims Manager to Chief (CLP) for legal assistance, as well as program coordination to Area Counsel in these matters;

*DALLAS - D.C. CONNECTION*

iii.    To provide legal advice concerning UNAX issues, Criminal Investigation issues, and RRA section 1203 and Review Board issues (including legal opinions requested by the CAU unit regarding actions proposed under section 1203), as well as program coordination to Area Counsel in these matters; and

iv.    To provide legal advice and assistance with respect to, and (where appropriate) to perform: arbitration, negotiation, and collective bargaining on labor and personnel issues agreements of National scope;

c.    To respond through appropriate channels to Congressional inquiries directed at, or most germane to, the Chief (CLP);

d.    Until such time as an Area Counsel (Washington, D.C.) is appointed, to act as Area Counsel to all offices for which it had responsibility on January 15, 2000; and

e.    To perform such additional duties as may, from time to time, be assigned by the ACC (GLS).

*1 : 06CV01964RBW*

9.    Chief (ETHICS & GENERAL GOVERNMENT). Chief (Ethics & General Government) [hereinafter Chief (EGG)] reports to, and is supervised by, the ACC (GLS), either directly or through or with his deputies. Chief (EGG) heads a subordinate GLS office maintained at the office headquarters in Washington, D.C. Chief (EGG) has the following responsibilities, among others:

*RETALIATORY TAX AUDIT*

a.    With respect to litigation, litigation support, and litigation-related activity:

i.    To review and coordinate pleadings, briefs, settlement documents, notices of appeal, and any other material prepared in connection with cases in the U.S. Tax Court related to conflict of interest or ethical matters;

*RONOLFO LIZCANO 211-03    U.S. TAX COURT*

ii.    To provide litigation support to the Department of Justice on appealed Director of Practice cases not otherwise covered by Area Counsel; and

*$/,000.00*

iii.    To provide litigation support to the Department of Justice on all general government and legal management matters not otherwise covered by Area Counsel;

*EITC WHISTLE BLOWER 1:03CV00645S*

b.    With respect to legal advice:

i.    To act as the program coordinator and primary advisor to the Deputy Ethics Official;

ii.    To provide legal advice and ethics advisory opinions on all ethics matters, wherever such matters arise or such advice is needed or required, including: advice on matters as to the propriety of acts involving Service and Office of Chief Counsel employees under Part I, Chapter 11 of Title 18 of the United States Code; the Ethics in Government Act; and Governmentwide, Treasury, Service, and Counsel standards and rules of conduct or behavior;

iii.    To supervise, coordinate, and perform the legal work of the Office on matters relating to conflicts of interest or ethical considerations involving former employees of the Internal Revenue Service and Office of Chief Counsel, and practitioners, including the propriety of representations before the Internal Revenue Service and the U.S. Tax Court;

iv.    To provide formal ethics training and briefings, wherever needed;

v.    To provide legal oversight of the filing, review, and action on financial statements of Service and Chief Counsel employees who are required to file such statements under Title I of the Ethics in Government Act of 1978 (Pub. L. No. 95-521) (as amended);

vi.    To perform ethics reporting of any type;

vii.    To coordinate with Chief (Public Contracts Law) in the provision of legal advice on grants and cooperative agreements where issues within the jurisdiction of Chief (EGG) are raised; and

viii.    To provide legal advice on all general government and legal management matters not otherwise covered by Area Counsel;

c.    To respond through appropriate channels to Congressional inquiries directed at, or most germane to, the Chief (EGG); and

d.    To perform such additional duties as may, from time to time, be assigned by the ACC (GLS).

Chief (EGG) is responsible for ethics matters of any type, whether litigation, litigation support, or advice, and wherever the case is filed or the matter arises (including matters and cases arising with the Divisions).

10.    Chief (PUBLIC CONTRACTS LAW).  Chief (Public Contracts Law) [hereinafter Chief (PCL)] reports to, and is supervised by, the ACC (GLS), either directly or through or with his deputies.  Chief (PCL) heads a subordinate GLS office maintained at the office headquarters in Washington, D.C.  Chief (PCL) has the following responsibilities, among others:

a.    With respect to litigation, litigation support, and litigation-related activity:

  i.   To represent the Service, the Office of Chief Counsel, and (as requested) the Department in bid protests, contract claims, and other government contract proceedings before the General Accounting Office, the General Services Administration Board of Contract Appeals, the Department of Labor, the Small Business Administration, and other government contract forums; and

  ii.   To provide litigation support to the Department of Justice on all cases that concern the procurement of goods or services;

 b.   With respect to legal advice:

  i.   To provide legal advice on all public contracts matters, including: the review of solicitations and contracts, the review of competitive range and other significant pre-award decisions, informant and indemnity agreements, agreements made to effectuate criminal investigation undercover operations, contracting out, interagency agreements for the acquisition of goods and services, computer security, and technology law matters arising under statutes, regulations, and policies bearing on the use and management of information technology in the Federal Government;

  ii.   In strategic partnership with Agency Wide Shared Services and the Chief Information Officer, to represent the Service and the Office of Chief Counsel in interagency matters and on interagency councils bearing on the formulation of Government procurement and information technology policy;

  iii.   To provide legal advice with respect to the FedState program, coordinating with other GLS offices where appropriate; and

  iv.   To provide primary legal advice on grants and cooperative agreements, coordinating, where necessary, with Chief (EGG);

 c.   To respond through appropriate channels to Congressional inquiries directed at, or most germane to, the Chief (PCL); and

 d.   To perform such additional duties as may, from time to time, be assigned by the ACC (GLS).

Chief (PCL) is responsible for procurement matters of any type, whether litigation, litigation support, or advice, and wherever the case is filed or the matter arises (including matters and cases arising with the Divisions).

11.   <u>CLAIMS MANAGER</u>.  The Claims Manager reports to, and is supervised by, the ACC (GLS), either directly or through or with his deputies.  With advice from Chief (CLP), the Claims Manager passes upon and recommends settlement or disposition of administrative claims filed against the Service and the Office of Chief Counsel under the Federal Tort Claims Act and where otherwise appropriate.

12.   <u>CANCELLATION</u>.  Inconsistent delegations and organizational and functional statements germane to this office or its predecessor office are superseded.

13.   <u>EXPIRATION</u>.  This statement shall expire two years from the date of execution unless superseded or canceled in full or in part by that date.

14.    OFFICES OF PRIMARY INTEREST. Office of the General Counsel, Office of the Commissioner for Internal Revenue, and Office of the Chief Counsel, Internal Revenue Service.

*1:06CV01964 RBW*

*1:07CV00859 RBW*

*THE ESTATE*

*DONALD RAY TAWNEY, JR*

*MARK EVERSON*

_____/s/_____
STUART L. BROWN
Chief Counsel
INTERNAL REVENUE SERVICE

[Date: January 16, 2000]

*MARK S. KAIZEN*

*MARY-ELLEN KRECHA*

*MICHAEL LYNN SALYARDS*

*THOMAS R. STANTON*

*CHRIS ATTIG    4:06CV01399*

*ARENSDORF V. JOHN W. SNOW*

*HOUSTON, TEXAS*

*RODERICK FILLINGER - GENERAL COUNSEL*

*TIGTA - FOIA*

*RELATED  2:06CV00072 PPS MPR*

*HAMMOND, INDIANA*

*PAT S. GENIS*

*R. BARRY ROBINSON*

*KAREN MELNIK*

*ELIZABETH KARPATI    4:06CV01399*

*ELIZABETH CUNNINGHAM EEOC# 360-2003-5*

*GERALD CONNELY CARRUTH*

*8286X*

*1:04CR00171LY-RP*

Department
of the
Treasury

Internal
Revenue
Service

Office of
Chief Counsel

# Notice

N(30)000-330

January 28, 2000

MARK S. KAIZEN

**Subject:** Personnel Announcement                    **Cancel Date:** After Reading

I am pleased to announce the appointment of Mark S. Kaizen to the position of Associate Chief Counsel (General Legal Services), effective January 16, 2000.

The Associate Chief Counsel (General Legal Services) is responsible for coordinating and directing all activities of General Legal Services (GLS), a nationwide organizational component of the Office of Chief Counsel, Internal Revenue Service. The incumbent serves as the principal legal advisor to the Internal Revenue Service and the Office of Chief Counsel on nontax legal issues and matters. The substantive work of GLS covers a wide range of administrative and management issues, such as the legal aspects of labor, personnel, procurement and ethics matters, that are absolutely essential to the effective administration and operation of the IRS.

Mr. Kaizen received his J.D. degree, with high distinction, from John Marshall Law School (Chicago) in 1978 and his B.A. degree from Rutgers University in 1974. He began his legal career with the Office of Chief Counsel in 1978 in the General Legal Services Division. While in the General Legal Services Division, Mr. Kaizen held several important positions. After serving as a Senior Attorney from 1982 to 1985, he was named Branch Chief, General Legal Services, Branch 1, where he served until 1991. In November 1991, Mr. Kaizen was selected for appointment to the Senior Executive Service as the Assistant Chief Counsel (General Legal Services), and was appointed to the position of Deputy Associate Chief Counsel (Finance and Management) in 1998.

Originally from Camden, New Jersey, Mr. Kaizen currently resides in Fairfax Station, Virginia, with his wife and two daughters and is a member of the Bar in the state of Illinois.

---

Filing Instructions: Binder Part (30)                                Master Sets: NO____  RO____
NO: Circulate___Distribute X  to: All Personnel X  Attorneys___In: all offices
RO: Circulate___Distribute X  to: All Personnel X  Attorneys___In: all offices
          Other National and Regional FOIA Reading Rooms
Electronic Filename: MarkKazi.pdf____     Original signed copy in: CC:F&M:PM:P

- 2 -

I know you will join me in extending congratulations to Mr. Kaizen on his selection for this position.

1: 07CV00859 RBW
BANKRUPTCY DISCOVERY RULES

/s/
STUART BROWN
Chief Counsel

1. MARK S. KAIZEN
ASSOCIATE CHIEF COUNSEL
GENERAL LEGAL SERVICES
INTERNAL REVENUE SERVICE

2. RESPONDENT SUPERIOR

3. FOR
I.R.S. TORT CLAIMS MANAGER

4. MARY-ELLAN KRCHA
WASHINGTON, DC

5. SEE BUESGENS FTCA ADMINISTRATIVE
CLAIM CIVIL NO. 1:06CV01558RCL
1:06CV00967LY-RP

6. BUESGENS (AND) MOTION TO INTERVENE IN
CIVIL NO. 4:06CV01399 HOUSTON, TX
ARENSDORF V. JOHN W. SNOW

| Department | Internal | **Office of** | |
|---|---|---|---|
| of the | Revenue | **Chief Counsel** | # Order |
| Treasury | Service | | |

O-30-2000-001

May 31, 2000

Delegation of Authority
to the Associate Chief
**Subject:** Counsel (General Legal Services)

Upon Incorporation
**Cancel Date:** into the CCDM

1. *Delegation.* The Associate Chief Counsel (General Legal Services) is hereby delegated all authorities heretofore delegated to Associate Chief Counsel, Regional Counsel, and employees under their supervision, insofar as those authorities are necessary to carry out the responsibilities set forth in the "Organization and Function of the Office of Associate Chief Counsel (General Legal Services)," issued as part of Chief Counsel Notice N(30)(3)000-1, January 12, 2000, and any related or ancillary responsibilities. This delegation of authority includes, without limitation: *MARK S. KAIZEN*

   a. Authorities delegated to or exercised by the Assistant Chief Counsel (General Legal Services) and authorities delegated by CCDM (30)312.11, (30)312.14, (30)312.18(4)-(6), (30)312.2, (30)312.36, (30)313.1, and (30)313.4.

   b. Authority to issue and sign official documents necessary to carry out the responsibilities set forth in Notice N(30)(3)000-1 described above and any related or ancillary responsibilities. *MARY-ELLEN KRCHA*

2. *Redelegation.* Except where otherwise limited by superior delegation or by law, the Associate Chief Counsel (General Legal Services) may redelegate the authorities delegated in paragraph 1 to any employee under his supervision. Except as otherwise determined by the Associate Chief Counsel (General Legal Services), the authorities delegated in paragraph 1 are hereby redelegated to employees under his supervision in accordance with the description of their functions and responsibilities set forth in Notice N(30)(3)000-1 or the Chief Counsel Directives Manual. The Associate Chief Counsel (General Legal Services) may impose conditions on such redelegations or make additional redelegations by issuance of a Notice, handbook, instruction manual, desk guide, or other appropriate document.

3. *Ratification.* To the extent that any action heretofore taken consistent with this Order may require ratification, it is hereby approved and ratified.

4. *Source of Authority.* General Counsel Order No. 4 and IRM.1.2.2.

*MICHAEL LYONS SALYARDS - CHRIS ATTIG*
*I R S - GLS - ATTORNEYS*

| | |
|---|---|
| Filing Instructions: Binder Part (30) | Master Sets: NO___ RO___ |
| NO: Circulate___Distribute X to: All Personnel___ Attorneys___In: all offices | |
| RO: Circulate___Distribute X to: All Personnel___ Attorneys___In: all offices | |
| Other National and Regional FOIA Reading Rooms | |
| Electronic Filename: DAGLS.pdf___ Original signed copy in: CC:F&M:PM:P | |

- 2 -

5. *Effectiveness.* This Order is effective until rescinded.

1: 06 CV 01964 RBW
BUESGENS V. MICHAEL SALYNEOS
R. BARRY ROBINSON
KAREN MELNIK

/s/
STUART BROWN
Chief Counsel

1: 06CV01558 RCL
1: 06CV00967LY-RP
1: 05CV00243 SS
1: 05CV02334 RCL
EEOC # 360-2003-8286X
EEOC # 360-2006-00307
OFFICIAL TIME
AND
NTEU - RUSSELL BOKELMAN
BARBARA A. ATKIN
GENERAL COUNSEL
EEO # 05-2291
EEO # 05-2291S
AND
BARBARA A. ATKIN
MICHAEL LYNN SALYNEOS
RUSSELL BOKELMAN
MSPB # DA-1221060171-W-1
FEDERAL CIRCUIT NO. 2007-3115

Department of the Treasury | Internal Revenue Service | Office of Chief Counsel

# Notice

3-PAGES

2:06CV00072 PPS /HAMMOUD, INDIANA

CC-2006-016

July 6, 2006

**Subject:** Procedures for Identifying Certain FOIA and Other Information Requests

**Cancel Date:** Upon incorporation into the CCDM

**PURPOSE** PAT S. GENIS - AUSA - FOIA - TIGTA

This Notice establishes procedures that employees may use to identify multiple requests for Service information or records that are the subject of discovery requests (in a litigation context) and Freedom of Information Act requests.

**BACKGROUND** DARYL STANLEY

Taxpayers involved in examinations or in litigation may use the FOIA to obtain records or other information, in addition to, or in lieu of, information to which they may be entitled through an information request or through the discovery process. Counsel employees may be unaware that taxpayers or their representatives have obtained this information through the FOIA or that there are FOIA requests seeking information, *e.g.*, background files of regulations and PLR files, relating to common issues. The following procedures have been developed to assist in identifying these requests.

**DISCUSSION** IRS - GLS CONNECTION WITH TIGTA FOIA

I. Contact From Disclosure Offices Regarding FOIA Requests Made During Litigation or Requests from Multiple Taxpayers for the Same Types of Information

Disclosure personnel are directed to contact Counsel employees if their offices receive FOIA requests seeking Counsel records or other records in which Counsel would have an interest. *See* IRM 11.3.13.3. While some requests on their face may indicate Counsel's involvement or interest, other requests may not. Upon receipt of a FOIA request, Disclosure personnel search the Service's Integrated Data Retrieval System (IDRS) to determine the status and location of records responsive to the FOIA request. There are specific IDRS codes for matters in litigation. Whenever a request specifically seeks Counsel records, or if a litigation code is discovered, Disclosure personnel are directed to contact the Counsel office in possession of the files in which the responsive records are located. Disclosure personnel and the Counsel employee responsible for the file shall discuss the FOIA request and the litigation to determine what records may be released to the taxpayer as well as to ensure consistency in asserting privileges, redacting records, or withholding records entirely.

---

Distribute to: X All Personnel
X Electronic Reading Room

Filename: CC-2006-016 File copy in: CC:FM:PF

II.    Chief Counsel Employees May Request Searches of E-DIMS        *MARKS. KAIZEN*

In some instances, *e.g.*, when the FOIA request does not seek records relating to a pending litigation, but rather seeks records pertaining to a particular subject matter or issue, Disclosure personnel may not be able to identify Counsel's involvement or interest in a FOIA request based upon a review of the records requested. The Service's Electronic Disclosure Information Management System (E-DIMS) tracks all FOIA requests[1] filed nationwide with the Service. Among other information, E-DIMS organizes FOIA request data and contains the following searchable fields:

*2:06CV00072 PPS-APR*

- Requester (the person in whose name the request was filed)
- Taxpayer name (if different than the requester)        *HAMMOND, INDIANA*
- Nature or subject of the records sought
- Date the FOIA request was received by the Disclosure Office
- Location of the Disclosure Office that processed the FOIA request
- Name of the FOIA request case worker
- Description of the records that were provided to the requester
- Case History Notes regarding the processing of the FOIA request

To facilitate coordination regarding FOIA requests that relate to ongoing litigation or examinations in which Counsel has some involvement or interest, Counsel now has access to E-DIMS through the Office of Associate Chief Counsel (Procedure & Administration), Legal Processing Division, Disclosure and Litigation Support Branch. Upon receipt of a new assignment relating to an examination or litigation, Counsel employees may submit an email request to the "FOIA EDIMS Search" mailbox asking the Disclosure and Litigation Support Branch to search E-DIMS to determine if a FOIA request has been made by, or on behalf of, the taxpayer. The email must be sent using "normal sensitivity." Counsel employees should provide the Disclosure and Litigation Support Branch with as much information as possible in order to assist the branch personnel in formulating an E-DIMS query most likely to produce accurate and complete results. If the Disclosure and Litigation Support Branch finds that the taxpayer has made a FOIA request, the Counsel employee will be informed of the request. Counsel employees should then contact Disclosure personnel in the office where the request was or is being processed for more information. Counsel employees are encouraged to re-submit E-DIMS searches to the Disclosure and Litigation Support Branch periodically throughout the course of the litigation or examination to determine if subsequent FOIA requests have been made.

If a Counsel employee learns of a FOIA request from, or on behalf of, a taxpayer under examination (for which they are providing legal advice and assistance) or in litigation, the Counsel employee should work with Disclosure personnel to coordinate the search for responsive records, and to consider whether release of any of the records sought in the FOIA request would have an adverse effect on the current litigation or examination. If the records responsive to the request are from functions other than Counsel, Disclosure personnel should

---

[1]  E-DIMS also includes data on subpoenas or other requests for IRS information.

-3-

be asked to provide copies of the records located in these other functions to the Counsel employee on an expedited basis. If the search has already been completed, Counsel employees should receive all responsive records immediately in order to make disclosure recommendations to Disclosure personnel.

Questions regarding this Notice may be directed to Mary Ellen Keys, Disclosure & Privacy Law Division, at (202) 622-4580. Questions concerning the mechanics of FOIA E-DIMS searches should be directed to the Chief, Disclosure & Litigation Support Branch, at (202) 622-8398.

/s/

Deborah A. Butler
Associate Chief Counsel
(Procedure & Administration)

PAT S. GENIS - AUSA
AND
PLAINTIFF MICHAEL L BUESGENS
FOIA - T1
RELATED TO
DARYL STANLEY
FOIA - TIGTA
2:06CV00072 PPS-APR

PAGE 3

| Department of the Treasury | Internal Revenue Service | Office of Chief Counsel | **Notice** |

*5-PAGES*

CC-2006-012

April 21, 2006

**Subject:** Direct Appeals of Bankruptcy Orders to United States Courts of Appeal    **Cancel Date:** Upon incorporation into the CCDM

*PAT S. GENIS - AUSA*
*07-10008    1:07CV00859RBW*

**I. Purpose**

This notice provides procedures for making a recommendation to the Department of Justice that a bankruptcy court's judgment, order, or decree be directly appealed to a United States court of appeals. This notice also provides procedures for responding to another party's request for direct appeal. The procedures provided in this notice supplement the existing procedures for handling bankruptcy court appeals to a district court or bankruptcy appellate panel. The existing procedures are set forth in CCDM 36.2.1.1.5.5.

**II. Background**

*1:06CV01964RBW*
*R. BARRY ROBINSON - AUSA*

Section 1233 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub. L. No. 109-8 (2005), 119 Stat. 23, 202-204, enacted 28 U.S.C. § 158(d)(2). Section 158(d)(2) authorizes the direct appeal of a bankruptcy court's judgment, order, or decree to a court of appeals without prior review by the district court or bankruptcy appellate panel (BAP) if certain requirements are met. Prior to the enactment of the BAPCPA, direct appeals were not authorized. Direct appeals are authorized under the BAPCPA in cases commenced under the Bankruptcy Code on or after October 17, 2005.

An appeal from a bankruptcy court's judgment, order, or decree may be made directly to the appropriate court of appeals if certification is made that a basis for direct appeal exists and the court of appeals authorizes the direct appeal. Three grounds for a direct appeal are specified:

    (1) The case involves a question of law as to which there is no controlling decision of the court of appeals or the Supreme Court;
    (2) The case involves a question of law requiring resolution of conflicting decisions; or
    (3) An immediate appeal may materially advance the progress of the case or proceeding in which the appeal is taken.

The required certification may be made by the bankruptcy court, district court, or BAP acting on its own motion or on the request of a party. Alternatively, the certification may be made by all the appellants and appellees acting jointly without involvement by the court. The bankruptcy court, district court, or BAP will make the certification if the court determines that a ground for direct appeal exists or it receives a request for certification from a majority of the appellants and a majority of the appellees. 28 U.S.C. § 158(d)(2)(B).

*CHARLES R. NETTLES - BANKRUPTCY ATTORNEY*
*06-11164 FLA*
*ET. AL.*

Distribute to:    All Personnel
                Electronic FOIA Reading Room

Filename:    CC-2006-012    Record copy in:    CC:FM:PF

*NETTLES CROSSCLAIMANT AGAINST BUESGENS*

-2-

A direct appeal does not stay any proceeding of the bankruptcy court, the district court, or the BAP in which the appeal is taken unless the respective bankruptcy court, district court, or BAP, or the court of appeals in which the appeal is pending issues a stay of the proceeding pending the appeal. 28 U.S.C. § 158(d)(2)(D).

A request for certification must be made not later than 60 days after the entry of the judgment, order, or decree by the bankruptcy court. 28 U.S.C. § 158(d)(2)(E). A petition to the court of appeals requesting permission to appeal based on a certification must be filed with the circuit clerk not later than 10 days after the certification is entered on the docket of the bankruptcy court, the district court, or the BAP. A copy of the certification must be attached to the petition. BAPCPA § 1233(b)(4).

## III. Interim Rules

The Advisory Committee on Bankruptcy Rules has prepared Interim Rules designed to implement the substantive and procedural changes mandated by the BAPCPA. The Committee on Rules of Practice and Procedure of the Judicial Conference of the United States has also approved the Interim Rules and recommends the adoption of the Interim Rules to provide uniform procedures for implementing the BAPCPA until National Rules are adopted by the Supreme Court. Local court's website and decisions (e.g., In re Adoption of Interim Procedural Rules, 332 B.R. 199 (9th Cir. B.A.P. 2005)) should be checked to determine whether the Interim Rules have been adopted.

Bankruptcy Rules 8001 and 8003 were amended under the Interim Rules to implement the direct appeal provisions. New subdivision (f) was added to Rule 8001 to provide procedures for obtaining a certification and to require the filing of a timely appeal. Rule 8003 was amended to address leave to appeal. Certain provisions of Interim Rules 8001(f) and 8003(d) are summarized specifically, below. Different courts have adopted slightly different versions of the Interim Rules. The Interim Rules (or amendments thereto) may be adopted that modify the procedural rules for direct appeals set forth in BAPCPA § 1233(b), including the rule in § 1233(b)(4)(A) providing for a 10-day period in which a petition must be filed with the clerk of the circuit court after certification for direct appeal by the bankruptcy court, district court, or BAP. The procedural rules in § 1233(b) are unlike the amendments to section 158 of title 28 set forth in BAPCPA § 1233(a) in that the procedural rules are temporary and may be modified by the adoption of Interim Rules, amendments to Interim Rules, or National Rules issued by the Supreme Court. See BAPCPA § 1233(b)(1).

Interim Rule 8001(f)(2) provides that only a bankruptcy court may make a certification while the matter is pending in the bankruptcy court, and only the district court or BAP involved may make a certification while the matter is pending in the district court or BAP. A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the granting of leave to appeal under 28 U.S.C. § 158(a)(3). A matter is pending in a district court or BAP after the appeal under 28 U.S.C. § 158(a)(1) or (2) is docketed, or leave to appeal under 28 U.S.C. § 158(a)(3) is granted. A certification by all the appellants and appellees acting jointly may be made by filing the appropriate Official Form with the clerk of the court in which the matter is pending.

Interim Rule 8001(f)(1) requires the filing of a timely notice of appeal in order for a certification to be treated as a certification entered on the docket within the meaning of BAPCPA § 1233(b)(4)(A). Consequently, as with appeals from the bankruptcy court to the district court or the BAP, the filing of a notice of appeal within 10 days of the entry of the judgment, order or

-3-

decree is also required when pursuing a direct appeal. Interim Rule 8001(f)(1) and Rule 8002(a).

A request for certification must be filed within the 60-day period specified in section 158(d)(2)(E) with the clerk of the court in which the matter is pending. Interim Rule 8001(f)(3)(A). Notice of the filing of a request for certification must be served in the manner required for serving a notice of appeal under Rule 8004. Interim Rule 8001(f)(3)(B). A request for certification must include the following: (i) the facts necessary to understand the question presented; (ii) the question itself; (iii) the relief sought; (iv) the reasons why the appeal should be allowed and is authorized by statute or rule, including why a circumstance specified in section 158(d)(2)(A) exists; and (v) an attached copy of the judgment, order, or decree complained of and any related opinion or memorandum. Interim Rule 8001(f)(3)(C).

A party may file a response to a request for certification or a cross-request within 10 days after the notice of request is served, or another time fixed by the court. The request, cross-request, and any response are not governed by Rule 9014 and will be submitted without oral argument unless the court otherwise directs. Interim Rules 8001(f)(3)(D) and (E).

Except as provided in 28 U.S.C. § 158(a)(2), interlocutory orders and decrees may only be appealed by leave of court. 28 U.S.C. § 158(a)(3). If leave to appeal an interlocutory order or decree has not earlier been granted, the authorization of a direct appeal by a court of appeals under 28 U.S.C. § 158(d)(2) shall be deemed to satisfy the requirement for leave to appeal. Interim Rule 8003(d).

## IV. Procedures

1. Recommendations for direct appeal should only be made in rare and unusual circumstances and only with the approval of the Division Counsel (SB/SE) and the Associate Chief Counsel (Procedure & Administration). Ordinarily, the interests of the Government will be adequately protected by an appeal to the district court or the BAP and, if necessary, a subsequent appeal to the court of appeals.

2. In the rare and unusual circumstances in which a direct appeal to the court of appeals should be pursued, a notice of appeal must be filed to protect the interests of the Government. The notice of appeal must be filed with the clerk within 10 days of the date of the entry of the adverse judgment, order or decree. See Fed. R. Bankr. P. 8002(a). The filing of a notice of appeal within 10 days of the entry of the adverse judgment, order or decree is necessary because the court of appeals has the discretion not to authorize a direct appeal, and thus an appeal to the district court or the BAP is the only certain means of obtaining judicial review of a bankruptcy court's adverse judgment, order, or decree. In jurisdictions that have adopted the Interim Rules, a notice of appeal must be filed within the 10-day period as a prerequisite to direct appeal certification. Interim Rule 8001(f)(1). A party pursuing direct appeal must file a notice of appeal even when the bankruptcy court has already made the certification. See In re Virissimo, 332 B.R. 208, 209 n.1 (Bankr. D. Nev. 2005).

The procedures outlined in CCDM 36.2.1.1.5.5 should be followed to ensure that a notice of appeal is timely filed when pursuing a direct appeal recommendation. Both a referral for direct appeal following the procedures in this notice and a referral for appeal to the district court or the BAP following the procedures outlined in CCDM 36.2.1.1.5.5 should be made.

3. A request for certification for direct appeal must be made not later than 60 days after the

-4-

entry of the judgment, order, or decree. 28 U.S.C. § 158(d)(2)(E). Meeting the 60-day deadline will require prompt action by Area Counsel, Division Counsel (SB/SE), and the Associate Chief Counsel (Procedure & Administration). For the Government to meet the 60-day deadline, the following actions must be performed within the times specified below, unless another time is agreed upon among the Government offices referred to below:

A. Within two business days of the bankruptcy court's entry of the adverse judgment, order, or decree, the Area Counsel attorney (or the attorney's manager) must telephone Branch 2 of the Collection, Bankruptcy & Summonses Division (CBS) at (202) 622-3620 to discuss the case and explain why the Government should seek a direct appeal to the court of appeals, rather than an appeal to the district court or the BAP.

B. Following the discussion with Branch 2 of CBS, if the Area Counsel attorney and the attorney's manager wish to pursue direct appeal, the Area Counsel attorney must draft a memorandum recommending direct appeal and notify the appropriate Civil Trial Section Chief that Area Counsel will recommend direct appeal. The memorandum must discuss why a direct appeal should be pursued and recommend whether a motion should be filed to stay proceedings pending in the bankruptcy court, district court, or BAP. The memorandum must be approved by the Area Counsel and Division Counsel (SB/SE). The memorandum must be received by Branch 2 of CBS not later than 10 calendar days after entry of the adverse judgment, order, or decree.

C. Consistent with CCDM 36.1.1.7.2, the Associate Chief Counsel (Procedure & Administration) will consider SB/SE Division Counsel's recommendation for a direct appeal, in addition to other recommendations, in determining whether to pursue a direct appeal.

D. If it is agreed that a recommendation for direct appeal should be made, the CBS attorney assigned the case will draft a recommendation for direct appeal for the approval of the Associate Chief Counsel (Procedure & Administration). Upon approval by the Associate Chief Counsel, the direct appeal recommendation must be received by the Appellate Section of the Tax Division, Department of Justice, not later than 30 days after entry of the adverse judgment, order or decree (a copy of the recommendation should be provided to the Civil Trial Section Chief).

E. The Solicitor General must approve a recommendation to request certification for direct appeal.

4. If a party other than the Government requests certification for direct appeal, immediate action is necessary. Interim Rule 8001(f)(3)(D) provides that a party has only 10 days to file a response or cross-request to a request for certification, unless another time is fixed by the court. For the Government to meet the 10-day deadline, the following actions must be promptly performed as follows:

A. The Area Counsel attorney (or the attorney's manager) must immediately telephone the following parties to notify them of the pending request for certification: Branch 2 of CBS, Division Counsel (SB/SE), the Civil Trial Section Chief, and the appropriate Assistant U.S. Attorney (if applicable). These parties must be immediately notified regardless of whether the bankruptcy court's judgment, order, or decree is entirely favorable to the Government or is adverse in whole or in part.

B.  The Area Counsel attorney (or the attorney's manager) must immediately fax copies of the request for certification and the bankruptcy court's judgment, order, or decree to Branch 2 of CBS, Division Counsel (SB/SE), the Civil Trial Section Chief, and the appropriate Assistant U.S. Attorney (if applicable).  Branch 2 of CBS will consult with Area Counsel and Division Counsel (SB/SE) to determine what recommendation should be made to the Department of Justice.

C.  If the recommendation is to oppose the other party's direct appeal request in its entirety, Branch 2 of CBS should telephone the Civil Trial Section Chief and the Chief of the Appellate Section to discuss the matter.

D.  If the recommendation is to file a response that acquiesces in the other party's request for a direct appeal on one or more issues or a cross-request that seeks a direct appeal on one or more issues, Branch 2 of CBS must obtain the approval of the recommendation by the Associate Chief Counsel (Procedure & Administration).  If the recommendation for acquiescence or a cross-request is approved, Branch 2 will convey the recommendation by telephone to the Civil Trial Section Chief and the Chief of the Appellate Section.  Like a recommendation for direct appeal, a recommendation for acquiescence or a cross-request should be rare.  The 10-day deadline of Interim Rule 8001(f)(3)(D) does not shorten the 60-day period under 28 U.S.C. § 158(d)(2)(E) within which the Government may seek a direct appeal.  If a party other than the Government requests a direct appeal more than 10 days before the end of the 60-day period, the Government may file its own request for direct appeal at any time before the end of the 60-day period.

E.  The Chief of the Appellate Section must approve a recommendation to acquiesce in a request for certification filed by another party.

Questions about this Notice may be directed to Donza M. Poole at (202) 622-3620.

/s/
_____
Deborah A. Butler
Associate Chief Counsel
(Procedure & Administration)

*BANKRUPTCY 07-10008*
*1: 07CV00859 RBW*
*AND*
*PAT S. GENIS*
*CHARLES R. NETTLES*
*AND*
*RESPONDENT SUPERIORS*
*MARK EVERSON*
*HENRY PAULSON*
*J. RUSSELL GEORGE*
*MARK S. KAIZEN*

*PAGE 22*

1:07 CV 00 859 RBW

EXHIBIT 6

http://pview.findlaw.com/view/1574081_1?noconfirm=0&channel=LP

**Thomson Legal Record**

Thomas R Stanton ✓

◄ Back to Search Results | New Search

## Litigation Record ❶
### powered by Westlaw

### All data in this Litigation Record are from Westlaw.

The Litigation Record for:
**Thomas R Stanton** ✓

▫ <u>View All on Westlaw</u>

**Federal Record**

| **Federal Cases:** | **4 records** |
|---|---|

- <u>Pollak v. Department of Treasury</u> (Jul 2005)
- <u>Casteel v. Department of Treasury</u> (Sep 2004)
- <u>Barry v. Department of Treasury</u> (Aug 1996)

▫ More

**LawCrawler** - Legal Web & Databases Search

"Thomas R Stanton"

Search LawCrawler

Google

---

**Thomas R. Stanton** ✓

**Firm:** <u>Internal Revenue Service, General Counsel Service</u>

**Address:** 7th Floor
✓ 4050 Alpha Rd
Dallas, TX 75244-4201
<u>Map & Directions</u>

**Phone:** (214) 308-7365

**Fax:**
**E-mail:** *CO-COUNSEL WITH*
**Web** *MICHAEL SALYARDS*
**site:** *1:06CV01558 RCL*

<u>Position</u>  <u>Litigation Percentage</u>  <u>Bar Admissions</u>

<u>Education</u>  *FTCA - TORT CLAIM*
**Current Employment** *2005*

**Position(s):**

Senior Trial Attorney, since 1986

**Litigation Percentage:**

7/21/2007 3:16 PM

THOMAS R. STANTON
IRS -GLS
DALLAS, TEXAS
IRS -EEO
MEGA CENTER
FOR
TREASURY EEO
COMPLAINTS
DALLAS, TEXAS
AND
MICHAEL SALYNCOS
EEO # 05-2291
EEO # 05-2291 S
EEOC #360-2003-8286X
MSPB NO.
DA 1221

80% of Practice Devoted to Litigation

**Bar Admissions:**

Pennsylvania, 1975
Texas, 1983

**Education:**

University of Pittsburgh School of Law, Pittsburgh, Pennsylvania, 1975
J.D., Doctor of Jurisprudence

University of Pittsburgh, Pittsburgh, Pennsylvania
B.A., Bachelor of Arts
Honors: *cum laude*
Major: Economics

**Birth Information:**

1950, Johnstown, Pennsylvania, United States of America

**West Practice Categories:**

Employment Law -- Employee, Employment Law -- Employer, Labor Law

When viewing a listing, consider the state advertising restrictions to which lawyers and law firms must adhere, as

1:07 CV 00 859 RBW

EXHIBIT 7

**Thomson Legal Record**

Michael L Salyards

← Back to Search Results    New Search

**Litigation Record**
**powered by Westlaw**

**All data in this Litigation Record
are from Westlaw.**

The Litigation Record for:
**Michael L Salyards**

◻ View All on Westlaw

**Federal Record**

| **Federal Cases:** | **5 records** |
|---|---|

- Earls v. Department of Treasury (Jan 2004)
- Butler v. I.R.S. (Aug 2000)
- Roseman v. Department of Treasury (Aug 1997)

◻ More

**LawCrawler** - Legal Web & Databases Search

"Michael L Salyards"

Search LawCrawler

*(handwritten: 1:07CV00859RBW)*

**Michael L. Salyards**

**Firm:**    Internal Revenue Service, General Counsel Service

**Address:** 7th Floor
4050 Alpha Rd
Dallas, TX 75244-4201
Map & Directions

**Phone:**   (214) 308-7399
**Fax:**
**E-mail:**
**Web site:**

*(handwritten: 1:00CV00600SS AUSTIN, TEXAS)*

Position    Litigation Percentage    Bar Admissions

Education

**Current Employment**

**Position(s):**

Attorney, since 1992

**Litigation Percentage:**

*(handwritten notes across bottom:)*
1. BUESGENS V. IRS
   EEOC NO. 360-2003-8286Y
2. BUESGENS V. TREASURY
   A. 1:06CV01558 RCL - DECLARATION BY
   B. MICHAEL LYNN SALYARDS

http://pview.findlaw.com/view/2444892_1?&channel=LP

1. MICHAEL LYNN SALYARDS
AND
A. EEO #05-2291
B. EEO #05-2291 S
AND
2. PLAINTIFF BUESGENS
FTCA - TORT CLAIM
3. RECEIVED
ON
A. 08/22/2005
AT
B. 8:01 AM BY
4. DEPUTY GENERAL
COUNSEL
DEPARTMENT OF THE
TREASURY
AND
5. MARY-ELLEN KRCHA
IRS TORT CLAIMS
MANAGER
6. DENIES RECEIPT
FOR 6 MONTHS
WITH
7. MICHAEL SALYARDS

1:07CV00859
RBW

90% of Practice Devoted to Litigation

**Bar Admissions:**

Texas, 1992

**Education:**

The University of Texas School of Law, Austin, Texas, 1992
J.D., Doctor of Jurisprudence
Law Review: The Review of Litigation, 1990 - 1992

University of Denver, Denver, Colorado, 1985
B.A., Bachelor of Arts
Major: Political Science

**Birth Information:**

1962, Westminster, California, United States of America

**West Practice Categories:**

Employment Law -- Employee, Employment Law -- Employer, Labor Law, Administrative Law, Civil Rights, Contracts

When viewing a listing, consider the <u>state advertising restrictions</u> to which lawyers

1:07CV00859 RBW

EXHIBIT 8

 **State Bar of Texas**

## Detailed Result

Christopher Francis 'Chris' Attig ✓         *15 PAGES*

### Bar Card Number*: 24055119



| | |
|---|---|
| **Work Address** | 7557 Rambler Road, Suite1465<br>Dallas, TX, 75231 |
| **Work Phone Number** | (214) 891-5960 |
| **Primary Practice Location** | Dallas , Texas ✓ |

Current Member Status
Eligible To Practice In Texas

*FORMER IRS -GLS ATTORNEY*
*DALLAS, TEXAS*
*WITH*
*THOMAS R. STANTON*
*MICHAEL LYNN SALYARDS*

License Information

| | |
|---|---|
| **State Bar Card Number*:** | 24055119 |
| **Texas Licensed*:** | 11/03/2006 |

Practice Information ✓

| | |
|---|---|
| **Firm:** | Attig Law Firm, P.L.L.C. |
| **Firm Size:** | Solo |
| **Occupation:** | Private Law Practice |
| **Primary Practice Areas:** | Business, Criminal, Family, Government/Administrative, Labor-Employment, Litigation: Commercial, Litigation: Personal Injury  *MSPB - EEOC* |

**Services Provided:**

| | |
|---|---|
| Are language translation services available? | Not Specified |
| Are hearing impaired translation services available? | Not Specified |
| Are ADA accessible client services available? | Not Specified |

**Assistance available in languages:**
> No information reported by attorney

**Courts of Admittance:**
> Federal Courts of Admittance:
> US Tax Court
> Federal Circuit Court of Appeals
> Texas Northern District Court
> Other Courts of Admittance:
> No information reported by attorney
> Other States Where authorized to practice:
> Maryland

**Education and Certification History**

**Law Schools:**

| Law School | Graduation Date | Degree Earned |
| --- | --- | --- |
| South Texas College Of Law | 05/2003 | Doctor of Jurisprudence/Juris Doctor (J.D.) |

**Texas Board of Legal Specialization Certifications:**
> No profile data on file for Texas Board of Legal Specialization Certification

**Public Disciplinary History**

**Public Disciplinary History - Texas*:**

**\*NOTE: Only Texas disciplinary sanctions within the past 10 years are displayed. For sanction information beyond 10 years, please contact the Office of the Chief Disciplinary Counsel at (877)953-5535.**

**Public Disciplinary History - Other:**
> No information reported by attorney

**Christopher Attig** (2003)
Chris Attig (2003) recently accepted a position at Attig Law Firm,
P.L.L.C. located in Dallas, Texas as Attorney. Chris recently was
employed at IRS Office of Chief Counsel as Senior Trial
Attorney. "After 3 years and 25 trials with the IRS, I am opening
my own firm to serve as an advocate in civil and criminal court
for those who have been wronged. I will also provide labor and
employment advice to employees in need of such guidance and
legal support to small and emerging businesses in Texas and
Maryland."
*Submitted on Dec 1 2006*

I.R.S. - G.L.S. - ATTORNEYS
DALLAS, TEXAS

CHRISTOPHER ATTIG
THOMAS R. STANTON
MICHAEL LYNN SALYARDS

CHRISTOPHER ATTIG FORMER
IRS-GCS ATTORNEY
DALLAS, TEXAS

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET 3-07 CV-1028D

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Neher, Lynne

**DEFENDANTS**

Department of Treasury,
Henry Paulson, Secretary

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    District of Colombia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attig Law Firm, PLLC; Chris Attig, Attorney; Ph: 214-____
7557 Rambler Road, Suite 1465; Dallas, Texas 75231

Attorneys (If Known)

United States Attorney's Office

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. 791(b),
28 USC 794    5 USC 552 6552a)

Brief description of cause:  Disability Discrimination in Federal Employment, Privacy Act violations, and related state torts

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S)
PENDING OR CLOSED    (See instructions):

JUDGE

DOCKET NUMBER

DATE

May 14, 2007

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____



ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
JUN 11 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| **LYNNE VENER,** | § |
| **Plaintiff,** | § |
| | § |
| **vs.** | § |
| | § |
| **HENRY PAULSON, AS** | § |
| **SECRETARY OF DEPARTMENT OF** | § |
| **THE TREASURY,** | § |
| **Defendant.** | § |

CIVIL ACTION NO. _____

**3 - 07 CV - 10 28 D**

### PLAINTIFF ORIGINAL COMPLAINT
(Disability Discrimination in Federal Employment)

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Lynne Vener, hereinafter called Plaintiff, complaining of and about Henry

Paulson, as Secretary of Department of the Treasury, hereinafter called Defendant, and for cause of

action shows unto the Court the following:

### PARTIES AND SERVICE

1.    Plaintiff Lynne Vener, is a citizen of the United States and the State of Texas and

resides in Dallas County, Texas. At all times relevant to this complaint, Ms. Vener was employed by

the Department of the Treasury, specifically in the Office of Chief Counsel for the Internal Revenue

Service in Dallas, Texas

2.    Defendant Henry Paulson is the Secretary of Department of the Treasury and may

be served at the following address: Department of the Treasury, 1500 Pennsylvania Avenue,

NW, Washington, D.C., 20220.

**JURISDICTION**

3.      This court has jurisdiction pursuant to Sections 501 and 504 of the Rehabilitation Act,

29 U.S.C. §791(b) and 794, the Privacy Act, 5 U.S.C. §§ 552 & 552a.  This Federal District Court is

vested with subject matter jurisdiction pursuant to 28 U.S.C. §1346(b).

4.      This Court has supplemental jurisdiction over state law claims discussed in Counts

IV, V, VI, and VII, under 28 U.S.C. Section 1367(a) because they arise out of the same case or

controversy.

5.      Plaintiff has exhausted her administrative remedies pursuant to 5 C.F.R. § 1614.407.

All conditions precedent to jurisdiction have occurred or been complied with.  Plaintiff's Original

Petition has been filed after 180 days from the date of filing of an individual complaint of

discrimination, where no appeal has been filed and no final action has been taken.

**VENUE**

6.      Venue is proper in this District Court pursuant to 28 U.S.C. §§ 1391 (a)(2),

1391(e)(2), or  1391 (e)(3).

**FACTS**

7.      Plaintiff is currently, and at all relevant times has been, an Administrative Assistant

(GS-0986-6) with the Department of Treasury (Office of Chief Counsel for the Internal Revenue

Service).  At all relevant times, her post-of-duty (POD) has been in Dallas, Dallas County, Texas.

8.      Plaintiff suffers from a chronic medical condition, to wit, a Multi-Level Degenerative

Plaintiff's Original Petition – Page 2 of 11

Disease of the Lumbar Spine.

9.      On July 26, 2001, Plaintiff filed a claim of disability discrimination against Defendant. In that claim, Plaintiff alleged that she was a qualified individual with a disability and that the Defendant failed to provide a reasonable accommodation of that disability, in accordance with the Rehab Act.

10.     On or about November 13, 2001, Plaintiff and Defendant entered a settlement agreement resolving that complaint. In that settlement agreement, Plaintiff agreed to withdraw her allegations of disability discrimination. In exchange, Defendant agreed to modifications of Plaintiff's work and workload as a reasonable accommodation of her disability.

11.     Between 2002 and 2006, Defendant has frequently assigned work duties to Plaintiff that violated the terms of the November 2001 Settlement Agreement.

12.     From 2002 and continuing through 2007, Defendant has informed several of Plaintiff's co-workers of Plaintiff's disability and the reasonable accommodation being provided for that disability. Defendant provided such confidential medical information without justification or authority and, Plaintiff believes, for the purpose of harassment, humiliation or embarrassment among her peers.

13.     Because of her disability and the accommodations of that disability, Defendant assigned Plaintiff the duties of maintaining time and attendance records for a large number of employees. This new assignment occurred in or around January 2006.

14.     Defendant failed to provide adequate training to assist Plaintiff in learning or performing her newly assigned duties of maintaining time and attendance records. From January through August 2006, responsible management officials of Defendant constantly criticized Plaintiff

Plaintiff's Original Petition – Page 3 of 11

for her performance of time and attendance reporting duties.

15.    In March 2006, a Responsible Management Official of the Defendant forbid Plaintiff from talking to the very employees whose time and attendance records Plaintiff was required to maintain.

16.    Defendant counseled Plaintiff on her performance, namely, her inability to accomplish duties that were assigned in violation of the November 2001 settlement agreement.

17.    In March 2006, Plaintiff was issued an annual performance appraisal. Plaintiff's annual appraisal contains adverse references to Plaintiff's performance of job duties that were assigned in violation of the settlement agreement, and job duties that Defendant knew Plaintiff could not perform because of her disability and accommodation of that disability.

18.    Plaintiff has applied for several competitively announced positions for which she is eligible. Plaintiff has not been selected for any of these positions. Plaintiff believes that Defendant's disclosure of her medical condition and disability around the workplace has made her into a "pariah" and has resulted in the non-selection(s). Plaintiff also believes that these non-selections are due to the reference to disability-related performance "deficiencies" in her annual appraisal.

19.    In March 2006, Responsible Management Officials of the Defendant harassed Plaintiff for her use of leave and her current leave balances. Responsible Management Officials of the Defendant advised Plaintiff that by taking time off from work for medical reasons connected to her disability, Plaintiff's co-workers considered Plaintiff to be a malingerer. The Plaintiff had received approved leave for medical treatment for the absence(s) at issue.

20.    Plaintiff filed an informal complaint of discrimination on or about March 23, 2006. In part, Plaintiff alleged that her 2006 Annual Appraisal was motivated by discriminatory animus.

Plaintiff's Original Petition – Page 4 of 11

21.    Responsible Management Officials of the Defendant admitted destroying the documentation in support of Plaintiff's 2006 Annual Appraisal after Plaintiff filed her EEO Complaint.  Defendant has a policy regarding the retention of all documents used to support or defend annual appraisals.  Defendant's actions are in contradiction of its own policy.

22.    Responsible Management Officials of the Defendant have admitted lack of awareness of EEO policies regarding the treatment of disabled workers in the workplace.  Responsible Management Officials have admitted keeping documentation of Plaintiff's EEO complaints in secret folder(s) and/or file(s) and passing that documentation to each of Plaintiff's subsequent managers.

23.    Plaintiff filed a timely formal EEO Complaint on June 5, 2006.    180 days have passed since Plaintiff filed an individual complaint of discrimination.  No final action has been taken on that EEO Complaint, and no appeal has been filed.

24.    Plaintiff has not been able to advance beyond her current grade and position because of Defendant's actions.


### COUNT I
### (Disability Discrimination)

25.    Plaintiff incorporates, as if stated herein, items 1 through 24.  Plaintiff suffers from a disability as defined by the Rehabilitation Act.  29 U.S.C. §705(9)(B).

26.    Defendant, Department of the Treasury, intentionally engaged in unlawful employment practices involving Plaintiff because she is disabled.

27.    Defendant, Department of the Treasury, because of Plaintiff's disability, acted with discriminatory animus against Plaintiff in connection with the compensation, terms, conditions and

privileges of employment, and/or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affect her status.

28.    Defendant, Department of the Treasury, classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated.

29.    Plaintiff alleges that Defendant, Department of the Treasury, discriminated against Plaintiff on the basis of disability with malice or reckless indifference to the rights of Plaintiff.

## COUNT II.
### (Disability Harassment in Violation of the Rehabilitation Act)

30.    Plaintiff incorporates, as if stated herein, items 1 through 29.  The Department of Treasury erected barriers to Plaintiff's ability to perform her job.

31.    Plaintiff was abused at work; her supervisors disclosed her disability, medical condition, and/or medical information to her co-workers and other employees of the Defendant without any right under law and without the consent of the Plaintiff.

32.    Defendant based evaluations of Plaintiff's performance on her inability to perform tasks which Plaintiff could not perform based on her disability.  Defendant assigned Plaintiff certain types of work because she had a disability, failed to train her for that work, and then evaluated her negatively based on her inability to perform the work.  Defendant then destroyed Plaintiff's ability to challenge her evaluation by destroying the documentation in support of the Agency's allegations.

33.    Plaintiff was harassed by Defendant for her legitimate use of leave for medical treatment related to her disability.

34.    Defendant breached, and continues to breach, a settlement agreement wherein

Plaintiff's Original Petition – Page 6 of 11

Plaintiff was provided specific reasonable accommodation(s) for her disability.

35.    Defendant used negative statements in Plaintiff's performance appraisal, as well as dissemination of Plaintiff's medical condition and reasonable accommodation, to discourage other Departments from selecting Plaintiff for competitive postings.

36.    Plaintiff's Managers, Responsible Management Officials of the Defendant, kept unauthorized records of Plaintiff's EEO activity and passed it to each of Plaintiff's subsequent managers.

37.    This treatment rises to the level of a hostile work environment, causing considerable harm to Plaintiff. The hostile work environment affected Plaintiff's ability to perform at work, ability to advance in her career, affected her personal and family life, and caused her physical harm.

## COUNT III.
### (Violation of Privacy Act)

38    Plaintiff incorporates, as if stated herein, items 1 through 37.

39    Defendant maintained a system of records regarding Plaintiff.

40.    Defendant disclosed protected information about Plaintiff from that system of records without authority or justification.

41.    Defendant acted intentionally or willfully when releasing protected information from that system of records.

42.    Due to the unauthorized disclosure of Plaintiff's confidential medical information, Plaintiff has been unable to advance beyond her current grade in competitive selections, has been treated with disdain by her co-workers and colleagues, is the subject of ridicule and humiliation by her managers, co-workers and colleagues in the Office of Chief Counsel, has suffered emotional

Plaintiff's Original Petition – Page 7 of 11

distress, inconvenience, mental anguish and pain and suffering for which she requests compensation.

## COUNT IV.
### (Fraud)

43.    Plaintiff incorporates, as if stated herein, items 1 through 42.

44.    Department of the Treasury made a false material representation to Plaintiff with the intent that Plaintiff rely upon the representation, when it coerced Plaintiff to sign, without consideration, another so-called "agreement" in settlement of an already-settled EEO Complaint.

45.    Department of the Treasury knew the representation was false or made the representation recklessly, as a positive assertion, without knowledge of the truth of the statement. Plaintiff relied upon the representation which caused Plaintiff injury. Plaintiff suffered damages for which Plaintiff herein sues.

## COUNT V.
### (Intentional Infliction of Emotional Distress)

46.    Plaintiff incorporates, as if stated herein, items 1 through 45.

47.    Department of the Treasury intentionally or recklessly disclosed confidential medical information of the Plaintiff; intentionally prevented the Plaintiff from advancing beyond her current grade in competitive selections; intentionally permitted her to be treated with disdain by her co-workers and colleagues; intentionally made Plaintiff the subject of ridicule and humiliation by her managers, co-workers and colleagues in the Office of Chief Counsel; and intentionally caused Plaintiff to suffer emotional distress, inconvenience, mental anguish and pain and suffering.



Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## COUNT VI.
### (Negligence)

48.    Plaintiff incorporates, as if stated herein, items 1 through 47.

49.    Department of the Treasury owed a legal duty of reasonable care to the Plaintiff. Defendant breached this duty when it engaged in any or all of the actions identified in Items 1 -48 and Items 50-52, and such breach proximately caused injury to Plaintiff. Plaintiff seeks all available damages for injuries caused by Defendant's negligence.

## COUNT VII.
### (Negligent Supervision, Training and Retention)

50.    Plaintiff incorporates, as if stated herein, items 1 through 49.

51.    Plaintiff alleges that the conduct of Department of the Treasury constituted negligent supervision, training and retention.

52.    Plaintiff alleges that Department of the Treasury did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Alice (Dianne) Taylor, Sheila Griffin, Mary Burkhart, Bonnie Herndon and/or Greg Niehart were unfit, incompetent, or a danger to third parties.

53.    Department of the Treasury knew or should have known that any or all of the aforementioned managers were unfit and could foresee that any or all of the afore-mentioned managers would come in contact with Plaintiff, creating a risk of danger to Plaintiff.

Plaintiff's Original Petition – Page 9 of 11

54.    Department of the Treasury's failure to exercise reasonable care in the supervision, training and retention of Alice (Dianne) Taylor, Sheila Griffin, Mary Burkhart, Bonnie Herndon, and/or Greg Niehart was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

## DAMAGES

55.    WHEREFORE, Plaintiff prays that this Court:

    A.    Enter a judgment in Plaintiff's favor;

    B.    Enjoin Defendant from disclosing her medical condition and/or limitations without the knowledge and consent of the Plaintiff;

    C.    Enjoin Defendant from violating the terms of the settlement agreement between the Parties dated November 14, 2001;

    D.    Award Plaintiff actual damages;

    E.    Award Plaintiff compensatory damages in the amount of $300,000 or the maximum amount permitted by law;

    F.    Award Plaintiff all reasonable and necessary Attorney's fees incurred by or on her behalf;

    G.    All reasonable and necessary costs incurred in pursuit of this suit; and,

    H.    Any other and further relief to which the Plaintiff may be entitled at law or in equity.

## EXEMPLARY DAMAGES

56.    Plaintiff would further show that the acts and omissions of Defendant complained of

herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In

order to punish said Defendant for engaging in unlawful business practices and to deter such actions

and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

3:07CV01028

Respectfully submitted,
Attig Law Firm, PLLC

By: _____

Christopher F. Attig, Attorney
Texas Bar No. 24055119
7557 Rambler Road, Suite 1465
Dallas, TX 75231
Tel. (214)891-5960
Fax. (214)891-5966
Attorney for Plaintiff
Lynne Vener

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

CHRISTOPHER ATTIG
FORMER IRS-GLS
ATTORNEY
WITH
MICHAELLYNN SALYARS
THOMAS R STANTON
1:05CV02334RCL
1:06CV00967LY-RP
1:06CV01558 RCL
EEOC # 360-2003-8286X

Plaintiff's Original Petition – Page 11 of 11

1:07 CV 00859 RBW

EXHIBIT 9



## Welcome to the
# KENTUCKY BAR ASSOCIATION

### Advancing the Profession through Leadership, Ethics and Education

Login  **Home**  **Inside KBA**  **Search**  **Membership**  **CLE**  **Law & Ethics**  **Resources**  **Saturday, July 21, 2007**

**KBA Membership Information**          *1:07CV00859RBW*

**Status:** Active

**Attorney Name:** Roderick H Fillinger     ✓

**Address:** Office of Chief Counsel        *TIGTA — FOIA*
1125 15th St NW Rm 700A

Washington, DC 20005

**County:** Out-Of-State

**Phone:** (202) 622-3139

**Sections**    *RODERICK FILLINGER AND BUESGENS*
*2007 FTCA-TORT CLAIM AGAINST*
*MACFELLAN KRETA-IRS TORT*
*CLAIMS MANAGER*
*AND*

[ New Search ]

To return to your previous search results, press the
Back button on your browser

*SEE BUESGENS MOTION TO INTERVENE*   ✓
*IN*
*4:06CV01399*
*ARENSDORF V. JOHN W. SNOW*
*SOUTHERN DISTRICT OF TEXAS*
*DIVISION*

http://pview.findlaw.com/view/1976140_1?channel=LP

**Thomson Legal Record**

Roderick H Fillinger ✓

⬅ Back to Search Results    New Search

1:07CV00859RBW

**Litigation Record** ⓘ
**powered by Westlaw**

**All data in this Litigation Record
are from Westlaw.**

| The Litigation Record for:
**Roderick H Fillinger**
◻ View All on Westlaw |

**Federal Record**

**Federal Dockets:** **1 records**

• DANIEL, ET AL v. USA
A (Mar 2000)

**Federal Cases:** **9 records**

• Culp v. C.I.R. (Jun 1993)

• Johnson v. C.I.R. (May 1993)

• Horton v. C.I.R. (Feb 1993)

• Osterhus v. C. I. R. (Sep 1992)

• Walker v. C. I. R. (Jul 1992)

**Roderick H. Fillinger** ✓

**Firm:** Internal Revenue
Service, District
Counsel Office

**Address:** Suite 2300
312 Elm Street
Cincinnati, OH
45202-2739
Map & Directions

MOVED
TO
TIGTA
D.C.

**Phone:** (513) 621-6281
**Fax:**
**E-mail:**
**Web site:**

NOW
GENERAL COUNSEL
TIGTA - FOIA

Bar Admissions

**Bar Admissions:**

Kentucky, 1989

When viewing a listing,
consider the state advertising
restrictions to which lawyers
and law firms must adhere, as
well as our West Legal
Directory disclaimers.

- <u>Council for Bibliographic and Information Technologies</u> v. C.I.R. (Jun 1992)
- <u>Gonzalez v. C.I.R.</u> (Jun 1992)
- <u>Stocks v. C.I.R.</u> (Jan 1992)
- <u>Johnson v. C. I. R.</u> (Jul 1991)

| **Federal Judges:** | **10 of 14 records** |
| --- | --- |

- <u>Hon. Laurence J. Whalen</u>
- <u>Hon. Stephen J. Swift</u>
- <u>Hon. Thomas B. Wells</u>
- <u>Hon. David Laro</u>
- <u>Hon. James S. Halpern</u>
- <u>Hon. Robert P. Ruwe</u>
- <u>Hon. Carleton D. Powell</u>
- <u>Hon. Joel Gerber</u>
- <u>Hon. John O Colvin</u>
- <u>Hon. Mary Ann Cohen</u>

**LawCrawler** - Legal Web & Databases Search

"Roderick H Fillinger"

1:07CV00859RBW

RODERICK FILLINGER
GENERAL COUNSEL
TIGTA - FOIA
AND
PLAINTIFF BOESGENS
FTCA - ADMINISTRATIVE
TORT CLAIM
2007
IS
CALLED AN FOIA
REQUEST BY
RODERICK FILLINGER
AND
MARK S. KAIZEN
ASSOCIATE COUNSEL
IRS
GENERAL LEGAL
SERVICES GLS
WASHINGTON, DC

7/21/2007 3:03 PM