

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

1:07CV00859 RBW
07-10008

RECEIVED
DEC 21 2007
MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# TABLE OF CONTENTS FOR

MOTION TO REOPEN BANKRUPTCY CASE NO. 06-11164 FRM

1. INTRODUCTION - BACKGROUND
BANKRUPTCY
PERSONAL INJURY TORT CLAIM
FEDERAL TORT CLAIMS ACT-FTCA
PLAYERS AND COMPLAINT
PAGE 3-24

2. RELIEF REQUESTED
PAGE 25-33

3. MORE RELIEF REQUESTED
PAGE 34-35

STATUTES – AUTHORITIES
PAGE 36-42

DECLARATION
PAGE 43

CERTIFICATE OF SERVICE
PAGE 44-53

EXHIBITS

12/16/2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

MICHAEL L. BUESGENS
CREDITOR-ADVERSARY
PLAINTIFF

V.

INTERNAL REVENUE SERVICE

MARK EVERSON, COMMISSIONER

KEVIN BROWN, ACTING
COMMISSIONER

DONALD RAY TAWNEY, JR
IRS MANAGER

JOHN W. SNOW, SECRETARY
DEPARTMENT OF THE TREASURY

CIVIL NO.
1:07CV
00859
RBW



| | |
|---|---|
| HENRY PAULSON, SECRETARY DEPARTMENT OF THE TREASURY<br><br>DEBTORS DEFENDANTS | CIVIL NO. 1:07CV 00859 RBW |

PLAINTIFF-CREDITOR-ADVERSARY-FORMER **IRS** EMPLOYEE **MICHAEL L BUESGENS**

1. ✓ **MOTION TO REOPEN** THE FOLLOWING:
   A. BANKRUPTCY CASE NO. **06-11164**FRM
   B. ADVERSARY CASE NO. **06-01248**FRM
2. **BOTH** CASES WERE ORIGINALLY FILED AT
   A. U.S. BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION
   B. BANKRUPTCY JUDGE FRANK R. MONROE 903 SAN JACINTO, BLVD AUSTIN, TEXAS 78701

# INTRODUCTION - BACKGROUND

3. DONALD RAY TAWNEY, JR
   A. IRS OFFICIAL
   B. VOLUNTARY CHAPTER 7

4. FILED: 7/31/2006

5. FIRST CREDITORS MEETING: 9/1/2006

6. CREDITOR BUESGENS PROOF OF CLAIM FILED ON 10/12/2006

7. BUESGENS ADVERSARY COMPLAINT FILED: 10/24/2006

8. DONALD RAY TAWNEY JR CERTIFICATION OF FINANCIAL MANAGEMENT COURSE
   A. FORM 23
   B. FILED: 1/18/2007 - TO LATE

9. ADVERSARY COMPLAINT DISMISSED ON 2/7/2007

10. BANKRUPTCY CASE NO. 06-11164 FRA DISCHARGED ON 2/07/2007

11. CREDITOR—ADVERSARY—PLAINTIFF BUESGENS PROOF OF CLAIM IS A PERSONAL INJURY TORT CLAIM UNDER THE FEDERAL TORT CLAIMS ACT

12. THE ADMINISTRATIVE CLAIM FILED ON 8/22/2005 WITH

A. MARY-ELLAN KRCHA IRS TORT CLAIMS MANAGER AT

B. IRS - GENERAL LEGAL SERVICE GLS IN WASHINGTON, DC

C. FORM SF95 - SUM CERTAIN

D. $2,435,000.00

13. MARY-ELLAN KRCHA – IRS TORT CLAIMS MANAGER IS UNDER THE DIRECT SUPERVISION OF MARK S. KAIZEN-IRS GLS ASSOCIATE GENERAL COUNSEL

A. AT COMSAT BUILDING 950 L'ENFANT PLAZA WASHINGTON, DC 20024

B. MARK S. KAIZEN
PHONE: 202-283-7900
FAX: 202-283-7979

C. MARY-ELLAN KRCHA
PHONE: 202-283-7908
FAX: 202-283-7979

14. THE FOREGOING SHARE FEDERAL TORT CLAIMS ACT-FTCA-SF95 ADMINISTRATIVE DUTIES WITH THE FOLLOWING:

15 TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION – TIGTA

16. J. RUSSELL GEORGE
INSPECTOR GENERAL

17. RODERICK FILLINGER, ASSOCIATE GENERAL COUNSEL - TIGTA
FREEDOM OF INFORMATION ACT
FOIA - INVESTIGATIONS

18. RAYMOND CAMPBELL - TIGTA
1125 15TH STREET, NW
ROOM 700A
WASHINGTON, DC 20005
PHONE: 202-622-6500
FAX: 202-622-5899

19. PLAINTIFF BUESGENS PERSONAL INJURY TORT CLAIM IS AGAINST
A. IRS
B. DEPARTMENT OF TREASURY
C. OFFICIALS
D. DONALD RAY TAWNEY, JR - ETC.
E. ET. AL.

20. PLAINTIFF BUESGENS INVOLUNTARILY RETIRED ON DISABILITY FROM THE IRS ON 3/07/2005 AT AGE 35 WITH THE U.S. OFFICE OF PERSONNEL MANAGEMENT OPM

21. BUESGENS WAS SUBJECT TO WRONGFUL TERMINATION AND CONSTRUCTIVE REMOVAL FROM HIS JOB AT THE IRS.

22. BASED ON THE MEDICAL DISABILITY BIPOLAR AND THE IRS - AND IRS OFFICIALS FAILURE AND REFUSAL TO PROVIDE A REASONABLE REASSIGNMENT TO ACCOMMODATE HIS MEDICAL DISABILITY.

23. THE FOREGOING MISCONDUCT BY IRS OFFICIALS ALSO INVOLVED THE PARTICIPATION BY SIGNIFICANT OTHERS.

FOR EXAMPLE:

24. FEDERAL OCCUPATIONAL HEALTH SERVICES - FOHS DOCTORS

A. NEAL LEE PRESANT, MD BETHESDA, MARYLAND

B. SEE RELATED CIVIL ACTION 1:04CV01056 ESH APPEAL NO.: 07-5295

C. JAMES WILLIAM ALLEN, MD WILMINGTON, DELAWARE

D. MARK NORMAN FRANK, MD DENVER-BOULDER, COLORADO

25. FOHS HAS AN INTERAGENCY AGREEMENT TO PROVIDE MEDICAL SERVICES - DISABILITY/MANAGEMENT DETERMINATIONS AND RECOMMENDATIONS DIAGNOSIS - PROGNOSIS WITH

26. IRS - DEPARTMENT OF THE TREASURY AND HUD - ETC.

27. FOHS IS AN ENTITY WITHIN THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES - DHHS

28. SUPPORT SERVICES ARE PROVIDED BY PSC - ADMINISTRATIVE THE PROGRAM SUPPORT CENTER MARYLAND

29. THE FOREGOING ARE CONNECTED TO HEALTH MANAGED CARE ORGANIZATIONS

FOR EXAMPLE BUESGENS INSURERS

30. MAGELLAN BEHAVIORIAL HEALTH

A. EAP EMPLOYEE ASSISTANCE PROGRAM SAINT LOUIS, MISSOURI

B. MAGELLAN MEDICAL REVIEW PROGRAM LOCATED AT

C. COLUMBIA, MARYLAND.

D. NEW HAVEN, CONNETICUT

BUESGENS **CONNECTED** HEALTH INSURANCE

31. BLUE CROSS BLUE SHIELD-**BCBS**

THE PARENT COMPANY FOR THE FOREGOING **IS**

32. HEALTH CARE SERVICE CORPORATION **HCSC**

33. THE FOREGOING ENTITIES OFFICIALS HAVE **DENIED TO** BUESGENS THAT THEY ARE **RELATED OR CONNECTED TO FOHS-DHHS-PSC MEDICAL DOCTORS** IN BUESGENS REASONABLE REASSIGNMENT-REQUEST-DENIAL-CONSTRUCTIVE REMOVAL.

34. **NO** MANAGED CARE FOR BUESGENS BY THE FOREGOING MANAGED CARE COMPANIES AND **NO MEDICAL RECORDS** EITHER FROM **FOHS DOCTORS**.

35. MEDICAL MALPRACTICE

A. NEGLIGENCE

B. NOT MEETING THE STANDARD OF CARE

36. BY THE FOREGOING AND FOHS DOCTORS

37. NEAL LEE PRESANT, MD
MEDICAL DIRECTOR — FOHS

A. SPECIALTY — FAMILY MEDICINE
SUB SPECIALTY

B. OCCUPATIONAL MEDICINE

38. JAMES WILLIAM ALLEN JR, MD

A. SPECIALTY — PATHOLOGY
SUB SPECIALTY

B. OCCUPATIONAL MEDICINE

39. MARK NORMAN FRANK, MD

A. SPECIALTY — INTERNAL MEDICINE
SUB SPECIALTY

B. OCCUPATIONAL MEDICINE

THE SLIPPERY

40. THE FOREGOING CLAIM THEY DON'T HAVE A DOCTOR-PATIENT RELATIONSHIP WITH FORMER IRS EMPLOYEE MICHAEL L BUESGENS

41. PLAINTIFF BUESGENS DISAGREES AND THEIR IS CASE LAW AND MEDICAL ETHICS THAT SUPPORT IT'S POSITION.

42. THE **FOHS** DOCTORS HAVE A **CONTRACT** WITH U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES **WHICH**

43. HAS AN INTERAGENCY AGREEMENT **WITH** THE **IRS** AND **HUD AND OTHER** FEDERAL AGENCIES

44. THEY ALSO HAVE A **CONTRACT** WITH

A. MAGELLAN BEHAVIORAL HEALTH
B. BLUE CROSS **BLUESHIELD-BCBS**
C. HEALTH CARE SERVICE CORPORATION

45. THE FOHS - PSC - OHHS AND THE DOCTORS REFUSE TO PROVIDE PLAINTIFF BUESGENS WITH A COPY OF THEIR MEDICAL RECORDS FOR THE FOLLOWING:

46. REASONABLE REASSIGNMENT REQUEST THAT BEGAN IN MAY, 2002 ✓

47. SO NO RECORDS AVAILABLE FOR THE FOLLOWING:

A. EEOC NO.: 360-2003-8286X
HEARING: 12/16/2003

B. CIVIL NO. 1:05CV00243SS
JUDGE SAM SPARKS
AUSTIN, TEXAS
CASE CLOSED: 12/6/2006

C. CIVIL NO. 1:06CV00967LY
JUDGE EARL LEROY YEAKEL, III
FEDERAL TORT CLAIMS ACT - FTCA
R. BARRY ROBINSON - AUSA
CASE CLOSED:
1:06CV01558RCL - TRANSFER CASE

D. BANKRUPTCY CASE NO. 06-11164FRM

E. ADVERSARY CASE NO. 06-01248FRM
JUDGE FRANK R. MONROE

48. BANKRUPTCY ATTORNEY
AND

A. CROSS CLAIMANT AGAINST BUESGENS

B. FOR ATTORNEY FEES AND
SANCTIONS AGAINST BUESGENS
BY

C. CHARLES R NETTLES
REPRESENTING

D. DONALD R. TAWNEY, JR

49. R. BARRY ROBINSON - AUSA
REPRESENTING

A. DONALD RAY TAWNEY, JR AND
IRS

B. EVERYONE
ET. AL.
IN

C. 1:06CV00967LY

D. PERSONAL INJURY TORT CLAIM
FTCA - FORM SF95
1:06CV01558 RCL

SEE BANKRUPTCY ATTORNEY

50. CHARLES R. NETTLES ✓
ANALYSIS
OF

A. CREDITOR - ADVERSARY BUESGENS
B. CLOSED : 12/6/06
C. CIVIL ACTION 1:05CV002435S
TO

51. SUPPORT HIS MOTIONS FOR
A. ATTORNEY FEES
B. SANCTIONS
C. DISMISSAL OF COMPLAINT
D. DISMISSAL OF PROOF OF CLAIM
IN

52 BANKRUPTCY CASE. 06-11164FRM

53 ADVERSARY. 06-01248FRM

54. THE PROBLEM IS THAT BUESGENS PERSONAL INJURY TORT CLAIM WAS THE OPEN CASE

A. 1:06CV00967LY ✓ OPEN
B. 1:06CV01558RCL THEN
JUDGE ROYCE C. LAMBERTH

UNITED STATES ATTORNEYS ARE

55 CONTROLLING EVERY ASPECT OF PLAINTIFF BUESGENS

MULTIDISTRICT - COMPLEX LITIGATION

56. CONSOLIDATED - COORDINATED

A. BAD FAITH ACTIONS

B. MISCONDUCT BY

57. U.S. ATTORNEYS IN COLLUSION WITH FEDERAL AGENCY OFFICIALS AT THE FOLLOWING:

58. INTERNAL REVENUE SERVICE

59. DEPARTMENT OF THE TREASURY

60. U.S. OFFICE OF PERSONNEL MANAGEMENT - OPM

61. U.S. EQUAL OPPORTUNITY COMMISSION - **EEOC**

62. U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES - **DHHS**

63. PROGRAM SUPPORT CENTER - **PSC**

64. FEDERAL OCCUPATIONAL HEALTH SERVICES - **FOHS**

65. U.S. DEPARTMENT HOUSING AND URBAN DEVELOPMENT - **HUD**

66. U.S. COURT PERSONNEL AND STAFF HAVE PARTICIPATED IN THE BAD FAITH - MISCONDUCT **WITH**

A. U.S. ATTORNEYS OFFICE **AGAINST**

B. MICHAEL L BUESGENS

UNITED STATES TRUSTEE OFFICE

67. RANDOLPH OSHEROW (MISCONDUCT)
SAN ANTONIO, TEXAS

A. CHAPTER 7 TRUSTEE FOR DEBTORS

B. DONALD RAY HAWNEY, JR - IRS

C. BANKRUPTCY CASE. 06-11164 FRM

D. ADVERSARY CASE. 06-01248 FRM

68. WILLIAM C. MILLER

CHAPTER 13 TRUSTEE
PHILADELPHIA, PENNSYLVANIA
FOR

A. DANA M. PORTER
FORMER IRS EMPLOYEE
DEBTOR

B. BANKRUPTCY CASE. 07-13246 JKF

C. TORT CLAIM - 2:07CV01541 BWK

69. CRIMINAL CONDUCT BY

A. U.S. ATTORNEYS

B. U.S. TRUSTEES

70. CONCEALING EVIDENCE OF WRONGDOING BY FEDERAL AGENCY OFFICIALS IN PENDING CIVIL ACTIONS

71. REFUSAL AND FAILURE TO PRODUCE AGENCY ADMINISTRATIVE RECORDS.

72. INTENTIONAL DESTRUCTION AND SPOILATION OF RELEVANT EVIDENCE AND GENUINE MATERIAL FACTS THAT ARE DIRECTLY RELATED TO

73. MICHAEL C. BUESGENS COMPLAINTS

A. ADMINISTRATIVE

B. CIVIL ACTIONS

C. BANKRUPTCY ACTIONS

74. U.S. ATTORNEYS PARTICIPATION IN

75. THE DENIAL OF BUESGENS NUMEROUS FREEDOM OF INFORMATION ACT - FOIA AND PRIVACY ACT REQUESTS TO

76. THE FOREGOING FEDERAL AGENCIES IN PENDING ADMINISTRATIVE AND CIVIL ACTIONS.

77. U.S. ATTORNEYS IN COOPERATION WITH FEDERAL AGENCY OFFICIALS DENYING

78. PLAINTIFF BUESGENS NUMEROUS RECORD REQUESTS IN PENDING CIVIL ACTIONS

FOR EXAMPLE AGENCY RECORD SYSTEMS

79. EEOC/GOV1

80. OPM/GOV'T

81. FOH—PSC—OHHS—MEDICAL SYSTEM RECORDS

A. MEDICAL RECORDS
B. FOH DOCTOR RECORDS
C. OHIMS SYSTEM RECORDS MEDICAL RECORDS ✓

82. HUD SYSTEM RECORDS
A. CALLED TEAPOTS
B. FOR BUESGENS HOUSING DISCRIMINATION COMPLAINT THAT IS DIRECTLY RELATED
C. TO EMPLOYMENT DISCRIMINATION RETALIATION

83. HUD CASE NO. 06-06-293-8
A. FILED: 12/28/2005
B. UNLAWFULLY CLOSED ON—2/17/2006

84. NO ADMINISTRATIVE RECORD FROM HUD ALLOWED SAYS U.S. ATTORNEYS SEE

85. PETITIONS FOR REVIEW

A. 5 TH CIRCUIT - HUD
06-60777 CLOSED
R. BARRY ROBINSON - AUSA

B. 10 TH CIRCUIT - HUD
07-9574 OPEN
MICHAEL C. JOHNSON - AUSA
R. BARRY ROBINSON - AUSA

C. 9 TH CIRCUIT - HUD
07-74126 OPEN

86. NO MULTICIRCUIT PETITION FOR REVIEW AT MDL PANEL

A. NOT ALLOWED SAYS U.S. ATTORNEYS

B. SEE - MDL PANEL RULES

1:07CV00859RBW
07-10008

87. ALL THE FOREGOING ARE **RELATED** TO CREDITOR-ADVERSARY- INTERVENOR-PLAINTIFF-APPELLANT PRO SE

88 **MICHAEL L. BUESGENS** BANKRUPTCY ACTIONS **IV**

A. WASHINGTON, DC

B. PHILADELPHIA, PA

C. PITTSBURGH, PA ✓

89. THE BANKRUPTCY ACTIONS ✓ **ARE RELATED TO** CIVIL ACTION

A. **TORT CLAIMS**

B. **DISCRIMINATION**

C. **RETALIATION**

90 1:07CV00859 RBW)
A. 07-10008
B. 06-11164
C. 06-01248

91. APPEALS FOR BANKRUPTCY CASE NUMBER 06-11164 FRM

A. 1:07CV00127 LY
JUDGE EARL LEROY YENKEL, III
BANKRUPTCY ATTORNEY
CHARLES R. NETTLES

B. 1:07 CV 00156 LY
JUDGE EARL LEROY YENKEL, III
BANKRUPTCY ATTORNEY
CHARLES R. NETTLES
U.S. ATTORNEY OFFICE

92. 1:07CV 00209 LY
A. ADVERSARY NO. 06-01248 FRM
B. CHARLES R. NETTLES
C. R. BARRY ROBINSON - AUSA

1:07CV00859RBW

# RELIEF

93. REOPEN BANKRUPTCY CASE NO. 06-11164 FRM DONALD RAY TAWNEY, JR IRS MANAGER, DEBTORS

94. REVOKE THE DISCHARGE OF BANKRUPTCY CASE NO. 06-11164

95. JOIN PARTIES OF INTEREST IN THIS CIVIL ACTION NUMBER 1:07CV00859RBW

FOR EXAMPLE:

96. CHARLES R. NETTLES - BANKRUPTCY ATTORNEY 06-11164 FRM

97. RANDOLPH OSHEROW - CHAPTER 7 TRUSTEE 06-11164 FRM

98. R. BARRY ROBINSON—AUSA

99. FOHS DOCTORS

A. NEAL LEE PRESNUT, M.D.
BETHESDA, MARYLAND

B. JAMES WILLIAM ALLEN, JR MD

C. MARK NORMAN FRANK M.D.
BOULDER, COLORADO

100. MARY-ELLEN KRCITA ✓
IRS TORT CLAIMS MANAGER

101. MARK S. KAIZEN—IRS-GLS
ASSOCIATE GENERAL COUNSEL

102. MICHAEL LYNN SALYARDS ✓—IRS-GLS-EEO ATTORNEY
DALLAS, TEXAS
EEOC NO. 360-2003-8286X

103. THOMAS STANTON—IRS-GLS-EEO ATTORNEY—DALLAS, TEXAS

104. EEOC JUDGE ROBERT LYNN POWELL
EEOC NO. 360-2003-8286X
TELEPHONE HEARING
12/16/2003

A. NO EVIDENCE - NO DOCUMENTS ALLOWED OR PRESENTED

B. SEE R. BARRY ROBINSON AT 5TH CIRCUIT

C. FOR PETITION FOR REVIEW
D. NO.
E. FOR EEOC # 360-2003-8286X
NO ADMINISTRATIVE RECORD ALLOWED

105. TIGTA - FTCA - FORM SF95 - FOIA
INVESTIGATION OF BLESGENS IN 2002-2003 AT IRS

A. RODERICK FILLINGER - TIGTA

B. RAYMOND CAMPBELL - TIGTA

106. SEE AUSA PAT S. GENIS

A. IN 1:07CV00859RBW

AND

B. 2:06CV00072PPS

107. DARYL STANLEY

V.

A. DEPARTMENT OF THE TREASURY

B. IRS - VAUGHN INDEX

C. TIGTA INVESTIGATION

D. FOIA IN CAMERA ✓

AND

108. MICHAEL L BUESGENS MOTION TO INTERVENE

A. DENIED

B. NOW ON APPEAL AT THE 7TH CIRCUIT 07-2842

109. BUESGENS WANTS HIS TIGTA INVESTIGATION RECORDS FOR HIS

110. REASONABLE REASSIGNMENT REQUEST 2002-2003

1:07CV00859RBW

111. PLAINTIFF BUESGENS REQUESTS THAT THIS COURT JOIN HIS CLAIMS AND REMEDIES IN THIS BANKRUPTCY-ADVERSARY APPEAL

FOR EXAMPLE:

112. FEDERAL TORT CLAIMS ACT FTCA - FORM SF95

A. PERSONAL INJURY INVOLUNTARY DISABILITY RETIREMENT

B. WRONGFUL TERMINATION

C. CONSTRUCTIVE REMOVAL

D. DISABILITY DISCRIMINATION

E. RETALIATION

113. FOIA REQUESTS

114. PRIVACY ACT REQUESTS

115. HIPAA VIOLATIONS

116. MEDICAL MALPRACTICE

A. NO REFERRAL TO A PSYCHIATRIST BY

B. FOHS DOCTORS

117. FOHS DOCTORS REFUSAL TO TALK TO BUESGENS IN 2002-2003-2004-2005-2006-2007

118. NO MEDICAL RECORDS

119. NO APPEARANCE OR DOCUMENTS FOR

A. EEOC NO. 360-2003-8286X

B. CIVIL ACTIONS ET. AL

120. R. BARRY ROBINSON - AUSA TELLING THE COURT THAT BUESGENS IS ONLY PERCEIVED AS DISABLED.

121. MICHAEL LYNN SALYARDS
IRS-GLS-EEO
ATTORNEY

A. EEOC NO. 360-2003-8286X
B. CONCEALING EVIDENCE OF WRONGDOING

122. ALL THOSE EMAIL AND FAX MESSAGES TO AND FROM IRS OFFICIALS AND IRS-HR-SPECIALIST

A. THOMAS JUSTIN THEIS
B. OSCAR LEAL

123. IRS "AND IN HOUSE" EEO STAFF

A. MELINDA LUNA ESTRADA
EEO TERRITORY MANAGER
AUSTIN, TEXAS

B. MARGARET F. WAITES
REASONABLE REASSIGNMENT COORDINATOR

C. IN HIDING - NO APPEARANCE

124. INCRIMINATING EVIDENCE OF WRONG DOING
A. EMAILS ✓
B. FAXES

125. NEVER PRESENTED AT EEOC HEARING

126. NOT ALLOWED IN CIVIL ACTION NO.
A. 1:05CV00243SS
B. 1:06CV01558RCL
C. 1:06CV00967LF
D. 1:05CV02334RCL

127. SEE MICHAEL LYNN SACYAKAS PERJURED DECLARATION IN
A. 1:06CV01558RCL ✓
AND
B. 1:05CV02334RCL

128. FOR AUSA KAREN MELNIK TRANSFER OF CASES TO AUSTIN, TEXAS

129. IT IS BUESGENS CLAIM THAT AGENCY OFFICIALS IRS AND U.S. ATTORNEYS HAVE BEEN ACTIVELY **DESTROYING** RECORD EVIDENCE

130. THAT IS FAVORABLE TO BUESGENS

A. EMPLOYMENT-HOUSING

B. DISCRIMINATION

C. RETALIATION COMPLAINTS

131. **SEE** BUESGENS MOTION FOR EARLY DISCOVERY IN

CIVIL NO. 1:05CV00243 SS

A. **ON** DOCUMENT **15** 5/23/2005

B. JUDGE SAM SPARKS **DENIAL** AND ORDER. NO. **16** 5/25/2005

1:07CV00859 RBW

# MORE RELIEF REQUESTED

132 THAT THIS COURT MAKE A DETERMINATION AS TO THE FEDERAL AGENCIES

A. RESPONSIBILITIES ✓ FOR

B. RECORD MAINTENANCE

WHEN

133 THEY ARE AWARE ✓ OF PENDING AND CLOSED ADMINISTRATIVE PROCEEDINGS AND CIVIL ACTIONS.

134 FOR EXAMPLE THE IRS-TIGTA EEOC-OPM - DHHS - FOH

135 ARE ✓ REQUIRED TO APPOINT AN OFFICIAL TO MANAGE AND MAINTAIN RECORDS UNDER THE FOREGOING CIRCUMSTANCES.

136. THAT THIS COURT **ORDER** PRODUCTION OF THE INTER-AGENCY AGREEMENT WITH

A. FEDERAL OCCUPATIONAL HEALTH SERVICES – **FOHS** **AND**

B. IRS

C. DEPARTMENT OF THE TREASURY

D. HUD

137. IT IS BUESGENS ALLEGATION THAT THE AGREEMENT CONTRACT – **PROMOTES**

A. **SUBSTANDARD** MEDICAL CARE ✓ **FOR**

B. FEDERAL AGENCY EMPLOYEES **AND**

C. **FOHS** WORKS FOR THE AGENCIES

1:07CV00859RBW
07-10008
06-11164FRM
**TORT CLAIM**
1:06CV01558RCL

# STATUTES AND AUTHORITIES

1. **28 U.S.C.** SECTION 1334(B) DISTRICT COURT JURISDICTION IN BANKRUPTCY PROCEEDINGS

2. **28 U.S.C.** SECTION 157(B)(2)(B)(5) NON-CORE PROCEEDINGS

A. THE DISTRICT COURT SHALL ORDER THAT PERSONAL INJURY TORT CLAIMS SHALL BE TRIED IN THE DISTRICT COURT

B. PERSONAL INJURY TORT CLAIM FILED ON **9/11/2006** AT U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA CIVIL NO. **1:06CV01558RCL** FOR THE UNDERLYING ADMINISTRATIVE CLAIM - **FTCA - FORM SF95**

C. THE ADMINISTRATIVE PERSONAL INJURY TORT CLAIM UNDER THE FEDERAL TORT CLAIMS ACT WAS FILED ON **8/22/2005 WITH**

D. **MARY-ELLEN KRCHA** ✓ **IRS** TORT CLAIMS MANAGER WASHINGTON, DC

E. **1:06CV01558RCL** WAS ASSIGNED APPEAL NUMBER **07-5011 AT**

F. U.S. COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA - **D.C.**

G. APPEAL NO. **07-5011 WAS** PLAINTIFF-APPELLANT BUESGENS APPEAL OF CIVIL ACTION

✓ **1:05CV0024355** U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

H. U.S. COURT OF APPEALS — D.C. ✓ COURT STAFF ORIGINALLY ASSIGNED CASE NUMBER 07-5011 TO 1:05CV002435S APPEAL TO D.C. CIRCUIT

I. THEN COURT STAFF CHANGED THE APPEAL NO. 07-5011 TO APPEAL OF 1:06CV01558RCL

3. 28 U.S.C. SECTION 157(b)(2) DOES NOT ALLOW BANKRUPTCY JUDGE FRANK R. MONROE THE AUTHORITY TO RULE ON PERSONAL INJURY TORT CLAIMS

• FRANK R. MONROE MADE FINAL ORDERS ON BUESGENS PERSONAL INJURY TORT CLAIM IN VIOLATION OF THE CODE IN

A. BANKRUPTCY CASE NO. 86-11164FRM

B. ADVERSARY CASE NO. 06-01248FRM

C. BANKRUPTCY JUDGE FRANK R. MONROE **WILL NOT ALLOW**

CREDITOR-ADVERSARY-PLAINTIFF-APPELLANT BUESGENS **TO FILE ANYTHING** IN HIS BANKRUPTCY COURT.

D. BUESGENS **IS NOT ALLOWED TO** FILE A **MOTION TO REOPEN** BANKRUPTCY CASE NO. **06-11164FRM ANYWHERE** IN **TEXAS OR** THE **FIFTH CIRCUIT**

BANKRUPTCY NO. 06-11164FRM

ADVERSARY NO. 06-01248 FRM

CONTAIN **MANY VIOLATIONS** OF THE BANKRUPTCY CODE AND RULES OF PROCEDURE BY THE FOLLOWING:

1. FRANK R. MONROE - **JUDGE**
2. SAM SPARKS - **JUDGE**
3. EARL LEROY YEAKEL, III - **JUDGE**

4. GEORGE PRENTICE – CLERK OF COURT, SAN ANTONIO, TEXAS

5. MARIA DOZAUER – DEPUTY CLERK AUSTIN, TEXAS

6. RANDOLPH OSHEROW – CHAPTER 7 TRUSTEE

7. CHARLES R. NETTLES – BANKRUPTCY ATTORNEY

8. DONALD RAY TAWNEY, JR – IRS OFFICIAL – DEBTORS

9. R. BARRY ROBINSON – AUSA AUSTIN, TEXAS

FOR EXAMPLE:

ERRORS AND OMISSIONS

10. NOT LISTING BUESGENS AS A CREDITOR ON BANKRUPTCY PETITION. 06-11164FRM FILED ON 7/31/2006

11. NOT NOTIFYING PLAINTIFF BUESGENS OF BANKRUPTCY FILING.

12. NOT NOTIFYING BUESGENS OF FIRST CREDITORS MEETING HELD ON 9/11/2006

13. NOT RELATING BUESGENS PERSONAL INJURY TORT CLAIMS THAT WERE PENDING AT U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA - D.C.

A. CIVIL NO. 1:06CV01558RCL-PENDING AND

B. 1:06CV00967LY - PENDING AT

C. U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN, TEXAS

14. NOT ALLOWING BUESGENS MOTION FOR RULE 2004 EXAMINATION OF DEBTOR DONALD RAY TAWNEY, JR

15. DONALD RAY TAWNEY, JR
IRS OFFICIAL
DEBTOR
AND
BANKRUPTCY ATTORNEY
A. CHARLES R. NETTLES
AND
AUSA
B. R. BARRY ROBINSON
FAILURE
C. TO TIMELY FILE THE REQUIRED FORM 23 - CERTIFICATION OF FINANCIAL MANAGEMENT COURSE

16. BANKRUPTCY CODE
11 U.S.C.. SECTION 727(a)(11) AND 1328 (g) (1)
CALLS FOR AUTOMATIC DISMISSAL FOR THIS FAILURE
A. YET FRANK R. MONROE DISCHARGED CASE NO. 06-11164FRM ON 2/7/2007,
AND
B. DISMISSED ADVERSARY NO. 06-01248FRM ON 2/7/2007.

1:07CV00859RBW

# DECLARATION

BY
MICHAEL L BUESGENS
FORMER IRS EMPLOYEE
CREDITOR-ADVERSARY
PLAINTIFF

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE.

PURSUANT TO 28 U.S.C. SECTION 1746.

EXECUTED ON THIS 15TH DAY OF DECEMBER, 2007

[signature]
MICHAEL L BUESGENS



1:07CV00859RBW
07-10008
06-11164FRM
1:06CV01558RCL
D.C. APPEAL NO. 07-5011

# CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE COPY OF THIS MOTION TO REOPEN BANKRUPTCY CASE NO. 06-11164FRM WAS SERVED BY PRIORITY MAIL-DELIVERY CONFIRMATION ON THIS 18 TH DAY OF DECEMBER, 2007

ADDRESSED TO

1. MARY-ELLEN KRCHA
   IRS PERSONAL INJURY TORT CLAIMS MANAGER
2. MARK S. KAIZEN
   IRS-GLS-ASSOCIATE GENERAL COUNSEL

3. MICHAEL LYNN SALYARDS
IRS-GLS-EEO ATTORNEY
EEOC NO. 360-2003-8286X

4. THOMAS STANTON
IRS-GLS-AREA (DALLAS) COUNSEL

5. RODERICK FILLINGER
TIGTA GENERAL COUNSEL
EEOC NO. 360-2003-8286X

6. RAYMOND CAMPBELL
TIGTA-FOIA-INVESTIGATIONS

7. IRS-TIGTA-FTCA
TORT CLAIMS

COMSAT BUILDING
950 L'ENFANT PLAZA
Room
WASHINGTON, DC 20024
PHONE: 202-622-6500
PHONE: 202-283-7908-MARY
FAX: 202-283-7979

8. CHARLES R. NETTLES
BANKRUPTCY ATTORNEY
06-11164FRM

9. RANDOLPH OSHEROW
CHAPTER 7 - TRUSTEE
06-01248FRM

10. DONALD RAY THWNEY JR
IRS OFFICIAL - DEBTOR

11. R. BARRY ROBINSON - AUSA

12. KAREN MELNIK - AUSA

13. PAT S. GENIS - AUSA

14. MARK EVERSON - COMMISSIONER

15. KEVIN BROWN - COMMISSIONER
IRS

16. JOHN W. SNOW, SECRETARY

17. HENRY PAULSON, SECRETARY

18. DEPARTMENT OF THE TREASURY

19. AT BANKRUPTCY ATTORNEY OFFICE
1524 SOUTH IH-35, #233
AUSTIN, TEXAS 78704

20. FRANK R. MONROE
BANKRUPTCY JUDGE
06-11164FRM
06-01298FRM
U.S. BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION
800 FRANKLIN AVENUE, #140
WACO, TEXAS 76701

21. LILLIAN KOENIG, DIRECTOR
FEDERAL OCCUPATIONAL HEALTH SERVICES - FOHS AT DHHS

22. NEAL LEE PRESANT, MD
MEDICAL DIRECTOR - FOHS

23. JAMES WILLIAM ALLEN JR, MD
OCCUPATIONAL MEDICINE - FOHS

24. MARK NORMAN FRANK, MD
OCCUPATIONAL MEDICINE - FOHS

25. DARLENE CHRISTIAN, DIRECTOR FREEDOM OF INFORMATION ACT FOIA-FOHS-MEDICAL RECORDS AT

26. PROGRAM SUPPORT SERVICES-PSC U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES - DHHS

27. LISA BARSOOMIAN, DEPUTY ASSOCIATE COUNSEL

28. LINDA A. VINCENT, PARALEGAL SPECIALIST FOR BUESGENS-FEDERAL TORT CLAIM AT

29. U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES-DHHS TORT CLAIMS BRANCH

330 INDEPENDENCE AVE, SW
ROOM 4758
WASHINGTON, DC 20201
PHONE: 202-619-2155
FAX: 202-619-2922

30. LINDA M. SPRINGER
DIRECTOR
U.S. OFFICE OF PERSONNEL MANAGEMENT - OPM

31. KERRY MCTIGUE
GENERAL COUNSEL
OPM
OFFICE OF THE GENERAL COUNSEL

32 KATHLEEN M. MCGETTIGAN
DEPUTY ASSOCIATE DIRECTOR
OPM

33. CENTER FOR RETIREMENT AND INSURANCE SERVICES PROGRAM
FOR
BUESGENS INVOLUNTARY DISABILITY RETIREMENT AND WRONGFUL TERMINATION AND CONSTRUCTIVE REMOVAL AT IRS

1900 E STREET, NW
ROOM 4312
WASHINGTON, DC. 20415-0001

1:07CV00859 RBW

34. JEFFREY A. TAYLOR U.S. ATTORNEY

35 PAT. S. GENIS-AUSA

36 KAREN MELNIK-AUSA

37. OLIVER W. MCDANIEL-AUSA

38. R. CRAIG LAWRENCE-AUSA

39. SUSAN R. BECKER-AUSA

A. 1:07CV00859 RBW
B. 1:06CV01558 RCL
C. 1:05CV02334 RCL
D. 1:04CV01056 ESH
E. APPEAL = 07-5295
F. APPEAL = 07-5011

U.S. ATTORNEY OFFICE
555 4TH STREET, NW
WASHINGTON, DC 20530

1:07CV00859RBW

40. IRVING KATOR

41. MICHAEL KATOR

42. DAVID WEISER

43. KATOR, PARKS, WEISER

44. EMPLOYMENT DISCRIMINATION ATTORNEYS

A. 1:05CV002435S

B. APPEAL NO. 07-5011

C. 1:06CV01558RCL

D. APPEAL NO.. 07-5011

E. 1:04CV01056ESH

F. APPEAL NO.. 07-5295

812 SAN ANTONIO ST., #100
AUSTIN, TEXAS 78701

1:07CV00859 RBW

45. U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
EEOC NO. 360-2003-8286X
AND
TORT CLAIM
UNDER THE FEDERAL TORT CLAIMS ACT - FTCA - FORM SF95

EEOC JUDGE

46. ROBERT LYNN POWELL

EEOC ATTORNEYS

47. JENNIFER RANDALL - DENVER, CO
48. ROBERT B. UNRUH - SAN ANTONIO
49. JUDITH TAYLOR - SAN ANTONIO

50. ELIZABETH P. CALDWELL

EEOC/GOV'T RECORDS

51. RONALD S. COOPER, GENERAL COUNSEL
OFFICE OF GENERAL COUNSEL
ROOM 7001
1801 L STREET, NW
WASHINGTON, DC 20507

1:07CV00859 RBW

[signature]

MICHAEL L BUESGENS
FORMER IRS EMPLOYEE
3112 WINDSOR RD.
A322
AUSTIN, TEXAS 78703
512-339-6005 X 7958
MIKEBUESGENS@HOTMAIL.COM

12/16/2007

1:07CV00859RBW

OPM
DISABILITY
APPROVED
2/23/2005



United States
**Office of**
**Personnel Management** Washington, DC 20415-0001

February 23, 2005

Michael L. Buesgens
500 East Stassney Lane, #1023
Austin, TX 78745

2/23/2005

Dear Mr. Buesgens:

Your application for disability retirement has been approved.

According to information we have received from your agency, you have not been separated from Government service. Therefore, we are notifying your agency of the approval and asking them to separate you. We are asking them to give us your last day of pay. Payment of annuity cannot start until after your last day of pay. We are asking your agency to send us your final separation records so we can establish your final annuity rate.

We cannot start your annuity payments until we receive confirmation that you have applied for Social Security disability benefits. If you have not already done so, you must now apply for them. Please send us a copy of the receipt (or notice of allowance or disallowance) which you receive from the Social Security Administration after you file the application.

If the Social Security Administration awards you monthly benefits, you must also notify OPM of the amount of the monthly Social Security benefit and effective date of payment immediately upon becoming eligible (a photocopy of the award notice or a statement showing the monthly Social Security benefit and effective date when they determined your eligibility began would be helpful). OPM will be conducting periodic checks against Social Security records to discover unreported awards. Notification of Social Security benefits, and the confirmation that you have applied to Social Security should be sent to:

Office of Personnel Management
Federal Employees Retirement System
Boyers, PA 16017



# Agency Certification of Reassignment and Accommodation Efforts

In Connection With Disability Retirement Under the Civil Service Retirement System and the Federal Employees Retirement System

Form Approved: OMB No. 3206-0228

## Instructions

The Coordinator for Employment of the Handicapped should review the Applicant's Statement, the Supervisor's Statement, the Physician's Statement, and any other relevant documentation on file to determine if reasonable accommodation will enable the employee to perform fully successful service in his or her current position or whether a vacant position is available in the agency, at the same grade or pay level in the same commuting area, for which the employee is qualified for reassignment. Take special note of the Supervisor's Statement and resolve any discrepancies between the information on that form and this form. Telephone numbers for the applicant, the supervisor, and the physician may be found on their respective statements, should it be necessary to contact them for further information.

If the employee is eligible to retire voluntarily, the employee should be advised of that fact. In general there is no difference in the payment to a disabled annuitant and an optionally retired annuitant, nor are there Federal tax advantages for a disability retiree.

***All items must be completed. In items 4, 5, and 6, if you check a box that requires additional explanation, please provide the explanation and/or attachment. This will enable us to process the application without delay.***

**Accommodation** (item 4) - Guidance for determining reasonable accommodations may be found in 29 CFR 1614.203(c).

The documentation supporting your response to item 4 must include an assessment of the functional and environmental factors related to the employee's inability to perform at the fully successful level, unless there are no medical restrictions.

**Reassignment** (item 5) - Guidance related to reassignment of an applicant for disability retirement is published in OPM's "CSRS and FERS Handbook for Personnel and Payroll Offices".

After completing and certifying this form, please attach the appropriate documentation and return the original to the employee or to your personnel office according to instructions and practices in your agency. In either case, ***a copy must be given to the employee***. Please ***do not*** send the form directly to OPM unless OPM specifically requested you to do so in this case.

***Your agency's obligation to continue to try to accomodate or reassign the employee does not cease with the filing of this certification.*** Your efforts should continue. If the accommodation or reassignment situation changes after the original filing of the certification, you must notify OPM of the changes.

OPM may contact you for additional information or clarification.

"IN HOUSE" EEO

IRS-MELINDA LUNA ESTRADA

**To be completed by Coordinator for Employment of the Handicapped or other authorized agency official.**
***See instructions at the top of this page***

| 1. Name of applicant (last, first, middle) | 2. Date of birth (mo./day/yr.) | 3. Social Security number |
|---|---|---|
| BOESGENS MICHAEL | AUSTIN, TEXAS | |

4. Has reasonable effort for accomodation been made? *(You must check one statement below.)*

☐ **No, the medical evidence presented to the agency shows that accommodation is not possible due to severity of medical condition and the physical requirements of the position.** *(Attach copies of all medical evidence supporting the statement and explain why conditions prohibit accommodation. Also, provide a detailed statement of the physical requirements of the position.) Employees should be counseled concerning the following: The fact that your agency has determined accommodation to be unavailable due to status of a medical condition or due to restriction imposed by a physician does not guarantee that OPM will reach the same decisions about the approval of a disability retirement application.*

☐ No, the employee's condition does not appear to require accommodation. Medical information presented to agency does not document a disabling medical condition.

☐ Yes, describe below accommodation efforts made, attach supporting documentation and provide narrative analysis of any unsuccessful accommodation efforts.

*Continued on reverse*

1:07CV00859RBW

DHHS

FOHS

PARALEGAL LINDA A. VINCENT

MAKES

A LEGAL DECISION

ON TORT CLAIM

AND

PROVIDES MISLEADING

LEGAL ADVICE 5/8/2007



DEPARTMENT OF HEALTH & HUMAN SERVICES

OFFICE OF THE GENERAL COUNSEL
General Law Division

330 Independence Avenue, S.W.
Room 4256, Wilbur J. Cohen Federal Building
Washington, D.C. 20201

5/8/2007

May 8, 2007

Refer to: 07-0302

<u>CERTIFIED - RETURN RECEIPT REQUESTED</u>

Mr. Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas 78703

Dear Mr. Buesgens:

On May 8, 2007, we received from you a Standard Form 95, Claim for Damage, Injury or Death, which claimed $2,900,000.00 in damages for actions by various federal agencies, including the Department of Health and Human Services, continuous from 2003.

The Federal Tort Claims Act ("FTCA") authorizes the settlement of any claim of money damages against the United States for, *inter alia*, death or injury caused by the negligent or wrongful act or omission of any employee of the federal government while acting within the scope of employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The FTCA requires that before an action may be commenced in court, the claimant must "present" his claim to the appropriate administrative agency for determination. 28 U.S.C. § 2675(a). The requirement of filing an administrative claim is jurisdictional and may not be waived. <u>Henderson v. United States</u>, 785 F.2d 121, 123 (4th Cir. 1986).

Your claim does not specify the allegedly negligent actions of any employee of this agency, indicate how employees of this agency were allegedly involved in your claim for damages, or provide sufficient information regarding the alleged negligence as to reasonably permit investigation of this matter. Because your notice of claim does not present sufficient information to permit reasonable investigation, it has not been validly presented to this agency pursuant to 28 U.S.C. § 2675. <u>See Rooney v. United States</u>, 634 F.2d 1238 (9th Cir. 1980). Accordingly, we are returning your claim form to you as not properly presented pursuant to applicable federal law.

Yours truly,

Linda A. Vincent
Paralegal Specialist

Enclosures

1:07CV00859 RBW

MEDICAL LETTER
FOHS
MARK NORMAN FRANK, MD
1/29/2003



DEPARTMENT OF HEALTH & HUMAN SERVICES

Program Support Center

Federal Occupational Health Service
4350 East-West Highway
Bethesda, Maryland 20814

1/29/2003

January 29, 2003

Margaret Waites
EEO & Diversity Territory Office
Internal Revenue Service
P.O. Box 934 MS 1105 AUSC
Austin, Texas 78767

Fax 512-460-7955

Re: Reasonable Accommodation Request for Mr. Michael Buesgens

Dear Ms. Waites:

This letter is in response to the request for reasonable accommodation for IRS employee, Mr. Michael Buesgens. Mr. Buesgens is a Customer Service Representative, GS-0962-08. I have received your package of information including:

- Memorandum, Ms. Waites, 1/24/03, Request for Reasonable Accommodation
- Authorization for Release of Medical Information, Dr. David Jones, 1/24/03
- Internal Revenue Service Standard Position Description, "Customer Service Representative", GS-962-08
- Physicians Statement from Dr. David Jones, 9/1/02
- Medical Notes, Dr. David Jones, 10/1/01-8/28/02

I spoke with you to review this request. Mr. Buesgens is a Customer Service Representative, who is expected to perform telephone activities as a critical element/essential function of his job. Included under the "Major Duties" of the Standard Position Description," is the statement, "Completes contacts, i.e. conducts personal or telephone interviews with a wide range of individuals…" "This position covers work performed on the Customer Service Toll-Free system used by the public to resolve issues and obtain information about tax administration."

The Physician's Statements list some physical limitations, which do not seem to be at issue with regard to his occupational activities. The primary issue affecting his work would be the restriction, "no phone work." I spoke with Dr. Jones to review the information he has provided. He has confirmed the diagnosis, evaluation, treatment, and prognosis for Mr. Buesgens. He confirmed this condition impacts his activities of daily living and he is disabled per the definition of disability pursuant to the Americans' with Disabilities Act (ADA). The requested accommodation is directly related to his medical condition.

DEPARTMENT OF HEALTH & HUMAN SERVICES

Program Support Center

Federal Occupational Health Service
4350 East-West Highway
Bethesda, Maryland 20814

I believe Mr. Buesgens is an individual with a disability per the ADA. The activity of using phones does appear to be an essential function ("Major Duty") of the job of Customer Service Representative. If it were possible to reassign duties with other staff of a similar job description and eliminate the use of the phone by Mr. Buesgens, this could be considered as a reasonable accommodation. However, if this were not possible administratively, consideration could also be given to a job reassignment to a position for which Mr. Buesgens is a qualified individual with or without reasonable accommodation and consistent with the policies and procedures of the Internal Revenue Service.

I hope this information has been helpful. Please contact this office at (301) 594-4209 if I can be of any further assistance in this matter.

Sincerely,

[signature]

Mark Frank, M.D.
Occupational Medicine Consultant
Board Certified, Occupational Medicine
Board Certified, Internal Medicine

FOHS
MARK NORMAN FRANK
MD
BOULDER, COLORADO

NEAL LEE PRESAUT, MD
MEDICAL DIRECTOR
FOHS
BETHESDA, MARYLAND

1:07CV00859RBW

EMAIL
FROM
THOMAS J. THEIS
TO
DONNA R. TAWNEY
ANNA S. MEDLOCK
2-PAGES
REMOVE - TERMINATE BUESGENS
3/27/2003

**From:** Theis Thomas J
**Sent:** Thursday, March 27, 2003 9:25 AM
**To:** Tawney Donald R
**Cc:** Medlock Anna S; Session Nancy A
**Subject:** RE: Mike Buesgens
**Signed By:** (There were errors displaying the signers of this message, please click on the signature icon for more details.)
**Importance:** High

3/27/2003

Don,

Austin AM Op 1 management has requested an opinion from GLS (Dallas) on whether or not EEO should turn over medical information from an RA issue. That opinion has not been received.

Currently, AM Op 1 management is working this same issue. In a conference call, GLS informed AM Op 1 management that once the RA process was completed.....i.e. the employee requested RA, Medical was provided, EEO found out their limitations, management searched for a position to suit the RA, a position had been offered to the employee, and the employee declined......then management had legally met the requirements of RA and could direct the employee to return to their job activities.

The reason management requested the opinion, is that EEO has not turned over the medical information to management on this issue. EEO indicates that they can not turn over the medical to management. Management wants the medical information to determine if it would support a non-disciplinary downgrade of the employee or a non-disciplinary removal from the Service.

At this point, I see four possible endings:

1. The employee accepts the new job offer/RA resolved.
2. The employee declines, and is directed back to the phones/his duties.
3. Management obtains the medical information and decides to:
   a. Propose a non-disciplinary downgrade (if a position is found) or
   b. Propose a non-disciplinary removal.

You've indicated that the employee will probably not accept a downgrade. I believe management should do # 2 or # 3a before recommending # 3b.

In # 2 and # 3 above, I would expect the employee to exhaust his appeal rights on both. Please keep good notes and records of all transactions you have with the employee, EEO, GLS, management and LR on this issue.

If you need anything else, please let me know. Thanks!

*Thomas J. Theis*
Labor Relations Specialist
(512) 499-5450
FAX (512) 499-5303
STOP 1500 AUS

-----Original Message-----
**From:** Tawney Donald R
**Sent:** Wednesday, March 26, 2003 4:43 PM
**To:** Theis Thomas J
**Cc:** Medlock Anna S

IRS
DONALD RAY TAWNEY, JR
THOMAS J. THEIS
3/27/2003

✓

Subject: Mike Buesgens

Thomas,

In past discussions with you on the telephone I have understood you to say that if we do not find, through the RA process, another position for Mike, or if he declines what we do find, then we have the authority to direct him to the Toll-Free lines even though EEO has a report from his Doctor that compels the DOH to say in their 1/29/03 letter to Margaret Waites:

"The Physician's Statements list some physical limitations, which do not seem to be at issue with regard to his occupational activities. The primary issue affecting his work would be the restriction, "no phone work." I spoke with ...to review the information he has provided. He has confirmed the diagnosis, evaluation, treatment, and prognosis for Mr. Buesgens. He confirmed this condition impacts his activities of daily living and he is disabled per the definiation of disability pursuant to the Americans' with Disabilities Act (ADA). The requested accommodations is directly related to his medical condition." (I faxed a copy of this letter to you on 3/7/03).

I want to be sure we are on solid ground should we direct him back to the phones. Would you please confirm this for me.

If he declines what we find, or we find nothing, and we are not able to direct him back to the phones, our next course of action as I see it--and I believe we've discussed this on the phone--is to move toward removing him from the Service. If this turns out to be the course of action we take, I will need to discuss with you the appropriate procedures for this action.

Thank you,

Dr. Tawney

Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

REMOVE
MICHAEL L. BUESGENS
FROM
SERVICE

1:07CV00859RBW

MEDICAL LETTER
FOHS
JAMES W. ALLEN, MD
5/7/2003

BUESGENS MEDICAL DISABILITY
BIPOLAR
WAS
PUT INTO REMISSION AT IRS



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**BUREAU OF PRIMARY HEALTH CARE**

Public Health Service

**Health Resources and Services Administration**

**Federal Occupational Health Services**
**Suite 3-9C1 Public Health Building**
**4350 East-West Highway**
**Bethesda, MD 20814**
**Phone: (302) 478 - 0310 Fax: (301) 437-4902**
**E-mail: AllenJW@pol.net**

5/7/2003

May 7, 2003

FILE COPY
PHOTOCOPY ONLY
DO NOT RELEASE

Margaret Waites,
EEO & Diversity Territory Office
Internal Revenue Service,
PO Box 934 MS 1105 AUSC
Austin TX 78767

**Partial Release to Phone Duty ICO Michael Buesgens**

Dear Ms Waites:
The above employee's physician has released him to partial telephone duty. The agency requests a more complete description of this employee's disability and medical recommendations. I have reviewed the following documents:

- Medical Letter signed by David O. Jones MD, MPH dated April 15, 2003
- Medical Opinion letter from Federal Occupational Health signed by Mark Frank MD dated January 29, 2003
- Cover memo from yourself dated April 17, 2003

On May 7, 2003 I discussed this employee's work restrictions and telephone capabilities with Dr. Jones.

1. Current Medical Status
   Dr. Jones has diagnosed anxiety originating from a variety of life stresses. The employee reacts to his anxiety by loosing functional ability. Dr. Jones recommends a three-month trial of part time phone duty. After this time period, Dr. Jones expects to reevaluate his patient's clinical status. My discussion with Dr. Jones also included topics of alternate jobs for this employee and use of a psychologist for stress management.

2. Medical Restriction and Recommendations
   Based on my discussion with Dr. Jones, I view Mr. Buesgens' ability to return to full time telephone duty as limited. I concur with a three-month part time, four hours per day, return to telephone duty. I also suggest referral of this employee to stress management classes offered through the Employee Assistance Program. I will be available to review any additional documentation provided by this employee after the three-month trial period.

If you have questions, please contact me at (301) 594 – 0273

Sincerely yours,

James W. Allen MD

James W. Allen MD, MPH
Certified Independent Medical Examiner

JAMES W. ALLEN, JR, MD
FOHS
WILMINGTON, DELAWARE

NEAL LEE PRESANT, MD
MEDICAL DIRECTOR
BETHESDA, MARYLAND

**From:** Theis Thomas J
**Sent:** Thursday, March 27, 2003 9:25 AM
**To:** Tawney Donald R
**Cc:** Medlock Anna S; Session Nancy A
**Subject:** RE: Mike Buesgens
**Signed By:** (There were errors displaying the signers of this message, please click on the signature icon for more details.)
**Importance:** High

3/27/2003

Don,

Austin AM Op 1 management has requested an opinion from GLS (Dallas) on whether or not EEO should turn over medical information from an RA issue. That opinion has not been received.

Currently, AM Op 1 management is working this same issue. In a conference call, GLS informed AM Op 1 management that once the RA process was completed.....i.e. the employee requested RA, Medical was provided, EEO found out their limitations, management searched for a position to suit the RA, a position had been offered to the employee, and the employee declined......then management had legally met the requirements of RA and could direct the employee to return to their job activities.

The reason management requested the opinion, is that EEO has not turned over the medical information to management on this issue. EEO indicates that they can not turn over the medical to management. Management wants the medical information to determine if it would support a non-disciplinary downgrade of the employee or a non-disciplinary removal from the Service.

At this point, I see four possible endings:

1. The employee accepts the new job offer/RA resolved.
2. The employee declines, and is directed back to the phones/his duties.
3. Management obtains the medical information and decides to:
   a. Propose a non-disciplinary downgrade (if a position is found) or
   b. Propose a non-disciplinary removal.

You've indicated that the employee will probably not accept a downgrade. I believe management should do # 2 or # 3a before recommending # 3b.

In # 2 and # 3 above, I would expect the employee to exhaust his appeal rights on both. Please keep good notes and records of all transactions you have with the employee, EEO, GLS, management and LR on this issue.

If you need anything else, please let me know. Thanks!

*Thomas J. Theis*
Labor Relations Specialist
(512) 499-5450
FAX (512) 499-5303
STOP 1500 AUS

-----Original Message-----
**From:** Tawney Donald R
**Sent:** Wednesday, March 26, 2003 4:43 PM
**To:** Theis Thomas J
**Cc:** Medlock Anna S

IRS-HR-AUSTIN, TEXAS
3/27/2003

Subject: Mike Buesgens

Thomas,

In past discussions with you on the telephone I have understood you to say that if we do not find, through the RA process, another position for Mike, or if he declines what we do find, then we have the authority to direct him to the Toll-Free lines even though EEO has a report from his Doctor that compels the DOH to say in their 1/29/03 letter to Margaret Waites:

"The Physician's Statements list some physical limitations, which do not seem to be at issue with regard to his occupational activities. The primary issue affecting his work would be the restriction, "no phone work." I spoke with ...to review the information he has provided. He has confirmed the diagnosis, evaluation, treatment, and prognosis for Mr. Buesgens. He confrimed this condition impacts his activities of daily living and he is disabled per the definiation of disability pursuant to the Americans' with Disabilities Act (ADA). The requested accommodations is directly related to his medical condition." (I faxed a copy of this letter to you on 3/7/03).

I want to be sure we are on solid ground should we direct him back to the phones. Would you please confirm this for me.

If he declines what we find, or we find nothing, and we are not able to direct him back to the phones, our next course of action as I see it--and I believe we've discussed this on the phone--is to move toward removing him from the Service. If this turns out to be the course of action we take, I will need to discuss with you the appropriate procedures for this action.

Thank you,

Do. Tawney
Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

THOMAS I THEIS
DONALD R. TAWNEY
ANNA S. MEDLOCK
NANCY A. SESSION
CHARLES WASHINGTON, JR

1:07CV00859 RBW

IRS DOCTORS WORKING ON BUESGENS MEDICAL DISEASE

1. CHARLES WASHINGTON, JR
2. NANCY A. SPOTSER SESSION
3. ANNA SAUCEDO MEDLOCK
4. DONALD RAY TAWNEY, JR
5. MARTHA SCHAUHALS
6. THOMAS JUSTIN THEIS
7. MELINDA LUNA ESTRADA
8. MARGARET F. WAITES
9. MICHAEL LYNN SACYARDS



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
ATLANTA, GA 30308

WAGE AND INVESTMENT DIVISION

8/28/2002

DATE: August 28, 2002

MEMORANDUM FOR Michael Buesgens

FROM: Martha Schanhals
Martha Schanhals, Team Manager 402

SUBJECT: Request for Medical Documentation

In response to your request for reasonable accommodation, I am requesting medical documentation to assist me in determining the most appropriate accommodation.

Please submit the following documentation by **September 9, 2002:**

Statement from a physician regarding the history of the specific medical condition, including references to findings from previous examinations, treatment, and responses to treatment.

Clinical findings from the most recent medical evaluation, including any of the following which have been obtained: findings of physical examination results of laboratory test; x-rays; EKGs and other special evaluations or diagnostic procedures and in the case of psychiatric disease, the findings of a mental status examination and the results of psychological tests.

Assessment of the current clinical status and plans for future treatment;

Diagnosis;
An estimate of the expected date of recovery;
An explanation of the impact of the medical condition on life activities both on and off the job;
A narrative explanation of the medical basis for any conclusions which indicates the likelihood that the individual is or is not, expected to experience sudden or subtle incapacitation as a result of the medical condition;
A narrative explanation of the medical basis for any conclusion that duty restrictions or accommodations are, or are not, warranted, and if they are, and explanation of the therapeutic or risk avoiding value, and the nature of any similar restrictions or accommodations recommended for non-work related activities; and

8/28/2002

MELINDA LUNA ESTRADA

The medical documentation will be reviewed in coordination with a medically certified agency representative to concur the diagnosis or clinical impression is justified in accordance with established diagnostic criteria, and the conclusions and recommendations are consistent with generally accepted medical principles and practices. To assist your physician(s) in providing the requested medical documentation, I have enclosed a copy of your position description and AUSC Form 238, and a medical release form. Please mail the completed documentation to:

Internal Revenue Service
P O Box 934 Stop 1105AUSc
Austin, TX 78767
% EEO and Diversity Field Services
Attention: Reasonable Accommodations

If you are un able to supply this information to me by the date specified, please contact Melinda Estrada, EEO & Diversity Territory Manager as soon as possible, at (512-460-8050).

Thank you for assistance in this matter. Should you have questions regarding the contents of this letter, please feel free to contact me. You may also contact Margaret Waites at (512) 460-4392.

MARGARET F. WAITES

Enclosures (3)
*AUSC Form 238
*Position Description
*Medical Release Form

8/29/2002

**Waltes Margaret F**

**From:** Schanhals Martha H
**Sent:** Thursday, August 29, 2002 9:44 AM
**To:** Waltes Margaret F
**Subject:** Reasonable Accommodation Request

Margaret

My seasonal grade 8 Customer Service Representative, Michael Buesgens is requesting a reasonable accommodati from working on the toll free lines. I have given Michael the reasonable accommodation memo which gives him instructions concerning the required medical documentation and where to mail the completed documentation. He said I doctor should have the information completed next week, so I have given him a deadline of September 9, 2002 to subn this information. Along with the memo I gave him a copy of his position description, AUSC 238, and a medical release form. Call me at ex 1960 if you have any questions.

Martha

1 → 1164 DON TAWNEY

Don T. letter.
Daniel
Last to lines
state. — Regimen
Bases for
Last 2 lines
7/24 P.D.

... contact me regarding further action to be taken ... listed on the RA Memo).

Thank you,
Don

-----Original Message-----
**From:** Tawney Donald R
**Sent:** Tuesday, January 21, 2003 1:33 PM
**To:** Waites Margaret F
**Cc:** Medlock Anna S; Schanhals Martha H
**Subject:** RE: Reasonable Accommodation Request

1/21/2003

Margaret,

I spoke with Mike today. I asked him if he had confirmed with his Doctor that the information was sent, and Mike said he had not. He said he assumed we had received the information. Please let me know if the Reasonable Accomodation Memo needs to be reissued.

Thank you,

*Don Tawney*
Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

-----Original Message-----
**From:** Waites Margaret F
**Sent:** Tuesday, January 21, 2003 8:53 AM
**To:** Schanhals Martha H; Tawney Donald R
**Cc:** Medlock Anna S
**Subject:** RE: Reasonable Accommodation Request

Martha,

Thanks, I will wait to hear from Don.
*Margaret Waites*
*EEO Specialist, RAC*
*(512)460-4392*

*** TX REPORT ***

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1506 |
| CONNECTION TEL | 84741839 |
| CONNECTION ID | |
| ST. TIME | 04/26 13:38 |
| USAGE T | 00'41 |
| PGS. SENT | 1 |
| RESULT | OK |

'/01/2005 10:18 FAX 512 460 7955 EEO-AUSTIN 002

1/21/2003

**Waites Margaret F**

**From:** Schanhals Martha H
**Sent:** Tuesday, January 21, 2003 8:52 AM
**To:** Tawney Donald R; Waites Margaret F
**Cc:** Medlock Anna S
**Subject:** FW: Reasonable Accommodation Request

Margaret

Don Tawney is going to be Mike's manager this season. I informed him before he went non-duty on October 4th that your office had never received the information from his doctor to consider his reasonable accommodation request. I am sending this information to Don to follow-up on and find out when the doctor sent it to your office. Don's ex is 1164.

Martha

-----Original Message-----
**From:** Waites Margaret F
**Sent:** Friday, January 17, 2003 7:34 AM
**To:** Schanhals Martha H
**Subject:** RE: Reasonable Accommodation Request

Martha,

I received a voice mail from the employee below asking what was the status of his RA request. To date, I have not received any medical documentation or Medical release from this employee. Please inform the employee that without the medical documentation I am unable to assist. He said his medical provider had sent the information, however, it has not been received in the EEO Office. Let me know his response and you will probably have to reissue the letter/form.

Do he go non duty during the time frames August - September 9th.

Thanks,
*Margaret Waites*
*EEO Specialist, RAC*
*(512)460-4392*

-----Original Message-----
**From:** Schanhals Martha H
**Sent:** Thursday, August 29, 2002 9:44 AM
**To:** Waites Margaret F
**Subject:** Reasonable Accommodation Request

Margaret

My seasonal grade 8 Customer Service Representative, **Michael Buesgens** is requesting a reasonable accommodation from working on the toll free lines. I have given Michael the reasonable accommodation memo which gives him instructions concerning the required medical documentation and where to mail the completed documentation. He said his doctor should have the information completed next week, so I have given him a deadline of September 9, 2002 to submit this information. Along with the memo I gave him a copy of his position description, AUSC 238, and a medical release form. Call me at ex 1960 if you have any questions.

Martha

1/21/2003

**Tawney Donald R**

---

**To:** Waites Margaret F
**Cc:** Medlock Anna B
**Subject:** Michael Buesgens

Margaret,
Here is the information you requested regarding Michael Buesgens:

Mike returned to duty on 1/13/03 and has been assigned to Team 403. When I informed Mike I would be his supervisor this season he asked me about the status of his reasonable accomodation request. He stated his request was not to be on the Toll Free line answering calls from taxpayers. I met with Mike's previous manager who notified me that, based on information received from your office, Mike had not provided the physician's statement we requested on August 28, 2002.

I notified Mike the information had not been received. That same day I received a phone call from Mike's Doctor's office asking for the fax number to which the statement should be sent. After contacting your office for the number, I called the Doctor's office with the information.

I notified Mike that he would not be required to be on the phones at this time. I told him we intend to wait until the assessment from the FOH physician is received before we consider putting him on the phones. The decision to put him on the phones would, of course, be contingent on the FOH physician's recommendation.

Don Tawney
Team 403 Supervisor
AMOP 2: Dept. 4
460-1184
3573 AUSC

1/21/2003

Call from Mgr. Don Fawney — per Don the employees medical provider still had the form 238 in his office and would fax them today

EXECUTIVE HEALTH SERVICES
DAVID G. JONES, M.D., MPH
900 E. 30TH, #203
AUSTIN, TEXAS 78705
(512)474-5904
(512)474-1839 FAX

Don Fawney
1164

DATE: 1/21 03

ATTENTION: Margaret Waites

Need medical Rel. form and position description

COMPANY:

FAX: 460 7953

FROM: David G. Jones MD, MPH

RE: Mr Mike Buergens

Rec.d call 1/23 – No medical Rel. yet W/ Fawney P.D.

NUMBER OF PAGES (INCLUDING COVER SHEET): 1

This transmission is confidential and intended for the addressee only. If you receive this in error, please notify us at 474-5904. Thank you.

Fully trained phone trained
Required time on phone:

**Tawney Donald R**

m: Tawney Donald R
ent: Tuesday, January 21, 2003 2:38 PM
o: Waites Margaret F
Cc: Medlock Anna S; Schanhals Martha H; Estrada Melinda L
Subject: FW: Reasonable Accommodation Request

1/21/2003

Margaret,

I discovered you were out of the office this afternoon so I contacted Melinda regarding a voice mail I received around 2pm today from Mike's Doctor's office. The call was from Donna Lynn at Dr. David Jone's office (474-5904). In the message Ms. Lynn said she had sent the information to the wrong place and wanted to know the correct address or fax number. Melinda informed me that the information could be faxed to your attention at 460-7955.

I called Ms. Lynn who indicated she would fax the Form 238 immediately. She said she had faxed it on 9-1-02 to 460-0252 (which, I believe, is one of the office numbers listed on the RA Memo).

Please contact me regarding further action to be taken.

Thank you,
Don

-----Original Message-----
From: Tawney Donald R
Sent: Tuesday, January 21, 2003 1:33 PM
To: Waites Margaret F
Cc: Medlock Anna S; Schanhals Martha H
Subject: RE: Reasonable Accommodation Request

Margaret,

I spoke with Mike today. I asked him if he had confirmed with his Doctor that the information was sent, and Mike id he had not. He said he assumed we had received the information. Please let me know if the Reasonable ccomodation Memo needs to be reissued.

Thank you,

*Don Tawney*

Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

-----Original Message-----
From: Waites Margaret F
Sent: Tuesday, January 21, 2003 8:53 AM
To: Schanhals Martha H; Tawney Donald R
Cc: Medlock Anna S
Subject: RE: Reasonable Accommodation Request

Martha,

Thanks, I will wait to hear from Don.

*Margaret Waites*
*EEO Specialist, RAC*
*(512)460-4392*



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
Washington, DC 20224

January 24, 2003 1/24/2003

MEMORANDUM FOR Neal Preasant, MD Federal Occupation Health (FOH)

FROM Margaret Waites
Margaret Waites
AWSS Territory Area 1,
Reasonable Accommodation Coordinator

SUBJECT: Request for Reasonable Accommodation for Michael Buesgens

Attached is a reasonable accommodation request for an IRS employee, Michael Buesgens, a GS 962-8, Customer Service Representative, requesting reasonable accommodation. Mr. Buesgens is requesting to be relieved of telephone duties due to anxiety disorder and Bipolar.

I have attached a copy of the Medical Release Form, Form 238 and the employee's Position Description.

Please review the medical documentation and discuss his condition with his medical provider. Please describe the diagnosis of the employee's disability, medical restrictions and your recommendations to the agency as soon as possible.

If you have any questions, please call me at extension (512) 460-4392.

Attachments:
Position Description 92408
Medical Release Form
Form 238

2/4/2003

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
ATLANTA, GA 30308

February 4, 2003

MEMORANDUM FOR DON TAWNEY,

Margaret Waites

FROM: Margaret Waites,
Reasonable Accommodation Coordinator

SUBJECT: **REQUEST FOR MEDICAL DOCUMENTATION**

*In response to your employee's, Michael Buesgens, request for reasonable accommodation, I am providing a sanitized copy of the medical assessment provided by the Federal Occupational Health (FOH) physician, Dr. Mark Frank. This assessment and review of the medical information was conducted to determine the qualified disability, and identify the job limitations and recommendations for Mr. Buesgens' reasonable accommodation request.*

*The FOH physician has determined that Mr. Buesgens is cover under ADA and has "no phone work" related job restrictions. He has made the following accommodations:*

- *Restructure of job duties to eliminate telephone duties or,*
- *Reassignment the employee to a position to which he qualifies*

*If you plan to implement the recommended accommodation, please provide in writing via the Approval Letter to the employee. Once the letter has been signed by the employee forward a copy to me.*

*If you have questions regarding the contents of this letter, please feel free to contact me at (512) 460-4392.*

*Attachments:*
*Dept. of Health & Human Resource Letter dated January 29, 2003*

2/10/2003

**Tawney Donald R**

**From:** Tawney Donald R
**Sent:** Monday, February 10, 2003 10:44 AM
**To:** Medlock Anna S
**Subject:** Mike Buesgens

MEDICAL RECORDS

Anna,

PC to Thomas today. Thomas says anxiety/stress "probably" does not qualify as a disability per ADA, but he is fairly sure bi-polar does. The letters we received from Mike's Doctor last year mention depression, anxiety, and bi-polar condition. We don't know for sure what Mike's Doctor told FOH, but it probably mentioned bi-polar.

Dave Ronquillo's case involves just anxienty/stress. Dave sent out a memo all over the Austin campus inquiring about a reassignment for their employee. No takers. Somewhere in the mix Dave determined that anxiety/stress was not covered under ADA. Problem is, he is not supposed to have any information regarding the employee's medical condition. He needs to obtain the information officially before he can begin to build a case. LR, GLS, Management and EEO are fighting it out right now on whether EEO is obligated to give Management the medical information on the employee. This in-house struggle has been going on for about a month. Thomas says he's not sure EEO will give the information even if LR, GLS and Management provide convincing evidence that Management is entitled to it.

If Management gets the info, we still have to prove that anxiety/stress is not covered--Thomas is not sure whether it is covered or not.

I think all this means we're on shaky ground if we base our case on Mike's condition not being covered under ADA. I suggest we proceed as if it is covered: I'll contact Margaret Waites by phone and tell her we cannot restructure his job duties to eliminate his phone time. I'll get the info we need from her on the next step--Thomas says she should provide us a list of all Campus contacts for possible reassignment. I'll prepare the memo based on her instructions and give it to you for dissemination. Thomas said this memo goes out from the Department level. If there are no lateral reassignments out there, then we'll offer him a downgrade to whatever is available. I won't commit to any of these actions with Margaret--I'll just take down the information.

Let me know if you agree with my suggestion.

Don Tawney

Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

2/11/2003

DEPARTMENT OF THE TREA[illegible]Y
INTERNAL REVENUE SERVICE
ATLANTA, GA 30308

February 11, 2003

MEMORANDUM FOR MICHAEL BUESGENS

FROM: Margaret Waites, *Margaret Waites*
Reasonable Accommodation Coordinator

SUBJECT: **REQUEST FOR MEDICAL DOCUMENTATION**

*In response to your request for clarification of the original assessment for your request for reasonable accommodation, I am providing a copy of the medical assessment completed by the Federal Occupational Health (FOH) physician, Dr. Mark Frank. This assessment and review of the medical information you provided was conducted to determine your job limitations and recommendations for how the agency can provide reasonable accommodations.*

*Your manager will discuss the accommodations that will be implemented with you.*

*If you have questions regarding the contents of this letter, please feel free to contact me at (512) 460-4392.*

*Attachments:*
*Dept. of Health & Human Resource Letter dated January 29, 2003*

2/24/2003

**Tawney Donald R**

**From:** Tawney Donald R
**Sent:** Monday, February 24, 2003 2:30 PM
**To:** Medlock Anna S
**Subject:** FW: Mike Buesgens

Anna,

I spoke with Thomas. He agrees with Margaret that we should not address the issues in the memo. He said when the deadline gets here if we have not found anything, or if Mike declines what we find, then I am to direct him back to the phones. If he refuses, then it becomes a conduct issue. I'll meet with you before I give the memo to Mike.

Thanks,
Don

-----Original Message-----
From: Tawney Donald R
Sent: Thursday, February 20, 2003 6:28 PM
To: Theis Thomas J
Cc: Medlock Anna S
Subject: Mike Buesgens

Thomas,

Attached is a memo regarding Michael Buesgens' request for reasonable accomodation. The memo has been approved by Margaret Waites.

I have concerns about the memo. It does not mention what may happen if we cannot find anything for Mike by March 14th, nor does it address what we will do if Mike declines a position we find for him. Margaret said we should not address these issues in the memo. If not in the memo, then in some form I think we should inform Mike that if we do not find a position or he declines what we do find, then we will begin the process of terminating his employment. What is the appropriate way to give Mike this information?

Thank you for your assistance,

Don Tawney

Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

# Routing Slip

Internal Revenue Service

2/25/2003

| To | Symbol | Room | Action Code | Initial/ Date |
|---|---|---|---|---|
| Anna Medlock, Chief, Dept. 4 | | | | |
| Nancy Session, Chief, AMOP 2 | | | | |
| Charles Washington, Director | | | | |
| | | | | |
| | | | | |

- ☐ 1. Per our conversation
- ☐ 2. As requested
- ☐ 3. Approval
- ☐ 4. Comments
- ☐ 5. Information
- ☐ 6. Corrections
- ☐ 7. Signature
- ☐ 8. Initials
- ☐ 9. Note and return
- ☒ 10. Necessary action
- ☐ 11. See me
- ☐ 12. Call me
- ☐ 13. File
- ☐ 14. Prepare reply for signature of ______
- ☐ 15. Please answer by ______

Remarks

The following is attached:
Copy of Memorandum from Margaret Waites regarding the FOH physician's determination regarding Michael Buesgens' Reasonable Accommodation Request.
Copy of FOH physician's findings (already sanitized).
Reasonable Accommodation Request for Michael Buesgens--Memorandum for distribution;
Copy of Appraisal for Michael Buesgens;
List of Heads of Offices (provided by Margaret Waites).

Please contact me if you have any questions.

| From | Phone | Room No. |
|---|---|---|
| Don Tawney<br>Supervisor, Team 403<br>AMOP2:4 | 460-1164 | Stop 6573 |
| | Date 2/25/03 | |

Form 1725 (Rev. 8-1985) Department of the Treasury — Internal Revenue Service



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
ATLANTA, GA 30308

2/26/2003

WAGE AND INVESTMENT DIVISION

February 26, 2003

MEMORANDUM FOR MICHAEL BUESGENS
FROM: DON TAWNEY, SUPERVISOR OF TEAM 403—AMOP2:4:403
SUBJECT: **Reasonable Accommodation Request for Michael Buesgens**

In reply to the request for reasonable accommodation, I am providing the following accommodations due to your medical disability and the recommendation from the Federal Occupational Health physician.

These accommodations include the following temporary work assignment

You will be allowed to continue to work under the Contact Representative job series without Toll Free telephone duties. This temporary accommodation will be in effect until such time as a determination can be made regarding a reassignment for you, or until March 21, 2003, whichever is earlier.

Management is currently soliciting assistance from the heads of office in the Austin commuting area to locate a vacant position that does not require telephone duties and is commensurate with your knowledge, skills and current grade level or lower. (There is the possibility that no vacant positions are available that are in compliance with your work restrictions at your current grade level).

The agency has determined that under your current assigned position description restructuring of your current job duties to eliminate Toll-Free telephone duty cannot be accomplished. It cannot be accomplished for the following reason:
Toll Free telephone duty is an essential component of your current position as a Contact Representative. Standard Position Description (SPD) number 92408 states: "This position covers work performed on the Customer Service Toll-Free system used by the public to resolve issues and obtain information about tax administration." Under 'Major Duties' SPD 92408 states: "Completes contacts, i.e., conducts personal or telephone interviews with a wide range of individuals

I concur with the accommodations provided:__________

✓ I do not concur with the accommodations provided: Mike Buesgens

Comments:__________

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

2/27/2003

| | |
|---|---|
| TX/RX NO | 1239 |
| CONNECTION TEL | 7955 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/27 11:47 |
| USAGE T | 01'31 |
| PGS. SENT | 2 |
| RESULT | OK |

---

# FAX Transmission Cover Sheet

2-27-03

: Margaret Waite Mail Stop:

dress/Organization: EEO Specialist

X Number: 460-7955 Office Phone: 460-4392

om: Don Tawney

ddress/Organization: AIMOP2:4:403 Mail Stop: 6573 A4S

X Number: 460-1007 Office Phone: 460-1164

Number of pages: 2 Including cover sheet

arks: Per Your Request

INTERACTIVE PROCESS

2/27/2003

**Tawney Donald R**

**From:** Tawney Donald R
**Sent:** Thursday, February 27, 2003 4:10 PM
**To:** Waites Margaret F
**Cc:** Medlock Anna S
**Subject:** Meeting with Mike Buesgens

**Tracking:**

| Recipient | Read |
|---|---|
| Waites Margaret F | Read: 3/3/03 7:55 AM |
| Medlock Anna S | Read: 2/28/03 8:13 AM |

Margaret,

The meeting with Mike is scheduled for next Tuesday in Room 231 of the Customer Service Buildin[g] We have the room reserved from 12-1pm. You mentioned that your schedule was open on Tuesday. I hope this time is acceptable. Mike does not have a conflict with this time.

Thanks,

Don Tawney

Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

NO DATE

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
ATLANTA, GA 30308

WAGE AND INVESTMENT DIVISION

MEMORANDUM FOR ALL AUSTIN AREA HEADS OF OFFICE

FROM: Charles Washington, Jr.
Field Director, Accounts Management (Austin)

SUBJECT: Reasonable Accommodation Request for Michael Buesgens

I am seeking reasonable accommodation for Michael Buesgens, an employee on my staff. Mr. Buesgens is currently a GS-962-08 Contact Service Representative in Accounts Management Operations 2, Department 4.

Mr. Buesgens' duties have been modified to exclude telephone contact with taxpayers. This duty is one of the essential job functions in his present position. Unfortunately, there are no positions in my organization at the GS-962-08 level to compensate the changes in his assigned duties. I am endeavoring to reassign Mr. Buesgens to a GS-08 position or lower, and would appreciate any assistance you could provide.

Mr. Buesgens' performance is at a "fully successful" rate. He has worked in both the GS-592 and the GS-962 positions, gaining experience in processing amended returns and written inquiries, and acquiring a working understanding of tax law and internal procedures. His skills include typing, filing, and use of IDRS for research and adjustments. He is also skilled in general clerical duties.

Please contact a member of my staff, Anna Medlock, at 512-460-1862, with questions and recommended positions to accommodate Mr. Buesgens. Please respond no later than March 21, 2003.

Attachment:
Managers List – Austin Territory

Tawney Donald R

**From:** Theis Thomas J
**Sent:** Thursday, March 27, 2003 9:25 AM
**To:** Tawney Donald R
**Cc:** Medlock Anna S; Session Nancy A
**Subject:** RE: Mike Buesgens
**Signed By:** (There were errors displaying the signers of this message, please click on the signature icon for more details.)
**Importance:** High

3/27/2003

Don,

Austin AM Op 1 management has requested an opinion from GLS (Dallas) on whether or not EEO should turn over medical information from an RA issue. That opinion has not been received.

Currently, AM Op 1 management is working this same issue. In a conference call, GLS informed AM Op 1 management that once the RA process was completed.....i.e. the employee requested RA, Medical was provided, EEO found out their limitations, management searched for a position to suit the RA, a position had been offered to the employee, and the employee declined......then management had legally met the requirements of RA and could direct the employee to return to their job activities.

The reason management requested the opinion, is that EEO has not turned over the medical information to management on this issue. EEO indicates that they can not turn over the medical to management. Management wants the medical information to determine if it would support a non-disciplinary downgrade of the employee or a non-disciplinary removal from the Service.

At this point, I see four possible endings:

1. The employee accepts the new job offer/RA resolved.
2. The employee declines, and is directed back to the phones/his duties.
3. Management obtains the medical information and decides to:
   a. Propose a non-disciplinary downgrade (if a position is found) or
   b. Propose a non-disciplinary removal.

You've indicated that the employee will probably not accept a downgrade. I believe management should do # 2 or # 3a before recommending # 3b.

In # 2 and # 3 above, I would expect the employee to exhaust his appeal rights on both. Please keep good notes and records of all transactions you have with the employee, EEO, GLS, management and LR on this issue.

If you need anything else, please let me know. Thanks!

*Thomas J. Theis*
Labor Relations Specialist
(512) 499-5450
FAX (512) 499-5303
STOP 1500 AUS

-----Original Message-----
**From:** Tawney Donald R
**Sent:** Wednesday, March 26, 2003 4:43 PM
**To:** Theis Thomas J
**Cc:** Medlock Anna S

3/27/2003

Subject: Mike Buesgens

Thomas,

In past discussions with you on the telephone I have understood you to say that if we do not find, through the RA process, another position for Mike, or if he declines what we do find, then we have the authority to direct him to the Toll-Free lines even though EEO has a report from his Doctor that compels the DOH to say in their 1/29/03 letter to Margaret Waltes:

"The Physician's Statements list some physical limitations, which do not seem to be at issue with regard to his occupational activities. The primary issue affecting his work would be the restriction, "no phone work." I spoke with ...to review the information he has provided. He has confirmed the diagnosis, evaluation, treatment, and prognosis for Mr. Buesgens. He confirmed this condition impacts his activities of daily living and he is disabled per the definiation of disability pursuant to the Americans' with Disablilities Act (ADA). The requested accommodations is directly related to his medical condition." (I faxed a copy of this letter to you on 3/7/03).

I want to be sure we are on solid ground should we direct him back to the phones. Would you please confirm this for me.

If he declines what we find, or we find nothing, and we are not able to direct him back to the phones, our next course of action as I see it--and I believe we've discussed this on the phone--is to move toward removing him from the Service. If this turns out to be the course of action we take, I will need to discuss with you the appropriate procedures for this action.

Thank you,

Oc. Tawney

Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

*********************
*** TX REPORT ***
*********************

4/17/2003

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2743 |
| CONNECTION TEL | 918014374802 |
| CONNECTION ID | |
| ST. TIME | 04/17 09:09 |
| USAGE T | 01'02 |
| PGS. SENT | 3 |
| RESULT | OK |

4/17/2003 07:51 FAX 512 460 7955 EEO-AUSTIN

**EEO and Diversity Territory Office**
**Austin, Texas**
**Internal Revenue Service**

PO Box 934 MS 1105 AUSC
Austin, Texas 78767

To Jim Allen 801 437 4802

Equal Employment Opportunity and Diversity

## Fax Transmittal

| | | | |
|---|---|---|---|
| DATE: | April 17, 2003 | TIME: | 7:48 AM |
| TO: DR. NEAL PRESANT | | PHONE: | 301-594-0273 |
| | | FAX: | 301-594-4991 |
| FROM: | Margaret Waltes RA Coordinator | PHONE: FAX: | 512-460-4392 512-460-7955 |

RE:

Number of pages including cover sheet: [3]

Message: Medical Release Form for Michael Buesgens

CONFIDENTIAL

Hi Jim – This is a follow up of one of yours

Neal.

4/17/2003

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
Washington, DC 20224

April 17, 2003

MEMORANDUM FOR Neal Presant, MD Federal Occupation Health (FOH)

FROM Margaret Waites
AWSS Territory Area 1,
Reasonable Accommodation Coordinator

SUBJECT: Request for Reasonable Accommodation for Michael Buesgens

Attached is a reconsideration of the original reasonable accommodation request for an IRS employee, Michael Buesgens, a GS 962-8, Customer Service Representative. Mr. Buesgens is requesting to be relieved of telephone duties due to anxiety disorder and Bipolar.

In the previous recommendations, Mr. Buesgens was sited to have a telephone restriction. Medical information provided stated he needed to be relieved from telephone duties. The attached medical information is requesting that Mr. Buesgens be placed back on the telephone for a period of four hours per day.

Please review the medical documentation and discuss his condition with his medical provider. Please describe the diagnosis of the employee's disability, medical restrictions, major life activity that is limited, and provide your medical recommendations to the agency as soon as possible.

If you have any questions, please call me at extension (512) 460-4392.

Attachments:
Letter dated April 15, 2003

# EEO and Diversity Territory Office
# Austin, Texas
# Internal Revenue Service

PO Box 934 MS 1105 AUSC
Austin, Texas 78767

5/7/2003

## Fax Transmittal

| | | | |
|---|---|---|---|
| DATE: | May 7, 2003 ✓ | TIME: | 12:21 PM |
| TO: | MARK FRANK ✓ | PHONE: | 302-478-0310 |
| | | FAX: | 801-437-4802 |
| FROM: | Margaret Waites ✓ | PHONE: | 512-460-4392 |
| | | FAX: | 512-460-7955 |

RE:

Number of pages including cover sheet: 5 + (Copies of First evaluation of employee)

Message: This is CONFIDENTIAL INFORMATION.

Attached are the copies you requested per our telephone conversation.

This communication is intended for the sole use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or the employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication may be strictly prohibited. If you have received this communication in error, please notify the senders immediately by phone and return the communication at the address above via the United States Postal Service. Thank...



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**BUREAU OF PRIMARY HEALTH CARE**

Public Health Service

**Health Resources and Services Administration**

Federal Occupational Health Services
Suite 3-9C1 Public Health Building
4350 East-West Highway
Bethesda, MD 20814
Phone: (302) 478 - 0310 Fax: (301) 437-4902
E-mail: AllenJW@psl.net

5/7/2003

May 7, 2003

FILE COPY
PHOTOCOPY ONLY
DO NOT RELEASE

Margaret Waites,
EEO & Diversity Territory Office
Internal Revenue Service,
PO Box 934 MS 1105 AUSC
Austin TX 78767

**Partial Release to Phone Duty ICO Michael Buesgens**

Dear Ms Waites:
The above employee's physician has released him to partial telephone duty. The agency requests a more complete description of this employee's disability and medical recommendations. I have reviewed the following documents:

- Medical Letter signed by David O. Jones MD, MPH dated April 15, 2003
- Medical Opinion letter from Federal Occupational Health signed by Mark Frank MD dated January 29, 2003
- Cover memo from yourself dated April 17, 2003

On May 7, 2003 I discussed this employee's work restrictions and telephone capabilities with Dr. Jones.

1. Current Medical Status
Dr. Jones has diagnosed anxiety originating from a variety of life stresses. The employee reacts to his anxiety by loosing functional ability. Dr. Jones recommends a three-month trial of part time phone duty. After this time period, Dr. Jones expects to reevaluate his patient's clinical status. My discussion with Dr. Jones also included topics of alternate jobs for this employee and use of a psychologist for stress management.

2. Medical Restriction and Recommendations
Based on my discussion with Dr. Jones, I view Mr. Buesgens' ability to return to full time telephone duty as limited. I concur with a three-month part time, four hours per day, return to telephone duty. I also suggest referral of this employee to stress management classes offered through the Employee Assistance Program. I will be available to review any additional documentation provided by this employee after the three-month trial period.

5/7/2003

JAMES WILLIAM ALLEN, MD

If you have questions, please contact me at (301) 594 – 0273

Sincerely yours,

James W. Allen MD

James W. Allen MD, MPH
Certified Independent Medical Examiner



5/9/2003
JAMES WILLIAM ALLEN, MD

From: Waites Margaret F <Margaret.F.Waites@irs.gov>
To: "'allenjw@pol.net'" <allenjw@pol.net>
Date: Fri, May 9, 2003 8:11 am
Subject: RE: fax of case MB

---

Dr. Allen,

Thanks for the notification. Did I provide the correct fax number? The fax number is 460-7955. If it does not work today, just put it in the mail. I have notified the manager of the contents of the letter.

Thanks,
Margaret Waites
EEO Specialist, RAC
(512)460-4392

-----Original Message-----
From: allenjw@pol.net [mailto:allenjw@pol.net]
Sent: Thursday, May 08, 2003 6:41 PM
To: margaret.f.waites@IRS.gov
Subject: fax of case MB

HI Margaret:
I've tried 3 times during the afternoon to fax the signed version of case on Michael Buesgens to your fax. I could only get one page through, then it failed. I trust you have my e-mail copy. That plus this e-mail should attest to authenticities.

Please advise.

Jim Allen

5/16/2003

DONALD RAY TAWNEY

972-308-1341
Tom Stanton

EEO and Diversity Territory Office
Austin, Texas
Internal Revenue Service

PO Box 934 MS 1105 AUSC
Austin, Texas 78767

Equal Employment Opportunity and Diversity

## Fax Transmittal

| | | | |
|---|---|---|---|
| DATE: | May 16, 2003 | TIME: | 12:59 PM |
| TO: | DON TAWNEY | PHONE: | 460-1164 |
| | | FAX: | 460-1007 |
| FROM: | Margaret Waites | PHONE: | 512-460-4392 |
| | | FAX: | 512-460-7955 |

RE:

Number of pages including cover sheet: (3)

Message: This is CONFIDENTIAL INFORMATION.

Attached are the copies you requested per our telephone conversation.

This communication is intended for the sole use of the individual to whom it is addressed and may contain



DEPARTMENT OF THE TREAS Y
INTERNAL REVENUE SERVICE
ATLANTA, GA 30308

May 16, 2003

MEMORANDUM FOR MICHAEL BUESGENS

FROM: Margaret Waites,
Reasonable Accommodation Coordinator

SUBJECT: **REQUEST FOR MEDICAL DOCUMENTATION**

*In response to your request for reconsideration of the original assessment for your request for reasonable accommodation, I am providing a copy of the medical assessment completed by the Federal Occupational Health (FOH) physician, Dr. James Allen. This assessment and review of the medical information you provided was conducted to determine your job limitations and recommendations for how the agency can provide reasonable accommodations.*

*Your manager will discuss the accommodations that will be implemented with you.*

*If you have questions regarding the contents of this letter, please feel free to contact me at (512) 460-4392.*

*Attachments:*
*Dept. of Health & Human Resource Letter dated May 7, 2003*

6/6/2003

OFFICE OF CHIEF COUNSEL

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**OFFICE OF CHIEF COUNSEL**
**GENERAL LEGAL SERVICES**
**4050 ALPHA ROAD, 14TH FLOOR**
**DALLAS, TX 75244-4203**
**Telephone: (972) 308-7365**
**Facsimile: (972) 308-7341**

June 6, 2003

CC:GLS:DAL-126233-03
MSalyards

***Via Facsimile (210) 281-2520 only***

Robert L. Powell
Administrative Judge
U.S. Equal Employment Opportunity Commission
San Antonio District Office
ATTN: Hearings Unit
5410 Fredericksburg Road, Ste. 200
San Antonio, TX 78229-3555

Re: Michael L. Buesgens v. Snow, Secretary of the Treasury
EEOC No. 360-2003-08286X; TD Case Number 03-2024

Dear Judge Powell:

Enclosed for filing is Defendant's Motion for Record Decision. A copy of same has been sent to Complainant as indicated below. Please do not hestitate to contact me with any questions you may have.

STANTON
SALYARDS

Sincerely,

THOMAS STANTON
Area Counsel (GLS) Dallas

By: [signature]
Michael Salyards
Senior Counsel

cc: Michael L. Buesgens
7001 S. Congress Ave., Apt. D-101
Austin, TX 78745

NTEU CHAPTER 247
RUSSELL BOKELMAN
9/18/2003

NTEU
The National Treasury Employees Union

RECEIPT ACKNOWLEDGED
SIGNATURE:
DATE: 9/18/2003

## NTEU Grievance Form

**Austin Customer Service Center**

**Grievant:** Michael L Buesgens **Date:** September 18, 2003

Grievance #056-03

**General Nature of the Violation(s):** Michael Buesgens receipted a Letter of Admonishment from Manager Don Tawney on September 5, 2003. The NTEU Representative listed below has been designated by the employee to represent them in this matter. I request to be furnished a copy of that portion of all documents which contain the evidence relied on by the Employer which form the basis for the reasons and issuance of the Letter of Admonishment. This is requested in accordance with Article 38; Section 3(a) & (b). This grievance is filed under Article 41 of the National Agreement.

**Articles (and Sections) Violated:** Preamble iii; Article 38; Section 1(c), (e), (f), (g), Section 2, Section 9; and Exhibit 5-5. We also allege violations of Laws, Rules and Regulations related to this grievance.

**Remedies:** We request the removal of the Letter of Reprimand from the employee's file and reinstatement of Bank Time used in the preparation of this grievance. Aside from those remedies specifically mentioned in this grievance, we also request any other remedy deemed appropriate by proper authorities.

**Union Representative:** Russell Bokelman Telephone Number: 460-0833

*** TX REPORT ***

TRANSMISSION OK

TX/RX NO 1853
CONNECTION TEL 94601138
SUBADDRESS
CONNECTION ID
ST. TIME 09/26 14:47
USAGE T 02'29
PGS. 6
RESULT OK

9/21/2003

**Tawney Donald R**

**From:** Bokelman Russell D
**Sent:** Wednesday, May 21, 2003 4:54 PM
**To:** Tawney Donald R
**Cc:** Walker Edward F
**Subject:** Grievance #

**Importance:** High

## The National Treasury Employees Union
## Chapter 247

Date: May 21, 2003

To: Donald R. Tawney, Manager, IMF Adjustments Team 403

From: Russell D. Bokelman, Chief Steward, National Treasury Employees Union Chapter 247, Stop 1702 AUSC

Subject: Request For Review Meeting on an Annual Appraisal in behalf of Benjamin S. Eureste, (Grievant) Grievance #030-03.

This Grievance is filed in accordance with Article 12, Section 4(S) of the National Agreement (NA), Document 11678, (Rev. 08/2002).

<u>General Nature of the Grievance:</u>

- Ben's performance rating on Critical Element, "Customer Satisfaction - Knowledge", aspect 2(C) was rated as "met". I do not agree with this rating. I is apparent the manager simply copied the exact language from my prior Annual Appraisal without any indication of being based on actual observation of my performance.
- Ben's performance rating on Critical Element, "Business Results - Efficiency", for aspect's (A), (B), and (C) were all rated inappropriately without being based on any direct observation or documented performance. I do not agree with the ratings given on each individual aspect. In fact, the narrative used in this current evaluation is an exact verbatim of the language used in the prior Annual Appraisal.

# FAX Transmission Cover Sheet

9/18/2003

Date: 9-18-03

To: Mary Murray Mail Stop:

Address/Organization: Labor Relations

FAX Number: 499-5303 Office Phone: 499-5450

From: anna Medlock

Address/Organization: AM:OP2:D4 Mail Stop: 6570 AUSC

FAX Number: 460-1007 Office Phone: 460-1135

Number of pages: 2 *Including cover sheet*

per our telephone conversation -MB

Grievance

Mike — Admonishment

Don Tawney

*Please visit us on the Intranet at* ***http://publish.n*** ... *tionally numbered product published by the Internal Revenue Service* ... *RS homepage at* ***www.irs.gov*** *to obtain current information about IR*

This communication is intended for the sole use of the i ... formation that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or the employee or agent for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone call, and return the communication at the address above via the United States Postal Service. Thank you.

Form **10321** (Rev. 5-1999) Catalog Number 23436C Department of the Treasury-Internal Revenue Service (www.irs.gov)

09/18/03 THU 13:42 [TX/RX NO 5039]

**GRIEVANCE CASE CONTROL HISTORY SHEET**

EMP'S NAME Michael Buesgens
LRS Mary Murray
SUBJECT Disciplinary action
ARTICLE 38
STEWARD Russell Bakelman
MGR. Don Tawney
PHONE 460-1164

| DATE | ACTION TAKEN | INITIALS |
|---|---|---|
| 9/23/03 | [illegible] file [illegible] | [illegible] |
| 9/23/03 | Discussed [illegible] & emailed | |
| | [illegible] Re: Evidence [illegible] | |
| | & ? on remedy (Ad mon vs LOR?) | [illegible] |
| 10/1/03 | Spoke w/ Dennis Collins - ok to | |
| | release MRU - Including CI page | |
| | w/ Informant "I" | |
| | File to be delivered to NTEU | |
| | 10/2/03 [illegible] | |
| 10/31/03 | Don Tawney called to confirm that could be | |
| | dismissed in the grievance meeting since | |
| | 2 of the incidents are scheduled for an EEO hearing | |
| | Dec. 16th. Employee cannot have a grievance | |
| | and an EEO complaint filed on the same incident | |
| | at the same time. Limit discussion to the incident | |
| | not in the EEO complaint. | tm |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**Murray Mary (LR)**

**From:** Murray Mary (LR)
**Sent:** Wednesday, September 24, 2003 7:38 AM
**To:** Collins Dennis D TIGTA
**Subject:** FW: Report of Investigation (ROI)
**Signed By:** (There were errors displaying the signers of this message, please click on the signature icon for more details.)

9/24/2003

Dennis,

Can you assist us in getting the ROI back? See below. We do not maintain copies of ROI's (the evidence we need to release).

Thanks, Mary

-----Original Message-----
**From:** King Donna S CIRCU
**Sent:** Wednesday, September 24, 2003 7:07 AM
**To:** Murray Mary (LR)
**Cc:** Lightsey Vickey M; Hoppenjans Susan C CIRCU
**Subject:** RE: Report of Investigation (ROI)

Case number 64030100021 was received in CIRCU on 9/11/03 and forwarded back to TIGTA on 9/16/03. We do not have a copy of the case. You will need to go back to TIGTA to get the information you need.

I am sorry I could not provide what you need.
Donna

-----Original Message-----
**From:** Murray Mary (LR)
**Sent:** Tuesday, September 23, 2003 5:
**To:** King Donna S CIRCU
**Cc:** Lightsey Vickey M
**Subject:** Report of Investigation (ROI)
**Importance:** High

Hi Donna,

On 9/11/03 your office (Mike Neer) receipt
Case # 64-0301-022-1. I am in need of the
disciplinary action. Dennis Collins, TIGTA
release the information in the report. There

Please route the ROI back to our office.

Labor Relations Section
Stop 1500 AUS, Room 778
Attn: Mary Murray
300 E. 8th Street
Austin, Texas 78701

Odom d left mess w/ Dennis (TIGTA) (vm) Regarding OK to release ROI Info 9-23-03

If you have any questions, I can be reached at the number below.

Thanks,

9/24/2003

IRS

Mary Murray

Mary Murray
Labor Relations Specialist
Stop 1500 AUS
(512) 499-5450 office
(512) 499-5303 fax

9/24/2003 AUSTIN, TEXAS

**Murray Mary (LR)**

RUSSELL BOKELMAN
NTEU
CHAPTER 247

**From:** Bokelman Russell D
**Sent:** Wednesday, September 24, 2003 9:32 AM
**To:** Murray Mary (LR)
**Cc:** Tawney Donald R; Walker Edward F
**Subject:** RE: Request for Evidence Relied Upon / #056-03

Mary,
Thanks for the reply. Yes - a typo. Will correct to Letter of Admonishment.
Russell Bokelman
NTUE Chapter 247
Chief Steward

-----Original Message-----
**From:** Murray Mary (LR)
**Sent:** Tuesday, September 23, 2003 12:04 PM
**To:** Bokelman Russell D
**Cc:** Tawney Donald R
**Subject:** Request for Evidence Relied Upon
**Importance:** High

Good-afternoon Russell,

I am in receipt of the grievance you filed on behalf of Michael Buesgens. I have requested for our support staff to photocopy all evidence relied upon for release. I should have it and the appropriate memo ready for release later this week. As soon as the information is released to you, Don will schedule the Step 1 meeting.

**Question:** The nature of violation is regarding a Letter of Admonishment. The remedy requested is removal of a Letter of Reprimand. Was that a typographical/overlay error?

*Mary Murray*

Mary Murray
Labor Relations Specialist
Stop 1500 AUS
(512) 499-5450 office
(512) 499-5303 fax

IRS
LABOR RELATIONS
THOMAS E. THEIS
OSCAR LEAL
MARY MURRAY
TONY M. JUDD

# Labor / Employee Relations Case Sheet

## CONTRACT

Specialist Name: Murray

Case No: 2003-19852 Case Type G Group Case ______

Employee Name: Michael L. Burgess Org. Code: 733934030000

SSN: ___ - ___ - ______ Five Digit Org. Code: C4003

Case Code: 021 Probationary: Y / (N) Sub-Div: Am op 2 / Am dpt 4

Received Date: 9-18-03 Series/Grade: GS - 962 - 8

Managers Phone No.: (512) 460-1164 Previous Discipline: (Y) / N (BU) / NBU

Managers Name: Don Tawney NPS: Y / N Union Chapter: 247

To Manager: ______ Tax Year(s): ______

Sexual Harassment: Y / (N) Mgr.: Y / (N) RNO: ______ EOD: 10/22/90

Grievance Dates: Step 1: ______ Step 2: ______ Step 3: ______

Proposed Disposition Code: ______
Disposition Code: ______ Closing Date: ______

ISSUE CODE: 063

### SPECIFICATIONS

ART: ______ SEC: ______ SUB1: ______ SUB2: ______ OTHER: ______
ART: ______ SEC: ______ SUB1: ______ SUB2: ______ OTHER: ______
ART: ______ SEC: ______ SUB1: ______ SUB2: ______ OTHER: ______
ART: ______ SEC: ______ SUB1: ______ SUB2: ______ OTHER: ______
ART: ______ SEC: ______ SUB1: ______ SUB2: ______ OTHER: ______

### FACTS and ANALYSIS

Who? What? Where? When? Why? How? Aggravating or Mitigating Circumstances?

Event Code: Date: Event Code: Date:
Event Code: Date: Event Code: Date:
Event Code: Date: Event Code: Date:

Employee is requesting removal of admonishment received Sept 5, 2003. NTEU is also requesting evidence relied up for the discipline.

Case Number: 2003-19852 Case Type: G

SSN: Name: BUESGENS, MICHAEL L
DOB: EOD: 10/22/1990 SCD: 12/19/1988 Ser/Gra: GS 0962-08
Supv: 8 BU: X WS: G OSC: 41 73 7339 34 GEO: 480330453
Union/Chpt 10-0247 W&I SERVICE CENTERS:AUSTIN ACCOUNTS MANAGEMENT:AM OPE

Host Site: 03440333 Austin LR Office
Case Code: 021 EMPLOYEE APPLICATION GRIEVANCE Spec:mfmurr74 (512)499-5450
Recv Date: 09/18/2003 Entered: 09/23/2003 Mary F. Murray
Origin: N NOT A COMPLAINT Affected Party: 99 NA
MultTax Yr: Tax Yr(s):
Prev Case: X Alt Disc: Offered Included? (Y/N)
Mgr Name: TAWNEY, DON Mgr Phone: (512)460-1164 Ext:
Source: Source ID: Xref Case:
Prop Disp: 0
Disp: 0 Close Date:
Appeal: Appeal Date: Close Entered:
Tot Accts: 0 Tot Access: 0 Attempt Access: 0

OSC TEXT:

| | |
|---|---|
| 41 | W&I SERVICE CENTERS |
| 73 | AUSTIN ACCOUNTS MANAGEMENT |
| 7339 | AM OPERATIONS 2 |
| 34 | AM DEPARTMENT 4 |

ISSUES: Substantiated
1. 063 DISCIPLINARY ACTION [ ]

| CITATIONS: | Art | Sect | Sub1 | Sub2 | Desc |
|---|---|---|---|---|---|
| 1. | 38 | 1 | C | | |
| 2. | 38 | 1 | E | | |
| 3. | 38 | 1 | F | | |
| 4. | 38 | 1 | G | | |
| 5. | 38 | 9 | | | EXHIBIT 5-5 |

FACTS:
1. EMP IS REQUESTING REMOVAL OF ADMONISHMENT RECEIVED ON 9/5/03
2. NTEU IS ALSO REQUESTING EVIDENCE RELIED UPON FOR THE
3. DISCIPLINARY ACTION.

EVENTS:

| | | | |
|---|---|---|---|
| 1. | GFILED | 09/18/2003 | Date grievance filed |
| 2. | XRECCASE | 09/18/2003 | Case Received in LR |
| 3. | XENTCASE | 09/23/2003 | Case Entered in Alerts |

End of CASE print for 2003-19852

09/23/2003 Cover Sheet for Case: 2003-19852 Case Type: G

SSN: Name: BUESGENS, MICHAEL L
Supv: 8 BU: X WS: G OSC: 4173733934 GEO: 480330453
W&I SERVICE CENTERS:AUSTIN ACCOUNTS MANAGEMEN:AM O

Case Code: 021 EMPLOYEE APPLICATION GRIEVANCE Spec: mfmurr74
Source: Source ID:
Disp Code: Close Date:

| Event Date | Code | Description |
|---|---|---|
| 09/18/2003 | *XRECCASE | Case Received in LR |
| 09/18/2003 | *GFILED | Date grievance filed |
| 09/23/2003 | *XENTCASE | Case Entered in Alerts |
| ________ | GSTP1MTG | Step 1 meeting |
| ________ | GSTP1RSP | Step 1 response signed |
| ________ | GSTP2APP | Step 2 Appeal Date |
| ________ | GLRREC2 | LR received copy of Step 2 appeal |
| ________ | GSTP2MTG | Step 2 meeting |
| ________ | GSTP2RSP | Step 2 response signed |
| ________ | GSTP3APP | Step 3 Appeal Date |
| ________ | GLRREC3 | LR received copy of Step 3 appeal |
| ________ | GDIRFILE | Deliver grievance folder to Director's office |
| ________ | GSTP3MTG | Step 3 meeting |
| ________ | GSTP3RSP | Step 3 response signed |
| ________ | GSOCSENT | Statement of case sent to management |
| ________ | GADETACC | Supervisor determines acceptability within 5 days |
| ________ | GAMGTOFF | Appropriate Management Official Determined |
| ________ | GANOTUNA | Unacceptableness Notice issued to employee |
| ________ | GAMGTNOT | Notice to ee identifying App Mgmt Official |
| ________ | GACORREC | Corrected 5877 returned to supervisor |
| ________ | GAMGTDET | App Mgmt Off gives threshold issues notice to ee |
| ________ | GAGRAPPL | Grievability/Timeliness appeal filed to N.O. |
| ________ | GAAPPDEC | Final grievability/timeliness decision issued |
| ________ | GAGNOREQ | Contact NO Head for assignment of Grievance Exam |
| ________ | GAEXMAPT | Grievance Examiner Appointed |
| ________ | GAGTOEXM | Send materials to Examiner and NO |
| ________ | GAGCNSLT | Discuss issues with Grievance Examiner |
| ________ | GAGERPT | Provide Mgmt w/ Rpt of Find/recomm sub by Griev Ex |
| ________ | GAG5CNSL | Provide adv/coun to dec off re Griev Ex find/rec |
| ________ | GAG5DEC | Issue decision letter/decision official's resp |
| ________ | GAAPLDEC | Appellate Official decision issued |
| ________ | GAPPEAL | Case Appealed (T Case Number: YYYY-####) |
| ________ | GSTPCLO1 | Grievance Closed at Step 1 |
| ________ | GSTPCLO2 | Grievance Closed at Step 2 |
| ________ | GSTPCLO3 | Grievance Closed at Step 3 |
| ________ | GSTPCLO4 | Grievance Closed at Step 4 |
| ________ | XTRANSFR | Generated by the transfer Case process(from host#) |
| ________ | GSTPCLO5 | Grievance Closed at Step 5 |
| ________ | XMISC | User input - free flowing text |
| ________ | XCONSULT | User input - free flowing text |
| ________ | XLASTACT | Input - free flowing text of last activity |
| ________ | XSUSPEND | Suspend Case |
| ________ | XUNSUSPD | Unsuspend Case |

9/30/2003
TONY JUDD
IRS-LABOR RELATIONS

**Judd Tony M**

| | |
|---|---|
| **From:** | Judd Tony M |
| **Sent:** | Tuesday, September 30, 2003 2:39 PM |
| **To:** | Tawney Donald R |
| **Cc:** | Medlock Anna S; Murray Mary (LR) |
| **Subject:** | phone call |
| **Signed By:** | (There were errors displaying the signers of this message, please click on the signature icon for more details.) |

Don. Earlier you called me about the case on M. Buesgens. Specifically, you asked if the materials relied upon had been furnished to NTEU so that the grievance meeting could be scheduled.

The action was based upon information contained in a report of investigation (ROI). Once the action was adjudicated, the file was returned to TIGTA because they "own" those files. We are in the process of securing the ROI from TIGTA. We'll then secure permission from them to release the materials to NTEU.

Once that's completed, we'll release and let you know. It should not take too long.

Thanks. Tony

TO
DONALD RAY TAWNEY, JR

| | | |
|---|---|---|
| ________ | XACTFLAG | Action Flag |
| ________ | XINFOREQ | Information request received in LR |
| ________ | XNEGMEMO | Info req - Negative response memo to requestor |
| ________ | XFRM5466 | Info req - Submit 5466-B to disclosure coord |
| ________ | XRESPISS | Info req - Issue response memo |
| ________ | XCLOCASE | Case Closed |
| ________ | XGLSREF | Date referred to GLS |
| ________ | XGLSRTN | Date returned from GLS |

tes required event

Cover Sheet for 2003-19852

1:07CV00859RBW

WHO IS FOHS?

WHY FOHS FOR
FEDERAL AGENCY
EMPLOYEES?

WHERE IS FOHS SYSTEM
OF RECORDS?



FOH

# Federal Occupational Health Organizational Structure

INTERAGENCY AGREEMENTS
FOH - HHS - PATIENTS

# US PUBLIC HEALTH SERVICE
## Federal Occupational Health

## PRIVACY ACT NOTICE TO PATIENTS

The following information is provided in order to comply with the requirements of the Privacy Act of 1974, and is consistent with the provisions of 5 CFR Parts 293 and 297.

The health services you receive through this Division of Federal Occupational Health (DFOH) program result in the gathering and recording of information that is personal and may be confidential. Under the authority of interagency agreements with your employing agency, DFOH serves as a custodian of your records for the duration of those agreements. Upon termination of agreements with DFOH, the original documents or copies of your records will be transferred to your Employee Medical Folder (EMF) in your employing agency's Employee Medical File System (EMFS). These records are stored as a distinct and separate part of your Official Personnel Folder. Your records are collected and maintained for a variety of purposes, including:

**(a)** to ensure that records required to be retained on a long-term basis to meet the mandates of law, Executive order, or regulations (e.g., the Department of Labor's Occupational Safety and Health Administration (OSHA) and OWCP regulations), are so maintained; **(b)** to provide data necessary for proper medical evaluations and diagnoses, to ensure that proper treatment is administered, and to maintain continuity of medical care; **(c)** to provide an accurate medical history of the total health care and medical treatment received by the individual as well as job and/or hazard exposure documentation and health monitoring in relation to health status and claims of the individual; **(d)** to enable the planning for further care of the patient; **(e)** to provide a record of communications among members of the health care team who contribute to the patient's care; **(f)** to provide a legal document describing the health care administered and any exposure incident; **(g)** to provide a method for evaluating quality of health care rendered and job-health-protection including engineering protection provided, protective equipment worn, workplace monitoring, and medical exam monitoring required by OSHA or by good practice; **(h)** to ensure that all relevant, necessary, accurate, and timely data are available to support any medically-related employment decisions affecting the subject of the records (e.g., in connection with fitness-for-duty and disability retirement decisions); **(i)** to document claims filed with and the decisions reached by the OWCP and the individual's possible reemployment rights under statutes governing that program; **(j)** to document employee's reporting of on-the-job injuries or unhealthy or unsafe working conditions, including the reporting of such conditions to the OSHA and actions taken by that agency or by the employing agency; **(k)** to ensure proper and accurate operation of the agency's employee drug testing program under Executive Order 12564.

Under an interagency agreement with your employer (authorized by 5 USC 7901), DFOH serves as a custodian of your occupational health records while that agreement is in effect. Unless it is with your written consent, the information in your EMF may be disclosed only for specified "routine uses" or the other grounds for disclosure provided for by the Privacy Act. The routine uses allowed for information in your EMF are listed on the back of this sheet.

---

Your receipt of health services from DFOH, and your submission of confidential information to your EMF through the DFOH program, are not mandated by DFOH. If you do not wish to participate in these services, or to provide the requested information, you are not required to do so. However, if the health services requested pertain to job-related clearances, and you decline to participate, you should consult with your supervisor. The absence of documented medical clearances in your file may impact your employer's authority to permit you to perform certain functions of your position.





Federal Occupational Health
a component of the US Public Health Service
Department of Health and Human Services

FOHS - PSC - DHHS - MAGELLAN - EAP

# Medical Disability Management Services

As Federal managers, you frequently are required to make decisions about employees that involve the understanding and interpretation of medical information. Actions such as workplace accommodations, use of leave time, fitness for duty evaluations, and management of workers' compensation claims are subject to legal scrutiny and should be supported by expert medical opinion. Federal Occupational Health (FOH), the Federal Government's largest and most experienced occupational health care provider, has a national network of medical experts and specialists who can help Federal managers meet the challenges that these personnel decisions can bring. This expertise, combined with FOH's knowledge of the Federal workplace, job descriptions, and personnel regulations, make FOH ideally suited to help you successfully navigate through any difficulties these issues may present.

Through FOH's Medical Disability Management Services, FOH can serve as your agency's Medical Director—facilitating the work of human resources, safety, legal, equal employment opportunity, and other management personnel. In addition to offering medical opinions for individual cases, FOH provides disability management program interventions that can lower your agency's workers' compensation costs and minimize lost time from work.

FOH offers a variety of services that will help your employees return to work as soon and as safely as possible—thereby reducing costs and increasing productivity.

## FOH will:

- Design and manage early intervention programs that track and follow up on work-related injuries and illnesses.
- Develop limited and light-duty work options.
- Analyze disability trends.
- Make policy recommendations to improve communications and processing of lost-time and accommodation cases.
- Provide reasonable accommodation recommendations as required by the Rehabilitation Act.
- Review advance sick leave or leave approval under the Family and Medical Leave Act.
- Provide expert witnesses who are experienced at testifying in Federal court.
- Perform fitness for duty examinations to determine if an employee has the physical and mental capability to perform the essential functions of his or her position.
- Provide psychological evaluations that will help deal with job performance or violence in the workplace issues.

FOH
REASONABLE REASSIGNMENT

**Reasonable Accommodation Consultations**

FOH
Federal Occupational Health

Reasonable Accommodation Consultations

FOH can assist you in both evaluating the appropriateness of accommodation requests and meeting the requirements of the Rehabilitation Act by providing recommendations addressing workplace or process modifications, adaptive devices, and other measures to enable the disabled employee to perform essential job functions

EEOC REGULATIONS
OPM REGULATIONS
IGNORED - DELETED



IRS - HUD

REASSIGNMENT

**How is a reasonable accommodation decision made?**

**Decisions on making accommodations are made on a case-by-case basis. Executive Order 16134, however, requires each Federal agency to establish effective written procedures to facilitate the provision of reasonable accommodation for applicants and employees. Contact specific agencies for information on their decision-making process.**

**What about alternative accommodations?**

**An individual who is granted a reasonable accommodation might not receive the exact form of accommodation requested. The deciding official has the discretion to identify reasonable and appropriate alternatives.**

FOH DOCTORS

REASONABLE REASSIGNMENT DENIED AT IRS - HUD

**What if the request is denied?**

**All denials of reasonable accommodation requests must be made in writing, and the decision must specify the reason for the denial. The denial should be written in plain language, clearly stating the specific reasons for the denial. After denying a request, the individual must be informed that s/he has the right to file an EEO complaint, has the right to pursue any applicable union grievance and informal alternative dispute resolution.**

EMPLOYEES NOT INFORMED OF LEGAL RIGHTS

FOH DOCTORS

(Cite as: 72 FR 67306)

72 FR 67306-01, 2007 WL 4178123 (F.R.)

NOTICES

DEPARTMENT OF HEALTH AND HUMAN SERVICES

Office of the Assistant Secretary for Administration and Management; Program Support Center; Statement of Organization, Functions, and Delegations of Authority

Wednesday, November 28, 2007

Part P, Statement of Organization, Functions, and Delegations of Authority for the Department of Health and Human Services, Office of the Assistant Secretary for Administration and Management (AJ), Program Support Center (P), as last amended at 68 FR 69411-12, dated December 12, 2003 is being amended to reflect changes in Chapter PG, "Federal Occupational Health Service (**FOHS**)." This amendment realigns **FOHS** functions to increase efficiency, effectiveness, and management controls.

I. Under Chapter PG, "Federal Occupational Health Service" (PG), delete the functions entirely and replace with the following:

Section PEK.00 Mission. The mission of the Federal Occupational Health Service (**FOHS**) is to improve the health, safety, and productivity of the Federal workforce through the provision of comprehensive, high-quality, customer-focused occupational health services in strategic partnership with Federal agencies nation-wide. The services provided include health and wellness programs, employee assistance, work/life, and environmental health and safety services. The services that **FOHS** provided

include consultations to agency management, program design to meet customer needs, service provider selection, direct provision of services, and program oversight and evaluation.

Section PEK.10 Organization. FOHS is headed by a Director who reports to the Deputy Assistant Secretary for Program Support, and includes the following components:

1. Office of the Director (PGA).
2. Division of Clinical Services (PGB).
3. Division of Employee Assistance Program Services (PGC).
4. Division of Environmental Health Services (PGE).
5. Division of Administration and Resource Management (PGF).
6. Division of Business Development (PGG).

Section PEK.20 Functions.

*67307

(Cite as: 72 FR 67306, *67307)

1. Office of the Director (PGA): The Office of the Director provides executive leadership, policy, guidance and supervision to all FOHS components. It performs the following functions:

a. Ensures that the delivery of a comprehensive occupational health program is driven by quality standards;

b. Provides leadership to a multi-customer, competitive, fee for service, cost centered organizations;

c. Evaluates effective program and consultation to Federal managers concerning management and delivery of occupational health programs;

d. Provides nationwide assistance in planning, implementing and monitoring health programs for Federal agencies on are reimbursable basis including improved environmental, educational, promotional, clinical, information management, and managerial services;

e. Provides leadership and management for improved business results;

f. Promotes workforce productivity and reduces absenteeism, lost

time, and related Federal liability through executive guidance and management;

g. Maintains relationships with health officials in other Federal agencies and private organizations; and

h. Participates in policy and program development and implementation for FOHS components.

2. Division of Clinical Services (PGB): The Division of Clinical Services (DCS) designs and delivers comprehensive occupational health and clinical services throughout the Nation to assist client agencies to improve and maintain the physical health of their workforce and to meet regulatory compliance standards regarding occupational health. It performs the following functions:

a. Provides services aimed at promoting healthy work and lifestyle habits and detecting and intervening in those conditions which are deleterious to wellness and productivity;

b. Adopts standards of practice, protocols, and procedures by which clinical services are provided that meet the highest standards established by professional bodies representing appropriate clinical disciplines;

c. Maintains a formal, written system of ancillary program policies to ensure that clinical services are delivered to all clients in accordance with interagency agreements, regardless of location or actual provider of service;

d. Conducts periodic reviews and program audits, and uses performance improvement techniques to assure that the highest quality clinical services are delivered in a compliant, effective, efficient, and consistent manner;

e. Conducts applied research, training, and demonstration projects to address clinical needs, including specific programs requested by clients;

f. Designs and delivers customized programs and services including facility and workplace designs for clients with special needs;

g. Develops methods for evaluation of clinical services and

conducts such evaluations on a regular basis;

h. Maintains clinical services information and records; and

i. Assures that all clinical consultation and services have been fully reimbursed by customers.

3. Division of Employee Assistance Program Services (PGC): The Division of Employee Assistance Program Services (DEAPS) designs and delivers comprehensive employee assistance program (EAP) services throughout the Nation to assist clients with a spectrum of personal problems and workplace issues affecting workplace functioning and productivity. It performs the following functions:

a. Provides services aimed at promoting healthy work and lifestyle habits and preventing, detecting and intervening in those conditions that are deleterious to wellness and productivity;

b. Adopts standards of practice, protocols, and procedures by which EAP services are provided that meet the highest standards established by professional bodies representing appropriate EAP disciplines;

c. Maintains a formal, written system of ancillary program policies to ensure that EAP services are delivered to all clients in accordance with interagency agreements, regardless of location or actual provider of service;

d. Conducts periodic reviews and program audits, and uses performance improvement techniques to assure that the highest quality EAP services are delivered in a compliant, effective, efficient, and consistent manner;

e. Conducts analyses, trainings, and demonstration projects to address EAP needs, including specific programs requested by clients;

f. Develops and implements methods for evaluation of EAP services;

g. Maintains EAP services information and records; and

h. Assures that all EAP services have been fully reimbursed by customers.

4. Division of Environmental Health Services (PGE): The Division of Environmental Health Services (DEHS) designs and delivers comprehensive occupational and environmental health (OEH) services throughout the Nation to assist clients with the complete spectrum of OEH issues and concerns. It performs the following functions:

a. Provides services aimed at promoting healthy and safe work environments and conditions and detecting and intervening in those conditions which are deleterious to the safety and health of the Federal workforce;

b. Provides consultation and services relative to the identification, evaluation and control of exposure to chemical, biological, physical, radiological, dust and/or safety hazards in Federal facilities, operations, and workplaces;

c. Adopts standards of practice, protocols, and procedures by which OEH services are provided that meet the highest standards established by professional bodies representing appropriate OEH disciplines;

d. Maintains a formal, written system of ancillary program protocols and policies to ensure that OEH services are delivered to all agencies and programs in accordance with established procedures and interagency agreements;

e. Conducts periodic technical and administrative reviews and program audits to assure that the highest quality OEH services are delivered in a cost-effective, efficient, and consistent manner;

f. Conducts applied research, training, and demonstration projects to address Federal OEH needs and designs specialized OEH programs for clients based on individual agency needs;

g. Develops methods for evaluation of OEH services and conducts such evaluations on request;

h. Maintains OEH service information and administrative and technical records; and

i. Assures that all consultation and services have been fully reimbursed by customers.

**5. Division of Administration and Resource Management (PGF): The Division of Administration and Resource Management (DARM) oversees all budgeting, finance, contracting, human resources, and administrative activities for FOHS. It performs the following functions:**

**a. Provides administration of and expertise to FOHS regarding finance, budgeting, human capital, business technology support, operations support, strategic planning, and performance measurement;**

**b. Develops, tests, installs, and operates business applications needed to support FOHS services under agreements with its customer Federal agencies;**

**c. Effectively and efficiently recruits, develops, retains, and strategically manages FOHS workforce;**

***67308**

**(Cite as: 72 FR 67306, *67308)**

**d. Initiates, manages, and oversees all contracts and other procurements for FOHS;**

**e. Develops and operates shared services for contracting, cost comparison, analysis, and program formulation;**

**f. Implements and enforces rigorous internal management controls to ensure accountability of resources;**

**g. Plans, develops, and monitors policy;**

**h. Monitors, evaluates, and recommends enhancements base on customer satisfaction instruments and data;**

**i. Maintains information and administrative and technical records; and**

**j. Provides oversight for all aspects of customer billing and ensures that all consultations and services have been fully reimbursed by customers.**

**6. Division of Business Development (PGG): The Division of Business Development (DBD) oversees all agreement activity, business growth, and customer satisfaction within FOHS. It**

performs the following functions:

a. Provides oversight for all account management activities across FOHS product divisions and directly interfaces as the primary point of contact between Federal agency representatives and FOHS;

b. Provides services aimed at delivering superior customer service between FOHS and its Federal agency customers;

c. Develops and utilizes standardized and centralized processes for account management, customer service and business development that promote cost efficiencies and facilitate systematic and consistent application of business practices across the organization;

d. Responds to business growth opportunities and requests for proposals;

e. Develops public relations and marketing plans to include market analysis, forecasting of contract opportunities, procurement and contract analysis, agency profiles including assessment of demographics, occupational health needs, and business case analyses;

f. Presents an array of occupational health solutions and services to assist Federal agencies to meet their occupational health and safety needs;

g. Provides responsive customer service, including assessment of customer satisfaction and compliant resolution; and

h. Assures that all consultation and services have been fully reimbursed by customers.

III. Continuation of Policy: Except as inconsistent with this reorganization, all statements of policy and interpretations with respect to the functions contained in this reorganization, heretofore issued and in effect prior to the date of this reorganization, are continued in full force and effect.

IV. Delegation of Authority: All delegations and re-delegations of authority previously made to officials and employees of the affected organizational components will continue in them or their

successors pending further re-delegation, provided they are consistent with this reorganization.

V. Funds, Personnel and Equipment: Transfer of organizations and functions affected by this reorganization shall be accompanied by direct and support funds, positions, personnel, records, equipments, supplies and other sources.

Dated: November 14, 2007.

Joe W. Ellis, JOE W. ELLIS

Assistant Secretary for Administration and Management.

[FR Doc. 07-5846 Filed 11-27-07; 8:45 am]

BILLING CODE 4168-17-M FOHS-DHHS PSC

72 FR 67306-01, 2007 WL 4178123 (F.R.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

IRS-HUD, ETAL

12/8/2007 1:16 PM

OPM

http://www.opm.gov/er/accommodations.asp

**U.S. Office of Personnel Management**

**Ensuring the Federal Government has an effective civilian workforce**

IRS - HUD - FOH

**Employee Relations**

REASONABLE REASSIGNMENT JOB VACANCIES

Federal agencies are required by law to provide reasonable accommodation to qualified employees with disabilities. The regulations implementing the law in this area are issued by the US Equal Employment Opportunity Commission (EEOC). For more information about the EEOC's role, visit www.eeoc.gov.

We monitor case law and policies in this area, and provides guidance to Federal agencies and employees. Specifically, it is our role to provide advice and assistance to agencies regarding reasonable accommodation issues when it is raised as an affirmative defense, either when taking an adverse action under 5 CFR 752 or under 5 CFR 432.

If you are seeking information regarding reasonable accommodation as it relates to the employment process, and you are an applicant

12/8/2007 1:16 PM

or a current Federal employee, there is extensive guidance on the following website: www.opm.gov/disability/appempl_6-01-A.asp

Managers can locate information regarding reasonable accommodation as it relates to the employment process at: www.opm.gov/disability/mngr_6-01-B.asp

Human resource professionals may also find information concerning reasonable accommodation and employment at: www.opm.gov/disability/hrpro_6-01-B.asp

The US Department of Labor, Office of Disability Employment Policy (ODEP), also have a website available, linking agencies to the Job Accommodation Network (JAN) as well as the National Center on Workforce Disability for Adults (NCWD-A). The NCWD-A offers technical assistance on how to deliver Workforce development services and other employment-related services to adults with disabilities. The Department of Labor ODEP site also features other disability-related employment resources. The website address for ODEP is: www.dol.gov/odep/

Employee Relations | Labor Management Relations | Work/Life Programs

U.S. Office of Personnel Management 1900 E Street NW, Washington,

1:07CV00859RBW

TO
FOHS
MEDICAL DOCTORS
BUESGENS WANTS MEDICAL
RECORDS
NOT JUST TWO PAGE
LETTER

1) HHS-FOIHS TORT CLAIMS
LISA BARSOOMIAN

LINDA A VINCENT

United States Department of Health Human Services

# Claims and Employment Law Branch

Acronym list......: HHS/OS/OGC/GLD/CEL
Phone................: 202-619-2155
Postal address.: 330 Independence Ave., S.W.,Room 4760, Washington, DC 20201
Web site............: www.hhs.gov/ogc

**Parent Organizations**

- Department of Health & Human Services
- Office of the Secretary
- Office of the General Counsel
- General Law Division

**Immediate Staff Positions**

- Chief, Vacant
  - Phone.......:
  - Fax............:
  - E-mail.......:
  - Location...: 330 Independence Ave., S.W., Room 5358, Washington, DC 20201

- Deputy Associate General Counsel, Lisa Barsoomian ✓
  - Phone.......: 202-619-2155
  - Fax...........:
  - E-mail.......: Lisa.Barsoomian@HHS.GOV
  - Location...: 330 Independence Avenue, Room 4758, Washington, D.C. 20201

DARLENE CHRISTIAN

HHS | Program Support Center

Administrative Operations
FOH - PSC - HHS

**FOIA Office**

Contact Information

**PSC FOIA Public Liaison**
✓ Darlene Christian
Director, Division of FOIA Services
Room 17A-46
5600 Fishers Lane
Rockville, MD 20857
301-443-5252
301-443-0925 (fax)
darlene.christian@psc.hhs.gov

✓ **PSC FOIA Requester Service Center**
Division of FOIA Services
Room 17A-46
5600 Fishers Lane
Rockville, MD 20857
301-443-5252
301-443-0925 (fax)

09-90-0062

DHHS
FOHS

# Office of the General Counsel

## 09-90-0062

**System name:**

Administrative Claims, HHS/OS/OGC.

**System Classification:**

None.

**Location:**

See Appendix.

**Categories of individuals covered by the system:**

HHS employees, recipients of Federal assistance under HHS funded programs, and members of the public who have a claim against HHS or against whom HHS has a clair Federal Torts Claims Act, Military Personnel and Civilian Employees Claims Act, Federa Claims Collection Act, Federal Medical Care Recovery Act, Act for Waiver of Overpayme of Pay.

**Categories of records in the system:**

Information that is pertinent to the particular claim being asserted, including accident reports, hospital records, charges for medical services, certifications of overpayment, certifications of indebtedness, audits of payroll accounts during periods of overpaymen earning and leave statements, claims officers memoranda, final determinations made ( claims (including Early Offers Pilot records), identify of debtors and information pertaining to how debts arose.

**Authority for maintenance of the system:**

Federal Tort Claims Act, 28 U.S.C. 261 2680, 1346(b); Waiver of Overpayment of Pay Act, 5 U.S.C. 5584; Military Personnel and Civilian Employees Claims Act, 31 U.S.C. 24 243; Federal Claims Collection Act, 31 U.S.C. 951 953; Federal Medical Care Recovery Act, 42 U.S.C. 2651 2653.

**Purpose(s):**

To adjudicate claims asserted by or against the Department.

**Routine Uses of Records Maintained in the System Including Categories of Users and the Purposes of such uses:**

09-90-0064

# Office of the General Counsel

**09-90-0064**

DHHS-FOHS

**System name:**

Litigation Files, Administrative Complaints, and Adverse Personnel Actions.
HHS/OS/OGC.

TORT CLAIMS RECORDS

**System Classification:**

None.

**Location:**

See Appendix on the Administrative Claims system. 09-90-0062.

**Categories of individuals covered by the system:**

The individuals on whom records are maintained in this system are individuals who are involved in litigation with the Department or the United States (regarding matters with the jurisdiction of the Department) either as plaintiffs or as defendants in both civil an criminal matters, and individuals who either file administrative complaints with the Department or are the subjects of administrative complaints initiated by the Departme except claims which are the subjects of records maintained in the Administrative Claim System, 09 90 0062.

**Categories of records in the system:**

These records contain information pertaining to the subject matter of the litigation, administrative complaint, or adverse personnel action. Such records would include complaints, litigation reports, administrative transcripts, various litigation documents, investigative materials, correspondence, briefs, court orders and judgments, and in cases where personal injury is involved, principally malpractice cases, evaluations by physician specialists (Public Health Service. Armed Forces, Institute of Pathology).

**Authority for maintenance of the system:**

The authority for maintaining this system are the various statutes, regulations, rules o orders pertaining to the subject matter of the litigation, administrative complaint or adverse personnel action, (e.g., Public Health Service Act, Social Security Act, Civil Rights Act, Federal Food, Drug and Cosmetic Act).

**Purpose(s):**

To represent the Department and its components in court cases and administrative proceedings.

**Federal Occupational Health (FOH)**
**Employee Assistance Program (EAP)** EXPEDITED REQUEST
**Authorization to Use or Disclose Protected Health Information (PHI)**

I, MICHAEL L BUESGENS, 9 / 3 / 1950
(Client Name) (Date of Birth - MM/DD/YYYY)

3112 WINDSOR RD #A322 AUSTIN, TX 78703
(Address) (City) (State) (Zip Code)

PHONE: 512-339-6005 X 7958

hereby give permission to FOH or its designee, Magellan Behavioral Health, or any of its subsidiaries or affiliates ("Magellan") and the Magellan staff performing services in connection with my EAP services, to *(check one or both boxes)*:

☒ **DISCLOSE** information to: FOH-EAP

**AND / OR**

☐ **OBTAIN** information from:

J. REX WIER, M.D. PSYCHIATRIST
*(Name of provider or position of employer contact - e.g., supervisor, medical department, human resources department)*

3724 JEFFERSON ST. SUITE 111 AUSTIN, TX 78731
(Address) (City) (State) (Zip Code)

512-452-0109 — 512-452-2706
(Phone Number) (Fax Number)

BLUE CROSS

**Purpose of Use or Disclosure**

☐ To verify whether I am participating in and cooperating with the EAP. **(Formal referral)**
☐ To enable the EAP to oversee the care furnished to me in the EAP and/or to make arrangements for continuity of my care
☐ To enable the EAP to make a referral for treatment
☒ At my request
☒ Other (specify): FOH DOCTOR CASE NOTES - MEDICALS FOR THE DENIAL OF MY REASSIGNMENT REQUEST 2003 AND THE TREATMENT FOH DOCTORS PROVIDED TO ME

**Protected Health Information To Be Used or Disclosed**

Only the following information (*Client must INITIAL each item to be disclosed)*

☐ Whether I am participating in the EAP + cooperating with the EAP
☒ Diagnosis/assessment
☒ Attendance records
☐ Progress report on my EAP counseling
☒ Prognosis
☒ Results of mental status examination
☐ Drug/alcohol history
☒ Results of physical examination
☒ Discharge summary
☒ Treatment recommendations
☒ Treatment summary
☐ Other (*specify information to be disclosed & any restrictions*): COPIES OF ALL YOUR COMMUNICATION TO ANYONE ABOUT ME.

**Expiration of Authorization** *(check one)*:

☒ This date (no more than 1 year from today): JULY 22, 2007
☐ 6 months after my EAP case is closed.

**Your Rights**

- You can end this authorization any time by writing to Magellan Behavioral Health, FOH – Consortium EAP, 14100 Magellan Plaza, Maryland Heights, MO 63043. If you make a request to end this authorization, it will not include information that has already been used or disclosed based on your previous permission, including Magellan's ability to confirm information already disclosed in a legal

© 2004 Magellan Health Services. This document is the proprietary information of Magellan.

**Federal Occupational Health (FOH)**

**Employee Assistance Program (EAP)** EXPEDITED REQUEST

**Authorization to Use or Disclose Protected Health Information (PHI)**

I, MICHAEL L BUESGENS (Client Name), 9 / 3 / 1950 (Date of Birth - MM/DD/YYYY)

3112 WINDSOR RD #A322 (Address) AUSTIN (City), TX (State) 78703 (Zip Code)

PHONE: 512-339-6005 X 7958

hereby give permission to FOH or its designee, Magellan Behavioral Health, or any of its subsidiaries or affiliates ("Magellan") and the Magellan staff performing services in connection with my EAP services, to *(check one or both boxes)*:

☒ **DISCLOSE** information to: FOH-EAP

**AND / OR**

☐ **OBTAIN** information from:

L. REX WIER, M.D. PSYCHIATRIST

(Name of provider or position of employer contact - e.g., supervisor, medical department, human resources department)

3724 JEFFERSON ST. SUITE 111 (Address) AUSTIN (City), TX (State) 78731 (Zip Code)

512-452-0109 (Phone Number) 512-452-2706 (Fax Number)

BLUE CROSS

**Purpose of Use or Disclosure**

☐ To verify whether I am participating in and cooperating with the EAP. **(Formal referral)**

☐ To enable the EAP to oversee the care furnished to me in the EAP and/or to make arrangements for continuity of my care

☐ To enable the EAP to make a referral for treatment

☒ At my request

☒ Other (*specify*): FOH DOCTOR CASE NOTES - MEDICALS FOR THE DENIAL OF MY REASSIGNMENT REQUEST 2003 AND THE TREATMENT FOH DOCTORS PROVIDED TO ME

**Protected Health Information To Be Used or Disclosed**

Only the following information (*Client must INITIAL each item to be disclosed*)

☐ Whether I am participating in the EAP + cooperating with the EAP

☒ Diagnosis/assessment

☒ Attendance records

☐ Progress report on my EAP counseling

☒ Prognosis

☒ Results of mental status examination

☐ Drug/alcohol history

☒ Results of physical examination

☒ Discharge summary

☒ Treatment recommendations

☒ Treatment summary

☐ Other (*specify information to be disclosed & any restrictions*): COPIES OF ALL YOUR COMMUNICATION TO ANYONE ABOUT ME.

**Expiration of Authorization** *(check one)*:

☒ This date (no more than 1 year from today): JULY 22, 2007

☐ 6 months after my EAP case is closed.

**Your Rights**

- You can end this authorization any time by writing to Magellan Behavioral Health, FOH – Consortium EAP, 14100 Magellan Plaza, Maryland Heights, MO 63043. If you make a request to end this authorization, it will not include information that has already been used or disclosed based on your previous permission, including Magellan's ability to confirm information already disclosed in a legal

© 2004 Magellan Health Services. This document is the proprietary information of Magellan.



DEPARTMENT OF HEALTH & HUMAN SERVICES

SD

Program Support Center

1/3/2007

F03-2007-00276

Division of FOIA Services
Administrative Operations Service
Parklawn Building, Room 17A-46
5600 Fishers Lane
Rockville, Maryland 20857
PH: 301-443-5252
Fax: 301-443-0925

FOIA Case Number: PHS 2K6-485
January 3, 2007

Received
JAN 10 2007
Disclosure Office
Baltimore Maryland

Mr. Michael L. Buesgens
3112 Windsor Road #A322
Austin, Texas 78703

Dear Mr. Buesgens:

This is in response to your August 25, Freedom of Information Act (FOIA) request. You requested a copy of your medical records in the possession of the Federal Occupational Health Service (FOH). Your letter was referred to me because of my responsibilities under the FOIA.

Enclosed please find the requested information. Please note that there are no deletions to the documents.

However, during my review, I located 30 pages of records generated by the Internal Revenue Service (IRS), Department of the Treasury. I have no authority to make these records available to you. Therefore, I have taken the liberty of forwarding your request, and the IRS records, to the IRS FOIA Officer, Mr. Albert D. Adams, for a release determination. If you wish to check the status of the IRS response, please contact Mr. Adams at 202-927-7425.

Because the cost of responding to your request was less than $25, there is no charge. If you have any questions, or if I may be of further assistance, please do not hesitate to contact me.

Sincerely,

Melinda Hill

Melinda Hill
Freedom of Information Specialist
Division of FOIA Services

Enclosure

cc: IRS FOIA Officer

2K6-485

MICHAEL L. BUESGENS
3112 WINDSOR RD
#A322
AUSTIN, TEXAS 78703
512-339-6005 EXT ~~7594~~ 7958
FAX: 512-478-7608 ATTN: A322
MIKEBUESGENS@HOTMAIL.COM

AUGUST 25, 2006

PHS FREEDOM OF INFORMATION ACT OFFICE
5600 FISHERS LANE, ROOM 17A-46
ROCKVILLE MARYLAND 20857
301-443-5252
FAX: 301-443-0925

RE: MEDICAL DISABILITY MANAGEMENT
REASONABLE ACCOMMODATION
CONSULTATIONS FOH
AND
CASE MANAGEMENT

MARK FRANK, M.D.
JAMES ALLEN, M.D.
BETHESDA, MARYLAND

2006 AUG 28 AM 7:27
RECEIVED BY
RHSFOI OFFICE

MICHAEL L. BUESGENS IS REQUESTING EXPEDITED PROCESSING OF THIS F.O.I.A. AND PRIVACY ACT RECORDS.

1. ALL OF BUESGENS POSSESSIONS INCLUDING MEDICAL RECORDS WERE STOLEN ON JULY 6, 2006 AT
FALCON RIDGE APARTMENTS
APARTMENT 1023
500 E STASSNEY
AUSTIN, TEXAS 78745

2. BUESGENS IS IN LITIGATION AT U.S. DISTRICT COURT, AUSTIN DIVISION
CASE NO. A-05-CA-243SS
CASE NO. A-06-CA-260LY
CASE NO. A-06-CA-226LY
AND
U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
A-05-CA-2334 RCL

3. BUESGENS NEEDS THESE RECORDS A.S.AP.

BUESGENS IS REQUESTING ALL RECORDS THAT FOH HAS AVAILABLE

THAT BEGAN IN 2003 AND CONTINUED TO THIS DAY AUGUST 25, 2006.

FORMER I.R.S. EMPLOYEE
MICHAEL L. BUESGENS
I.R.S.
1821 DIRECTORS BLVD
AUSTIN, TEXAS 78744

CAST OF CHARACTERS
MELINDA ESTRADA - EEO
MARGARET WAITES - EEO
THOMAS THEIS - LABOR RELATIONS
DONALD TAWNEY - IRS MANAGER

MARTHA SCHANHALS - I.R.S MANAGER
ANNA MEDLOCK - I.R.S. MANAGER
NANCY SESSION - I.R.S MANAGER

MICHAEL L. BUESGENS REASONABLE ACCOMMODATION REQUEST 2002 AND 2003

DAVID JONES, M.D.
AUSTIN, TEXAS

JAMES ALLEN, M.D.
AND
MARK FRANK, M.D.
BETHESDA, MARYLAND

DEPARTMENT OF TREASURY AND INTERNAL REVENUE SERVICE
AUSTIN, TEXAS

BUESGENS WAS DENIED A REASONABLE ACCOMMODATION AND RETIRED ON O.P.M. DISABILITY ON MARCH 7, 2005.

PLEASE SEND ALL THE RECORDS YOU HAVE ON THIS REASONABLE ACCOMMODATION AND LETTERS AND DOCUMENTS AND EMAILS ALL THE RECORDS

TO MICHAEL L. BUESGENS

I WILL PAY ALL REASONABLE COSTS.

A COPY OF MY DRIVERS LICENSE IS ENCLOSED.

SEND DOCUMENTS
TO 3112 WINDSOR RD
#A322
AUSTIN, TEXAS 78703

SINCERELY
Michael L Buesgens
8/25/2006



11/30/2006
NEAL LEE PRESANT, MD

**Contact with Dr. James Allen and Dr. Mark Frank**

**From:** Presant, Neal (FOH) (NPresant@psc.gov)
**Sent:** Thu 11/30/06 8:00 AM
**To:** 'mikebuesgens@hotmail.com' (mikebuesgens@hotmail.com)
**Cc:** Anderson, Janet (FOH) (JLAnderson@psc.gov); Christian, Darlene (PSC) (DChristian@PSC.GOV); Deffinbaugh, Kimberly (FOH) (kdeffinbaugh@psc.go

Hello Mr. Buesgens-

For contact with Dr. James Allen or Dr. Mark Frank, please go through the HHS Freedom of Information Office. The contact is Ms. Darlene Christian on the email link above.

Neal Presant, M.D.
Federal Occupational Health

 BlueCross BlueShield of Texas

P.O. Box 660044
Dallas, Texas 75266-0044

2/12/07

**Claim Form to Pay Insured/Subscriber**

**Each item on this form needs to be completed. Instructions for completion are listed on the reverse side.**

**Please Print or Type**

1 Insured/Subscriber Name (Last, First, Middle Initial): BUESGENS MICHAEL L
2 Group Number:
Insured/Subscriber Identification Number (from ID card): R58909707

Mailing Address: 3112 WINDSOR RD #A322
Patient's Full Name (Last, First, Middle): BUESGENS MICHAEL L

City & State: AUSTIN, TEXAS Zip Code: 78703
Patient's Sex: ☑ Male ☐ Female
Patient's Date of Birth: Month 09 / Day 03 / Year 50

Insured Employed? ☐ Yes ☐ No ☑ Retired
Date of Retirement: Month 03 / Date 07 / Year 05
Patient's Relationship to Insured: 1. ☑ Self 2. ☐ Spouse 3. ☐ Child 4. ☐ Other (explain)

3 Type of treatment received:
Check only one type and attach itemized statements. Please use a separate claim form for each different type of treatment.
***Please note:** Preventive care includes immunizations, routine well baby care, routine physical examinations, vision and hearing exams.

☑ Injury — Date of Accident: ___/___/___
☐ Illness — Date of First Symptom: ___/___/___
☐ Pregnancy — Date of Conception: ___/___/___
☐ Preventive — Date of Service: ___/___/___

4 Describe: Diagnosis, Symptoms of Illness or Injury or explain Preventive or Routine care received.
BIPOLAR - HHS - FOH REFUSAL TO RELEASE DOCTOR MEDICAL RECORDS AND NOTES MARK FRANK, M.D. AND JAMES ALLEN, MD, BETHESDA MD

5 Was Illness or Injury work connected? ☑ Yes ☐ No
Name and Address of Employer: I.R.S. - AUSTIN COMPLIANCE 1821 DIRECTORS BLVD AUSTIN, TX 78744

6 If Injury, was motor vehicle involved? ☐ Yes ☐ No

7 Is patient covered under any other Health Benefits Plan (besides Medicaid, Medicare or CHAMPUS)? ☐ Yes ☑ No

Insuring Co. ______ Policy # ______
Address ______ Effective Date of Coverage (Month/Day/Year) ___/___/___
Employer ______ Sex (Insured) ☐ Male ☐ Female Birthdate (Insured) ___/___/___
Insured ______ Relationship to Patient ______

If the other coverage is primary, attach the other insurance company's Explanation of Benefits

8 Medicare — Is the Patient:
a) Entitled to Benefits Under Medicare Hospital Insurance (Part A)? ☐ Yes ☑ No Effective ___/___/___
b) Entitled to Benefits Under Medicare Medical Insurance (Part B)? ☐ Yes ☑ No Effective ___/___/___
c) Entitled to Benefits Under Medicare due to a disability? ☐ Yes ☑ No Effective ___/___/___
Patient's Medicare Identification No. (From Medicare ID Card) ______

9 I certify the above is complete and correct and that I am claiming benefits only for charges incurred by the patient named above. Authorization is hereby given to any Hospital, Physician, Dentist, Provider, Insurance Carrier or other entity to give Blue Cross and Blue Shield of Texas, Inc., upon request, any medical information which the Plans in their judgment deem necessary to the adjudication of this claim.

[signature] 02/12/07 512-339-6005 X7958
Signature of Insured / Date / Daytime Telephone Number

Itemized Bill(s) for Covered Services and Supplies must be attached

1:07CV00859RBW

SOME FOIA REQUEST RESPONSES FROM IRS DEPARTMENT OF TREASURY TIGTA BEGINNING 8/11/2005



8/3/2005

AGENCY-WIDE
SHARED SERVICES

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

AUG 03 2005

Mr. Michael Buesgen
500 E. Stassney
Apt. 1023
Austin, TX 78745

Mr. Buesgen:

This letter is in response to your request for your Reasonable Accommodation records. Your request for this information was dated June17, 2005; your request for the information was received in the Atlanta office on June 27, 2005, and was subsequently forwarded to the Dallas office for processing. You requested under the Privacy Act of 1974, your reasonable accommodation records for the years 2002 & 2003, from the Privacy Act System of Records Treasury/IRS 35.001 – Reasonable Accommodation Request Records.

Due to the lack of specific information in your letter to us, as to the records you sought, our Reasonable Accommodation Coordinator, Mary Russell, contacted you by telephone on July 1, 2005, to discuss your request. Ms. Russell has indicated to us that you are seeking a copy of the IRS's Procedures for requesting reasonable accommodation, emails and or other correspondence between the Austin, TX, Equal Employment Opportunity (EEO) Office and your management staff that are specific to your request for reasonable accommodation while you were employed with the Internal Revenue Service (IRS).

In response to the agency's Internal Records and policies, I have enclosed records consisting of email exchanges and internal memorandums' concerning your reasonable accommodation request. These records fulfill your request and the agency's obligation for your request for information specific to the Privacy Act.

I am providing you with a copy of IRS Reasonable Accommodation Policy (dated

8/03/2005

February 7, 2005) and the Procedures for Processing Reasonable Accommodation Requests (effective November 2004.)

If you require additional information, you may contact Tracey Banks, EEO Territory Manager, at (214) 413-5871.

Sincerely,

Patricia I. Evans
Operations Director
EEO and Diversity Field Services

Enclosures (27)

8/11/2005

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

DATE: AUG 11 2005

TO: Director
Office of Equal Opportunity and Diversity
Washington, D.C.

FROM: for Operations Director
Treasury Complaint Mega-Center
Treasury Complaint Mega-Center – Dallas
AWSS EEO & Diversity Field Services
4050 Alpha Road, MS 1010 MSRO
Dallas, TX 75244-4203

SUBJECT: Complaint Michael L. Buesgens and
John W. Snow, Secretary of the Treasury

In accordance with Section IV. D (1) of the Management Directive (MD-110) as amended, we are referring the referenced matter to you. The matter is referred because the Complainant alleges dissatisfaction with the processing of his pending EEO complaint. Specifically he complains that he suffered economic and psychological injury through the negligence of Treasury Department EEO employees, who acted with deliberate indifference to his rights and subjected him to substandard treatment.

If there is any other way we may be of assistance in this matter, please call me.

Attachment: copy of Compliant

cc: Michael L. Buesgens



9/23/2005

EPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

SEP 22 2005

MICHAEL L BUESGENS
500 E STASSNEY APT 1023
AUSTIN TX 78745

Dear Mr. Buesgens:

This letter is in response to your Freedom of Information Act request dated August 21, 2005, which was received in this office on August 25, 2005.

In regards to your request for copies of internal vacancy announcements in the Austin, Texas commuting area for grade 5/6/7/8 positions for the year of 2003, please refer to our previous response letter to you dated July 26, 2005. As explained in the letter, we were able to obtain some of the announcements for 2003 and enclosed those copies. The remaining information could not be provided without a document being created and FOIA does not require agencies to create records not already in existence. We have no additional records to provide to you. The enclosed Notice 393 explains your appeal rights.

For further information, please contact Paula Ward, Disclosure Specialist, ID number 18-03230, 512-460-4433 or fax 512-460-4437, Internal Revenue Service, Austin Campus Disclosure Office, PO Box 2986, Mail Stop 7000 AUSC, Austin, Texas 78768. Please refer to case number 18-2005-03035.

Sincerely,

Stephanie K. Young
18-02241
Disclosure Officer
Austin Campus

Enclosure

# Information on an IRS Determination to Withhold Records Exempt From The Freedom of Information Act – 5 U.S.C. 552

## Appeal Rights

You may file an appeal with the Internal Revenue Service (IRS) within 35 days after we (1) deny you access to a record in whole or in part; (2) have made an adverse determination as to your category as a requester; (3) deny your request for a fee waiver or reduction; or (4) have advised you that no records responsive to your request exist. You may file an appeal within 10 days when a request for expedited processing has been denied.

Your appeal must be in writing, must be signed by you, and must contain:

Your name and address,
Description of the requested records,
Date of the request (and a copy, if possible),
Identity of the office and contact on the response letter, and
Date of the letter denying the request (and a copy, if possible)

Mail your appeal to:

IRS Appeals
Attention: FOIA Appeals
5045 E. Butler Ave.
M/Stop 55201
Fresno, California 93727-5136

## Judicial Review

If we deny your appeal, or do not address an issue raised in your appeal within 20 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal, you may file a complaint in United States District Court in the district in which (1) you reside; (2) your principal place of business is located; (3) the records are located; or (4) the District of Columbia. A complaint may be filed within 10 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal if your appeal is from an adverse determination of a request for expedited processing. If you choose to file suit before receipt of a final determination by the Appeals office, the administrative appeals process may cease.

The rule for effecting service of judicial process upon the Internal Revenue Service is set forth in Federal Rule of Civil Procedure 4(i). In addition to service upon the United States, as set forth in Rule 4(i)(1), service must be made upon the Internal Revenue Service by registered or certified mail as set forth in Rule 4(i)(2)(A). The address of the Internal Revenue Service is: Internal Revenue Service, Attention CC:PA ,1111 Constitution Avenue, N.W., Washington, D.C. 20224.

## Exemptions

The Freedom of Information Act, 5 U.S.C. 552, does not apply to matters that are:

(b)(1) • specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified under such executive order.

(b)(2) • related solely to the internal personnel rules and practices of an agency;

(b)(3) • specifically exempted from disclosure by statute (other than section 552b of this title), provided that the statute

**Internal Revenue Serv**

**Department of the Treasury**

9/23/2005

**Date:**

SEP 2 3 2005

**Address and reply to:**
Appeals Office, Fresno Campus
5045 E. Butler, M/S 55201
Fresno, CA 93727-5136

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, TX 78745

**Person to Contact:**
Stephen Armi #78-00023
**Contact Telephone Number:**
(559) 452-3122 (Office)
(559) 452-3113 (Fax)
**In Re:**
FOIA Appeal,
Case #18-2005-02359

Dear Mr. Buesgens:

This letter is in response to your July 29, 2005 Freedom of Information Act (FOIA) appeal of the Austin Disclosure Office's response to your June 17, 2005 and July 19, 2005 request for vacancy announcements and answers to the questions that you raised relating to the qualifications of the selected individuals.

The Austin Disclosure Office responded to you on July 26, 2005 and provided 54 documents that were responsive to your request. These documents consisted of the internal vacancy announcements within the Austin commuting area for the months of October, November and December, 2003. The Disclosure Office could not provide copies of the external vacancy announcements, nor the internal announcements from January to October, 2003 since they had been purged from the system. The Disclosure Office also notified you that the FOIA does not require agencies to create documents that were not already in existence.

It appears to be your opinion that the internal vacancy announcement from the January to October and the external vacancy announcements exist and should be provided to you. We cannot address your allegations that these documents exist. We can only address whether the search was reasonable. In regard to the adequacy of a search, an agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." See Sosa v. FBI, No. 93-1126, slip op. at 1 (D.D.C. Nov. 4, 1993).

The basic question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. U.S. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). In other words, "the search need only be reasonable, it does not have to be exhaustive." Miller, 779 F.2d at 1383 (citing Shaw v. U.S. Dept. of State, 559 F. Supp. 1053, 1057 (D.D.C. 1983)); see also, Boggs v. United States, 987 F. Supp. 11, 20 (D.D.C.1997) (noting that the role of the court is to determine reasonableness of search, "not whether the fruits of the search met plaintiff's aspirations").

We believe that the Disclosure Office has met its burden in regard to the adequacy of the search. Your allegation that additional documents exist does not undermine the finding that a reasonable search was conducted.

9/23/2005

With regard to the questions that you asked regarding the qualifications of the selected employees, the FOIA does not require agencies to provide explanations or answers in response to questions. Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir. 1985); Hudgins v. IRS, 620 F. Supp. 19, 21 (D.D.C. 1985), aff'd, 808 F.2d 137 (D.C. Cir. 1987), cert. denied, 484 U.S. 803 (1987) ("FOIA created only a right to access to records, not a right to personal services"). In addition, the FOIA does not require agencies to create records in response to a request. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 162 (1975).

In addition, we are asserting FOIA exemption (b)(6) as an additional basis for withholding the qualifications of the selected individuals. Exemption 6 permits an agency to withhold matters in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. Section 552(b)(6). The threshold test for exemption 6, is that the material fall within the category of "personnel, medical or other similar files."

Once it has been determined that information meets the threshold requirement, the focus of the inquiry turns to whether the disclosure of the record at issue would constitute a clearly unwarranted invasion of personal privacy. "The primary purpose of exemption 6 is to protect individuals from injury and embarrassment that can result from the unnecessary disclosure of personal information." *Lurie v. Dept. of Army*, 970 F. Supp. 19, 34 (D.D.C. 1997), *citing, Dept. of State v. Washington Post*, 456 U.S. 595, 599 (1982). If a privacy interest is found, then, exemption 6 requires a balancing between "the individual's right of privacy against the basic policy of opening an agency's action to the light of public scrutiny." *Avondale Industries v. N.L.R.B.*, 90 F.3d 955, 959 (5th Cir. 1996), *rehearing den.*, 99 F.3d 1137 (voting list compiled by NLRB not exempt under FOIA).

In conclusion, we have determined that the Disclosure Office has provided all of the releasable documents that were responsive to your request. The FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court for the District in which you reside, or have your principal place of business, or in which the agency records are located, or in the District of Columbia.

Sincerely,

Marge Field

Marge Field
Appeals Team Manager



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

9/23/2005

SMALL BUSINESS/SELF-EMPLOYED DIVISION

SEP 23 2005

MICHAEL L BUESGENS
500 E STASSNEY APT 1023
AUSTIN TX 78745

Dear Mr. Buesgens:

This letter is in response to your Freedom of Information Act requests dated July 29, 2005, and August 16, 2005, which were received in this office on August 9, 2005, and August 25, 2005.

Our research shows that upon retirement, your records were transferred to Office of Personnel Management (OPM). I am providing you the address and phone numbers for OPM. Future requests regarding your records should be made to their office.

Office of Personnel Management
PO Box 45
Boyers, Pennsylvania 16017
1-888-767-6738 or
(202) 606-0500 located in DC

The enclosed Notice 393 explains your appeal rights

For further information, please contact Paula Ward, Disclosure Specialist, ID number 18-03230, 512-460-4433 or fax 512-460-4437, Internal Revenue Service, Austin Campus Disclosure Office, PO Box 2986, Mail Stop 7000 AUSC, Austin, Texas 78768. Please refer to case numbers 18-2005-02810 and 18-2005-03034.

Sincerely,

for Stephanie K. Young IRS
18-02241
Disclosure Officer
Austin Campus

Enclosure

10/24/2005

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

OCT 24 2005

MICHAEL L BUESGENS
500 E STASSNEY APT 1023
AUSTIN TX 78745

Dear Mr. Buesgens:

This letter is in response to your Freedom of Information Act request dated September 26, 2005, which was received in this office on September 29, 2005.

Regarding your request for vacancy announcements in the Austin, Texas commuting area for grade 5/6/7/8 positions for 2003, our office provided a response to you with letters dated July 26, 2005, and September 22, 2005. This is our final response. Additional requests for the same information will not be responded to.

For further information, please contact me at 512-460-4433 or fax 512-460-4437, Internal Revenue Service, Austin Campus Disclosure Office, PO Box 2986, Mail Stop 7000 AUSC, Austin, Texas 78768. Please refer to case number 09-2006-00006.

Sincerely,

Paula K. Ward

Paula K. Ward
18-03230
Disclosure Specialist
Austin Campus

3/6/2006

Internal Revenue Service
Appeals Office M/S 55201
5045 E Butler Ave
Fresno, CA 93727-5136

Date: MAR - 6 2006

Department of the Treasury

Person to Contact:
Alexis Lindauer
Employee ID Number: 78-00036
Tel: (559) 452-3040
Fax: (559) 452-3266

Refer Reply to:
AP:FW:FRE:AGL

In Re:
Freedom of Information Act

Disclosure Case Number(s):
18-2005-03035

MICHAEL L BUESGENS
500 E STASSNEY APT 1023
AUSTIN TX 78745

Dear MICHAEL L BUESGENS,

This letter is in response to your appeals request dated 9/25/2005 of Freedom of Information Act (FOIA) information. According to your letter you are appealing the response of 9/22/2005 from the Disclosure Office of your request for information dated 8/21/2005

You requested the following information:
Copies of internal vacancy announcements in the Austin, Texas commuting area for grade 5/6/7/8 positions for the year of 2003.

The Austin Disclosure Office asked you to refer to their previous response letter to you dated July 26, 2005. As they were able to obtain 54 pages of documents responsive to your request and they were released to you in full. They explained that the 2003 external vacancy announcements had purged and the information is no longer available. And in reference to the internal announcements, they were able to obtain some of the announcements, which were provided to you. The remaining information could not be provided without a document being created and FOIA does not require agencies to create records not already in existence.

We are satisfied that a reasonable search for records was performed and that to the extent that the records existed at the time of your request, they were obtained, reviewed, and provided if appropriate.

Internal Revenue Service
Appeals Office M/S 55201
5045 E Butler Ave
Fresno, CA 93727-5136

3/6/2006

Date:
MAR - 6 2006

Department of the Treasury

Person to Contact:
Alexis Lindauer
Employee ID Number: 78-00036
Tel: (559) 452-3040
Fax: (559) 452-3266
Refer Reply to:
AP:FW:FRE:AGL
In Re:
Freedom of Information Act
Disclosure Case Number(s):
18-2005-02810
18-2005-03034

MICHAEL L BUESGENS
500 E STASSNEY APT 1023
AUSTIN TX 78745

Dear MICHAEL L BUESGENS,

This letter is in response to your appeals request dated 9/28/2005 of Freedom of Information Act (FOIA) information. According to your letter you are appealing the response of 9/23/2005 from the Disclosure Office of your request for information dated 7/29/2005 and 8/16/2005.

You requested the information concerning your reasonable accommodation records.

The Austin Disclosure Office provided you a response that upon retirement, your records were transferred to the Office of Personnel Management (OPM). They provided the address and phone number for Office of Personnel Management (OPM) and directed you to contact them regarding your records.

They directed you to this office regarding your records, because this is where files are transferred to at retirement. We have reviewed the Disclosure Officer's response and have determined that the response was appropriate. We are satisfied that a reasonable search for records was performed and that no records were located which are responsive to your request.

The FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court for the District in which you reside, or have your principal place of business, or in which the agency records are located, or in the District of Columbia.

Sincerely,

Marge Field

Marge Field
Appeals Team Manager

8/22/2006

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Legal Counsel

AUG 22 2006

Michael L. Buesgens
500 E. Stassney
Apt. 1023
Austin, TX 78745

Re: FOIA No. A5-11-FOIA-423

Dear Mr. Buesgens:

This responds to your request for expedited processing of your Freedom of Information Act request..

Expedited processing is available to requesters demonstrating a compelling need. 29 C.F.R. § 1610.9(c)(1). A compelling need exists when: (1) failure to obtain the records on an expedited basis could reasonably be expected to pose an imminent threat to the life or physical safety of an individual, 29 C.F.R. § 1610.9(c)(1)(i); or (2) the requester is a person primarily engaged in disseminating information, and there is an urgency to inform the public concerning actual or alleged Federal government activity, 29 C.F.R. § 1610.9(c)(1)(ii).

If you believe you have a compelling need for expedited processing, please submit a statement, certified to be true and correct to the best of your knowledge and belief, detailing the basis for requesting expedited processing, and you will be notified of a determination within ten (10) working days. 29 C.F.R. § 1610.9(c)(2).

Sincerely,

SDGarner

Stephanie D. Garner
Assistant Legal Counsel/FOIA

8/22/2006

We cannot address your allegations that other documents exist. We can only address whether the search was reasonable. In regard to the adequacy of a search, an agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." See Sosa v. FBI, No. 93-1126, slip op. at 1 (D.D.C. Nov. 4, 1993). The Disclosure Office obtained the vacancy announcements that were available and provided you with the appropriate documents.

We believe that the Disclosure Office has met its burden in regard to the adequacy of the search.

The FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court for the District in which you reside, or have your principal place of business, or in which the agency records are located, or in the District of Columbia.

Sincerely,

Marge Field

Marge Field
Appeals Team Manager

1:06CV00859 RBW

SOME FOIA RESPONSES
FROM
EEOC
BEGINNING 9/9/2005
FOR
EEOC # 360-2003-8286X
HEARING 12/16/2003

9/9/2005

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

**Office of**
**Legal Counsel**

SEP 9 2005

Michael L. Buesgens
500 E. Stassney, Apt 1023
Austin, TX 78745

Re: FOIA Appeal

Dear Mr. Buesgens

Your letter was received in this office on September 2, 2005. After a review of your letter, it appears that you are appealing the Regional Attorney's decision on your Freedom of Information Act (FOIA) request. However, a copy of the Regional Attorney's letter, as required by EEOC regulation 29 C.F.R.1610.11(a), was not attached. EEOC regulations on disclosure mandate that an appeal from an initial denial must include a copy of the Regional Attorney's determination. Accordingly, you must submit a copy of the Regional Attorney's letter to this office in order to appeal the determination.

You may submit a copy of the Regional Attorney's letter to Sandra Adams, Information Specialist, either by mail to EEOC, Office of Legal Counsel, (OLC) 1801 L Street N.W., Washington, DC 20507 or by fax at 202 663-4639. Your appeal will be docketed upon OLC's receipt of the Regional Attorney's letter.

Sincerely,

Sandra Adams
Information Specialist/FOIA Programs

9/13/2005

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Legal Counsel

SEP 13 2005

Michael L. Buesgens
500 E. Stassney
Apt. 1023
Austin, Texaas 78745

**Re: FOIA No.** A5-11-FOIA-423

Dear Mr. Buesgens:

This is in response to your request or appeal under the Freedom of Information Act (FOIA). As provided in U.S.C. § 552(a)(6)(B)(1987), we hereby notify you that we are extending by ten (10) working days the time in which we shall respond. Such extension is necessary because of:

[ ] (i) the need to search for and collect the requested records, if any exist, from field offices or other establishments that are separate from this office;

[ ] (ii) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request;

[x ] (iii) the need for consultation with another agency, or two or more components of this agency, having a substantial interest in the determination of the request.

We will respond to your request or appeal by September 27, 2005.

Sincerely,

Draga G. Anthony

Draga G. Anthony
General Attorney/FOIA Programs



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Legal Counsel

9/22/2005

SEP 2 2 2005

Michael L. Buesgens
500 E. Stassney
Apt. 1023
Austin, Texaas 78745

**Re: FOIA No. A5-11-FOIA-423**

Dear Mr. Buesgens:

Your Freedom of Information Act (FOIA) request received on August 16, 2005 has been processed. The paragraph(s) checked below apply:

[x] A portion of your request is neither granted nor denied because: [x] Your request does not reasonably describe the records you wish disclosed or [x ] No records fitting the description of the records you seek disclosed exist or could be located after a thorough search. Otherwise,

[ ] Your request is granted.

[ ] Your request is denied pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[ ] Your request is granted in part and denied in part. Portions not released are being withheld pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[ ] You must send a check for $ made payable to the United States Treasurer and mail to the above address. Professional search and review time is billed at a rate of $17.00 per hour, and clerical search and review time at $7.00 per hour, and photocopying at $.15 per page. 29 C.F.R. § 1610.15. Address your correspondence to the attention of [insert your name here]. The fee has been computed as follows:

[ ] Commercial requests: pages of photocopying; hours of clerical review time; hours of professional review time; hours of clerical search time; and hours of professional search time.

[ ] Requests by educational or noncommercial scientific institutions or representatives of the news media: ____ pages of photocopying. The first 100 pages are provided free of charge.

**Re: FOIA No. A5-11-FOIA-423** 9/22/2005

Comments Page

In order to be eligible for expedited processing, the requestor must demonstrate a compelling need. A compelling need exists when: (1) failure to obtain the records on an expedited basis could reasonably be expected to pose an imminent threat to the life or physical safety of an individual, 29 C.F.R. § 1610.9(c)(1)(i); or (2) the requester is a person primarily engaged in disseminating information, and there is an urgency to inform the public concerning actual or alleged Federal government activity, 29 C.F.R. § 1610.9(c)(1)(ii).

The circumstances when expedited processing is appropriate are identified at 29 C.F.R. 1610.9 (c)(1)(i) and 1610.9(c)(1)(ii). You have failed to follow the EEOC's regulations regarding expedited processing by demonstrating how your situation falls into the categories identified in the preceding paragraph.

Portions of your request can neither be granted nor denied for the following reason: your request is not a proper FOIA request. The FOIA requires that an access request satisfy two specific requirements: 1) it must "reasonably describe" the records sought and 2) it must be made in accordance with the EEOC's published FOIA regulations. Your request fails to meet these requirements for a FOIA request because it does not reasonably describe the records you seek in sufficient detail to enable knowledgeable employees to locate the records with a reasonable amount of effort, or requests that EEOC respond to questions. The FOIA requires agencies to provide a requestor with access to records, not answer questions, such as those numbered 2 and 3 in your request.

Certain portions of your request, numbers 4 through 20, can neither be granted nor denied because the EEOC does not maintain such records.

I am aware that you have stated that you did not wish to receive copies of manuals, regulations or statistics, all of which are agency records. However, information which may be helpful to you with regard to number 1 in your request, and your request in general, is located on our website, found at www.eeoc.gov. The Office of Federal Operations annual report provides information in response to your FOIA request. The report is located on the EEOC's external website at: http://www.eeoc.gov/federal/fsp2004/index.html. Additional information, including information about agencies' asserting the defense of undue hardship may be located at the following websites: http://www.eeoc.gov/federal/decisions.html. and http://www.eeoc.gov/federal/fsp2004/index.html.

If you are seeking information concerning a specific federal agency, you are advised to contact that agency.

Finally, Ms. Adams' letter, dated September 9, 2005, was sent in error. I apologize for the miscommunication.

9/22/2005

[ ] All other requests: pages of photocopying; hours of clerical search time; and hours of professional search time. The first 100 pages and 2 hours of search time are provided free of charge.

[ ] The disclosed records are enclosed. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[ ] The disclosed records are enclosed. Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[x] You may appeal the denial or partial denial of your request by writing within thirty days of receipt of this letter to Office of Legal Counsel/FOIA Programs, Equal Employment Opportunity Commission, 1801 L Street, N.W., Washington, D.C. 20507. Your appeal will be governed by 29 C.F.R. § 1610.11.

[x] See attached Comments page for further information.

Sincerely,

SDGarner

Stephanie D. Garner
Assistant Legal Counsel/FOIA
ELIZABETH P. CALDWELL

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

[ ] (2)
[ ] (3)
  [ ] Section 706(b) of Title VII
  [ ] Section 709(e) of Title VII
[ ] (3)(B)
  [ ] 41 U.S.C. §253b(m)
[ ] (4)
[ ] (5)
[ ] (6)
[ ] (7)(A)
[ ] (7)(C)
[ ] (7)(D)
[x] other (see attached)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Legal Counsel

11/28/2005

Michael L. Buesgens
500 E. Stassney
Apt. 1023
Austin, Texaas 78745

NOV 28 2005

**Re: FOIA No. A5-11-FOIA-423**

Dear Mr. Buesgens:

This letter responds to your correspondence dated November 8, 2005, regarding your original submission, dated August 10, 2005 and received on August 16, 2005. The paragraph(s) checked below apply:

[x] A portion of your request is neither granted nor denied because: [x] Your request does not reasonably describe the records you wish disclosed or [x ] No records fitting the description of the records you seek disclosed exist or could be located after a thorough search. Otherwise,

[ ] Your request is granted.

[ ] Your request is denied pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[ ] Your request is granted in part and denied in part. Portions not released are being withheld pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[ ] You must send a check for $ made payable to the United States Treasurer and mail to the above address. Professional search and review time is billed at a rate of $17.00 per hour, and clerical search and review time at $7.00 per hour, and photocopying at $.15 per page. 29 C.F.R. § 1610.15. Address your correspondence to the attention of [insert your name here]. The fee has been computed as follows:

[ ] Commercial requests: pages of photocopying; hours of clerical review time; hours of professional review time; hours of clerical search time; and hours of professional search time.

[ ] Requests by educational or noncommercial scientific institutions or representatives of the news media: ____ pages of photocopying. The first 100 pages are provided free of charge.

11/28/2005

[ ] All other requests: pages of photocopying; hours of clerical search time; and hours of professional search time. The first 100 pages and 2 hours of search time are provided free of charge.

[ ] The disclosed records are enclosed. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[ ] The disclosed records are enclosed. Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[x] You may appeal the denial or partial denial of your request by writing within thirty days of receipt of this letter to Office of Legal Counsel/FOIA Programs, Equal Employment Opportunity Commission, 1801 L Street, N.W., Washington, D.C. 20507. Your appeal will be governed by 29 C.F.R. § 1610.11.

[x] See attached Comments page for further information.

Sincerely,

SDGarner

Stephanie D. Garner
Assistant Legal Counsel/FOIA

ROBERT B. HARWIN

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

[ ] (2)
[ ] (3)
[ ] Section 706(b) of Title VII
[ ] Section 709(e) of Title VII
[ ] (3)(B)
[ ] 41 U.S.C. §253b(m)
[ ] (4)
[x (5)
[ ] (6)
[ ] (7)(A)
[ ] (7)(C)
[ ] (7)(D)
[x] other (see attached)

**Re: FOIA No. A5-11-FOIA-423** 11/28/05

The fifth exemption to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (1982), permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Hinckley* v. *United States*, 140 F.3d 277 (D.C. Cir. 1998); *Mace v. EEOC*, 37 F.Supp.2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." *Missouri ex. rel. Shorr v. United States Corps of Eng'rs.*, 147 F. 3d 708, 710 (8th Cir. 1998).

Records may be withheld under this exemption if they were prepared prior to an agency's decision, *Wolfe v. Department of Health and Human Services*, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker. *First Eastern Corp. v. Mainwaring*, 21 F.3d 465,468 (D.C. Cir. 1994). *See also, Greyson v. McKenna & Cuneo and EEOC*, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision making process. *A. Michael's Piano, Inc. v. Federal Trade Commission*, 18 F.3d 138 (2d Cir. 1994). An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure. *See Mapother, Nevas, et al. v. Dept of Justice*, 3 F.3d 1533 (D.C. Cir. 1993).

<u>DOCUMENTS WITHHELD PURSUANT TO THE FIFTH EXEMPTION TO THE FOIA:</u>

All comments sent by the EEOC to various agencies, by which the EEOC commented on draft reasonable accommodation policies.

Exemption (b)(5) permits the withholding of intra and inter agency records which would not be available to a party other than an agency in litigation with another agency. Documents reflecting the predecisional deliberative analysis and recommendations of the EEOC for the purpose of advising the agency of possible action are also exempt from disclosure. This exemption also protects internal debate from public scrutiny to allow agencies to freely explore alternative avenues of action.

FOIA No. A5-11-FOIA-423 11/28/2005

COMMENTS PAGE

The EEOC responded on September 22, 2005 to your FOIA request concerning agency records. The Comments Page informed you that Items Nos. 4 through 20 could neither be granted nor denied because the EEOC did not maintain such records. Regarding No. 4, FOIA Programs has been advised that agencies track the grant/denial of reasonable accommodation requests, but the EEOC does not collect this information. You were further advised to directly contact the federal agencies in order to obtain specific information regarding the agencies.

You were also advised that portions of your request could neither be granted nor denied for the following reason: your request was not a proper FOIA request. The FOIA requires that an access request satisfy two specific requirements: 1) it must "reasonably describe" the records sought and 2) it must be made in accordance with the EEOC's published FOIA regulations. Your request failed to meet these requirements for a FOIA request because it did not reasonably describe the records you sought in sufficient detail to enable a knowledgeable employee to locate the records with a reasonable amount of effort, or requests that EEOC respond to questions. You were also informed that the FOIA required agencies to provide a requestor with access to records, not answer questions, such as those numbered 1, 2 and 3 in your request.

Finally, your request for "a copy of Equal Employment Opportunity Commission records on federal agencys' [sic] uniformity and consistency of reasonable accommodation; policies; and procedures in placing federal employees in a reasonable accommodation job" will be specifically addressed. The EEOC has guidance on reasonable accommodations. It is available on the EEOC's website: www.eeoc.gov. The actual link to the guidance is http://www.eeoc.gov/policy/docs/accommodation_procedures.html. Additional information is located at: http://www.eeoc.gov/policy/docs/qanda-accomodation_procedures.html. An agency's final reasonable accommodation policy is maintained by the individual agency. In order to request a copy of such records, a FOIA request to the agency is required. EEOC attorneys have submitted comments to various agencies, in response to drafts of various agency policies. The EEOC's comments on drafts of agency reasonable accommodation policies are withheld under the fifth exemption to the FOIA, 5 U.S.C. §552(b)(5). The fifth exemption permits nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." The predecisional documents were received and reviewed by the various agencies. A predecisional deliberative document reflecting agency recommendations, advice or analysis, is exempt from disclosure.

1:07CV00859RBW

OPM

FOIA

9/2/2005

OPM - FOIA

**OFFICE OF PERSONNEL MANAGEMENT**
Mary Beth Smith-Toomey (202) 606-8358 (A)
FOIA/PA Officer, Rm. 5415
James F. Hicks (202) 606-1701 (L)
Assistant General Counsel
Rm. TRB-7536
Washington, D.C. 20415

DISABILITY RETIREMENT RECORDS

OPM - FOIA

**U.S. Office of Personnel Management**
**Ensuring the Federal Government has an effective civilian workforce**

**Freedom of Information Act** DISABILITY RETIREMENT RECORDS

**Main**

**Reference Guide**

**Contacts**

**Electronic Reading Room**

## FOIA and Privacy Act Contacts and Instructions for Making Requests

### FOIA Requester Service Center Contacts

Donna Lease
Mary Beth Smith-Toomey 202-606-8358
Telephone: 202-606-2150
FAX Number: 202-418-3251

MARY BETH SMITH-TOOMEY

### FOIA Public Liaison

Margaret A. Miller
Telephone: 202-606-2150
FAX Number: 202-418-3251

### Chief FOIA and Privacy Officer

Janet L. Barnes
Telephone: 202-606-2150
FAX Number: 202-418-3251

### Freedom of Information Act Requests

All FOIA requests for the U. S. Office of Personnel Management (OPM) **must** be sent to the mailing address or, alternatively, to the email address shown below:

U.S. Office of Personnel Management
FOIA Requester Service Center
1900 E Street, NW
Room 5415
Washington, DC 20415-7900

foia@opm.gov



United States
**Office of**
**Personnel Management** Washington, DC 20415-1000

September 2, 2005

9/2/2005

Michael L. Buesgens
500 Stassney, Apt 1023
Austin, TX 78745

Dear Mr. Buesgens:

This is to notify you that The Office of Personnel Management, Center for Equal Employment Opportunity has received your undated correspondence requesting information on Reasonable Accommodation, under the Freedom of Information Act (FOIA).

Unfortunately, this office does not serve as a repository for the information you requested but provides the following to aid you in your request:

> The Rehabilitation Act of 1973, as amended protects qualified employees and applicants with disabilities from employment discrimination based on disability. In addition, Executive Order 13164, issued on July 26, 2000, requires Federal agencies to develop written procedures for providing reasonable accommodation.

Attached is the Reasonable Accommodation procedure for the U.S. Office of Personnel Management. Additional information may also be obtained by visiting our website at: www.opm.gov. If you require information from other Federal Agencies, you must send your inquiry to the Reasonable Accommodation Coordinator of that Federal Agency.

If we can be of further assistance, please do not hesitate to contact our Reasonable Accommodation coordinator at (202) 606-9098.

Sincerely,

~~Stephen T. Shih~~, Esq.
Chief
Center for Equal Employment Opportunity

606-0085

Attachment

8/21/2007

United States
**Office of**
**Personnel Management**

Washington, D.C. 20415

OPM

In Reply Refer To:

Your Reference:

August 21, 2007

Internal Revenue Service
Albert D. Adams
Director, Disclosure
Office of Disclosure
1111 Constitution Avenue, N.W.
Washington, D.C. 20224

OPM
2007-08460

Dear Mr. Adams:

Attached is a Freedom of Information Act request from Mr. Michael Buesgens. The Office of Personnel Management (OPM) assigned OPM tracking number 2007-08460. Please refer to this number in any further correspondence.

The information that Mr. Buesgens requested is not located at the U.S. Office of Personnel Management and appears to fall within your area of responsibility. Please respond directly to the requestor. I would appreciate receiving a copy of your response.

If you have any questions regarding this referral, please contact me at Heather.Kehr@opm.gov.

Sincerely,

Heather F Kehr

Heather Forsyth Kehr
FOIA Coordinator
HR Products and Services
Center for Talent Services

Enclosure

Cc: Michael Buesgens
3112 Windsor Rd., A32
Austin, TX 78703



United States
**Office of Personnel Management**

Washington, D.C. 20415

In Reply Refer To: Your Reference:

OPM TRACKING # 2007-08350

Michael Buesgens
3112 Windsor Road, A32
Austin, TX 78703

August 21, 2007

8/21/2007

Dear Mr. Buesgens:

Your Freedom of Information Act request #2007-08350 has been forwarded to the following FOIA contact at the Internal Revenue Service.

Internal Revenue Service
Albert D. Adams
Director, Disclosure
Office of Disclosure
1111 Constitution Avenue, N.W.
Washington, D.C. 20224
telephone number: ~~(202) 927-7423~~

IRS-FOIA
ALBERT D. ADAMS.
MEDICAL RECORDS-2003
FROM
FOH DOCTORS

A copy of the referral letter is attached for your records. The information you requested pertains to vacancy announcements not located at the U.S. Office of Personnel Management. You will need to contact the agency directly. Also attached for your information is a hyperlink to the Department of Justice website that lists the primary FOIA officers at all Federal agencies: http://www.usdoj.gov/oip/foiacontacts.htm.

If you disagree with this response and want to appeal it, include a copy of the initial request, a copy of this letter, and a statement explaining why you disagree with this response. You should write, "Freedom of Information Act Appeal" on the front of the envelope and on the first page of the appeal letter. Mail it to: U.S. Office of Personnel Management, Office of the General Counsel, 1900 E Street, N.W., Washington, D.C. 20415-1300

Sincerely,

Heather F. Kehr

Heather Forsyth Kehr
FOIA Coordinator
Center for Talent Services
HR Products and Services

OPM

1:07CV00859RBW

1:06CV01558RCL

NTEU
SAYS
GOODBYE
10/9/2006

November 9, 2006

10/9/2006
1:06CV01558RCL

CERTIFIED MAIL

Michael L. Buesgens
3112 Windsor Road
#A322
Austin, TX 78703

Re: Buesgens v. United States, 06-1558 (D.D.C.)

Dear Mr. Buesgens: NTEU - RUSSELL BOKELMAN

On November 2, we received several boxes of documents from you along with a notice stating that you were "appointing NTEU custodian of these large amount [sic] documents for trial preparation at their Washington, DC litigation office." These documents relate to various cases that you have brought in Texas and Washington, DC. You mailed these documents without first asking NTEU if it was willing to serve as your "custodian." As explained below, NTEU and its attorneys are unable and unwilling to act as custodian of your documents in any current or future proceeding.

You have filed several causes of action against NTEU, most recently in the above-captioned pending matter. It is, therefore, improper for NTEU and any of the attorneys or its staff who represent NTEU to act as custodian of your documents. Further, NTEU and its attorneys have no obligation to maintain your documents and refuse to do so.

We will return the boxes of documents that you sent to NTEU under separate cover. Be advised that we will not pay the expenses of returning to you any documents that we receive in the future.

Sincerely,

Julie M. Wilson
Assistant Counsel

1:07CV00859 RBW

KEVIN E. MAHONEY
OPM
DIRECTOR
SAYS
LEADERSHIP
9/13/2007



UNITED STATES OFFICE OF PERSONNEL MANAGEMENT
Washington, DC 20415

Human Capital Leadership
and Merit System
Accountability Division

Mr. Micheal L. Buesgens
3112 Windsor Road, A322
Austin, TX 78703

SEP 13 2007

Dear Mr. Buesgens:

This is in response to your letter of August 29, 2007, requesting the U.S. Office of Personnel Management (OPM) to investigate several officials of The Department of the Treasury (Treasury) and the Internal Revenue Service (IRS) for allegedly providing inaccurate information to OPM regarding your application for disability retirement. You claim you were denied a reasonable reassignment due to your disability.

OPM provides leadership and guidance to Federal agencies, but we are not an investigative body for individual claims. According to your letter, you have been in contact with the Equal Employment Opportunity office of Treasury and the IRS but your concerns have not been resolved. The Federal agency that investigates alleged violations of the American with Disabilities Act is the U.S. Equal Employment and Opportunity Commission (EEOC). You may contact the following EEOC office in your district to file a complaint:

U.S. Equal Employment and Opportunity Commission
Dallas District Office
207 S. Houston Street
3rd Floor
Dallas, TX 75202
Phone: 1-800-669-4000

I hope this information is helpful in your effort to resolve your concerns.

Sincerely,

Kevin E Mahoney
Associate Director
Human Capital Leadership
and Merit System Accountability

1:07CV00859 RBW

1:06CV01558 RCL

IRVING KATOR
KATOR, PARKS, WEISER
SAYS
GO AWAY
11/8/2006
RELATED CASE
1:04CV01056ESH
APPEAL NO. 07-5

LAW OFFICES
KATOR, PARKS & WEISER
P.L.L.C.
SUITE 100
812 SAN ANTONIO STREET
AUSTIN, TEXAS 78701

(512) 322-0600
FAX: (512) 477-2828

November 8, 2006

Michael L. Buesgens
3112 Windsor Road #A322
Austin, TX 78703

Dear Mr. Buesgens:

Just a quick note to thank you for contacting this firm. I am grateful that you gave me the opportunity to discuss your situation. This law firm is not in a position to represent you at this time. Since this firm has not been retained to represent you, we will not be taking any action on your behalf.

One very important reminder: strict deadlines must be met in order for you to preserve and pursue any legal claims you may have. Failure to meet these deadlines will jeopardize your ability to proceed.

In closing, you have my best wishes for success in the future.

Sincerely,

Amanda Traphagan
Law Clerk
Kator, Parks & Weiser, P.L.L.C.

1:07CV00859 RBW

1:06CV01558 RCL

07-5011

1:05CV00243 SS

D.C.

**1:06-cv-01558-RCL BUESGENS v. UNITED STATES OF AMERICA et al**
**Royce C. Lamberth, presiding**
**Date filed: 09/01/2006**
**Date terminated: 11/14/2006 Date of last filing: 07/03/2007**

# Associated Cases

07-5011

| Related Cases | Start Date | End Date |
| --- | --- | --- |
| 1:05-cv-02334-RCL BUESGENS v. COATES et al | 09/01/2006 | 11/14/2006 |

**PACER Service Center**

12/14/2007 1:06 AM

D.C.

07-5011

1:06CV01558RCL

DEPARTMENT OF HEALTH AND HUMAN SERVICES

| | | |
|---|---|---|
| 11/01/2006 | 9 | **MOTION to Dismiss *or, in the alternative*, MOTION to Transfer Case by COMMISSIONER OF INTERNAL REVENUE SERVICE, DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES POSTAL SERVICE, UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit 1 (Notice of Hearing Session)# 2 Exhibit 2 (Order Deeming Motion Moot)# 3 Exhibit 3 (Salyards Declaration)# 4 Exhibit 4 (Texas Complaint)# 5 Exhibit 5 (Motion to Dismiss)# 6 Exhibit 6 (Order of Judge Sparks)# 7 Exhibit 7 (Judgment))(Melnik, Karen) (Entered: 11/01/2006)** |
| | | |

12/15/2007 3:38 PM

07-5011
1:05CV00243SS
AUSTIN, TEXAS

| | | |
|---|---|---|
| **05/23/2005** | **15** | **Notice by Michael L. Buesgens of: request for production of documents for early discovery and inspection. (jk) (Entered: 05/24/2005)** |
| **05/25/2005** | **16** | **Order staying Notice of Request of Production of Documents for Early Discovery and Inspection 15 pending the return of this case from the USCA signed by Honorable Sam Sparks (jk) (Entered: 05/26/2005)** |
| | | |
| | | |
| | | |

Case 1:05-cv-00243-SS Document 16 Filed 05/25/2005 Page 1 of 1

FILED
AUSTIN DIVISION
2005 MAY 25 PM 4:39
WESTERN ... TEXAS
BY AF ___

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL L. BUESGENS,
Plaintiff,

-vs-

Case No. A-05-CA-243-SS

JOHN W. SNOW, Secretary of the Treasury,
Defendant.

IRS
R. BARRY ROBINSON - AUSA

16
5/25/2005

**ORDER**

BE IT REMEMBERED on the 25th day of May 2005 the Court reviewed the file in the above-styled cause, and thereafter, enters the following:

On May 9, 2005, the Court entered its order confirming the recommendations and orders of the United States Magistrate Judge in denying Michael L. Buesgens' right to proceed in this case in forma pauperis and his request for appointment of counsel. On May 16, 2005, rather than paying the filing fee, Mr. Buesgens filed a notice of appeal, apparently intending to appeal the order of May 9, 2005. Subsequently, Mr. Buesgens filed a Notice of Request of Production of Documents for Early Discovery and Inspection [#15] on May 23, 2005. This case is presently on appeal in the United States Court of Appeals for the Fifth Circuit and, therefore, the Notice of Request of Production of Documents for Early Discovery and Inspection [#15] is STAYED pending the return of this case to the district court.

SIGNED this the 25th day of May 2005.

Sam Sparks
UNITED STATES DISTRICT JUDGE

1:07CV00859 RBW

1:06CV01558 RCL

1:05CV02334 RCL

DECLARATION

BY

MICHAEL LYNN SACYARDS

EEOC # 360-2003-8286X

KAREN MELNIK-AUSA

1:05CV02334 RCL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS,

Plaintiff,

v.

MARCIA H. COATES, Director
Office of Equal Employment Program
U.S. Department of the Treasury,

CART M. DOMINGUES, Chairman,
Equal Employment Opportunity Comm.,

KAY COLES, Director
Office of Personnel Management,

JOHN W. SNOW, Secretary
U.S. Department of Treasury,

J. RUSSELL GEORGE, Inspector General
Treasury Inspector General for Tax Admin.,

Defendants.

Civil Action No: 05-2334 (RCL)

25-1

2/27/2006

**DECLARATION OF MICHAEL L. SALYARDS**

I, Michael L. Salyards, make the following Declaration in lieu of an affidavit, in accordance with 28 U.S.C. § 1746. I am aware that this Declaration will be filed in the United States District Court for the District of Columbia and that it is the legal equivalent of a statement under oath.

1. I am currently employed by the Department of Treasury, Internal Revenue Service, Office of Chief Counsel, as the Acting Area Counsel for General Legal Services in Dallas, Texas. I have held this position since November 15, 2005.

1:05CV02334RCL

2. Agency records indicate that Plaintiff Michael L. Buesgens was formerly employed by the Internal Revenue Service, Wage & Investment Division, as a seasonal GS-0962-08 Contact Representative in Austin, Texas. Per Plaintiffs Official Personnel File (OPF) he began his employment with the Internal Revenue Service on October 22, 1990, and worked in Austin, Texas his entire IRS career. Plaintiff retired from the IRS on disability on March 7, 2005.

3. Files related to Plaintiffs employment which would be relevant to the above-captioned complaint are located in IRS offices in Austin, Texas. Plaintiffs Equal Employment Opportunity (EEO) complaints, including reports of investigation, are maintained at the Treasury Complaints Center in Dallas, Texas. Plaintiffs personnel, time and attendance, and medical records are located at various IRS offices in Austin, Texas. All disciplinary and other employment actions affecting Plaintiff were made by IRS employees in Austin, Texas. The IRS Wage & Investment Division, Accounts Management site at which Plaintiff was employed, as well as the IRS Labor Relations function servicing that site, are both located in Austin, Texas.

4. I am aware of no documents relevant to Plaintiffs employment at the Internal Revenue Service that are located in the District of Columbia.

5. On April 5, 2005, Plaintiff filed a complaint in the United States District Court for the Western District of Texas (Austin) (Civil No. 05-CA-243-SS) alleging discrimination on the bases of race, sex, reprisal for EEO activity, and failure to provide accommodation for a mental disability (depression). This complaint followed Plaintiffs litigation of three administrative EEO complaints before the Equal Employment Opportunity Commission that were consolidated for a single hearing on December 16,

2003. EEOC Administrative Judge Robert Powell issued a bench decision on January 21, 2004, finding no discrimination. A Final Agency Decision affirming that determination was rendered by the Department of Treasury on March 1, 2004. Plaintiff filed an appeal with the EEOC, which was denied on December 29, 2004 (EEOC Appeal No. 01A44842). A request for reconsideration was also denied on February 18, 2005. Plaintiff thereafter filed in the Western District of Texas. That suit is currently pending.

6. On May 17, 2005, Plaintiff filed an interlocutory appeal to the Fifth Circuit Court of Appeals (Case No. 05-50730) challenging the district court's denial of his request for appointment of counsel and motions to compel discovery. Additionally, on September 7, 2005, Plaintiff filed a separate petition before the Fifth Circuit (Case No. 05-60879) naming the EEOC as a defendant seeking review of the EEOC's administrative decision noted above. The EEOC responded with a Motion to Dismiss For Lack of Subject Matter Jurisdiction on November 4, 2005.

7. On May 31, 2005, Plaintiff filed an Amended Complaint in the Western District of Texas alleging that the Department of Treasury's administrative system for processing EEO complaints and holding hearings before EEOC judges is not neutral and is biased toward the agency. On December 6, 2005, Plaintiff filed a Motion to Supplement the Record with Additional Complaint to assert a claim under the Freedom of Information Act (FOIA) against the Department of Treasury seeking damages for the agency's handling of an alleged FOIA request.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

MICHAEL L. SALYARDS
Acting Area Cou sel, General Legal Services
Dallas, Texas

Executed on this 7th day of February 2006.

MICHAEL LYNN SALYARDS
IRS-GLS-EEO
ATTORNEY
EEOC # 360-2003-8286X
EEOC JUDGE
ROBERT LYNN POWELL
NTEU-CHAPTER 247
STEWARD
RUSSELL BOKELMAN

1:07CV00859 RBW

EEOC # 360-2003-82864

5TH CIRCUIT
PETITION FOR REVIEW
R. BARRY ROBINSON - AUSA
NO RECORD PRESENTED
05-60879

12/15/2007 3:56 PM

05-60879
9/7/2005

# General Docket

## US Court of Appeals for the Fifth Circuit

**Court of Appeals Docket #: 05-60879** **Filed: 9/7/05**
**Nsuit: 0**
**Buesgens v. EEOC, et al**
**Appeal from: Equal Employment Opportunity Commission**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Lower court information:**

**District: 0539-1 : 360-2003-8286X**
**Date Filed: **/**/****
**Date order/judgment: 1/21/04**
**Date NOA filed: **/**/****

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Fee status: Paid**

EEOC #360-2003-8286X

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Prior cases:**
**None**
**Current cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related: | | | | |
| | 05-50730 | 05-60879 | 9/7/05 | |

**05-60879 Buesgens v. EEOC, et al**

**MICHAEL L BUESGENS** **Michael L Buesgens**



05-60879

**Petitioner**

**512-339-6005**
**Apartment A322**
**[NTC pse]**
**3112 Windsor Road**
**Austin, TX 78703**

**v.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Respondent**

**Eric S Dreiband**
**Suite 7042**
**[NTC fio]**
**Equal Employment Opportunity Commission**
**1801 L Street NW**
**Washington, DC 20507**

**R Barry Robinson, Assistant US Attorney**
**FAX 512-916-5854**
**512-916-5858**
**Suite 1000**
**[COR LD NTC gvt]**
**US Attorney's Office**
**Western District of Texas**
**816 Congress Avenue**
**Austin, TX 78701**

**UNITED STATES OF AMERICA**
**Respondent**

**Alberto R Gonzales**
**FAX 202-307-6777**
**202-514-2001**
**Suite 4400**
**[NTC fio]**
**US Department of Justice**
**950 Pennsylvania Avenue NW**
**Washington, DC 20530**

05-60879

**05-60879 Buesgens v. EEOC, et al**

**MICHAEL L BUESGENS**

**Petitioner**

**v.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; UNITED STATES OF AMERICA**

**Respondents**

**05-60879 Buesgens v. EEOC, et al**

**9/7/05** **Agency case docketed. Petition for review filed by Petitioner Michael L Buesgens. [05-60879] ROA due on 11/8/05. (cmb)**

**9/7/05** **Memorandum filed by Petitioner Michael L Buesgens in support of Petition for Review. [5274694-1] [05-60879] (cmb)**

**10/31/05** **Motion filed by Petitioner Michael L Buesgens to appoint counsel [29495-1]. Sufficient [Y/N]: N needs certificate of service [05-60879] (SUBMIT TO SCREENING JUDGE & PANEL) (mrb)**

**11/7/05** **The motion to appoint counsel [5297036-1] by Petitioner**

5TH CIRCUIT
05-60879
EEOC # 360-2003-82864

Michael L Buesgens has been made sufficient. [05-60879] (mbc)

11/7/05 Motion filed by Respondent EEOC to dismiss for lack of subject matter jurisdiction [5304550-1] Response/Opposition due on 11/21/05. Date of COS: 11/4/05 Sufficient [Y/N]: y [05-60879] (mbc)

11/22/05 Response/opposition filed by Petitioner Michael L Buesgens to motion to dismiss appeal [5304550-1] by Respondent EEOC Response/Opposition ddl satisfied. Reply to Resp/Opp due on 12/2/05. [5315504-1] [05-60879] (mbc)

12/19/05 Appearance form filed by R Barry Robinson for Respondent EEOC. [05-60879] ( No. of forms filed: 1) (mbc)

1/26/06 COURT Order filed granting respondent's motion to dismiss the petition for review for lack of subject matter jurisdiction [5304550-01] Judge Initials: PEH FPB JLD Mandate pull date is 3/20/06. Copies to all counsel. [05-60879] (kkf)

3/21/06 Mandate issued. Approved BOC issued (Y/N)?: n [05-60879] Mandate pull date satisfied. (mjk)

10/30/2006