UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
MICHAEL BUESGENS,                   )
                                    )
            Plaintiff,              )
                                    )
    v.                              ) Civil Action No. 07-859 (RBW)
                                    )
HENRY PAULSON,                      )
U.S. SECRETARY OF TREASURY, et al., )
                                    )
            Defendants.             )
                                    )
_____ )

**ORDER**

Since the filing of this complaint on May 17, 2007, the pro se plaintiff has inundated the Court with a slew of lengthy, nearly illegible handwritten notices and motions, the legal and factual basis for each being effectively impossible to discern. See May 23, 2007 Motion for Order for Production of the Federal Tort Claims Act Administrative Claim; May 29, 2007 Notice Regarding Incomplete Record; June 14, 2007 Motion for Stipulation; July 5, 2007 Motion for Order; July 12, 2007 Motion to Compel Discovery from a Non-Party; July 18, 2007 Civil Statement; July 19, 2007 Motion for this Court to Issue Summons; July 19, 2007 Motion to Produce Medical Records; July 19, 2007 Notice; July 25, 2007 Motion for Extension of Time; July 27, 2007 Motion to Stay; July 27, 2007 Motion to Continue; July 30, 2007 Notice of Parties' Interest; August 20, 2007 Notice; August 22, 2007 Notice; September 19, 2007 Motion for Focus on Reassignment as a Reasonable Accommodation; December 21, 2007 Motion to Reopen Case.

Local Civil Rule 5.1 specifically states that all papers submitted to the Court "shall be typed (double spaced) or reproduced by any duplicating or copying process that produces a clear

black image on opaque white paper." LCvR 5.1(f) (emphasis added). In addition, Federal Rule of Civil Procedure 8(e) mandates that "[e]ach averment of a pleading shall be simple, concise, and direct," Fed. R. Civ. P. 8(e), a requirement that applies equally to "all motions and other papers provided for by the[] [R]ules," Fed. R. Civ. P. 7(b)(2). Although the papers filed by pro se litigants should be held "to less stringent standards than formal pleadings drafted by lawyers," Sparrow v. United Airlines, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)) (internal quotation marks omitted), this does not, and cannot, exempt such litigants from basic requirements of clarity and comprehensibility in setting forth their asserted bases for relief. See, e.g., Scibelli v. Lebanon County, 219 Fed. Appx. 221, at **1 (3rd Cir. Mar. 7, 2007) (affirming a district court's dismissal of a pro se complaint that "was exceptionally difficult to understand and in many instances either illegible or incomprehensible") (internal quotation marks and citation omitted). Accordingly, it is hereby

**ORDERED** that the plaintiff's various motions are DENIED without prejudice. He may refile these motions as appropriate, but only if they are in conformance with the applicable provisions of the Federal Rules of Civil Procedures and the Local Civil Rules. It is further

**ORDERED** that all future notices, motions, and other pleadings that do not conform to the applicable provisions of the Federal Rules of Civil Procedures and the Local Civil Rules will similarly and immediately be denied without prejudice.

**SO ORDERED** this 7th day of January, 2008.

/s/ _____
REGGIE B. WALTON
United States District Judge